UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) ) ) |
| CACI INTERNATIONAL INC, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
CACI DEFENDANTS' MOTION TO STAY DISCOVERY**

**I.      INTRODUCTION**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") respectfully request that the Court enter an order staying discovery in this action pending resolution of the CACI Defendants' motion to dismiss, which will be filed during the week of September 29, 2008. A stay of discovery is appropriate because the CACI Defendants' motion to dismiss is based in part on the CACI Defendants' entitlement to derivative absolute official immunity from suit. Under Fourth Circuit precedent, a district court cannot permit discovery when a dispositive motion based on immunity is pending before the Court. Moreover, even if this case did not involve an immunity defense, a stay of discovery would be appropriate here because the threshold discovery required on the facts of this case consists largely of information, much of it classified, that is in the hands of the United States

military. There would be no sound basis for intruding into such sensitive and classified materials prior to resolution of a motion to dismiss Plaintiffs' claims.

II.     BACKGROUND

This case is part of the second wave of suits filed by Plaintiffs' counsel asserting claims arising out of alleged detainee abuse at Abu Ghraib prison in Iraq. Because the United States and its officials are immune from suit, Plaintiffs' counsel has not asserted claims against the United States or its military and civilian personnel, but has tried to hold the CACI Defendants and The Titan Corporation ("Titan") liable for injuries allegedly suffered by the plaintiffs while in United States detention. One of the CACI Defendants, CACI Premier Technology, Inc. ("CACI PT") augmented the military interrogators at Abu Ghraib prison with civilian interrogators, while Titan supplied civilian linguists at Abu Ghraib prison.

Plaintiffs' counsel's first detainee abuse case was filed as a putative class action and is now pending in the United States District Court for the District of Columbia. *See Saleh v. CACI Int'l Inc*, No. 05-1165 (D.D.C.).[1] In that case, the district court dismissed most of the claims asserted by the plaintiffs, leaving only a handful of common-law torts. *See Saleh v. Titan Corp.*, 436 F. Supp. 2d 55, 59 (D.D.C. 2006).[2] The district court recognized that the *Saleh* plaintiffs' common-law tort claims might be preempted by federal law, but concluded that this issue could not be determined on a motion to dismiss. The district court determined, however, that "[f]ull discovery [was] not appropriate at this stage," and invited summary judgment motions from

---

[1] The *Saleh* case originally was filed in the Southern District of California. That case has been transferred twice pursuant to 28 U.S.C. § 1404(a), once to this Court and then to the District of Columbia.

[2] The district court's decision on the defendants' motions to dismiss largely incorporated by reference its earlier decision on motions to dismiss filed by the defendants in the related case of *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 15-16 (D.D.C. 2005).

defendants solely on the issue of preemption, with plaintiffs permitted to take discovery prior to responding. *Saleh*, 436 F. Supp. 2d at 60; *Ibrahim*, 391 F. Supp. 2d at 19. After the parties completed summary judgment discovery and briefing, the district court issued a decision granting summary judgment to Titan and denying summary judgment to the CACI Defendants. *Ibrahim v. Titan Corp.*, 556 F. Supp. 2d 1, 4 (D.D.C. 2007).[3] The CACI Defendants did not assert absolute official immunity in their original motion to dismiss in *Saleh*, and the *Saleh* court's summary judgment decision was limited solely to the issue of preemption.

After issuing its summary judgment decision, the court in *Saleh* denied the plaintiffs' motion for class certification. The *Saleh* plaintiffs then filed a Fourth Amended Complaint, adding more than 230 new Plaintiffs.[4] The CACI Defendants moved to dismiss that complaint based on, among other grounds, their immunity from suit. Before ruling on that motion to dismiss, the court, at the CACI Defendants' request, certified its summary judgment decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The D.C. Circuit then granted the CACI Defendants' petition to pursue that interlocutory appeal. O'Connor Decl. Exs. 1, 2. On January 8, 2008, the district court stayed proceedings in *Saleh* pending the resolution of the CACI Defendants' appeal. O'Connor Decl., Ex. 3. That appeal is being briefed in the D.C. Circuit.

