# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) ) |
| CACI INTERNATIONAL INC, et ano., | ) ) |
| Defendants. | ) ) |

## DECLARATION OF JOHN F. O'CONNOR

I, John F. O'Connor, hereby declare as follows:

1.     I am a partner in the law firm of Steptoe & Johnson LLP, and one of the counsel of record for Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants"). I also am one of the counsel of record for the CACI Defendants in *Saleh v. CACI International Inc*, No. 05-1165 (D.D.C.), and *Ibrahim v. CACI Premier Technology, Inc.*, No. 04-1248 (D.D.C.). I have personal knowledge of the statements made in this Declaration.

2.     Attached hereto are true copies of the foregoing documents:

Exhibit 1:     District Court's order in *Saleh* and *Ibrahim* certifying the court's summary judgment order for interlocutory appeal

Exhibit 2:     D.C. Circuit order granting CACI Defendants' petitions for permission to appeal in *Saleh* and *Ibrahim*

Exhibit 3:     Order dated January 8, 2008 in *Saleh* action

Exhibit 4:      Notice of Voluntary Dismissal, *Al-Ogaidi v. Johnson*, No. 08-844-TSE-TCB (E.D. Va.)

Exhibit 5:      Notice of Voluntary Dismissal, *Al-Janabi v. Stefanowicz*, No. 08-868-LO-TRJ (E.D. Va.)

Exhibit 6:      Notice of Voluntary Dismissal of CACI Defendants, *Al-Qurashi v. Nakhla*, No. 08-CV-1696 (D. Md.)

Exhibit 7:      Plaintiffs' First Set of requests for Admission, served September 10, 2008

Exhibit 8:      Plaintiffs' Notice of Rule 30(b)(6) Deposition of CACI International Inc, served September 10, 2008

Exhibit 9:      Email from Susan Burke to John O'Connor of September 19, 2008

Exhibit 10:     Declaration of Arnold Morse

Exhibit 11:     Transfer Order, *Al-Janabi v. Stefanowicz*, No. 08-CV-2913 (C.D. Cal. Aug. 19, 2008)

3.      Pursuant to 28 U.S.C. § 1746, I swear that the foregoing is true and correct.

Executed at Washington, D.C., this 24th day of September, 2008.

John F. O'Connor

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Susan L. Burke
William Gould
Attorneys for Plaintiff
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596 – telephone
sburke@burkeoneil.com
wgould@burkeoneil.com

/s/ *J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
Attorneys for Defendants CACI Premier
Technology, Inc. and CACI International
Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com

# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILHAM NASSIR IBRAHIM, *et al.*, | : |
| | : |
|      Plaintiffs, | : |
| | : |
|   v. | :  Civil Action No. 04-1248 (JR) |
| | : |
| CACI PREMIER TECHNOLOGY, INC., | : |
| | : |
|      Defendant. | : |
| _____ | : |
| SALEH, *et al.*, | : |
| | : |
|      Plaintiffs, | : |
| | : |
|   v. | :  Civil Action No. 05-1165 (JR) |
| | : |
| CACI INTERNATIONAL INC., *et al.*, | : |
| | : |
|      Defendants. | : |

**ORDER**

The motion of CACI Premier Technology, Inc., and CACI International, Inc., for certification of an interlocutory appeal [Dkt. #109 in 04-1248 and Dkt. #148 in 05-1165] is **granted**. The memorandum order jointly issued in these cases on November 6, 2007, involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from that order [Dkt. # 137 in 05-1165 and Dkt. # 102 in 04-1248] may materially advance the ultimate termination of this litigation. See 28 U.S.C. § 1292(b).

So **ordered**.


JAMES ROBERTSON
United States District Judge


**EXHIBIT 1**

# Exhibit 2

# United States Court of Appeals

### For The District of Columbia Circuit

---

**No. 08-8001**                    **September Term, 2007**

04cv01248

**Filed On: March 17, 2008**

In re: CACI Premier Technology, Inc.,
      Petitioner

**BEFORE**:    Henderson, Rogers, and Kavanaugh, Circuit Judges

### O R D E R

Upon consideration of the petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), the opposition thereto, the reply, and the letters filed pursuant to Fed. R. App. P. 28(j), it is

**ORDERED** that the petition be granted. <u>See</u> 28 U.S.C. § 1292(b). Approval of the petition is without prejudice to reconsideration by the merits panel.

