UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

_____
                                   )
SUHAIL NAJIM ABDULLAH              )
AL SHIMARI, et al.,                )
                                   )
            Plaintiffs,            )   Case No. 1:08-CV-00827-GBL-JFA
                                   )
       v.                          )
                                   )
CACI INTERNATIONAL INC, et ano.,   )
                                   )
            Defendants.            )
_____)

# DECLARATION OF JOHN F. O'CONNOR

I, John F. O'Connor, hereby declare as follows:

1.  I am a partner in the law firm of Steptoe & Johnson LLP, and one of the counsel of record for Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants"). I also am one of the counsel of record for the CACI Defendants in *Saleh v. CACI International Inc*, No. 05-1165 (D.D.C.), and *Ibrahim v. CACI Premier Technology, Inc.*, No. 04-1248 (D.D.C.). I have personal knowledge of the statements made in this Declaration.

2.  CACI Premier Technology, Inc. ("CACI PT") provided interrogation services to the United States Army in Iraq under contract with the United States government. All of the CACI PT employees identified in the Amended Complaint were hired by CACI PT so they could deploy to Iraq and provide interrogation services to the United States Army pursuant to CACI PT's government contract.

3. Attached hereto are true copies of the foregoing documents:

<u>Exhibit A</u>: April 7, 2005 Letter from Colonel Melvin G. Olmscheid, U.S. Army to Shereef H. Akeel

<u>Exhibit B</u>: October 3, 2005 Letter from Susan L. Burke to Lieutenant Colonel Charlotte Herring, U.S. Army

<u>Exhibit C</u>: May 3, 2006 Letter from Colonel Dale N. Woodling, U.S. Army Susan L. Burke

<u>Exhibit D</u>: Coalition Provisional Authority Order 17 (issued June 27, 2003)

4. Pursuant to 28 U.S.C. § 1746, I swear that the foregoing is true and correct.

Executed at Washington, D.C., this 2nd day of October, 2008.

*[signature]*
John F. O'Connor

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2008, caused the foregoing to be served, by hand delivery, on the counsel set forth below. I also will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Susan L. Burke
William Gould
Attorneys for Plaintiff
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596 – telephone
sburke@burkeoneil.com
wgould@burkeoneil.com

/s/ J. William Koegel, Jr.
_____
J. William Koegel, Jr.
Virginia Bar No. 38243
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com

# Exhibit A

 

**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE, MARYLAND 20755-5360

APR - 7 2005

<u>CERTIFIED MAIL-RETURN RECEIPT REQUESTED</u>

Foreign Torts Branch

Subject: Claim of Haidar Muhsin Saleh, 04-C01-T065

Mr. Shereef H. Akeel
Melamed, Dailey and Akeel, P.C.
26611 Woodward Avenue
Huntington Woods, Michigan 48070-1332

Dear Mr. Akeel:

    This notice constitutes final administrative action on the claim filed on behalf of your above referenced client under the Foreign Claims Act (FCA), Title 10, United States Code, Section 2734, as implemented by Army Regulation (AR) 27-20, Chapter 10. On May 12, 2004, you filed a claim on behalf of your client in the total amount of $3,582,000 wherein you allege that your client was detained by US forces, and while detained at Abu Ghraib, he was abused.

    Your client's claim was approved by the final appellate authority, the Secretary of the Army's designee, the Deputy General Counsel, in the amount of $5,000, for lost wages and exacerbation of his pre-existing Post Traumatic Stress Disorder (PTSD). The action is final and conclusive by law (10 USC 2735).

    This Service determined that your client's vehicle was turned over to the Iraqi police when he was detained and its loss was not the result of any negligence on the part of US forces. Documentation also shows that your client had 50,000 Iraqi Dinar (approximately $28 US dollars) in his possession when he was detained that was turned over to the Iraqi police, rather than the $79,000 US dollars he alleged in his claim. Lastly, this Service determined that your client was never interrogated while detained at Abu Ghraib, and was not abused while in the custody and control of US forces while at the prison. This Service did determine that your client was incarcerated at Abu Ghraib from 1980 - 1985, resulting in his PTSD being exacerbated by his lengthy detention in 2003.

