IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 08-cv-0827 GBL-JFA ) |
| CACI INTERNATIONAL, INC., *et. al.*, | ) ) ) |
| Defendants | ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO
CACI'S MOTION TO STAY DISCOVERY**

The torture victims oppose CACI's motion to stay discovery. ***First***, CACI's claim that an unpublished Fourth Circuit decision compels a stay here is easily rejected, as that decision protected the United States government, not a for-profit corporation, from the burdens of discovery. CACI is not even arguably entitled to sovereign immunity for its misconduct at the Abu Ghraib prison because "participation in a conspiracy with government actors does not confer government immunities." *Saleh v. Titan Corp.*, 436 F.Supp. 55, 57 (D.D.C. 2006).[1]

***Second***, CACI's self-serving position that "threshold" discovery requires the military to produce classified materials lacks merit. The military has already willingly produced reams of

---

[1] CACI seeks to mislead the Court in its Memorandum at 3 by omitting to note that the District Court (J.Robertson) in *Saleh* ruled against Defendants on the absolute immunity claims in a ruling predating the summary judgment ruling. Neither CACI nor Titan (now L-3) sought interlocutory appeal on the District Court's denial of immunity. CACI subsequently sought and obtained interlocutory appeal when the District Court denied its motion for summary judgment based on the affirmative defense created by the Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

non-classified materials, many of which identify and describe CACI employees as co-conspirators in the Abu Ghraib torture scandal. CACI is seeking to protect itself, not the military, from the demands of discovery in this District. Given that CACI, not the victims, sought out this District, CACI cannot be heard to complain about the District's well-known practice of permitting discovery to proceed during the pendency of motions to dismiss. The Court should reject CACI's effort to delay, and order CACI to cease its unilateral refusal to participate in discovery.

## STATEMENT OF PROCEDURAL FACTS

CACI misstates or omits certain facts; this Statement corrects or provides them. Plaintiff Al-Shimari sued CACI International, CACI Premier Technology, L-3 and Timothy Dugan on June 30, 2008, for torturing him at the Abu Ghraib hard site. Several other torture victims sued the same two corporations and different individual torturers in the District Courts where other torturers presently resided.[2] All of these lawsuits claimed damages based on the fact that L-3 and CACI conspired together and with certain military officials to torture and abuse prisoners. By filing in these various jurisdictions, the torture victims planned to have a nationwide series of one-victim trials in the communities where the individual torturers now reside. The victims' plan did not come to fruition because CACI filed a motion to transfer (joined by L-3 and the individuals) in California seeking to transfer all of the torture litigation to the Eastern District of Virginia. CACI argued that the majority of witnesses were located in this District, and would be inconvenienced by litigation in California.

---

[2] Mr. Al-Shimari and the other victims had not sought representation from undersigned counsel on either the date the District Court denied the motion for class certification in *Saleh et al. v. Titan et al.* or the date counsel amended the complaint to name and identify all existing clients.

Initially, Mr. Al-Shimari and the other victims objected to transfer to the east coast from California, Ohio and Washington. However, after learning that they were losing this battle in California, the victims developed a different trial strategy. They decided to try to consolidate the lawsuits into two distinct lawsuits, both on the east coast: The first – this action – seeks redress for conspiratorial misconduct by CACI interrogators at a single location, the Abu Ghraib hard site. The second action – which the victims hope to keep pending in the nearby Southern District of Maryland, Greenbelt Division – seeks redress for misconduct occurring in 22 or more different prisons and interrogation sites throughout Iraq. The Maryland action seeks to recover only from L-3, which (unlike CACI) had translators deployed in all of these locations. L-3 has filed a motion seeking to have it moved to this venue and consolidate with this lawsuit; the victims opposed. The L-3 action will require more discovery than the Abu Ghraib hard site action, because the military has not yet collected all the material about other locations.

