# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| SUHAIL NAJIM ABDULLAH<br>AL SHIMARI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) ) | |
| CACI INTERNATIONAL INC, et ano, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF THE MOTION
## OF DEFENDANTS CACI PREMIER TECHNOLOGY, INC.,
## AND CACI INTERNATIONAL INC FOR PARTIAL SUMMARY
## JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

J. William Koegel, Jr. (Bar No. 38243)
John F. O'Connor (Admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Counsel for Defendants CACI International Inc and
CACI Premier Technology, Inc.*

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................................1

II.   FACTS ......................................................................................................................2

      A.    Plaintiffs Asserted Their Claims More Than Three Years After the
            Dates of Their Alleged Injuries .................................................................2

      B.    Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Chose to File Their Claims
            in this Court ..............................................................................................4

III.  ANALYSIS ...............................................................................................................7

      A.    The Standard for Summary Judgment .......................................................7

      B.    Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili First Asserted Claims
            Against the CACI Defendants Outside Virginia's Applicable Statute
            of Limitations ............................................................................................8

      C.    Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Are Entitled To Neither
            Tolling of the Applicable Statute of Limitations Nor Application of
            Some Other Jurisdiction's Statute of Limitations ...................................10

            1.    The Existence of a Putative Class Action Did Not Toll the
                  Running of the Statute of Limitations Applicable to the
                  Common-Law Claims of Plaintiffs Rashid, Al Zuba'e, and Al-
                  Ejaili ...............................................................................................11

            2.    Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Cannot Claim an
                  Entitlement to Application of Ohio Law ..........................................12

IV.   CONCLUSION .......................................................................................................15

**Table of Authorities**

Page(s)

CASES

*Allstate Ins. Co. v. Hague*,
   449 U.S. 302 (1981)...................................................................................15

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)...................................................................................7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)...................................................................................7

*Commonwealth of Va. v. Owens-Corning Fiberglas Corp.*,
   385 S.E.2d 865 (Va. 1989)..........................................................................8

*Corinthian Mortg. Corp. v. ChoicePoint Precision Mktg., LLC*,
   No. 1:07-CV-832-JCC, 2008 WL 2776991 (E.D. Va. July 14, 2008)....................9

*Ferens v. John Deere Co.*,
   494 U.S. 516 (1990)............................................................................13, 14

*Forlastro v. Collins*,
   No. 07-Civ-3288, 2007 WL 2325865 (S.D.N.Y. Aug. 14, 2007)........................13

*Gibson v. Boy Scouts of Am.*,
   360 F. Supp. 2d 776 (E.D. Va. 2005) ...........................................................13

*Hooper v. Musolino*,
   364 S.E.2d 207 (Va. 1988)..........................................................................8

*JKC Holding Co. v. Wash. Sports Ventures, Inc.*,
   264 F.3d 459 (4th Cir. 2001) .......................................................................7

*Jones v. R.S. Jones & Assocs., Inc.*,
   431 S.E.2d 33 (Va. 1993).........................................................................8, 9

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941)...................................................................................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...................................................................................7

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)..................................................................................15

*Pilar Servs., Inc. v. NCI Info. Sys., Inc.*,
   ___ F. Supp. 2d ___, 2008 WL 2620172 (E.D. Va. June 30, 2008).........................8

*RMS Tech., Inc. v. TDY Indus., Inc.*,
  64 Fed. Appx. 853 (4th Cir. 2003) ......................................................................8, 9

*Smith v. Gen. Motors Corp.*,
  376 F. Supp. 2d 664 (W.D. Va. 2005) ......................................................................8

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ......................................................................13

*Wade v. Danek Medical, Inc.*,
  182 F.3d 281 (4th Cir. 1999) ......................................................................11, 12

**STATUTES**

28 U.S.C. § 1350 ......................................................................1

28 U.S.C. § 1404(a) ......................................................................4, 13, 14

Va. Code Ann. § 8.01-243 ......................................................................9

Va. Code Ann. § 8.01-230 ......................................................................9

**RULES**

Fed. R. Civ. P. 12(b)(1) ......................................................................1

Fed. R. Civ. P. 12(b)(6) ......................................................................1

Fed. R. Civ. P. 56(c) ......................................................................7

Fed. R. Civ. P. 56(e) ......................................................................7

# I.    INTRODUCTION

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") have moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   A hearing on that motion to dismiss is scheduled for October 24, 2008.   In the event that any of the common-law tort claims asserted in the Amended Complaint, which appear to include Counts X through XX,[1] survive the CACI Defendants' motion to dismiss, the CACI Defendants are entitled to summary judgment on those claims with respect to at least three of the four Plaintiffs, Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili.   The CACI Defendants are entitled to summary judgment with respect to these three Plaintiffs' common-law tort claims because they are clearly barred by the applicable statute of limitations.   There are no disputed questions of material fact; all facts necessary to decide the CACI Defendants' motion for summary judgment are undisputed.

