**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, | ) ) ) ) |
| Plaintiffs, | ) )   C.A. No. 08-cv-0827 GBL-JFA |
| v. | ) ) ) |
| CACI INTERNATIONAL, INC., *et. al.*, | ) ) ) |
| Defendants. | ) ) |

**THE PARTIES' PROPOSED DISCOVERY PLANS**

The parties were unable to reach agreement on a discovery plan that ended discovery by January 9, 2009, as requested by the pretrial order entered on October 1, 2008. The following sets forth the parties' respective positions.

*Plaintiffs' Position*:

Plaintiffs believe that discovery can be concluded by January 9, 2009. Plaintiffs propose an Order be entered in the following form:

- The parties shall serve Rule 26(a) initial disclosures on November 3, 2008.

- The parties shall begin deposition discovery of fact witnesses (including Rule 30(b)(6) witnesses) on or after November 5, 2008. The parties may convene no more than three simultaneously-occurring depositions. All depositions shall conclude by midnight on January 9, 2009.

- Plaintiffs shall identify any expert witnesses and provide written reports to Defendants no later than November 19, 2008. Defendants shall identify

experts and provide written reports on December 10, 2008, which is four weeks after the receipt of Plaintiffs' expert reports. The depositions of experts may begin on December 13, 2008, and shall conclude by midnight on January 9, 2009.

- The Court hereby grants the parties permission to take a total of twenty non-party depositions without any further leave of court. To the extent any additional depositions are needed, the parties shall file a motion seeking leave, but such motions may be noticed for hearing on the Friday of the following week.

Plaintiffs believe an Order in the proposed form would permit the parties to move expeditiously and complete discovery by January 9, 2009.

As set forth below, CACI believes that discovery should be stayed. Plaintiffs have opposed a stay for all the reasons set forth in their Opposition to CACI' Motion for Stay. Plaintiffs oppose any stay or bifurcation of discovery, and believe CACI errs as a matter of law by asserting a denial of the motion to dismiss entitles CACI to an interlocutory appeal. Plaintiffs also oppose any effort by CACI to stay discovery unilaterally by ceasing to participate in discovery upon the filing of a petition for interlocutory review.

Plaintiffs do not oppose extending the discovery deadline to March 31, 2009, which is the date CACI proposed in the event the Court does not stay discovery. If that date were adopted by the Court as the discovery deadline, Plaintiffs propose the same dates set forth above be given effect, except that Plaintiffs would be given until December 10, 2008, to produce expert reports, with CACI being obliged to file their reports four weeks later.

*Defendants' Position*

The CACI Defendants propose that the Court stay all discovery in this action until resolution of the CACI Defendants' motion to dismiss. That position is set forth in the CACI Defendants' motion to stay discovery, which is fully briefed and is scheduled for hearing on October 24, 2008.

The CACI Defendants' motion to dismiss seeks dismissal on grounds of immunity, the political question doctrine, combatant activities preemption, failure to state a plausible claim for relief, and that Plaintiffs' Alien Tort Statute claims fail as a matter of law. The motion to dismiss is also scheduled for oral argument on October 24, 2008. The CACI Defendants believe that Fourth Circuit precedent requires a stay of discovery when a motion asserting immunity from suit is pending before the Court. If the Court were to deny the CACI Defendants' motion to dismiss on grounds of immunity, such an order is immediately appealable to the extent that the Court's decision rests on a question of law. *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). The CACI Defendants would review any decision refusing to dismiss Plaintiffs' claims on immunity grounds to determine whether an interlocutory appeal is appropriate. An interlocutory appeal on the issue of immunity would divest this Court of jurisdiction over this action while such an appeal is pending. As a result, the CACI Defendants propose that the Court refrain from establishing a discovery schedule until the Court has ruled on the stay motion and, if that motion is granted, until after the motion to dismiss is decided.

The CACI Defendants object to the exchange of Rule 26(a) initial disclosures for the reasons set forth in their motion to stay discovery. The CACI Defendants propose that initial disclosures be exchanged ten days after any order denying the CACI Defendants' motion to

dismiss, with any obligation to provide initial disclosures postponed if the CACI Defendants notice an interlocutory appeal on immunity grounds.

If discovery is not stayed, the CACI Defendants propose extending the deadline for discovery until March 31, 2009. The CACI Defendants respectfully submit that a January 9, 2009 discovery cut-off is not feasible given the unique circumstances of this case.

Plaintiffs' claims are dependent entirely on their conspiracy allegations. In related litigation, the same Plaintiffs' counsel here identified 36 government and military officials as supposedly being part of a conspiracy with the CACI Defendants to abuse detainees in Iraq, and identified 91 other military personnel as possible co-conspirators. This list of purported co-conspirators ranges from former Secretary of Defense Rumsfeld and two former Undersecretaries of Defense to dozens of Army officers and soldiers of all ranks. Indeed, in the related *Saleh* action the plaintiffs' allege that torture was an official policy of the Department of Defense, directed by the Secretary of Defense and implemented by military personnel and civilian contractors. These individuals are located throughout the world.

Plaintiffs' Amended Complaint here alleges that the CACI Defendants conspired with an untold number of government and military officials to, among other things: (1) abuse detainees in Iraq through inappropriate and/or illegal interrogation techniques and procedures; and (2) treat certain detainees as "ghost detainees," – meaning detainees who were never recorded under DoD procedures - so as to conceal their presence and identity. Army reports have stated that the ghost detainee program was operated exclusively by the Central Intelligence Agency.

If discovery is allowed to proceed, this case will involve extensive discovery of the United States government, particularly the Department of Defense, the Department of the Army, and the Central Intelligence Agency. There is no reasonable prospect that the United States

4

government will agree to produce forthwith the documents required to litigate this case, which will include classified government reports and memoranda, classified interrogation reports, classified interrogation plans, communications between the United States and the Red Cross, information on military and CIA personnel operating at Abu Ghraib, and classified information regarding the United States' establishment and implementation of "ghost detainee" procedures.

In FOIA litigation, the United States has prevailed in preventing disclosure of Red Cross reports and documents relating to "ghost detainees." The CIA has presented evidence in FOIA litigation that documents relating to its "ghost detainee" program are classified as Top Secret and maintained in a "Top Secret, Sensitive Compartmented Information special access program to enhance their protection from unauthorized disclosure." Therefore, the CACI Defendants anticipate protracted discovery litigation between the parties and the United States government. Therefore, if discovery is allowed to proceed, the CACI Defendants respectfully submit that there is no reasonable probability that such discovery could be completed by January 9, 2009.

Also given the scope of the conspiracy allegations, there is no reasonable prospect that this case could proceed with a party taking just five non-party depositions. Therefore, if discovery proceeds, the Court should permit the parties to take at least twenty non-party depositions without leave of court, and should permit the parties to seek leave to take additional non-party depositions.

Respectfully submitted,

      /s/ Susan L. Burke
Susan L. Burke
Virginia Bar No. 27769
William Gould
Attorneys for Plaintiff
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 487-6596 – telephone
(215) 482.0874 – facsimile
sburke@burkeoneil.com
wgould@burkeoneil.com


      /s/ J. William Koegel, Jr.
J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
    Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com