# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., ) ) ) )  Plaintiffs, ) ) v. ) ) CACI INTERNATIONAL INC, et al., ) ) Defendants. ) ) | Case No. 1:08-CV-00827-GBL-JFA |

## MEMORANDUM OF LAW IN SUPPORT OF CACI DEFENDANTS' MOTION FOR LEAVE TO FILE ADDITIONAL MATERIAL IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") respectfully request leave to file with the Court a copy of the recently-promulgated Department of Defense Directive No. 3115.09 (October 9, 2008)[1] in support of the CACI Defendants' Motion to Stay Discovery. This Directive, governing interrogations and the protection of interrogation-related information, was issued and effective on October 9, 2008; the CACI Defendants learned of its existence on October 15, 2008. Because this Defense Department Directive addresses a core issue raised in the CACI Defendants' Motion to Stay Discovery, allowing the CACI Defendants to file this Directive will give the Court a more complete picture of the Defense Department's position on the availability of interrogation-related materials in discovery.

---

[1] A copy of Department of Defense Directive No. 3115.09 is attached as Exhibit A.

In their opposition to the CACI Defendants' Motion to Stay Discovery, Plaintiffs submit that "CACI exaggerates the amount of classified material that potentially may relate to this action." Pl. Opp. at 8. Plaintiffs also assert that "CACI's statement that the military is going to withhold relevant materials as classified is pure speculation contradicted by events." *Id.* In its reply in support of its Motion to Stay Discovery, the CACI Defendants explained that the Defense Department had not produced materials such as interrogation plans and reports that would document what interrogators, if any, interacted with Plaintiffs, what is reported to have occurred in connection with any such interrogations, or how the Defense Department handled issues at its detention facilities involving the Central Intelligence Agency's "ghost detainee" program that Plaintiffs' Amended Complaint makes a central part of this litigation. CACI Reply at 5-11.

The October 9, 2008 Defense Department Directive sheds considerable light on these issues, and others, that would affect the shape of discovery in this action. Of most immediate importance, Paragraph 3(d)(11) of the Directive provides as follows:

> Protection of Interrogation-Related Information
>
> (a) The names, and visual representation of DoD interrogators, debriefers, contract interrogators, support personnel, and foreign government interrogators shall be classified "SECRET/RELEASABLE TO" or "SECRET/NOFORN," as appropriate, when their identities are associated with the interrogation or debriefing of a specific detainee . . . . This classified information shall be handled and protected in accordance with Reference (p) and Reference (q) and marked for declassification after 25 years. Exceptions to this policy may be granted only by the [Under Secretary of Defense for Intelligence] or designee. . . . Only the [Under Secretary of Defense for Intelligence] or designee is authorized to declassify or otherwise disclose this information to personnel without appropriate security clearance or to make exceptions to this policy.
>
> (b) All transcribed interrogator notes, memorandums for record, summary interrogation reports, intelligence information

reports, and all other related records of intelligence interrogations or detainee debriefings shall be marked, handled, and protected in accordance with the relevant security classification guide(s) and References (p) and (q). Once the purposes for which these written records were prepared have been accomplished, the records shall be disposed of only in accordance with a disposition schedule developed by [Under Secretary of Defense for Intelligence] and approved by the Archivist of the United States . . . . If a written record contains any evidence of a suspected or alleged violation of applicable law or policy, it shall be retained as evidence to support any investigation and disciplinary or corrective action.

(c) Requests or demands for the release of official information in litigation or testimony by DoD personnel as witnesses shall be handled in accordance with DoD Directive 5405.2 (Reference (v)). DoD personnel shall not, in response to a litigation request or demand, produce, disclose, release, comment upon, or testify concerning any official information without the prior written approval of the appropriate DoD official . . . . Oral approval may be granted, but a record of such approval shall be made and retained in accordance with the applicable implementing regulations.

. . . .

(e) As a general rule, DoD intelligence interrogators, debriefers, and associated support personnel will not be made available to testify as witnesses in any civil or criminal proceeding or to appear in person before any other entity in response to a request for official information, unless (in the case of litigation) the appropriate DoD official . . . or (in all other cases) the [Under Secretary of Defense for Intelligence] first determines that all of the following conditions are met:

> (1) The testimony or official information is relevant and material to the civil or criminal proceedings or to any other matter within the jurisdiction of a department, agency, or branch of the U.S. Government.
>
> (2) There is no reasonable alternative to the testimony or personal appearance of the DoD intelligence interrogator, debriefer, or associated support person.
>
> (3) Adequate security precautions will be instituted to protect the identity of the interrogator, debriefer, or associated support person.

*See* Exhibit A.

Defense Department regulations such as Department of Defense Directive No. 3115.09 have the force of law, and "[s]uch regulations once issued must be scrupulously followed." *United States ex rel. Brooks v. Clifford*, 409 F.2d 700, 706 (4th Cir. 1969). The conclusory musings in Plaintiffs' opposition that the military will have little reservation about providing interrogation-related discovery in this action, if such musings did not fail under the weight of their own illogic, are directly contrary to the Defense Department policy promulgated a mere eight days ago. For these reasons, the Court should accept Exhibit A for consideration with respect to the CACI Defendants' Motion to Stay Discovery so that the Court's assessment of the issues involved in merits discovery is fully informed.

                                                Respectfully submitted,

                                      */s/ J. William Koegel, Jr.*
                                      J. William Koegel, Jr.
                                      Virginia Bar No. 38243
                                      John F. O'Connor (admitted *pro hac vice*)
                                      Attorneys for Defendants CACI Premier
                                      Technology, Inc. and CACI International Inc
                                      STEPTOE & JOHNSON LLP
                                      1330 Connecticut Avenue, N.W.
                                      Washington, Dc  20036
                                      (202) 429-3000 – Telephone
                                      (202) 429-3902 – Facsimile
                                      wkoegel@steptoe.com
                                      joconnor@steptoe.com

October 17, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Susan L. Burke
>William Gould
>Attorneys for Plaintiff
>Burke O'Neil LLC
>4112 Station Street
>Philadelphia, PA 19127
>(215) 487-6596 – telephone
>sburke@burkeoneil.com
>wgould@burkeoneil.com

>*/s/ J. William Koegel, Jr.*
>J. William Koegel, Jr.
>Virginia Bar No. 38243
>John F. O'Connor (admitted *pro hac vice*)
>Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, Dc  20036
>(202) 429-3000 – Telephone
>(202) 429-3902 – Facsimile
>wkoegel@steptoe.com
>joconnor@steptoe.com