IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Suhail Najim Abdullah Al Shimari, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CACI International, Inc. *et al.*, <br><br> Defendants. | Civil Action No. 08cv827 (GBL/JFA) |

**OPPOSITION TO CACI'S MOTION SEEKING DISMISSAL
BASED ON STATUTE OF LIMITATIONS**

On October 2, 2008, CACI filed a motion to dismiss and 37-page memorandum alleging six different legal reasons to dismiss this action – but not including the allegation that certain claims were barred by the Virginia statute of limitations. Eight days later, on October 10, CACI ignored the rules governing federal procedure and tried a second run at dismissal, arguing that *Wade v. Danek Medical, Inc.,* 182 F.3d 281 (4th Cir. 1999) compels dismissal as a matter of law. There, the Court of Appeals for the Fourth Circuit predicted Virginia would not recognize cross-jurisdictional tolling, and refused to permit the pendency of a federal suit to toll the applicable statute. What CACI fails to tell the Court, however, is that the *Wade* decision is no longer good law. Subsequent to the Fourth Circuit's prediction in Wade, the Virginia Supreme Court actually considered the issue of cross-jurisdictional tolling, and held that Virginia recognizes such tolling. *Welding v. Bland County Service Authority*, 541 S.E.2d 909 (Va. 2001). This Court should deny CACI's motion.

1

# STATEMENT OF MATERIAL FACTS

Torture victims Rashid, Al-Zuba'e and Al-Ajaili were all held at Abu Ghraib prison and subjected to torture and abuse at the hands of CACI employees and their co-conspirators. Mr. Rashid was first imprisoned on September 22, 2003 (Amended Complaint, at ¶ 26) and released on May 6, 2005 (*id.* at ¶ 44). Mr. Al Zuba'e was first imprisoned on November 1, 2003 (*id.* at ¶ 45) and released on October 24, 2004 (*id.* at ¶ 53). Mr. Al-Ejaili was first imprisoned on November 3, 2003 (*id.* at ¶ 54) and released on February 1, 2004 (*id.* at ¶ 63). Each of these plaintiffs was brutally tortured and seriously injured during confinement, and continues to suffer the effects of those injuries today.

On June 9, 2004, a class action lawsuit captioned *Saleh v. Titan Corp.* was filed in the U.S. District Court for the Southern District of California on behalf of a class of Iraqi torture survivors against Titan Corporation, CACI International, and several of their subsidiaries and employees for their role in the victims' torture. Complaint, Saleh v. Titan Corp., No. 04-cv-1143 (S.D. Cal. Jun. 9, 2004) (hereinafter "Saleh Complaint"). CACI admits that plaintiff Al Shimari is a member of the Saleh class. *Declaration of John F. O'Connor, at ¶2.* As there is no operative difference between the claims of Mr. Al Shimari and Mr. Rashid, Mr. Al Zuba'e, and Mr. Al-Ejaili, they too are members of the Saleh class. The *Saleh* action was subsequently transferred, first to the U.S. district court for the Eastern District of Virginia, and then to the U.S. district court for the District of Columbia.[1]

---

[1] The Saleh Complaint was amended three times before the denial of plaintiffs' motion for class certification on December 6, 2007, but none of the amendments affected Plaintiffs' status as class members. *See* Amended Complaint at ¶ 13, Saleh v. Titan Corp., No. 04-cv-1143 (S.D. Cal. Jun. 30, 2004); Second Amended Complaint at ¶ 13, Saleh v. Titan Corp., No. 04-cv-1143 (S.D. Cal. Jul. 30, 2004); Third Amended Complaint at ¶ 13, Saleh v. Titan Corp., No. 05-cv-1165 (D.D.C. Mar. 22, 2006).

Plaintiffs for the class moved the District Court for the District of Columbia for certification of the class on December 4, 2007. This motion for class certification was denied on December 6, 2007. CACI errs in characterizing this denial as being "invited" by Plaintiffs. CACI Memorandum at 11. In fact, the Court earlier had indicated it did not believe the action could proceed as a class. *Saleh*, Oct. 3, 2007, Oral Argument Tr. at 50.

The claims of torture victim Suhail Najim Abdullah Al-Shimari were first filed in the District Court for the Southern District of Ohio on June 30, 2008, as part of a series of lawsuits filed across the country against CACI and certain individual employees of CACI implicated in the torture of the victims. None of these actions were filed in the Eastern District of Virginia. An earlier filed California case was transferred to this court pursuant to 28 U.S.C. §1404(a). The Ohio matter was voluntarily transferred to the Eastern District of Virginia on the same rationale.

