UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|   |   |   |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) ) ) | |
| CACI INTERNATIONAL INC, et ano, | ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF THE MOTION
OF DEFENDANTS CACI PREMIER TECHNOLOGY, INC.,
AND CACI INTERNATIONAL INC FOR PARTIAL
SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

**I. INTRODUCTION**

Plaintiffs' opposition to the CACI Defendants' motion for partial summary judgment approaches, and possibly crosses, the line between legitimate advocacy and a lack of candor to the tribunal. As the CACI Defendants explained in seeking partial summary judgment, the Fourth Circuit's decision in *Wade v. Danek Medical, Inc.*, 182 F.3d 281 (4th Cir. 1999), compels a ruling that there has been no tolling of the statute of limitations applicable to the common-law claims of Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili. Plaintiffs accuse the CACI Defendants of either deceit or gross incompetence in relying on *Wade*,[1] as Plaintiffs represent to the Court that *Wade* was repudiated by the Virginia Supreme Court's later decision in *Welding, Inc. v. Bland County Service Authority*, 541 S.E.2d 909 (Va. 2001). But even the most cursory review of

---

[1] *See* Pl. Opp. at 1 (asserting that the CACI Defendants "fail[ed] to tell the Court . . . that the *Wade* decision is no longer good law").

*Welding* reveals Plaintiffs' blatant misdescription of that case. *Wade* remains good law and compels entry of partial summary judgment.

Apparently perceiving that *Welding* is not the silver bullet they represent it to be, Plaintiffs offer the fallback position that the Court need not apply Virginia's prohibition on tolling of the statute of limitations because federal tolling rules somehow apply to Plaintiffs' common-law claims. But this argument is also foreclosed by *Wade*, where the Fourth Circuit explicitly commanded that state-law tolling rules be applied to claims such as Plaintiffs' common-law claims. Therefore, Plaintiffs' fantastical description of the relevant case law cannot stave off summary judgment against Plaintiffs Rashid, Al-Zuba-e, and Al-Ejaili with respect to Counts X to XX of the Amended Complaint.

## II. ANALYSIS

### A. *Wade* Remains Good Law

As the CACI Defendants explained, *Wade* is directly on point in requiring that partial summary judgment be entered against Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili. The Fourth Circuit held in *Wade* that Virginia courts would not equitably toll the running of the statute of limitations on a plaintiff's claim based on the pendency of a class action (where the plaintiff was not a named plaintiff) in another court. *Wade*, 182 F.3d at 287. In addition, the *Wade* court held that "in any case in which a state statute of limitations applies – whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action – the state's accompanying rule regarding equitable tolling should also apply." *Id.* at 289. Thus, the CACI Defendants explained, *Wade* requires that this Court apply Virginia's rule against equitable tolling because Virginia's statute of limitations applies to the common-law claims of Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili, and the absence of tolling means that these Plaintiffs' common-law claims are clearly time-barred. CACI Mem. at 8-9.

In their opposition, Plaintiffs represent to the Court that *Wade* is no longer good law. Plaintiffs assert that "[i]n 2001, the Virginia Supreme Court recognized cross jurisdictional tolling, proving the Fourth Circuit wrong" in its holding that Virginia would not equitably toll a plaintiff's statute of limitations because *some other plaintiff* was pursuing a putative class action elsewhere. Pl. Opp. at 5 (citing *Welding*, 541 S.E.2d at 909). The first clue that *Welding* is not what Plaintiffs say it is comes from Plaintiffs' careful avoidance of any detailed discussion of the case that they contend controls the result in the present action.[2]

*Welding* has nothing to do with class actions, and has nothing to do with judge-made equitable tolling. Rather, *Welding* was a simple matter of statutory construction. Virginia has long provided **by statute** that when a suit is commenced within the limitations period, and is later abated or dismissed on a basis other than the merits, the plaintiff's limitations period is treated as tolled during the pendency of the original suit. As provided in the Virginia Code:

> Except as provided in subdivision 3 of this subsection, if ***any action*** is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

*Welding*, 541 S.E.2d at 911 (quoting Va. Code Ann. § 8.01-229(E)(1)) (emphasis added).

