**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:08-CV-827-GBL-JFA |
| v. | ) ) | |
| CACI INTERNATIONAL INC, et ano., | ) ) ) | |
| Defendants. | ) ) | |

# OPPOSITION OF DEFENDANTS CACI INTERNATIONAL INC AND CACI PREMIER TECHNOLOGY, INC. TO THE PLEADING CAPTIONED "PLAINTIFFS' MOTION FOR LEAVE TO REBUT CACI'S FACTUAL MISREPRESENTATIONS MADE DURING ORAL ARGUMENT"

Plaintiffs' "Motion for Leave to Rebut CACI's Factual Misrepresentations Made During Oral Argument" is fundamentally misleading, beginning with its title and continuing through the vitriol of its rhetoric. There is no good cause for another round of briefing on the motion to dismiss; plaintiffs' motion certainly offers none. The Court should deny the motion forthwith.

Plaintiffs caption their proposed pleading – a sur-opposition by another name – as if it has something to do with statements made during oral argument that Plaintiffs somehow were unable to rebut at that time. But this is flatly untrue. The body of Plaintiffs' proposed pleading references nothing that counsel for the CACI Defendants actually said at oral argument. Rather, Plaintiffs instead embark on a lengthy attempt to distinguish cases, such as *Tiffany v. United States*, 931 F.2d 271 (4th Cir. 1991), that were dealt with extensively in the parties' briefs. The rest of Plaintiffs' proposed sur-opposition is fairly characterized as a virulent screed that tries to

place before the Court a misleading and extra-record account of the merits that, frankly, would be irrelevant to the issues addressed at oral argument even if there were some basis for Plaintiffs' unsupported rendition of the facts.

This Court's local rules are based on the premise that the moving party is entitled to the last written word on its motion. Plaintiffs' counsel was given the last word at oral argument, and had a full opportunity to address any matters raised in the parties' briefs, as well as anything raised by the CACI Defendants at oral argument. What Plaintiffs are seeking now is another round of briefing on the CACI Defendants' motion without any credible connection to the oral argument in this case. Granting Plaintiffs' motion would only delay the resolution of the CACI Defendants' motion to dismiss further, as fairness would dictate that the CACI Defendants be granted the final word on their motion through a response to Plaintiffs' diatribe.

Since there is no good cause for further briefing, the Court should deny Plaintiffs' motion, and direct the Clerk to remove Plaintiffs' proposed sur-opposition from the Court's docket and return it to Plaintiffs' counsel.

Respectfully submitted,

*/s/* J. William Koegel, Jr.

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
    Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

October 29, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Susan L. Burke
>William Gould
>Attorneys for Plaintiff
>Burke O'Neil LLC
>4112 Station Street
>Philadelphia, PA 19127
>(215) 487-6596 – telephone
>sburke@burkeoneil.com
>wgould@burkeoneil.com

>*/s/ J. William Koegel, Jr.*

>J. William Koegel, Jr.
>Virginia Bar No. 38243
>Attorney for Defendant CACI-Athena, Inc.
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>(202) 429-3000 - telephone
>(202) 429-3902 – facsimile
>wkoegel@steptoe.com