IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Shuhail Najim Abdullah          )
al Shimari, *et al.*,           )
                                )
          Plaintiffs,           )
                                )
v.                              )     Civil Action No. 1:08cv827
                                )
CACI International, Inc.        )
and CACI Premier Technology,    )
Inc.,                           )
                                )
          Defendants.           )

FILED

NOV 2 5 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants CACI
International, Inc. and CACI Premier Technology, Inc.'s Motion
for Partial Summary Judgment Based on the Statute of Limitations.
Defendants move for summary judgment as to Plaintiffs Mr. Rashid,
Mr. Al-Zuba'e, and Mr. Al-Ejaili's common-law tort claims because
those claims are barred by the applicable statute of limitations.
The issue before the Court is whether cross-jurisdictional
tolling applies under Virginia law to the common-law tort claims
of putative plaintiffs in a class action lawsuit filed in federal
court where certification is later denied.

Plaintiffs Mr. Rashid, Mr. Al-Zuba'e, and Mr. Al-Ejaili were
prisoners at Abu Ghraib prison in Iraq.  They claim that they
were tortured by Defendants' employees and others while
imprisoned.  Mr. Rashid was first imprisoned on September 22,
2003 and released on May 6, 2005.  Mr. Al-Zuba'e was first
imprisoned on November 1, 2003 and released on October 24, 2004.

Mr. Al-Ejaili was first imprisoned on November 3, 2003, and released on February 1, 2004.

On June 9, 2004, a class action lawsuit, *Saleh v. Titan Corp.*, No. 04-cv-1143 (S.D. Cal. June 9, 2004), was filed on behalf of a class of Iraqis against Titan Corporation, CACI International, and several of their subsidiaries asserting civil claims of torture. The *Saleh* action was twice transferred, first to the United States District Court for the Eastern District of Virginia and finally to the United States District Court for the District of Columbia. The *Saleh* complaint was amended three times before the *Saleh* plaintiffs' motion for class certification was denied on December 6, 2007.

Prior to any Virginia caselaw recognizing cross-jurisdictional tolling, the United States Court of Appeals for the Forth Circuit engaged in predictive analysis in *Wade v. Danek Medical, Inc.*, holding that Virginia would not adopt cross-jurisdictional tolling. 182 F.3d 281 (4th Cir. 1999). There, the court affirmed summary judgment against the plaintiffs, finding that their action was not equitably tolled during the pendency of federal class actions against some of the same defendants. *Id.* The *Wade* court declined the application of cross-jurisdictional tolling, predicting that Virginia would not adopt it for three (3) reasons, specifically: 1) because Virginia has no interest in promoting the efficiency and economy of class action procedures in other jurisdictions; 2) because to do so would encourage forum shopping; and 3) because "it would

render Virginia's limitations period effectively dependent on the resolution of claims in other jurisdictions." *Id.* at 287-88. The court further held that, "in any case in which a state statute of limitations applies-whether because it is 'borrowed' in a federal question action or because it applies under *Erie* in a diversity action-the state's accompanying rule regarding equitable tolling should also apply." *Id.* at 289.

Two years later, however, the Supreme Court of Virginia held in *Welding, Inc. v. Blade County Service Authority* that the general tolling provision of section 8.01-229(E)(1) of the Virginia Code applied to actions filed in federal courts. *Welding*, 541 S.E.2d 909 (Va. 2001). The *Welding* court found that "Subsection (E)(1) applies a tolling period to 'any action' which abates or is dismissed without determining the merits." *Id.* at 912. The court went further to explain that there is "no language in Code § 8.01-229(E)(1) which limits or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court." *Id.*

Here, the Court denies Defendants' Motion for Partial Summary Judgment as to Plaintiffs Mr. Rashid, Mr. Al-Zuba'e, and Mr. Al-Ejaili's because the *Saleh* class action lawsuit equitably tolled the statute of limitations on their common-law tort claims. It is undisputed that Plaintiff Mr. Al Shimari is a member of the Saleh class. There is no material difference between the claims of Mr. Al Shimari and those of Mr. Rashid, Mr. Al Zuba'e, and Mr. Al-Ejaili; they are all members of the Saleh

class. As the *Wade* decision makes clear, the Court is required to apply Virginia's equitable tolling rules whether jurisdiction is based on federal question or diversity. In *Welding*, the court expressly recognized cross-jurisdictional tolling in Virginia. As a result, the filing of the *Saleh* class action equitably tolled the statute of limitations on Plaintiffs' common-law tort claims. Therefore, it is hereby

ORDERED that Defendants CACI International, Inc. and CACI Premier Technology, Inc.'s Motion for Partial Summary Judgment Based on the Statute of Limitations is DENIED.

The Clerk is directed to forward a copy of this Order to Counsel.

Entered this 25th day of November, 2008.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
11/25/08

4