# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 1:08-CV-827-GBL-JFA |
| v. | ) ) |  |
| CACI INTERNATIONAL INC, et ano., | ) ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANTS CACI INTERNATIONAL INC AND CACI PREMIER TECHNOLOGY, INC., FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

On December 11, 2008, the United States Senate Armed Services Committee issued the executive summary of its *Inquiry into the Treatment of Detainees in U.S. Custody*. *See* Koegel Decl., Ex. A (the "Report"). The Report details the involvement of the highest levels of the United States government and United States military in formulating and implementing the policies and practices for the interrogation of detainees held by the United States in Iraq. The Report concludes that the detainee abuse at Abu Ghraib was the byproduct of policies spawned by a 2002 memo, signed by President Bush, declaring that the Geneva Conventions for humane treatment of detainees did not apply to enemy fighters in the war on terror. The Report chronicles Secretary Rumsfeld's approval of aggressive interrogation techniques for Guantanamo, including removing prisoners' clothes, stress positions, and exploitation of fears (such as by using dogs). The military, the Report continues, subsequently adopted similar

practices for Afghanistan and Iraq, including at Abu Ghraib. The Report provides direct and compelling support for the political question argument presented in CACI's motion to dismiss.

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, "CACI") respectfully seek leave to file a supplemental memorandum, attached as Exhibit 1 to CACI's motion, in support of their motion to dismiss Plaintiffs' Amended Complaint. The supplemental memorandum would address the findings of the Report and explain how the Report demonstrates that Plaintiffs' claims: (1) would require the Court to determine questions constitutionally committed to the political branches; (2) involve questions for which there are no judicially manageable and discoverable standards; and (3) would require initial policy determinations appropriately left to the President and Congress.

For these reasons, CACI respectfully submits that the Court should grant CACI leave to file its proposed supplemental memorandum.

Respectfully submitted,

*/s/ J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
    Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

December 19, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of December, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

                      Susan L. Burke
                      William Gould
                      Attorneys for Plaintiff
                      Burke O'Neil LLC
                      4112 Station Street
                      Philadelphia, PA 19127
                      (215) 487-6596 – telephone
                      sburke@burkeoneil.com
                      wgould@burkeoneil.com


                      */s/  J. William Koegel, Jr.*

                      J. William Koegel, Jr.
                      Virginia Bar No. 38243
                      Attorney for Defendant CACI-Athena, Inc.
                      STEPTOE & JOHNSON LLP
                      1330 Connecticut Avenue, N.W.
                      Washington, D.C. 20036
                      (202) 429-3000 - telephone
                      (202) 429-3902 – facsimile
                      wkoegel@steptoe.com