The present action is one of four single-plaintiff suits that Plaintiffs' counsel filed against the CACI Defendants in four different district courts in May and June 2008. The CACI Defendants moved to transfer the first-filed of these new actions, a case filed in the Central District of California, to this Court on June 17, 2008. While that motion was pending, Plaintiffs' counsel filed three other, virtually identical actions in late June 2008. Those actions were filed in

---

[3] The district court issued a single opinion for both *Ibrahim* and *Saleh*.

[4] The plaintiffs in this action were ostensible members of the proposed class, but did not join the *Saleh* action for some unexplained reason.

the Western District of Washington, the Southern District of Ohio, and the District of Maryland. After the CACI Defendants moved to transfer the Washington action and prepared to move to transfer the other two actions, Plaintiffs' counsel agreed to the transfer of this case (from the Southern District of Ohio) and of the Washington case. Plaintiffs' counsel also dismissed the CACI Defendants from the Maryland action. O'Connor Decl., Ex. 6. Subsequently, the court in the Central District of California issued a memorandum opinion and order granting the CACI Defendants' motion to transfer that action to this District. O'Connor Decl., Ex. 11.

Once the California action was transferred to this Court, and all three cases were assigned to judges by the Clerk's office, Plaintiffs' counsel voluntarily dismissed the two other cases and elected to proceed solely with this action. O'Connor Decl., Exs. 4, 5.[5]

On September 10, 2008, Plaintiffs' counsel served the CACI Defendants' counsel, by email, with a set of requests for admissions and a Rule 30(b)(6) deposition notice. O'Connor Decl., Exs. 7-8. At that point, however, the parties had not yet had a Rule 26(f) conference; that conference subsequently occurred on September 19, 2008. O'Connor Decl. Ex. 9. On September 15, 2008, Plaintiffs' counsel filed an Amended Complaint adding three Plaintiffs to this action. As a result, the CACI Defendants' response to Plaintiffs' Amended Complaint is due on October 2, 2008.

## III. ANALYSIS

While in the ordinary case, motions to stay discovery are disfavored in this District, this is not the ordinary case. In this action, the CACI Defendants will file a motion to dismiss Plaintiffs' Amended Complaint during the week of September 29, 2008. A principal ground for

---

[5] The case transferred from California was assigned to Judge O'Grady, the case transferred from Washington was assigned to Judge Ellis, and the case transferred from Ohio was assigned to Judge Lee.

dismissal is that the CACI Defendants are entitled to derivative absolute immunity pursuant to the Fourth Circuit's decision in *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442, 1447-48 (4th Cir. 1996) (extending absolute immunity to contractor performing the government's work). Immunity creates "an entitlement not to stand trial or face the burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). "It is therefore incumbent on the courts to review the immunity defense critically at an early stage of the proceedings" in order to determine whether the defendant is entitled to be spared the burdens of pretrial proceedings. *McVey v. Stacy*, 157 F.3d 271, 275 (4th Cir. 1998). Indeed, as the Fourth Circuit has recognized, a district court is "required to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues prior to allowing any discovery." *Lescs v. Martinsburg Police Dep't*, 138 Fed. Appx. 562, 564 (4th Cir. 2005) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).[6]

As they have done in *Saleh*, the CACI Defendants will assert a defense of absolute official immunity in a motion to dismiss the Amended Complaint in this action. That motion will be filed shortly after the filing of the present motion.[7] As a matter of binding Circuit precedent, this Court may not permit Plaintiffs to take discovery prior to the Court's resolution of the CACI Defendants' motion to dismiss based on derivative absolute official immunity.

---

[6] The CACI Defendants' counsel provided Plaintiffs' counsel with a copy of the Fourth Circuit's decision in *Lescs* in the hope of resolving this motion without court intervention. Plaintiffs' counsel, however, continues to oppose the relief sought in the CACI Defendants' motion.