The Clerk is directed to transmit a certified copy of this order to the district court. The district court will file the order as a notice of appeal pursuant to Fed. R. App. P. 5 and collect the mandatory docketing fee from appellant. Upon payment of the fee, the district court is to certify and transmit the preliminary record to this court, after which the case will proceed in the normal course.

### Per Curiam

**EXHIBIT 2**

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 08-8002**

**September Term, 2007**

05cv01165

Filed On: March 17, 2008

In re: CACI International Inc. and CACI Premier
Technology, Inc.,
          Petitioners

**BEFORE**:    Henderson, Rogers, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the petition for permission to appeal pursuant to 28 U.S.C. § 1292(b), the opposition thereto, the reply, and the letter filed pursuant to Fed. R. App. P. 28(j), it is

**ORDERED** that the petition be granted. See 28 U.S.C. § 1292(b). Approval of the petition is without prejudice to reconsideration by the merits panel.

The Clerk is directed to transmit a certified copy of this order to the district court. The district court will file the order as a notice of appeal pursuant to Fed. R. App. P. 5 and collect the mandatory docketing fee from appellants. Upon payment of the fee, the district court is to certify and transmit the preliminary record to this court, after which the case will proceed in the normal course.

**Per Curiam**

# Exhibit 3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ILHAM NASSIR IBRAHIM, *et al.*,   :
                            :
       Plaintiffs,     :
                            :
   v.                 :  Civil Action No. 04-1248 (JR)
                            :
CACI PREMIER TECHNOLOGY, INC.,  :
                            :
       Defendant.      :
_____ :
SALEH, *et al.*,              :
                            :
       Plaintiffs,     :
                            :
   v.                 :  Civil Action No. 05-1165 (JR)
                            :
CACI INTERNATIONAL INC., *et al.*, :
                            :
       Defendants.     :

**ORDER**

      Upon consideration of correspondence from counsel for defendant CACI,[1] the Rule 16.3 conference in these cases that had been set for January 17, 2008, will be **taken off the calendar** and will be re-set, if at all, in light of developments in the Court of Appeals.  It will thus be unnecessary to decide whether this Court has indeed been completely ousted of jurisdiction, as

---

[1]   Counsel are once again advised that our local rules do not allow correspondence with the Court.  LCvR 5.1(b).  Since rejection of counsel's letter would only result in the same material being re-filed as a motion, however, I will let the letter be filed by *fiat*.

**EXHIBIT 3**

counsel suggests, by defendants' filing notice of a § 1292(b)

appeal from an interlocutory order.


                              JAMES ROBERTSON
                              United States District Judge

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA (Alexandria)

| | | |
|---|---|---|
| Sa'adoon Ali Hameed Al-Ogaidi | ) | |
| | ) | |
| *Plaintiff* | ) | C.A. No. 08-cv-00844- |
| | ) | TSE-TCB |
| | ) | |
| v. | ) | |
| | ) | |
| CACI International Inc., et al. | ) | |
| | ) | CIVIL COMPLAINT |
| *Defendants* | ) | AND JURY DEMAND |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF DISMISSAL

Pursuant to Fed.R.Civ.P. 41(a)(1)(i), Plaintiff voluntarily dismisses without prejudice his claims. A proposed Order is attached.

    /s/ Susan L. Burke
Susan L. Burke (VA Bar #27769)
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596
Fax (215) 482.0874
sburke@burkeoneil.com


Katherine Gallagher
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

# EXHIBIT 4

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiff*

# Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA (Alexandria)

|  |  |  |
|---|---|---|
| Emad Ehudhayir Shahuth Al-Janabi | ) | |
| | ) | |
| *Plaintiff* | ) | C.A. No. 1:08-cv-00868 |
| | ) | LO-TRJ |
| v. | ) | |
| | ) | |
| CACI International Inc., et al. | ) | |
| | ) | CIVIL COMPLAINT |
| *Defendants* | ) | AND JURY DEMAND |
| | ) | |

## NOTICE OF DISMISSAL

Pursuant to Fed.R.Civ.P. 41(a)(1)(i), Plaintiff voluntarily dismisses without

prejudice his claims. A proposed Order is attached.