    Your client must accept the award within 180 days of the date of mailing of this notice of the appellate authority's action or the award will be withdrawn, the claim will be denied, and the file will be closed without future recourse.

I have enclosed five copies of the Stipulation for Compromise Settlement and Release. Please sign and date each settlement agreement in ink with an original signature on each copy, and return at least **four** copies to this Service. When you return the enclosed payment report, you should include your client's National Identification Number as well as your Tax Identification Number on each settlement agreement. Payment of the settlement is contingent upon receipt of this information. If your client does not have a National Identification Number, he must have his signature witnessed and notarized.

If you prefer, Electronic Funds Transfer is available. Please provide the account name, ABA bank number, account number, and the name and complete address of the bank.

The mailing address is Commander, U.S. Army Claims Service, Attention: JACS-TCF (LTC Charlotte Herring), 4411 Llewellyn Avenue, Fort George G. Meade, Maryland 20755-5360. Upon receipt of the signed settlement agreement, a voucher will be forwarded to our servicing finance office for processing.

Sincerely,

Melvin G. Olmscheid
Colonel, US Army
Commanding Officer

Enclosure

# Exhibit B



3527 lancaster avenue    philadelphia, pa 19104    tel: 215.387.4705    fax: 215.387.4713

October 3, 2005

**_By facsimile and FedEx_**

Lieutenant Colonel Charlotte Herring
United States Army Claims Service
4411 Llewellyn Avenue
Fort George G. Meade, MD 20755-5360
Attention: JACS-TCF

Re: Claim of Haidar Muhsin Saleh, 04-C01-T065

Dear Lieutenant Colonel Herring:

    Please be advised that we, along with Shereef Akeel, Esq. of Akeel & Valentine, P.C., represent Haidar Muhsin Saleh with respect to the injuries he suffered while in United States custody at Abu Ghraib. We have received your letter dated April 7, 2005. We understand, however, that the United States military's Criminal Investigation Division has opened a criminal investigation regarding the abuse suffered by Mr. Saleh. Our understanding is that injuries resulting from criminal acts of torture and abuse are beyond the purview of the Claims Service. Please advise if you disagree.

Sincerely,

Susan L. Burke

cc: Col. Melvin G. Olmscheid
    Shereef Akeel, Esq.

# Exhibit C





**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE, MARYLAND 20755-5360

MAY 3 2006

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Foreign Torts Branch

SUBJECT: Claim of Haidar Muhsin Saleh, 04-C01-T065

Susan L. Burke
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, Pennsylvania 19104-4915

Dear Ms. Burke:

This letter responds to your October 3, 2005, letter to Lieutenant Colonel Kerry M. Wheelehan of my staff, concerning your client Haidar Muhsin Saleh. Your letter is being treated as an appeal from the final offer extended to you on April 7, 2005, a copy of which is enclosed. The requirement stated in that letter that your client must accept the final offer within 180 days is rescinded.

As you know, this Service considered your client's claim under the Foreign Claims Act (FCA), 10 U.S.C. § 2734, as implemented by Army Regulation 27-20, *Claims*, Chapter 10. The FCA applies to claims for personal injury, or loss of or damage to property, resulting from noncombat activities of the United States or from negligent or wrongful acts or omissions of soldiers or employees of the U.S. Armed Forces. Scope of employment is not a consideration under the FCA. Accordingly, in answer to the question posed in your letter, injuries resulting from criminal acts of torture and abuse by U.S. personnel would be cognizable under the FCA if the allegations are substantiated. As stated in our April 7, 2005, letter, however, our investigation found no evidence substantiating your client's allegations of abuse.