As part of the victims' two-pronged litigation strategy, Mr. Al-Shimari therefore withdrew his voiced opposition to transfer and consented to transfer into this District.[3] On August 8, 2008, this action was transferred, assigned to this Court and given C.A. No. 08-CV-827. Thereafter, the Washington and California actions were transferred, on August 14 and August 22, 2008, respectively, but not automatically related or consolidated with this action. Instead, they were given higher C.A. numbers and assigned to two different judges. Victims' counsel and CACI disagreed on the proper procedural path to consolidate and relate the actions.[4] Rather than caving to, or litigating the merit of, CACI's demands, the victims in the two later-

---

[3] To implement this two-pronged plan, the victims voluntarily dismissed without prejudice L-3 from this action, and dismissed without prejudice CACI from the lawsuit pending in the Southern District of Maryland, Greenbelt Division.

[4] Victims sought to use this lower-numbered action as the anchor case for relation and consolidation; CACI objected to doing so.

transferred and higher-numbered actions dismissed their claims (without prejudice under Rule 41) in this District and joined the ongoing action in the Southern District of Maryland.

Mr. Al-Shimari thereafter on September 15, 2008, amended the Eastern District of Virginia complaint to add three additional victims who were also tortured in the Abu Ghraib hard site. The torture in the Abu Ghraib hard site is the subject of the widely-circulated photographs and military reports. In addition, the military produced in the *Saleh* action substantial amounts of documentation about the torture. Among other things, the military produced sworn and unsworn testimony from co-conspirators that name CACI employees as ringleaders in this torture.

To the best of the victims' knowledge, during the pendency of the *Saleh* discovery, the military did not deny any parties' request for documents on the grounds that such documents were classified. (Victims are not privy to all of the requests made by CACI on the military.) Nor did the military invoke classification of documents or national security to prevent any of the eleven court martial proceedings relating to the torture at Abu Ghraib from proceeding in public. The transcripts of those proceedings include testimony about CACI employees directing the torture at Abu Ghraib.

On August 11, 2008, the parties telephonically met and conferred about discovery. During that conference, CACI informed the victims that it would refuse to participate in any discovery until after the Court had ruled on the yet-to-be filed motion to dismiss. Subsequently, when victims' counsel referred to the August 11, 2008, telephone conference as a Rule 26 meeting in an email, CACI counsel objected to that characterization.

On September 10, 2008, the victims served Requests for Admissions and a Rule 30(b)(6) Deposition Notice on CACI. The Requests sought to establish that (1) the United States has not

endorsed or ratified CACI's misconduct at Abu Ghraib, and (2) CACI is not going to claim it relied on any legal advice provided by the United States. The Notice of Deposition requested that CACI designate a Rule 30(b)(6) witness on November 3, 2008, to testify about steps taken to (1) preserve records relating to CACI's provision of services to the United States in Iraq; (2) cooperate with the United States' investigations or inquiries (whether formal or informal) relating to CACI's provision of services to the United States in Iraq and (3) inform the Board of Directors about the United States' investigations or inquiries.

On September 19, 2008, counsel for CACI and the victims repeated the very same telephone call that had occurred on August 11, 2008. CACI again informed the victims that it would not participate in discovery until after the Court had ruled on the yet-to-be filed motion to dismiss. The parties discussed bringing CACI's continued refusal to participate in any discovery to the Court's attention, which culminated in CACI moving for a stay.

On September 25, 2008, CACI filed objections to the victims' discovery. CACI asserted that the discovery was a "nullity" because served prior to September 19, 2008. As matters now stand, CACI does not intend to make a witness available to testify under Rule 30(b)(6) on November 3, 2008 as requested by the Notice. CACI does not intend to respond to the Requests for Admission.