Plaintiffs seek to hold the CACI Defendants liable for injuries that Plaintiffs claim they suffered while detained by the United States military in wartime Iraq.   The three Plaintiffs to whom this motion pertains were all released from United States custody no later than May 6, 2005, more than three years before the filing of this action.   Notably, not a single one of these Plaintiffs alleges that he was ever interrogated by a CACI PT interrogator,[2] or that he had even the slightest contact with a single employee of the CACI Defendants.   Instead, Plaintiffs'

---

[1] While Plaintiffs' Amended Complaint is notably silent in identifying which of the twenty counts are asserted as common-law tort claims, and which counts are asserted under the Alien Tort Statute, 28 U.S.C. § 1350, it appears that, at a minimum, Counts X through XX are asserted as common-law tort claims which are barred by the applicable statute of limitations.   To the extent that Counts I through IX are asserted as common-law claims, they are also barred by the applicable statute of limitations.

[2] CACI Premier Technology, Inc. ("CACI PT") provided civilian interrogators to the United States military in support of the military's wartime mission in Iraq.

Amended Complaint simply alleges, through the vaguest allegation imaginable,[3] that the CACI Defendants joined in a conspiracy to torture detainees.

Plaintiffs' deficient pleading aside, Virginia's statute of limitations governs this action, and the two-year limitation period for personal injury claims has long passed. Therefore, the common-law claims of Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili are barred by a straightforward application of Virginia law. While Plaintiffs might seek to avoid the consequences of their delay by claiming reliance on a putative class action once pending in another court, clear Fourth Circuit precedent provides that the statute of limitations is not tolled by the existence of a putative class action pending in another jurisdiction. As a result, even if Plaintiffs' claims could survive then legal infirmities identified in the CACI Defendants' motion to dismiss, these three Plaintiffs' common-law claims are time-barred as a matter of law, and the CACI Defendants are entitled to summary judgment with respect to those claims.

## II.   FACTS

### A.   Plaintiffs Asserted Their Claims More Than Three Years After the Dates of Their Alleged Injuries

1.   Plaintiff Rashid alleges that he was arrested by United States military personnel on or about September 22, 2003, and released on or about **May 6, 2005**. Am. Compl. ¶¶ 26, 44.

---

[3] Plaintiffs allege that "CACI conveyed its intent to join the conspiracy, and ratified its employees' participation in the conspiracy, by making a series of verbal statements and by engaging in a series of criminal acts of torture alongside and in conjunction with several co-conspirators." Am. Compl. ¶ 72. Thus, Plaintiffs' alleged "facts" concerning this imaginary conspiracy is that somebody at CACI said something to someone, at some time and some place, to convey that the CACI Defendants had decided to enter into a conspiracy the purpose of which was to torture detainees.

2. Plaintiff Al Zuba'e alleges that he was arrested by United States military personnel on or about November 1, 2003 and released on or about **October 24, 2004**. Am. Compl. ¶¶ 45, 53.

3. Plaintiff Al-Ejaili alleges that he was arrested by the United States military on or about November 3, 2003 and released on or about **February 1, 2004**. Am. Compl. ¶¶ 54, 63.

4. All three of these Plaintiffs allege that they suffered the personal injuries for which they seek to hold the CACI Defendants liable during the time that they were detained by the United States military at Abu Ghraib prison in Iraq. Am. Compl. ¶ 1.

5. This action was first filed as a single-Plaintiff lawsuit by Plaintiff Al Shimari on June 30, 2008. Compl. (filed June 30, 2008). This motion does not seek summary judgment on Plaintiff Al Shimari's claims.