The remaining factual allegations made in Plaintiffs "motion for summary judgment" regarding discussions with the torture victims counsel are irrelevant and fully addressed in Plaintiff's Opposition to CACI's Motion to Stay Discovery, docket number 41, filed on October 6, 2008.

## ARGUMENT

CACI filed a Memorandum in Support of its Motion To Dismiss that made six different legal arguments over 37 pages on October 2, 2008. Eight days later, CACI raised yet another purely legal defense – statute of limitations. CACI labeled the paper a "motion for summary judgment," but its motion cites no facts and offers no evidence. This Court should not permit CACI to file successive motions to dismiss. Fed.R.Civ.P. 12 (g)(2); *Zurich Capital Markets v. Coglianese*, 383 F.Supp.2d 1041, 1049 (N.D. Ill. 2005)(Rule 12(g) precludes a defendant from bringing successive motions to dismiss); s*ee also Albany Ins. Co. v. Almacenadora Somex, S.A.*,

5 F.3d 907, 909 (5th Cir. 1993) (motion labeled as summary judgment properly treated as motion to dismiss).[2]

But even if this Court lets CACI take a second bite at the apple of dismissal, CACI cannot prevail for two reasons: First, CACI errs by arguing that Virginia does not recognize cross-jurisdictional tolling. Virginia does.

Second, CACI errs by arguing that Counts 10-20 sound in diversity alone. Those Counts raise federal common law claims that this Court can hear under the doctrine of pendent jurisdiction, even if the Court dismisses Counts 1-10, and thus federal rules of tolling should apply.

## I. VIRGINIA RECOGNIZES CROSS-JURISDICTIONAL TOLLING.

CACI relies exclusively on the Fourth Circuit's decision in *Wade v. Danek Medical, Inc.*, 182 F.3d 281 (4th Cir. 1999) as a basis for claiming that Virginia does not allow cross jurisdictional tolling of the statute of limitations. What CACI fails to tell the Court is that this decision is no longer the law. In 1999, the Fourth Circuit in *Wade* predicted that the Virginia Supreme Court would not recognize cross-jurisdictional tolling. The Court of Appeals,

---

[2] Although the torture victims are confident that they should prevail on CACI's motion in light of subsequent action by the Virginia Supreme Court, CACI is not entitled to summary judgment at this juncture. CACI has not answered the complaint. The parties have not engaged in discovery. CACI uses this nomenclature to try to avoid the inevitable consequence of a dismissal on statute of limitations grounds. If this Court were to dismiss on those grounds, the three torture victims could re-file their claims in the Southern District of Ohio, which is where they wanted to litigate this matter. Such claims would not be barred by any statute of limitations. *See Vaccariello v. Smith & Nephew Richards, Inc.*, 763 N.E.2d 160, 162-63 (Ohio 2002) (agreeing to tolling of an Ohio action by operation of a pending federal class action). Yet given that it is CACI, not the Plaintiffs, that wanted this action to be heard here in this District, CACI likely would move to transfer these claims pursuant to 28 USC §1404(a) again. CACI's motion lacks any legal merit, and is brought merely for the purpose of imposing additional burdens on Plaintiffs. *See* 28 U.S.C. §1927.

4

confronting an action sounding in diversity alone, reasoned that burdens on the Virginia judicial system would lead the Virginia Supreme Court to reject cross jurisdictional tolling.

In 2001, the Virginia Supreme Court recognized cross jurisdictional tolling, proving the Fourth Circuit wrong. In *Welding v. Bland County Service Authority*, 541 S.E.2d 909 (Va. 2001), the Supreme Court of Virginia joined Ohio, New Jersey, Michigan, and Missouri and held that a party was entitled to have the statute of limitations tolled by a lawsuit pending in another jurisdiction. In that action, Welding brought a contract suit against a Virginia county (Bland) service authority in federal court in West Virginia. That court dismissed the action for lack of jurisdiction. Welding then filed suit in Virginia state court, and argued that the pendency of the federal suit in the non-Virginia jurisdiction tolled the six month time period allowed for suit under Virginia law. The lower Court disagreed and dismissed the action. The Virginia Supreme Court reversed, finding that the action pending in West Virginia federal court tolled the statute of limitations. *Welding, 541 S.E.2d at 224*, (noting that tolling is not limited in "its application to a specific type of action" and applies to actions filed in federal court).