In *Welding*, **the plaintiff** had previously filed a suit in federal court in West Virginia that was dismissed for lack of subject-matter jurisdiction, at which time it refiled its suit in Virginia Circuit Court. *Id.* Therefore, the plaintiff in *Welding* was not seeking to avoid the implications of the statute of limitations because *someone else* was prosecuting a claim in some other court. The *Welding* court's determination that the statute of limitations was tolled during the pendency

---

[2] Indeed, Plaintiffs' description of *Welding* veers so far from any rational reading of that case that it is difficult to square Plaintiffs' description of that case with counsels' obligations as officers of the Court.

3

of Welding's federal court action also was not a question of judge-made equitable tolling, but of ordinary statutory construction. As the court explained, the **statutory** tolling provision required tolling for "any action" commenced within the limitations period, which the court reasonably concluded meant exactly what it said, that it applied to "any action" without regard to whether that action had been filed in Virginia state court. *Id.* at 912.

*Wade* involved an entirely different area of the law, and has no relationship to *Welding* whatsoever. While *Welding* was a pure matter of statutory construction – applying a tolling provision duly enacted by the Virginia General Assembly – *Wade* involved the entirely separate question of whether the Virginia courts would, by judicial fiat, equitably toll the statute of limitations in circumstances not provided for by statute, where a plaintiff who was not part of a certified class did not file a suit within the prescribed limitations period. The Fourth Circuit's conclusion that Virginia would not adopt equitable tolling is unaffected by the fact that the Virginia Supreme Court would, in a case such as *Welding*, faithfully apply a tolling provision that had been legislatively enacted.

So separate are the areas of law involved in *Wade* and *Welding* that the Virginia Supreme Court did not discuss or even cite to *Wade* when it decided *Welding*. It would be passing strange for the Virginia Supreme Court to reject the Fourth Circuit's two-year-old assessment of Virginia law without even referencing the Fourth Circuit decision supposedly being rejected. Other courts, too, could have been expected to perceive any disavowal of *Wade* by the Virginia Supreme Court. Yet just the opposite occurred. Even after the Virginia Supreme Court decided *Welding*, the Fourth Circuit's decision in *Wade* is still regularly cited as the standard for Virginia by courts surveying case law on equitable tolling. Indeed, three months ago, the Ninth Circuit cited *Wade* as prohibiting cross-jurisdictional equitable tolling based on "Virginia's lack of interest in

4

furthering the economy of class action procedures in another jurisdiction, the risk that forum-shopping plaintiffs from out of state would swell the dockets of Virginia's courts, and the unwieldy prospect of tying Virginia's statute of limitations to the resolution of claims in other jurisdictions." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). It also would be news to Judge Brinkema if *Welding* had somehow repudiated *Wade*, as she relied on *Wade* in 2006, without any citation to *Welding*, in observing that "Virginia disfavors equitable tolling." *De Los Santos v. Police Dep't of Newport News, Va.*, No. 06-CV-367, 2006 WL 5616324, at *1 n.2 (E.D. Va. Aug. 22, 2006).

Other courts surveying the law on equitable tolling similarly have cited to *Wade* as good law on the subject. *See, e.g.*, *In re Enron Corp. Sec. Derivatives & ERISA Litig.*, 465 F. Supp. 2d 687, 719 (S.D. Tex. 2006); *In re Vioxx Prod. Liab. Litig.*, No. 05-5545, 2007 WL 335404, at *3 (E.D. La. Nov. 8, 2007); *Bozeman v. Lucent Techs., Inc.*, No. 05-CV-45, 2005 WL 2145911, at *3 (M.D. Ala. Aug. 31, 2005); *Williams v. Dow Chem. Co.*, No. 01-Civ-4307, 2004 WL 1348932, at *13 (S.D.N.Y. June 16, 2004). Not one of these cases discussing the effect of a pending putative class action on statutes of limitations for non-named plaintiffs cites to *Welding* as having anything to say on the subject. Indeed, after research, the CACI Defendants are unaware of any case from any jurisdiction applying or analyzing *Welding* in the context of equitable tolling based on a putative class action.