[7] The CACI Defendants have filed this motion to stay discovery prior to filing their motion to dismiss because Plaintiffs filed discovery requests on the CACI Defendants prior to the parties' Rule 26 meeting, even though this is not permitted under the rules, (*see* Fed. R. Civ. P. 26(d)(1)), and then filed an amended complaint five days later. As a result, Plaintiffs, by not following the rules, have put their discovery requests in front of the deadline for the CACI Defendants' motion to dismiss.

Moreover, even if the CACI Defendants were not asserting an immunity defense, which by itself requires a stay of discovery as a matter of Circuit precedent, there are good reasons to stay discovery in this case. The Plaintiffs in this action allege that the CACI Defendants are liable for whatever injuries Plaintiffs allegedly suffered while detained by the United States military in Iraq. A cursory review of the Amended Complaint demonstrates that none of these Plaintiffs alleges any direct contact with employees of the CACI Defendants. Instead, Plaintiffs allege that the CACI Defendants are liable for injuries allegedly inflicted *by others* on Plaintiffs under a theory of co-conspirator liability. Plaintiffs' "factual" allegations concerning this supposed conspiracy are as follows:

> CACI conveyed its intent to join the conspiracy, and ratified its employees' participation in the conspiracy, by making a series of verbal statements and by engaging in a series of criminal acts of torture alongside and in conjunction with several co-conspirators.

Am. Compl. ¶ 72. Reduced to its essentials, Plaintiffs' allegations of co-conspirator liability are supported by an allegation that someone with the CACI Defendants said something to some other person, at some time and at some place, to signal that the CACI Defendants desired to join an ongoing "torture conspiracy" that some other group of people had formed. While the CACI Defendants will address Plaintiffs' lack of supporting factual allegations in their motion to dismiss, Plaintiffs' allegations have significant bearing on the burdens that would be associated with discovery in this action.

Most important, the CACI Defendants know nothing about the four Plaintiffs in this case. There is no indication from the Amended Complaint that these Plaintiffs had any contact with an employee of the CACI Defendants, nor does the Amended Complaint identify any non-CACI personnel with whom they had contact. Thus, among the threshold matters to be addressed in discovery are the following: Who are these Plaintiffs? Were they actually detained by the United

Moreover, even if the CACI Defendants were not asserting an immunity defense, which by itself requires a stay of discovery as a matter of Circuit precedent, there are good reasons to stay discovery in this case. The Plaintiffs in this action allege that the CACI Defendants are liable for whatever injuries Plaintiffs allegedly suffered while detained by the United States military in Iraq. A cursory review of the Amended Complaint demonstrates that none of these Plaintiffs alleges any direct contact with employees of the CACI Defendants. Instead, Plaintiffs allege that the CACI Defendants are liable for injuries allegedly inflicted *by others* on Plaintiffs under a theory of co-conspirator liability. Plaintiffs' "factual" allegations concerning this supposed conspiracy are as follows:

> CACI conveyed its intent to join the conspiracy, and ratified its employees' participation in the conspiracy, by making a series of verbal statements and by engaging in a series of criminal acts of torture alongside and in conjunction with several co-conspirators.

Am. Compl. ¶ 72. Reduced to its essentials, Plaintiffs' allegations of co-conspirator liability are supported by an allegation that someone with the CACI Defendants said something to some other person, at some time and at some place, to signal that the CACI Defendants desired to join an ongoing "torture conspiracy" that some other group of people had formed. While the CACI Defendants will address Plaintiffs' lack of supporting factual allegations in their motion to dismiss, Plaintiffs' allegations have significant bearing on the burdens that would be associated with discovery in this action.