         /s/ Susan L. Burke
Susan L. Burke (VA Bar #27769)
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596
Fax (215) 482.0874
sburke@burkeoneil.com


Katherine Gallagher
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

**EXHIBIT 5**

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiff*

# Exhibit 6

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Wissam Abdullateff Sa'eed Al-Quraishi,   ]
                                  ]
                    *Plaintiff*    ]

                                  ]
          v.              ]     Case No.:  8:08-cv-01696
                                  ]     ACTION:  Personal Injury
                                  ]     JURY TRIAL DEMAND

Adel Nakhla, L-S Services, Inc., CACI   ]
International Inc., CACI Premier       ]
Technology, Inc.,                 ]     Judge Peter J. Messitte
                                  ]
                    *Defendants*   ]
                                  ]
                                  ]

## **PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE**

Pursuant to the Federal Rules of Civil Procedure, and Defendants not having filed any responsive pleading, Plaintiff hereby dismisses, and without prejudice, defendants CACI International Inc. and CACI Premier Technology, Inc.

Respectfully submitted,

_____/s/ William T. O'Neil_____
William T. O'Neil
Burke O'Neil, LLC
1718 20th Street, N.W.
Washington, D.C. 20009
1-202-232-5504
Fax:  1-202-232-5513
Email:  woneil@burkeoneil.com

August 12, 2008

# EXHIBIT 6

# Exhibit 7

|  |  |  |
|---|---|---|
| Suhail Najim Abdullah Al Shimari | ) | |
| | ) | |
| *Plaintiff* | ) | Civil Action No. 08-cv-00827- |
| | ) | GBL-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| CACI International Inc., et al, | ) | |
| | ) | |
| | ) | CIVIL COMPLAINT |
| *Defendants* | ) | AND JURY DEMAND |
| | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION SERVED ON CACI INTERNATIONAL INC.

Pursuant to F.R.Civ.P. 36, CACI International Inc. has until October 14, 2008, to admit or deny the following requests. In the event CACI denies a request, it shall answer in the manner required by F.R.Civ.P. 36(a)(4).

### DEFINITIONS

The terms included in the Requests for Admissions shall be defined as follows:

(1) "CACI" is defined to mean CACI International Inc., CACI Premier

Technology Inc., any and all wholly-owned subsidiaries of either CACI

International Inc. or CACI Premier Technology Inc., any and all persons

employed by any CACI company, any and all persons acting on behalf of or

to further the interests of any CACI company, including but not limited to,

**EXHIBIT 7**

outside consultants, attorneys, contractors, sub-contractors, and agents of any sort.

(2) "United States" is defined to mean any and all Executive Branch and Congressional Branch governmental entities of any sort, including but not limited to, the House of Representatives, the Senate, any committee or subcommittee or the House or the Senate, individual Congresspersons, Senators, the Army, Navy, Air Force, Marines, the Department of Defense, the Department of the Interior, the Department of Justice, and any and all other governmental agencies; and any and all persons employed by any such Executive or Congressional Branch entities. The term "United States" *excludes* the Judicial Branch and contractors such as CACI retained by the United States government to provide services.

(3) "Services" is defined to mean any conduct engaged in by any and all CACI employees or agents of any sort whatsoever for which CACI was paid, sought to be paid, or had a reasonable expectation that CACI would be paid or would seek to be paid, by the United States. Conduct is not outside the scope the definition of services merely because CACI ultimately decided not to bill the United States for the conduct or the United States ultimately decided not to pay CACI for the conduct.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

The United States never advised CACI that all of Mr. Stephanowicz' conduct at the Abu Ghraib prison in Iraq was lawful and permissible.

### REQUEST FOR ADMISSION NO.2

The United States never advised CACI that all of Mr. Johnson's conduct at the Abu Ghraib prison in Iraq was lawful and permissible.

### REQUEST FOR ADMISSION NO. 3

CACI is not going to defend itself by claiming it relied on or was misled by the advice of counsel for CACI or the United States.

_____/s/ Susan L. Burke_____
Susan L. Burke (VA Bar #27769)
William T. O'Neil
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596

Katherine Gallagher
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2008, I caused the foregoing Notice of Rule 30(b)(6) Deposition to be emailed and sent via regular mail, postage prepaid, to the following:

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (*pro hac vice* application pending)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

/s/ Susan L. Burke
Susan L. Burke (VA Bar #27769)
William T. O'Neil
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596
Fax (215) 482.0874
sburke@burkeoneil.com