Your client has the ability to submit additional evidence and arguments in support of his appeal. I am granting you a 90-day extension of time within which to submit any such evidence and argument. We will defer final action on the appeal to provide your client an opportunity to submit additional material for our review and consideration. He must send any such material, postmarked not later than 90 days after you receive this letter, to the Commander, U.S. Army Claims Service, 4411 Llewellyn Avenue, Fort George G. Meade, Maryland 20755-5360. If the 90th day falls on a day on which the post office is closed, this Service will consider the next day on which the post office is open for business as the final day of the extension period.

If your client elects not to submit additional matters, his appeal will be considered on the basis of the record as it existed at the time of this letter. Upon receipt of all evidence

and arguments in support of the appeal, the file will be submitted to the appropriate designee of the Secretary of the Army, for review and final action. The decision made by that designee after consideration of the appeal will constitute final and conclusive action under Title 10, United States Code, § 2735. Your client will have no further ability to appeal or any further recourse on the claim.

Sincerely,

Dale N. Woodling
Colonel, US Army
Commanding Officer

Enclosures

Copy Furnished:
    Shereef H. Akeel
    Melamed, Dailey and Akeel, P.C.
    26611 Woodward Avenue
    Huntington Woods, Michigan 48070-1332

# Exhibit D

030628-04

# COALITION PROVISIONAL AUTHORITY ORDER NUMBER 17

## STATUS OF THE COALITION, FOREIGN LIAISON MISSIONS, THEIR PERSONNEL AND CONTRACTORS

*Pursuant* to my authority as head of the Coalition Provisional Authority (CPA), and under the laws and usages of war, and consistent with relevant U.N. Security Council resolutions, including Resolution 1483 (2003),

*Recalling* that under international law occupying powers, including their forces, personnel, property and equipment, funds and assets, are not subject to the laws or jurisdiction of the occupied territory,

*Conscious* that states are contributing personnel, equipment and other resources to the Coalition in order to contribute to the security and stability that will enable the relief, recovery and development of Iraq,

*Noting* that states are sending Foreign Liaison Mission Personnel to Iraq,

*Conscious* of the need to establish and confirm the status of such Coalition and Foreign Liaison Mission Personnel in respect of the CPA and the local courts,

I hereby promulgate the following:

## Section 1
## Definitions

1) "Coalition Personnel" means all non-Iraqi military and civilian personnel assigned to or under the command of the Commander, Coalition Forces, or all forces employed by a Coalition State including attached civilians, as well as all non-Iraqi military and civilian personnel assigned to, or under the direction or control of the Administrator of the CPA.

2) "Foreign Liaison Mission Personnel" means those individuals who have been issued Foreign Liaison Mission personnel identification cards by the Iraqi Ministry of Foreign Affairs under the supervision of the CPA.

3) "Legal Process" means any arrest, detention or legal proceedings in the Iraqi courts or other Iraqi bodies, whether criminal, civil, administrative or other in nature.

4) "Parent State" means the state providing Coalition Personnel as part of the Coalition in Iraq or the state providing Foreign Liaison Mission Personnel.

5) "Coalition contractors" means non-Iraqi business entities or individuals not normally resident in Iraq supplying goods and/or services to or on behalf of the Coalition Forces or the CPA under contractual arrangements.

6) "Coalition sub-contractors" means non-Iraqi business entities or individuals not normally resident in Iraq supplying goods and/or services to or on behalf of Coalition contractors and in respect of Coalition or CPA activities under contractual arrangements

## Section 2
## Coalition and Foreign Liaison Mission Personnel

) CPA, Coalition Forces and Foreign Liaison Mission, their property, funds and assets of shall be immune from Iraqi Legal Process.

2) All Coalition personnel and Foreign Liaison Mission personnel shall respect the Iraqi laws applicable to those Coalition personnel and Foreign Liaison Mission personnel in the territory of Iraq and the Regulations, Orders, Memoranda and Public Notices issued by the Administrator of the CPA.