**ARGUMENT**

To date, CACI has simply refused to cooperate with any discovery until this Court rules on CACI's motion to dismiss. Yet there is no valid reason for such a refusal. CACI knew when it sought to transfer the lawsuits here that this District requires litigants to proceed at a rapid pace, which requires discovery to proceed during the pendency of dispositive motions. CACI tries to elevate its status to that of the sovereign, but it is not the United States government and it

is not immune from being sued for torturing prisoners. CACI claims as reason for the stay that the military is going to withhold as classified documents, such as the rules of engagement at Abu Ghraib. In fact, the military has already placed such documents on the public record during the Abu Ghraib court martial proceedings. *See, e.g*. Exhibit A.

**I. NO DECISIONAL LAW SUPPORTS CACI'S CLAIM TO A STAY.**

No decisional law supports CACI's claim to a stay on immunity grounds. CACI is clearly not entitled to governmental immunity. As the District Court in the District Court of Columbia held in an action brought by different victims, "participation in a conspiracy with government actors does not confer government immunities." *Saleh v. Titan Corp.*, 436 F.Supp. 55, 57 (D.D.C. 2006)[5]

CACI is seeking to protect itself from the burdens of discovery, not the United States military, which has never voiced any objection to producing relevant documents. All of the decisional law relied upon by CACI to support a stay protects United States government officials, not private parties, from the burden of discovery. For example, in *Lescs v. Martinsburg Police Department*, 138 Fed. Appx. 562 (4th Cir. 2005), the case CACI argues compels a stay, is an unpublished decision that addresses whether discovery may proceed against government officials. *See also* Fourth Circuit Local Rule 32:1, which disfavors the citation of the Court's unpublished dispositions issued prior to January 1, 2007. To like effect, the *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) decision discusses the need for postponing discovery while an immunity defense is adjudicated to spare the United States, not a private party, from the burdens

---

[5] Plaintiffs are not repeating here in full the reasons why CACI lacks even as a tenable legal claim to absolute immunity. Those arguments are set forth in Plaintiffs' Opposition to CACI's Motion To Dismiss, which is scheduled to be filed on October 14, 2004, and argued on October 24, 2008, contemporaneously with this Motion.

of litigation. *See id.* at 816-18 (noting that immunity is generally available only to "government officials," and holding because that discovery into an official's motivations "can be peculiarly disruptive of effective government….bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery").

Here, CACI is not seeking to stay discovery served on the United States; CACI is seeking to stay discovery on itself. The United States has not objected to discovery or sought a stay.[6]

## II. CACI'S CLAIM THAT IT KNOWS NOTHING COMPELS DISCOVERY, NOT A STAY OF DISCOVERY.

CACI make the bizarre argument that discovery should be stayed because the "CACI Defendants know nothing about the four Plaintiffs in this case." *Memorandum at 6.* One would think CACI would want discovery from Plaintiffs to remedy this ignorance. Instead, CACI acts as if the Plaintiffs do not actually exist, and CACI has no option but to go the United States military to establish their *bona fides*.[7] CACI sets out a laundry list of questions that are capable of being easily answered by reviewing documents and by deposing Plaintiffs, military eyewitnesses and others.[8] For example, Plaintiffs have in their possession corroborating

---

[6] Victims' counsel has been working with counsel for the military, who has never objected to proceeding with the production of documents in this matter.

[7] CACI tries to claim for itself the role of the jury, stating "if the CACI Defendants are not required simply to accept Plaintiffs' word as to their experiences while detained by the United States Army in Iraq," then CACI will need classified documents. *Memorandum at p. 7.* But it is the jury, not CACI, who will judge the credibility of the Plaintiffs as well as the military eyewitnesses supporting their claims and the American physicians attesting to their physical and mental injuries. It is the jury, not CACI, who will judge the credibility of the CACI position that the Abu Ghraib torture claims are all a "big lie" concocted and propagated by politically-motivated defense counsel. *See* CACI website attached as Exhibit B.