6. The three Plaintiffs to whom this motion pertains first filed claims against the CACI Defendants in this Court on **September 15, 2008** when they, along with Plaintiff Al Shimari, filed an Amended Complaint in this Court. Am. Compl. (filed September 15, 2008). Thus, Plaintiffs Rashid and Al Zuba'e first filed claims against the CACI Defendants more than three years after any abuse they allegedly suffered while detained had ended, as they had been released from United States custody more than three years before filing their claims. For his part, Plaintiff Al-Ejaili filed his claims against the CACI Defendants more than four years after his release from United States custody, meaning that all of his claims of abuse while in United States custody occurred more than four years before he filed suit.

**B.**     **Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Chose to File Their Claims in this Court**

7.     The present action is one of four single-plaintiff lawsuits filed by Plaintiff's counsel against the CACI Defendants and L-3 Services, Inc., in May and June 2008. This action was filed in the United States District Court for the Southern District of Ohio. The other three actions were filed in the Central District of California (the "California action"), the Western District of Washington (the "Washington action"), and the District of Maryland (the "Maryland action"). O'Connor Decl. ¶¶ -7.

8.     In addition to suing the CACI Defendants and L-3 Services in each of these lawsuits, Plaintiffs' counsel included as a defendant in each lawsuit one individual who had been employed by either CACI PT or L-3 Services.[4] Each of the individual defendants in these cases previously had prevailed on a lack of personal jurisdiction defense in the United States District Court for the District of Columbia in another detainee abuse lawsuit filed by Plaintiffs' counsel. *Saleh v. Titan Corp.*, No. 05-1165 (D.D.C.). The inclusion of one of these individual defendants in each new lawsuit meant that these lawsuits could not be transferred under 28 U.S.C. § 1404(a) to the District of Columbia, where L-3 Services had been granted summary judgment and the district court proceedings were (and are) stayed in favor of an interlocutory appeal by the CACI Defendants. O'Connor Decl. ¶¶ 6-8.

9.     The CACI Defendants moved to transfer the first-filed of these new actions, the California action, this Court on June 27, 2008. Plaintiffs' counsel opposed transfer and filed an opposition to the CACI Defendants' motion. While the motion to transfer the California action remained pending in that court, the CACI Defendants moved to transfer the Washington action to this Court and prepared to move to transfer the other two actions.

---

[4] L-3 Services was previously known as The Titan Corporation.

Plaintiffs' counsel then agreed to the transfer of this action (from the Southern District of Ohio) and of the Washington action to this Court, but continued to oppose transfer of the California action. Plaintiffs' counsel also dismissed the CACI Defendants from the Maryland action. Subsequently, the court in the Central District of California issued a memorandum opinion and order granting the CACI Defendants' motion to transfer that action to this District. O'Connor Decl. ¶¶ 9-12, 17.

10. The present action was assigned by the Clerk to Judge Lee. The next case transferred to this Court was the Washington action, which was assigned to Judge Ellis. *Al-Ogaidi v. Johnson*, No. 1:08-CV-844-TSE (E.D. Va.). At that point, Plaintiffs' counsel took the position in discussions and correspondence with the CACI Defendants' counsel that the CACI Defendants had agreed to consolidation *before Judge Lee* of any actions transferred to this Court. In response, the CACI Defendants explained that they had supported consolidation of any cases transferred to this Court, but neither advocated nor opposed the assignment of those cases to any particular judge, as the CACI Defendants believed it inappropriate for the parties to purport to select the judge to preside over a group of cases. Therefore, although Plaintiffs' counsel had sent the CACI Defendants' counsel a proposed consent motion that would have asked Judge Ellis to order that the case assigned by him be reassigned to Judge Lee, the CACI Defendants sent Plaintiffs' counsel a proposed consent motion to be filed in both cases that would have sought consolidation of the two cases, and left selection of the presiding judge to whatever internal procedures the Court believed appropriate. O'Connor Decl. ¶¶ 11-14.

11. On August 22, 2008, the CACI Defendants' counsel sent Plaintiffs' counsel, at her request, a Word version of the CACI Defendants' proposed consent motion to consolidate the two cases (this action and the Washington action) that had been transferred to

this Court. Plaintiffs' counsel's stated purpose in asking for a Word version of the draft motion was to have a draft motion that she could revise in an attempt to draft a motion to consolidate that was acceptable to all parties. O'Connor Decl. ¶ 15.