## II.   This Court Has Federal Question Jurisdiction and Pendent Jurisdiction That Justifies Application of the Federal Rule

As a federal question case, this matter is subject to the federal rule on tolling. Under federal law, the pendency of a class action tolls the applicable statute of limitations in a subsequently filed *federal question* action. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). The torture victims brought their claims under federal question jurisdiction and federal pendent jurisdiction. Cases based solely on diversity jurisdiction are inapplicable. Because federal tolling rules apply, the torture victims' claims are filed within the statutory period.

The Supreme Court has held that the statute of limitations in a subsequently filed federal question action should be equitably tolled during the pendency of a prior federal class action. *See American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 552-53, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (applying equitable tolling rule to subsequent motion to intervene in action after denial of class certification); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (extending equitable tolling rule of *American Pipe* to subsequent independent individual action after denial of class certification in separate action). CACI's motion for summary judgment makes no mention of this controlling Supreme Court authority.

The present action is not and has never been solely a diversity action, as it presents numerous claims arising under federal law such that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, and pendent jurisdiction over other claims under 28 U.S.C. §1367. As a federal question action, the tolling rule identified in *American Pipe* and its progeny is applicable here.[3] Cases addressing solely diversity claims are immaterial, including both *Wade v. Danek Medical Inc.*, 182 F.3d at 286 and *RMS Tech. Inc. v. TDY Indus., Inc.,* 64 Fed.Appx. 853 (4th Cir. 2003) (unpublished), relied upon by CACI.

This case, as Defendants have repeatedly argued, raises "uniquely federal interests." CACI Motion to Dismiss at 27, and these uniquely federal interests justify application of the federal tolling rule. By contrast, Virginia has no interest in the application of its laws in this

---

[3] The concept of tolling is explicitly incorporated into federal law with respect to pendent claims. See 28 U.S.C. §1367(d) (tolling rule for pendent claims). Even in those circumstances when a state statute of limitations is borrowed, the state tolling rules will not be applied when the application of the rule is inconsistent with federal law. *See Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992) (applying state tolling rules unless inconsistent with federal law); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) (applying state equitable principles to the extent consistent with federal law). To the extent CACI seeks application of Virginia tolling rules which are inconsistent with the federal rule applicable to the orderly functioning of federal class action litigation, those Virginia rules should not apply.

dispute, including its statute of limitations and tolling rules. This action, originally filed in Ohio, is present in this court solely for the convenience of the parties under 28 U.S.C. §1404(a), and was moved here over the victims' original objection. Given the strong federal interest in this matter, and the lack of any interest by Virginia, the federal rule on tolling should be applied without regard to any contrary Virginia rule applicable in diversity actions.

When the tolling required under federal law is applied, it is clear that Plaintiffs' claims are asserted within the applicable statute of limitations. Both the Rashid claims and the Al Zuba'e claims arose at latest after the assertion of the class in June 2004, and as such were tolled until December 2007. Filed nine months later, the claims are squarely within the applicable statute. The Al-Ejaili claims arose at latest by February 2004. The class action was filed four months later. Adding these four months to the nine months that elapsed from the dismissal of the class until the filing of this action, this 13 month period is also well within the time period set by any applicable statute of limitations.

**Conclusion**

For the reasons stated above, the CACI Defendants' Motion for Summary Judgment on the Statute of Limitations should be denied.

Date:   October 21, 2008                             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　____/s/ Susan L. Burke_____
　　　　　　　　　　　　　　　　　　　　　　　Susan L. Burke (VA Bar #27769)
　　　　　　　　　　　　　　　　　　　　　　　William T. O'Neil
　　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　　BURKE O'NEIL LLC
　　　　　　　　　　　　　　　　　　　　　　　4112 Station Street
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19127
　　　　　　　　　　　　　　　　　　　　　　　(215) 487-6596
　　　　　　　　　　　　　　　　　　　　　　　(215) 482-0874 (facsimile)
　　　　　　　　　　　　　　　　　　　　　　　sburke@burkeoneil.com

Katherine Gallagher
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October 2008, I caused a true and correct copy of the foregoing Plaintiffs Opposition to the CACI Defendants' Motion Seeking Dismissal Based on Statute of Limitations to be served via the Court's ECF system on the following individuals at the address indicated:

> William Koegel, Esq.
> John O'Connor, Esq.
> Steptoe & Johnson LLP
> 1330 Connecticut Ave., N.W.
> Washington D.C. 20036

                                                              __/s/ Susan L. Burke_____

                                                            Susan L. Burke (VA Bar #27769)
                                                            Counsel for Plaintiffs
                                                            BURKE O'NEIL LLC
                                                            4112 Station Street
                                                            Philadelphia, PA 19127
                                                            (215) 487-6596
                                                            (215) 482-0874 (facsimile)
                                                            sburke@burkeoneil.com