Plaintiffs' argument, unsupported by analysis or case law, is that a Virginia Supreme Court case applying the plain language of a statutory tolling provision somehow *sub silentio* rejected the Fourth Circuit's decision in *Wade*. This Court should reject it out of hand and

follow the clear direction from the Fourth Circuit that equitable tolling is not available under Virginia law.[3]

### B. Plaintiffs' Contention That This Court May Apply the Equitable Tolling Rule for Federal Claims is Foreclosed By Fourth Circuit Precedent Directly On Point

After first arguing that *Welding* tolls Plaintiffs' statute of limitations as a matter of Virginia law, Plaintiffs next argue that the Court need not apply Virginia's rule on equitable tolling anyway. According to Plaintiffs, because they have asserted some federal claims, which are not the subject of this partial summary judgment motion, the Court's jurisdiction over Plaintiffs' common-law claims is based not only on diversity, but also supplemental jurisdiction. Pl. Opp. at 5-6; *see also* 28 U.S.C. § 1367. From these premises, Plaintiffs offer a rather remarkable argument: (1) that when a plaintiff has asserted federal question claims, the Court has both diversity jurisdiction and pendant or supplemental jurisdiction over any asserted common-law claims; (2) that because the Court's jurisdiction over the common-law claims is not solely based on diversity, the case law requiring the Court to apply the choice of law rules of the state in which it sits does not apply; and (3) that this dual basis for jurisdiction somehow leaves the Court free to apply the equitable tolling rule for federal claims. Pl. Opp. at 6.

As an initial matter, Plaintiffs' position seems difficult to square with the Fourth Circuit's decision in *Wade*. As the court explained in *Wade*, it had long been the law that *federal question* causes of action were subject to state-law rules regarding equitable tolling when such claims, such as § 1983 claims, borrowed state statutes of limitations. *Wade*, 182 F.3d at 288-89

---

[3] The statement in Plaintiffs' opposition that "CACI admits that plaintiff Al-Shimari is a member of the *Saleh* class . . . [and because] there is no operative difference between the claims of Mr. Al-Shimari and Mr. Rashid, Mr. Al Zuba'e, and Mr. Al-Ejaili, they too are members of the *Saleh* class" (Pl. Opp. at 2) is either inexcusably sloppy or dishonest. As Plaintiffs' counsel well knows, *there is no* Saleh *class*, as the district court denied class certification without even requiring the defendants to file an opposition.

(discussing Supreme Court's application of state equitable tolling rules to § 1983 claims in *Chardon v. Soto*, 462 U.S. 650, 660-62 (1983), and *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980)). Therefore, Plaintiffs' argument – that the source of the Court's jurisdiction controls which equitable tolling rule to apply – has *never* been the law, as state rules on equitable tolling apply even to federal claims when those claims are subject to a "borrowed" state statute of limitations. *Id.*

Moreover, as the CACI Defendants explained in seeking partial summary judgment, it has long been the law that a federal court sitting in diversity applies the choice of law rules of the forum state. *See* CACI Mem. at 8 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Court will note that Plaintiffs offer no citation to authority for the proposition that the rule announced in *Klaxon* ceases to apply when the Court has diversity jurisdiction over common-law claims, but also would have pendent or supplemental jurisdiction over the same claims. There are only two possible explanations for Plaintiffs' omission of authority: either Plaintiffs offered this argument to the Court without conducting any research, or did conduct research and declined to advise the Court of Fourth Circuit precedent directly contrary to Plaintiffs' position.