Most important, the CACI Defendants know nothing about the four Plaintiffs in this case. There is no indication from the Amended Complaint that these Plaintiffs had any contact with an employee of the CACI Defendants, nor does the Amended Complaint identify any non-CACI personnel with whom they had contact. Thus, among the threshold matters to be addressed in discovery are the following: Who are these Plaintiffs? Were they actually detained by the United

States military, and if so why? If they were detained, were they detained at Abu Ghraib prison as they allege? If they were so detained, were they ever interrogated, or were they (like the vast majority of persons detained at Abu Ghraib prison) viewed as having no intelligence value and, therefore, never interrogated? If they were interrogated, what interrogator(s) did the military assign to these Plaintiffs? What were the approved interrogation rules of engagement? Did the military leadership authorize any particular interrogation techniques for these Plaintiffs? What interrogation techniques are described in interrogation plans and interrogation reports for these Plaintiffs?

The CACI Defendants have no documents, such as interrogation plans or interrogation reports, concerning the performance of interrogations in Iraq. Interrogation plans were submitted to, and retained by, the United States Army leadership at Abu Ghraib prison. While interrogators were required to prepare reports of completed interrogations, those reports were entered into a classified database and retained by the United States Army. Morse Decl. ¶ 6 (attached as Exhibit 10 to the accompanying O'Connor Declaration). In addition, the Amended Complaint also alleges that Plaintiffs were treated as "ghost detainees," who were not registered as detainees by the United States government (presumably the Central Intelligence Agency) and were hidden from the International Committee of the Red Cross. Am. Compl. ¶¶ 68-69. These allegations will require extensive discovery into the United States' actions in registering detainees and the decision-making process that went into any decision, if it occurred, not to record these Plaintiffs as persons detained by the United States. This material is classified.

Therefore, if the CACI Defendants are not required simply to accept Plaintiffs' word as to their experiences while detained by the United States Army in Iraq, virtually all of the evidence bearing on Plaintiffs' claims will be in the possession of the United States Department

of Defense, and much of that evidence is classified.  Even if Fourth Circuit precedent did not require a stay of discovery pending resolution of the CACI Defendants' motion to dismiss, the classified nature of the required discovery in this case would counsel in favor of that same stay of discovery.  *See, e.g., Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 938 (10th Cir. 2005) (in *qui tam* action filed under the False Claims Act, district court's stay of discovery in preparation for government's motion to dismiss not an abuse of discretion, because the discovery would have involved classified documents).

Indeed, in the *Ibrahim* and *Saleh* cases, the district court repeatedly recognized that the nature of these detainee abuse claims favor resolution of the many legal issues relating to such claims prior to permitting full-blown discovery.  After ruling on the *Saleh* plaintiffs' motion to dismiss, the court held that "[f]ull discovery is not appropriate at this stage, especially given the potential for time-consuming disputes involving state secrets."  *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 19 (D.D.C. 2005).  Similarly, the district court in *Saleh* not only certified its summary judgment order for interlocutory appeal by the CACI Defendants, but stayed the case pending resolution of the legal issues pending before the D.C. Circuit on appeal.  O'Connor Decl., Ex. 3 ("[T]he Rule 16.3 conference in these cases that had been set for January 17, 2008, will be taken off calendar and will be re-set, if at all, in light of developments in the Court of Appeals.").  There is no reason for a different result here.

IV.  CONCLUSION

For the foregoing reasons, the CACI Defendants respectfully request that the Court grant their motion to stay discovery.

Respectfully submitted,

*/s/ J. William Koegel, Jr.*
J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, Dc  20036
(202) 429-3000 – Telephone
(202) 429-3902 – Facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

September 24, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Susan L. Burke
>William Gould
>Attorneys for Plaintiff
>Burke O'Neil LLC
>4112 Station Street
>Philadelphia, PA 19127
>(215) 487-6596 – telephone
>sburke@burkeoneil.com
>wgould@burkeoneil.com

>/s/ J. William Koegel, Jr.
>J. William Koegel, Jr.
>Virginia Bar No. 38243
>John F. O'Connor (admitted *pro hac vice*)
>Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, Dc  20036
>(202) 429-3000 – Telephone
>(202) 429-3902 – Facsimile
>wkoegel@steptoe.com
>joconnor@steptoe.com