# Exhibit 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA (Alexandria)

|  |  |
|---|---|
| _____ )<br><br>Suhail Najim Abdullah Al Shimari )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>CACI International Inc., et al, )<br>)<br>)<br>*Defendants* )<br>)<br>)<br>_____) | Civil Action No. 08-cv-00827-<br>GBL-JFA<br><br><br><br><br>CIVIL COMPLAINT<br>AND JURY DEMAND |

## NOTICE OF DEPOSITION TO CACI INTERNATIONAL
## FED. R. CIV. P. 30(b)(6) - CORPORATE DESIGNEE

**PLEASE TAKE NOTICE** that CACI International Inc. is requested to designate and produce a person pursuant to Federal Rule of Civil Procedure 30(b)(6) for deposition on November 3, 2008, at 10 am, at 1100 North Glebe Road, Arlington, VA 22201, one person or more persons able to testify on behalf of CACI about the topics enumerated below. The terms used to describe these topics shall be accorded the same definitions as those set forth in Plaintiffs' First Set of Requests for Admission.

1. Any and all steps taken to preserve records relating to CACI's provision of services to the United States in Iraq

**EXHIBIT 8**

2. Any and all steps taken to cooperate with the United States' investigations or inquiries (whether formal or informal) relating to CACI's provision of services to the United States in Iraq.

3. Any and all steps taken to inform the Board of Directors about the United States' investigations or inquiries (whether formal or informal) relating to CACI's provision of services in Iraq.

_____/s/ Susan L. Burke_____
Susan L. Burke (VA Bar #27769)
William T. O'Neil
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596

Katherine Gallagher
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2008, I caused the foregoing Notice of Rule 30(b)(6) Deposition to be emailed and sent via regular mail, postage prepaid, to the following:


J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (*pro hac vice* application pending)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com


            /s/ Susan L. Burke
Susan L. Burke (VA Bar #27769)
William T. O'Neil
William F. Gould
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596
Fax (215) 482.0874
sburke@burkeoneil.com

# Exhibit 9

| | |
|---|---|
| **From:** | sburke@burkeoneil.com |
| **Sent:** | Friday, September 19, 2008 3:28 PM |
| **To:** | O'Connor, John |
| **Subject:** | Rule 26 Meeting |

John,
  For both our records, this email memorializes that we conducted the Rule 26 meeting for the pending Eastern District of Virginia litigation today.  We agreed as follows:
1.  CACI shall either file a motion to stay discovery or advise us to file a motion to compel discovery early next week. 2.  We will not submit the Rule 26 report to the Court, but rather will flag that we have agreed to this process in the motion filed with the Court.
3.  CACI agrees that Plaintiffs need not file their Rule 26 disclosures until the Court orders CACI to do so.
John, if I misstated anything, please correct with an email at your convenience.
Sent via BlackBerry from T-Mobile

**EXHIBIT 9**

# Exhibit 10

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

SA'ADOON ALI HAMEED AL-OGAIDI,       )
                                     )
                     Plaintiff,      )    No. 08-1006 RSM
                                     )
         v.                          )    **DECLARATION OF ARNOLD D.**
                                     )    **MORSE**
DANIEL E. JOHNSON, et al.,           )
                                     )
                     Defendants.     )
_____)

15     I, Arnold D. Morse, hereby declare as follows:

16     1.      I am the chief legal officer for Defendants CACI International Inc and CACI

17   Premier Technology, Inc. ("CACI PT")

18     2.      CACI International Inc and CACI PT are both incorporated in Delaware with

19   their principal places of business in Arlington, Virginia, which is within the Eastern District

20   of Virginia and less than ten miles from the Alexandria courthouse in the Eastern District of

21   Virginia.

22     3.      CACI PT negotiated and administered the contract by which CACI PT

23   provided interrogators in support of the United States military in Iraq from its offices in

24   Chantilly, Virginia and Arlington, Virginia, both of which are within the Eastern District of

25   Virginia.  The performance and supervision of this contract occurred either in the Eastern

26   District of Virginia or in Iraq.

**EXHIBIT 10**

4. When the CACI Defendants in the *Saleh* case successfully moved to transfer the *Saleh* action from the Southern District of California to the Eastern District of Virginia, they submitted four declarations from CACI personnel involved in the negotiation, administration, and/or supervision of the CACI PT contract: Charles Mudd, Scott Northrop, Harry Thornsvard, and John Hedrick. These declarations, which are attached as Exhibits 3-6 to the O'Connor Declaration filed in this action, set forth these witnesses' sworn testimony as to the matters on which they could testify concerning allegations that the CACI Defendants participated in, or conspired with any other persons to, abuse detainees held by the United States military in Iraq. While Messrs. Mudd and Northrop were employed by CACI entities at the time they submitted their declarations, none of the four declarants is employed by any CACI entity today. However, Messrs. Mudd, Northrop, and Thornsvard continue to be located in the Eastern District of Virginia. Mr. Hedrick continues to be located in the Western District of Virginia.