3) Foreign Liaison Mission personnel shall be immune from Legal Process.

4) All Coalition personnel shall be subject to the exclusive jurisdiction of their Parent States and, they shall be immune from local criminal, civil, and administrative jurisdiction and from any form of arrest or detention other than by persons acting on behalf of their Parent States, except that nothing in this provision shall prevent Coalition Forces personnel from preventing acts of serious misconduct by Coalition personnel, or otherwise temporarily detaining Coalition personnel who pose a risk of injury to themselves or others, pending expeditious turnover to the appropriate authorities of the Parent State. In all such circumstances the national contingent commander of the detained person shall be notified immediately.

5) In respect of those Coalition personnel who commit an act or acts in Iraq for which there are no criminal sanctions in the Parent State, the CPA may request from the Parent State waiver of jurisdiction to try such act or acts under Iraqi law. In such cases, no Legal Process shall be commenced without the written permission of the Administrator of the CPA.

## Section 3
## Contractors

1) Coalition contractors and their sub-contractors as well as their employees not normally resident in Iraq, shall not be subject to Iraqi laws or regulations in matters relating to the terms and conditions of their contracts in relation to the Coalition Forces or the CPA. Coalition contractors and sub-contractors other than contractors and sub-contractors normally resident in Iraq shall not be subject to Iraqi laws or regulations with respect to licensing and registration of employees, businesses and corporations in relation to such contracts.

2) Coalition contractors and their sub-contractors as well as their employees not normally resident in Iraq, shall be immune from Iraqi Legal Process with respect to acts performed by them within their official activities pursuant to the terms and conditions of a contract between a contractor and Coalition Forces or the CPA and any sub-contract thereto.

3) In respect of acts or omissions of Coalition contractors and sub-contractors as well as their employees not normally resident in Iraq, which are not performed by them in the course of their official activities pursuant to the terms and conditions of a contract between them and the Coalition or the CPA, no Iraqi or CPA Legal Process shall be commenced without the written permission of the Administrator of the CPA.

### Section 4
### Duration of Immunity From Legal Process

The immunity from Legal Process provided by the present Order to Coalition personnel and Foreign Liaison Mission personnel as well as Coalition contractors, sub-contractors and their employees not normally resident in Iraq operates only in respect to acts or omissions by them during the period of authority of the CPA.

### Section 5
### Waiver of Legal Immunity and Jurisdiction

1) The immunity from Legal Process of Coalition personnel, Foreign Liaison Mission personnel, Coalition contractors and their sub-contractors as well as their employees not normally resident in Iraq is not for the benefit of the individuals concerned and may be waived by the Parent State.

2) Requests to waive jurisdiction over Coalition personnel or Foreign Liaison Mission personnel shall be referred to the respective Parent State.

3) Requests to waive the immunities with respect to Coalition contractors and sub-contractors and their employees not normally resident in Iraq as set forth in Section 3 of this Order shall be referred to the respective Parent State with which the contractor has contracted.

### Section 6
### Claims

1) Third party claims including those for property loss or damage and for personal injury, illness or death or in respect of any other matter arising from or attributed to Coalition personnel or any persons employed by them, whether normally resident in Iraq or not and that do not arise in connection with military combat operations, shall be submitted and dealt with by the Parent State whose Coalition personnel, property, activities or other assets are alleged to have caused the claimed damage, in a manner consistent with the national laws of the Parent State.

2) Third party claims for property loss or damage and for personal injury, illness or death or in respect of any other matter arising from or attributed to Foreign Liaison Mission personnel shall be submitted and dealt with by the Parent State whose Foreign Liaison Mission personnel, property, activities or other assets are alleged to have caused the claimed damage, in a manner consistent with the national laws of the Parent State.

## Section 7
## Entry Into Force

This Order shall enter into force on the date of signature.

L Paul Bremer, Administrator
Coalition Provisional Authority