[8] CACI seems to think that the Complaint itself should include all of the Rule 26 disclosure materials, such as the identities of CACI and non-CACI personnel who had contact with the Plaintiffs. *See Memorandum at 6-7.* Such information will be given to CACI during discovery. Complaints are intended to place the defendants on notice of the claims, not provide all the details surrounding those claims. *See Teachers' Retirement System of Louisiana v. Hunter*, 477

documents contemporaneously created by third parties, including the United States military. CACI would have this material in hand already if it had not unreasonably refused to exchange Rule 26 disclosures.

CACI also oddly cites the fact it has "no documents" about the performance of interrogations as reason to stay discovery. *See Memorandum at 7.* First, this is simply untrue, as CACI produced documents in the *Saleh* litigation that related to the performance of interrogations by CACI employees. Second, if discovery had concluded, and CACI had not been able to obtain any relevant documents, the fact that CACI had "no documents" might be something to bring to the Court's attention. But CACI cannot complain about the absence of documentation at this juncture because it is caused by CACI's complete refusal to participate in discovery. If discovery had commenced, CACI could have obtained documents from the Plaintiffs and the military about the performance of interrogations.

CACI exaggerates the amount of classified material that potentially may relate to this action.[9] For example, in the *Saleh* matter, CACI sought and obtained a substantial amount of documents relating to Mr. Saleh and other plaintiffs, as well as documents relating to the performance of interrogations, from the military. CACI's statement that the military is going to withhold relevant materials as classified is pure speculation contradicted by events to date. The military has court-martialed and convicted eleven soldiers in public proceedings. The military

---

F.3d 162, 170 (4th Cir. 2007) (Federal Rules of Civil Procedure provide "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims," and defer "until after discovery any challenge to those claims insofar as they rely on facts."). *See also Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (stating that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

[9] CACI also overstates and exaggerates as it mocks the Plaintiffs' complaint for vagueness. CACI ignores the numerous paragraphs detailing CACI employees' direct participation in the conspiracy to torture. *See, e.g.*, Amended Complaint at ¶¶ 65 – 72.

has not, and is not, claiming that all of the evidence relating to the torture at Abu Ghraib is classified. The military has already produced much of the evidence to the parties, including compelling evidence that CACI employees conspired with Charles Graner, Ivan Frederick and others to torture prisoners at the Abu Ghraib hard site.

To take but one example of CACI's attempt to mislead the Court, CACI cites the rules of engagement as something likely to be classified by the military. In fact, as CACI well knows, the relevant military rules of engagement at Abu Ghraib are not classified; they have already been produced and testified about during the court martial proceedings. *See Exhibit A*. There is no reason to believe that a corporation seeking to protect only its corporate funds is somehow going to need classified material to defend itself that was not needed by the soldiers being court-martialed.

The Court would confront a different situation if it were the military, not CACI, claiming that discovery was intruding into classified matters and causing unnecessary burdens. But no such claim has been made. CACI did not – and cannot – claim that discovery against CACI itself raises the same issue of potentially classified material. At the very least, the Court should order discovery to proceed against CACI even if discovery is stayed as to the military. This Court should not permit CACI to continue its unjustified unilateral refusal to participate in discovery.

## *CONCLUSION*

For all the foregoing reasons, this Court should deny CACI's motion to stay discovery, and order CACI to respond to the pending discovery.

              ____/s/ Susan L. Burke_____
              Susan L. Burke (VA Bar #27769)
              William T. O'Neil

BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596
sburke@burkeoneil.com

Katherine Gallagher
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2008, I caused the foregoing Notice of Rule 30(b)(6) Deposition to be emailed and sent via regular mail, postage prepaid, to the following:


J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (*pro hac vice* application pending)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

                                                   /s/ Susan L. Burke
                                         Susan L. Burke (VA Bar #27769)
                                         William T. O'Neil
                                         William F. Gould
                                         BURKE O'NEIL LLC
                                         4112 Station Street
                                         Philadelphia, PA 19127
                                         (215) 487-6596
                                         Fax (215) 482.0874
                                         sburke@burkeoneil.com