12. While the CACI Defendants were awaiting a revised draft motion to consolidate from Plaintiffs' counsel, Plaintiffs' counsel, without advising the CACI Defendants of any change in plans, instead filed a notice of dismissal for Washington action, which had been assigned by the Clerk to Judge Ellis, on August 25, 2008. When asked why she had dismissed that action, Ms. Burke advised that she had decided to dismiss the Washington action because it was too much work to litigate on behalf of two plaintiffs in a court that moves as fast as this Court. Ms. Burke added that she intended to "shift" the plaintiff from the dismissed Washington action to the Maryland action that Plaintiffs' counsel continued to litigate against L-3 Services and one of its former employees. By that time, however, the California action also had been transferred to this Court, and assigned by the Clerk to Judge O'Grady. *See Al-Janabi v. Stefanowicz*, No. 1:08-CV-868-LO (E.D. Va.). The CACI Defendants' counsel asked whether the dismissal of the case assigned to Judge Ellis meant that Plaintiffs' counsel would be dismissing the California action. Plaintiffs' counsel responded that no decision had been made and that, to her knowledge, the California action had not yet been docketed in this Court. The CACI Defendants' counsel responded that the California action had in fact been docketed in this Court and had been assigned to Judge O'Grady. At 7:00 a.m. the next morning, Plaintiffs' counsel dismissed without prejudice the California action that had been assigned to Judge O'Grady. O'Connor Decl. ¶¶ 16-17. Because Plaintiffs' counsel had now dismissed two of the three actions transferred to this Court, including one case in which the Plaintiff consented to transfer, there were no longer multiple cases to be consolidated before a single judge.

13.     On September 10, 2008, the Plaintiff in this action voluntarily dismissed Timothy Dugan from this action.  On September 15, 2008, Plaintiffs' counsel filed an Amended Complaint in this action that added Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili.  Am. Compl. (filed Sept. 15, 2008).  These Plaintiffs did not assert their claims while this case was pending in Ohio, voluntarily filing their claims for the first time in this Court.

## III.    ANALYSIS

### A.    The Standard for Summary Judgment

This Court has recently set forth the applicable standard for motions for summary judgment:

> Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).
>
> In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48.  A "material fact" is a fact that might affect the outcome of a party's case.  *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). . . .  A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  *Anderson*, 477 U.S. at 248.  Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

*Pilar Servs., Inc. v. NCI Info. Sys., Inc.*, ___ F. Supp. 2d ___, 2008 WL 2620172, at *2 (E.D. Va. June 30, 2008) (parallel citations omitted) (alteration in original). Here, there is no genuine dispute of material fact. It is undisputed that Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili first asserted their claims against the CACI Defendants more than three years after they allegedly suffered injuries while detained by the United States military. It is also undisputed that these three Plaintiffs first filed their claims in this Court. Those facts, by themselves, are sufficient to demonstrate that these three Plaintiffs' common-law tort claims are barred by Virginia's two-year statute of limitations. Every other issue raised by the CACI Defendants' motion is a pure question of law, and the law of this Circuit requires that summary judgment be entered in the CACI Defendants' favor.

## B. Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili First Asserted Claims Against the CACI Defendants Outside Virginia's Applicable Statute of Limitations

A federal district court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Virginia courts apply their own law 'in matters that relate to procedure.'" *RMS Tech., Inc. v. TDY Indus., Inc.*, 64 Fed. Appx. 853, 857 (4th Cir. 2003) (quoting *Hooper v. Musolino*, 364 S.E.2d 207, 211 (Va. 1988)). "Statutes of limitations are considered matters of procedure in Virginia courts, unless they are so bound up with the substantive law of a claim that the limitations period is itself substantive." *Id.* (citing *Jones v. R.S. Jones & Assocs., Inc.*, 431 S.E.2d 33, 35 (Va. 1993)). Common-law claims, such as the common-law tort claims asserted by Plaintiffs here, are subject to "pure" statutes of limitation of general applicability, and therefore are procedural for choice of law purposes. *See Commonwealth of Va. v. Owens-Corning Fiberglas Corp.*, 385 S.E.2d 865, 867 (Va. 1989); *Smith v. Gen. Motors Corp.*, 376 F. Supp. 2d 664, 674 (W.D. Va. 2005). Indeed, as the Fourth Circuit has observed, "[s]tatutes of limitation that apply to traditional rights

of action in contract and tort are almost always procedural." *RMS Tech.*, 64 Fed. Appx. at 857

(citing *Jones*, 431 S.E.2d at 35); *see also Corinthian Mortg. Corp. v. ChoicePoint Precision

Mktg., LLC*, No. 1:07-CV-832-JCC, 2008 WL 2776991, at *2 (E.D. Va. July 14, 2008).  There is

no special statute of limitations for Plaintiffs' common-law claims; therefore, the statute of

limitations is a procedural matter that is governed by Virginia law.