In *In re Merritt Dredging Co. Inc.*, 839 F.2d 203, 205 (4th Cir. 1988), the court made the common-sense observation that forum state choice of law rules apply to claims based on diversity jurisdiction as well as those based on pendent jurisdiction:

> In *Klaxon v. Stentor Manufacturing Co.*, the Supreme Court held that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits. The *Klaxon* rule rested on the rationale that a federal court, in determining state law issues which arise in federal court by the accident of diversity, must apply state law, including state conflict of law rules, to those issues. ***That same principle applies where a federal court addresses state law claims under its pendent jurisdiction.***

*Id.* (citations omitted) (emphasis added); *see also Colgate Palmolive Co. v. S/S Dart Canada*, 724 F.2d 313, 316 (2d Cir. 1983) (forum state choice of law rules apply to pendent common-law claims). Indeed, consistent with the Fourth Circuit's holding in *Merritt Dredging*, the Fourth Circuit and this Court regularly apply the forum state's statute of limitations to common-law tort claims even where the case also includes claims asserted under federal law.[4] Thus, the law could not be clearer that forum state choice of law rules apply to common-law claims regardless of whether the claims are in federal court based on diversity jurisdiction or pendent/supplemental jurisdiction. Because Virginia courts treat statutes of limitations as procedural in nature, this means that Virginia's statute of limitations will apply to the common-law claims asserted by Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili. CACI Mem. at 8.

Although Plaintiffs contend that the Court should engage in some sort of interest analysis in determining whether to apply Virginia's prohibition on equitable tolling, or to ignore it in favor of the rule for claims subject to a federal statute of limitations (Pl. Opp. at 6-7), the applicability of Virginia's statute of limitations ends the inquiry. As the Fourth Circuit held in *Wade*:

> [I]n any case in which a state statute of limitations applies – whether because it is "borrowed" in a federal question action or because it applies under *Erie* in a diversity action – the state's accompanying rule regarding equitable tolling should also apply.

---

[4] *See, e.g.*, *Wood v. Virginia*, No. 97-2758, 1998 WL 414019, at *2 (4th Cir. July 23, 1998) (applying Virginia statute of limitations for common-law tort claims and § 1983 claim); *Clark v. Allen*, No. 95-2487, 1998 WL 110160, at *4 (4th Cir. Mar. 13, 1998) (applying West Virginia statute of limitations to common-law tort claims in case including RICO claims and federal civil rights claims); *Bausch v. Philatelic Leasing, Ltd.*, No. 93-1685, 1994 WL 446758, at *3 (4th Cir. Aug. 19, 1994) (applying federal statute of limitations for RICO claims and Maryland statute of limitations for common-law tort claims); *Richards v. Fairfax County Schl. Bd.*, 798 F. Supp. 338, 341-42 (E.D. Va. 1992); *Harris v. Virginia*, No. 07-CV-701, 2008 WL 1869279, at *5 (E.D. Va. Apr. 24, 2008); *Pricer v. Butler*, No. 07-CV-118, 2007 WL 2688417, at *3 (E.D. Va. Sept. 12, 2007); *GIV, LLC v. IBM Corp.*, No. 07-CV-67, 2007 WL 1231443, at **2-3 (E.D. Va. Apr. 24, 2007).

*Wade*, 182 F.3d at 289; *see also Liverman v. Johnson*, No. 07-CV-344, 2008 WL 2397544, at \*\*3 n.5 (E.D. Va. June 12, 2008) ("Because Virginia's statute of limitations applies to this action, Virginia's rules regarding equitable tolling also apply."); *De Los Santos*, 2006 WL 5616324, at \*1 n.2 ("Virginia's statute of limitations applies to this action, thus the state's rule regarding equitable tolling also applies."); *Estate of Johnson v. Angelone*, No. Civ.A.300-CV-850, 2002 WL 32833434, at \*3 n.4 (E.D. Va. Aug. 5, 2002) ("However, when the cause of action arises under 42 U.S.C. § 1983, the Court must look to state law for the equitable tolling rule.").