5. In the *Saleh* action, the plaintiffs, represented by the same lead counsel as the present action, took the depositions of six current or former CACI employees. These deponents included Messrs. Mudd and Northrop, both of whom, as discussed above, continue to be located in the Eastern District of Virginia. The *Saleh* plaintiffs also took the depositions of Mark Billings (who was the director of the CACI PT business group that oversaw the CACI PT contract at issue in this case); Amy Monahan (who was the program manager for the CACI PT contract at issue in this case); and Carla Rollins (who was the contract specialist for the CACI PT contract at issue in this case). Mr. Billings remains employed by CACI PT, Ms. Rollins by CACI, INC.-FEDERAL and both are located in the Eastern District of Virginia. Ms. Monahan left CACI's employment on July 9, 2008 but is still located in the Eastern District of Virginia. In addition, the *Saleh* plaintiffs took the deposition of Daniel Porvaznik, who was the site lead and then country manager for the CACI PT contract at issue in this case. Mr. Porvaznik is no longer employed by CACI PT. It is my understanding that he is working overseas for his current employer.

6.    Neither CACI PT nor any other CACI entity has any documents documenting the interrogation of detainees held by the United States in Iraq. That is, no CACI entity has copies of interrogation plans, interrogation reports or similar materials that would relate to the interrogation of particular detainees, as it is my understanding that the United States Army maintained possession of these materials and that interrogation reports were input by Army or civilian interrogators into a classified interrogation database that was maintained by the United States Army.

7.    Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the foregoing is true and correct. Executed at Arlington, Virginia this 22nd day of July, 2008.

Arnold D. Morse

# Exhibit 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2913 GAF (AJWx) | Date | August 19, 2008 |
|---|---|---|---|

| Title | Al-Janabi v. Stefanowicz et al. |
|---|---|

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers)**

## TRANSFER ORDER

### A. INTRODUCTION

On May 20, 2008, Plaintiff Emad Khudhayir Shahuth Al-Janabi ("Plaintiff") filed a First Amended Complaint (the "Complaint") against Defendant Steven Stefanowicz ("Stefanowicz"), Defendants CACI Premier Technology, Inc. and its subsidiary CACI International Inc. and Defendant L-3 Services, Inc. (formerly known as Titan Corporation) ("L-3") (collectively "Defendants"). Plaintiff's claims arise from his imprisonment at Abu Ghraib prison in Iraq and include, among others: torture, civil conspiracy to commit torture, degrading treatment, war crimes, and assault and battery. Plaintiff contends that he was tortured in Abu-Ghraib prison in Iraq at the hands of, or under the direction of, the Defendants, who were under contract with the United States government. Plaintiff alleges jurisdiction over this action on the basis of diversity jurisdiction and the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350. Defendants CACI International and CACI Premier Technology (collectively "CACI" or "CACI Defendants") filed a motion to transfer this case to the Eastern District of Virginia. L-3 and Stefanowicz have joined in that motion.

### B. LEGAL STANDARD

**EXHIBIT 11**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, a transfer requires: (1) that the receiving district is one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-2913 GAF (AJWx) | Date | August 19, 2008 |
|---|---|---|---|
| Title | Al-Janabi v. Stefanowicz et al. | | |

where the case "might have been brought" and (2) that the transfer is for "the convenience of parties and witnesses, in the interest of justice." 29 U.S.C. § 1404(a). As set forth in Jones v. GNC Franchising, Inc, 211 F.3d 495 (9th Cir. 2000):

> Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498-99. See also Norwood v. Kirkpatrick, 349 U.S. 29, 34-35 (1955) (looking to forum non conveniens analyses in deciding transfer under 29 U.S.C. § 1404, but noting that "district judge [has] a broader discretion in the application of [29 U.S.C. § 1404] than under the doctrine of forum non conveniens"); cf. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 261 (1981) (a foreign plaintiff's "forum choice applie[s] with less than maximum force.").