Under Virginia law, all of Plaintiffs' claims are subject to a two-year statute of

limitations:

> Unless otherwise provided in this section or by other statute, every
> action for personal injuries, whatever the theory of recovery, and
> every action for damages resulting from fraud, shall be brought
> within two years after the cause of action accrues.

Va. Code Ann. § 8.01-243.  Moreover Section 8.01-230 of the Virginia Code provides as

follows:

> In every action for which a limitation period is prescribed, the right
> of action shall be deemed to accrue and the prescribed limitation
> period shall begin to run from the date the injury is sustained in the
> case of injury to the person . . . .

Va. Code Ann. § 8.01-230.  Therefore, as a matter of law, the Virginia statute of limitations bars

the common-law tort claims of Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili if those claims were

not asserted within two years of the time in which they allegedly suffered injury at the hands of

*someone* while in United States custody in Iraq.

It is undisputed that the claims of Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili accrued well

more than two years prior to the filing of their claims.  These Plaintiffs allege that they suffered

their injuries while detained by United States authorities in Iraq.  The chart below sets forth the

amount of time between these Plaintiffs' release from United States custody and their assertion

of claims against the CACI Defendants in this action:

| Plaintiff | Date Released from U.S. Custody (per Amended Complaint) | Date Plaintiff First Asserted Claim Against CACI Defendants | Time from Plaintiff's Release from U.S. Custody to Assertion of Claims |
|---|---|---|---|
| Rashid | 5/6/05 | 9/15/08 | 3 years, 4 months, and 9 days |
| Al Zuba'e | 10/24/04 | 9/15/08 | 3 years, 10 months, and 22 days |
| Al-Ejaili | 2/1/04 | 9/15/08 | 4 years, 7 months, and 14 days |

Thus, as a straightforward application of the applicable statute of limitations, all of the common-law claims of Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili are time-barred and the CACI Defendants are entitled to summary judgment with respect to those claims.

**C.** **Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Are Entitled To Neither Tolling of the Applicable Statute of Limitations Nor Application of Some Other Jurisdiction's Statute of Limitations**

The CACI Defendants anticipate that Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili will seek to avoid summary judgment by arguing that they are entitled to tolling of any applicable statute of limitations based on the pendency of a putative class action that was pending in federal court in the District of Columbia until that Court denied class certification. Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili also might seek to avoid the straightforward application of Virginia's two-year statute of limitations by arguing that the choice of law rules of *Ohio*, and not Virginia, should apply here because Plaintiff Al Shimari (but not these three Plaintiffs) originally asserted his claims in federal court in Ohio. As an initial matter, both of these arguments are pure questions of law ripe for resolution on summary judgment. Moreover, for the reasons set forth below, both of these anticipated arguments are foreclosed by binding precedent from the Fourth Circuit or the United States Supreme Court.

1.      **The Existence of a Putative Class Action Did Not Toll the Running of the Statute of Limitations Applicable to the Common-Law Claims of Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili**

Plaintiffs' counsel in this action filed a putative class action against the CACI Defendants and others in June 2004. *See Saleh v. Titan Corp.*, No. 05-1165 (D.D.C.). Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili were not named plaintiffs in that action. On December 6, 2007, the district court, without briefing or argument from the defendants, denied class certification essentially at the invitation of Plaintiffs' counsel. *See* O'Connor Decl., Ex. 10 at 15-16. Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili may contend that the statute of limitations for their common-law tort claims should be equitably tolled for the period that the putative class action remained pending in federal court. Such a contention, however, is incorrect as a matter of binding Fourth Circuit law.