### C. The CACI Defendants' Motion Is Not a Dressed-Up Motion to Dismiss

Plaintiffs' try to color the CACI Defendants' motion by characterizing it as a motion to dismiss in disguise. While irrelevant, Plaintiffs' argument suggests that the CACI Defendants' conduct has been in less than good faith and therefore merits a brief response. The CACI Defendants determined that a motion for partial summary judgment was superior to a motion to dismiss as a vehicle for asserting their statute of limitations defense for several reasons.

*First*, the CACI Defendants thought it likely that any dispositive motion on statute of limitations grounds would be met by a response that the motion was premature. Indeed, Plaintiffs describe this motion as one that really should have been brought as a motion to dismiss (Pl. Opp. at 3), and then *in the same opposition* suggest that "CACI is not entitled to summary judgment at this time" in part because "[t]he parties have not engaged in discovery" (Pl. Opp. at 4 n.2). Rule 56(f), however, requires a party claiming a need for discovery prior to resolution of a summary judgment motion to file an affidavit setting forth the needed discovery, which Plaintiffs did not do. Fed. R. Civ. P. 56(f). Thus, the rules for summary judgment motions protected the CACI Defendants against a claim that their motion was premature or a generalized assertion that discovery was needed in order to respond.

9

*Second*, unlike a motion to dismiss, a plaintiff may not oppose a summary judgment motion by simply denying the defendant's allegations or arguing that the complaint could be construed in a way that does not facially entitle the defendant to relief. Instead, on summary judgment, a non-moving party must produce admissible evidence to rebut the movant's evidence of undisputed facts. Fed. R. Civ. P. 56(e). Moreover, Local Rule 56(b) requires the non-moving party to specifically set forth the disputed facts it contends preclude entry of summary judgment, and to identify record evidence demonstrating a dispute of fact. Therefore, if a tolling theory conceivably applied, Federal Rule 56(e) required Plaintiffs to present the facts supporting such a tolling theory, rather than simply arguing that the complaint did not exclude all possible theories of tolling. Here, Plaintiffs identified no facts as disputed, and submitted no evidence in opposition to partial summary judgment. Therefore, the Court is permitted to treat the CACI Defendants' statement of undisputed facts as admitted. Local Rule 56(b).

For these reasons, the CACI Defendants viewed it as a better course of action to assert the statute of limitations defense as a motion for partial summary judgment rather than as a motion to dismiss. In any event, the CACI Defendants are unaware of any doctrine of law that would require a defendant to assert a properly-preserved defense in a motion to dismiss rather than in a motion for summary judgment, and Plaintiffs have pointed to no such doctrine.

### III. CONCLUSION

Plaintiffs' opposition offers a distorted description of the Fourth Circuit's decision in *Wade*, 182 F.3d at 288-89, both in terms of what that case holds and whether the case remains good law. As Plaintiffs admit (Pl. Opp. at 7), the claims of Plaintiffs Rashid, Al-Zuba'e, and Al-Ejaili accrued no later than May 2005, more than three years before any of them asserted a claim against the CACI Defendants. Because the two-year statute of limitations was not tolled with

respect to these Plaintiffs' claims, the CACI Defendants are entitled to summary judgment on these Plaintiffs' common-law claims (Counts X through XX of the Amended Complaint).

Respectfully submitted,

*/s/ J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
    Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 27th day of October, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Susan L. Burke
        William Gould
        Attorneys for Plaintiff
        Burke O'Neil LLC
        4112 Station Street
        Philadelphia, PA 19127
        (215) 487-6596 – telephone
        sburke@burkeoneil.com
        wgould@burkeoneil.com

        */s/*  *J. William Koegel, Jr.*
        ─────────────────────────────
        J. William Koegel, Jr.
        Virginia Bar No. 38243
        Attorney for Defendant CACI-Athena, Inc.
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        (202) 429-3000 - telephone
        (202) 429-3902 – facsimile
        wkoegel@steptoe.com