## C. DISCUSSION

Application of the Jones test demonstrates that this case should be transferred to the Eastern District of Virginia. The Court notes the following:

Relevant Agreements: The contract to provide interrogators in support of the U.S. military in Iraq was negotiated and administered in Virginia and the performance and supervision of the contract occurred in Virginia or Iraq. (Morse Decl. ¶ 3.)

Eastern District Ties: Both the CACI Defendants have their principal places of business in Arlington, Virginia. (Morse Decl. ¶ 2.) As noted above, the relevant contracts were negotiated in Virginia. (Id., ¶ 3.) As to Defendant L-3, as of January 1, 2008 it moved its headquarters to Alexandria, Virginia. (Inghram Decl. ¶ 19.) The group within L-3 that administers the linguist operations was located in Fairfax, Virginia from 2001 until mid 2004, when it moved to Reston, Virginia. (Inghram Decl. ¶ 2.) In short, all of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2913 GAF (AJWx) | Date | August 19, 2008 |
|---|---|---|---|

| Title | Al-Janabi v. Stefanowicz et al. |
|---|---|

corporate defendants have extensive contacts with the Eastern District of Virginia.

Central District Ties: Defendant Stefanowicz is the only defendant with ties to this district. He now resides in the Los Angeles, California area. (Compl. ¶ 5.) However, the record reveals that he did not move to California until 2006, so that all of the acts or omissions for which he is allegedly liable occurred before he moved here. (Stefanowicz Decl., ¶ 10.) Accordingly, the contention that personal jurisdiction cannot be asserted in the Eastern District is unsupported. Likewise, the Court is presented with no evidence suggesting that Al-Janabi has any contacts with this district.

Governing Law: All district courts are equally familiar with governing federal law. There is no reason to favor one district over another in that regard. However, the Court notes that related or similar cases have been or are being litigated in the Eastern District, and that techniques, including the development of a special facility for handling classified information, have been developed in those cases. While such techniques could be implemented in this district, the interests of judicial economy will be served by having the lawsuit prosecuted in a district where these procedures are already in place.

Witnesses and Documents: Al-Janabi claims to have hired a private investigator who has reportedly identified 176 witnesses "scattered across the globe" with relevant information. (Rohman Decl., ¶ 7; Opp'n, at 2, 11-12.) No information is provided regarding the identity of these witnesses or what information they have that would be relevant to the issues raised by the operative complaint. Moreover, Al-Janabi has connected more of those witnesses to the Eastern District of Virginia (12) than to the Central District of California (9). Regarding documents, the evidence suggests that a large number of relevant materials regarding interrogation plans, interrogation reports, and the like are in the possession of the United States military in the Pentagon. With respect to the corporate documents, "[m]aterials concerning Titan's screening, hiring, training and deployment of linguists were developed and [are] maintained" in Virginia. (Inghram Decl. ¶ 20.) Records "relating to the administration of the Contract [with the Government] are located in [] Virginia." (Inghram Decl. ¶ 22.) The majority of the eleven current and former employees that Al-Janabi's counsel chose to depose in the related Saleh and Ibrahim actions (see Docket No. 33) are also located in Virginia. (Inghram Decl. ¶ 28.)

Access to Evidence: Given the location of government documents and witnesses and their proximity to the Eastern District of Virginia, the ease of access to those materials and

LINK: 42

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2913 GAF (AJWx) | Date | August 19, 2008 |
|---|---|---|---|

| Title | Al-Janabi v. Stefanowicz et al. |
|---|---|

witnesses favors litigation in that district.  Likewise, given the dearth of witnesses and documentation in this district, it seems highly likely that it would be less costly to litigate the dispute in the Eastern District of Virginia than in the Central District of California.

**D. CONCLUSION**

In short, virtually every relevant factor favors the transfer of this action to the Eastern District of Virginia.  The Court recognizes that the Plaintiff did not choose that forum, but, as noted above, a foreign plaintiff's forum selection is not entitled to great weight on a motion to transfer.  Despite the foregoing, Al-Janabi argues that the "public interest" favors keeping the case in this district because "the local citizenry has an interest in determining whether one of their neighbors participated in a torture conspiracy."  (Opp., at 3, 18.)  However, this is not a factor that the Court should consider when determining a motion to transfer.  Jones, supra.  Since this case can be litigated more conveniently and cost-effectively in the Eastern District of Virginia, the motion to transfer is **GRANTED.**

**IT IS SO ORDERED.**