The Fourth Circuit decided precisely this issue in *Wade v. Danek Medical, Inc.*, 182 F.3d 281 (4th Cir. 1999). In that case, a plaintiff filed a products liability action in the Eastern District of Virginia against manufacturers, designers, and distributors of a pedicle screw spinal fixation device, alleging that the defendants were liable for product defects that caused injuries to the plaintiff. Although the plaintiff filed suit after Virginia's two-year statute of limitations for personal injury actions had run, she argued that her claims should be equitably tolled during the time period in which putative class actions (in which she was not a named plaintiff) had been pending in federal courts in Pennsylvania and Louisiana. *Id.* at 284. The district court granted the defendants summary judgment on statute of limitations grounds and the Fourth Circuit affirmed. *Id.*

Having determined that the plaintiff's injuries occurred more than two years before she filed suit, the Fourth Circuit considered whether the Virginia statute of limitations should be tolled during the time that the putative federal court class actions were pending. While the court recognized that statutes of limitations for federal claims are tolled during the pendency of a

putative class action, *id.* at 286, the court went on to hold that the Virginia courts would not equitably toll the statute of limitations during the pendency of a putative class action in another jurisdiction. *Id.* at 287-88 ("[W]e conclude that the Virginia Supreme Court would not adopt a cross-jurisdictional equitable tolling rule.").

Because a conflict existed between federal and state practice concerning whether equitable tolling would apply for the time a putative class action was pending elsewhere, the *Wade* court next considered whether that conflict should be resolved in favor of applying the federal equitable tolling rule or the state-law rule against equitable tolling. *Id.* at 288. Recognizing that outcome-determinative conflicts (such as this one) are generally resolved in favor of applying the state-law statute of limitations and related rules, the Fourth Circuit held that "in any case in which a state statute of limitations applies – whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action – the state's accompanying rule regarding equitable tolling should also apply." *Id.* at 289.

The Fourth Circuit's decision in *Wade* controls the outcome here. As in *Wade*, Virginia's two-year statute of limitations for personal injury claims applies to the common-law tort claims asserted by Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili. And *Wade* requires that the Court apply Virginia's rule against equitable tolling to these Plaintiffs' common-law claims instead of the federal rule allowing equitable tolling for federal causes of action. *Wade*, 182 F.3d at 288-89. Therefore, binding Circuit precedent dictates that the common-law claims asserted by Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili are time-barred.

> **2.   Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili Cannot Claim an Entitlement to Application of Ohio Law**

Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili may attempt to avoid the clear applicability of *Wade* by arguing that they are entitled to application of Ohio's statute of limitations

jurisprudence because this case originally was filed (solely by Plaintiff Al Shimari) in the Southern District of Ohio and then transferred to this Court. This is a pure question of law that can be decided on summary judgment. While a plaintiff whose claims have been transferred to another district under 28 U.S.C. § 1404(a) ordinarily does not have the law governing his common-law claims changed by virtue of such a transfer, provided that venue was appropriate in the transferor district,[5] that doctrine has no application here. Therefore, Virginia's choice of law rules apply and bar these Plaintiffs' claims.

Most fundamentally, Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili were never plaintiffs in Ohio. As the Supreme Court explained in *Ferens*, 494 U.S. at 523, there are three reasons why a plaintiff *who actually filed claims in the transferor court* ordinarily is entitled to invoke the transferor court's choice of law rules after a 28 U.S.C. § 1404(a) transfer:

> First, § 1404(a) should not deprive parties of state-law advantages that exist absent diversity jurisdiction. Second, § 1404(a) should not create or multiply opportunities for forum shopping. Third, the decision to transfer venue under § 1404(a) should turn on considerations of convenience and the interest of justice rather than on the possible prejudice resulting from a change of law.

*Id.* The rule applying the choice of law rules of the transferor court to a plaintiff whose claims have been transferred "allow[s] plaintiffs to retain whatever advantages *may flow from the state laws of the forum they have initially selected." Van Dusen v. Barrack*, 376 U.S. 612, 633 (1964) (emphasis added). Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili "initially selected" to pursue their claims in this Court. Therefore, they have never been subject to a change in forum law, as the forum for their claims has at all times been the Eastern District of Virginia.

---

[5] *See, e.g.*, *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990); *Gibson v. Boy Scouts of Am.*, 360 F. Supp. 2d 776, 780 (E.D. Va. 2005); *Forlastro v. Collins*, No. 07-Civ-3288, 2007 WL 2325865, at *2 (S.D.N.Y. Aug. 14, 2007).

Indeed, in *Ferens*, the Supreme Court addressed whether it was really necessary for a plaintiff to file suit in a distant forum in order to take advantage of that distant forum's choice of law rules. 494 U.S. at 531-32. Put another way, the Court considered whether a plaintiff should be permitted to do exactly what Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili likely will attempt to do here, argue that, while they first asserted their claims in Virginia, they should be entitled to invoke Ohio's choice of law rules because they theoretically *could have sued* in Ohio and then moved to transfer to Virginia. *Id.* The Court rejected this type of chicanery:

> [O]ne might ask why we require the Ferenses to file in the District Court in Mississippi [the transferor forum] at all. Efficiency might seem to dictate a rule allowing plaintiffs in the Ferenses' position not to file in an inconvenient forum and then to return to a convenient forum through a transfer of venue, but instead simply to file in the convenient forum and ask for the law of the inconvenient forum to apply. Although our rule may invoke certain formality, one must remember that § 1404(a) does not provide for an automatic transfer of venue. The section, instead, permits a transfer only when convenient and "in the interest of justice." **Plaintiffs in the position of the Ferenses must go to the distant forum** because they have no guarantee, until the court there examines the facts, that they may obtain a transfer. No one has contested the justice of transferring this particular case, but the option remains open to defendants in future cases.

*Ferens*, 494 U.S. at 531 (emphasis added). Thus, the Supreme Court in *Ferens* rejected the notion that a plaintiff could invoke the choice of law rules of another jurisdiction without having first actually filed his claims there and having them transferred under 28 U.S.C. § 1404(a).

Here, Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili never asserted their claims in Ohio. Indeed, these three Plaintiffs not only specifically selected the Eastern District of Virginia in which to pursue their claims, but even selected the judge to preside over them. While Plaintiffs' counsel and the CACI Defendants' counsel were litigating forum disputes with respect to the cases Plaintiffs' counsel filed in California, Washington, Ohio, and Maryland, Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili remained on the sidelines. These three Plaintiffs never subjected

themselves to the random assignment of a judge in Ohio, the uncertainty of a transfer motion, or even the random assignment of a judge in this Court. Instead, they waited for the merry-go-round to stop, and for Plaintiffs' counsel to voluntarily dismiss the two cases transferred to this Court and assigned to other judges, and then joined the specific case, in the specific forum, before the specific judge they preferred. Having chosen their preferred forum, these Plaintiffs cannot avoid the application of that forum's statute of limitations rules.

Finally, even if the rule for applying the transferor court's choice of law rules could apply to claims asserted by a plaintiff who never asserted claims in the transferor court, due process would not allow such a result. In rejecting on due process grounds the application of Kansas law, as a matter of convenience and efficiency, to claims by class members having no connection to that state, the Court held that "Kansas must have a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests' in order to ensure that the choice of Kansas law is not arbitrary or unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985) (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981)). Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili and their claims have no connection with Ohio whatsoever. None of these Plaintiffs, and neither of the CACI Defendants, resides in Ohio. None of the alleged conduct occurred there. These Plaintiffs did not even assert their claims in that jurisdiction. Therefore, under *Shutts*, it would violate due process for these three Plaintiffs to be permitted to voluntarily file their claims in Virginia and then obtain the use of *Ohio's* choice of law rules.

## IV.    CONCLUSION

The common-law claims of Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili are barred by a straightforward application of Virginia's statute of limitations rules. Fourth Circuit precedent directly on point prevents an equitable tolling of the statute of limitations, and Supreme Court

precedent precludes the application of Ohio law to these Plaintiffs' claims. Because Virginia's two-year statute of limitations applies as a matter of law, the Court should enter summary judgment in the CACI Defendants' favor with respect to all common-law claims asserted by Plaintiffs Rashid, Al Zuba'e, and Al-Ejaili.

Respectfully submitted,

*/s/  J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, 2008, I served the foregoing, by hand delivery, on the counsel indicated below. In addition, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Susan L. Burke
> William Gould
> Attorneys for Plaintiff
> Burke O'Neil LLC
> 4112 Station Street
> Philadelphia, PA 19127
> (215) 487-6596 – telephone
> sburke@burkeoneil.com
> wgould@burkeoneil.com

> /s/  J. William Koegel, Jr.
> _____
> J. William Koegel, Jr.
> Virginia Bar No. 38243
> Attorney for Defendant CACI-Athena, Inc.
> STEPTOE & JOHNSON LLP
> 1330 Connecticut Avenue, N.W.
> Washington, D.C. 20036
> (202) 429-3000 - telephone
> (202) 429-3902 – facsimile
> wkoegel@steptoe.com