UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 1:08-CV-827-GBL-JFA ) ) |
| CACI INTERNATIONAL INC, et ano., | ) ) ) |
| Defendants. | ) ) ) |

**RESPONSE OF DEFENDANTS CACI INTERNATIONAL
INC AND CACI PREMIER TECHNOLOGY, INC., TO
PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY**

Plaintiffs have submitted to the Court the unpublished decision by the United States District Court for the District of Maryland in *Lizarbe v. Rondon*, No. PJM 07-1809 (D. Md.), and contend that "[t]his opinion constitutes compelling additional support for the arguments made in the torture victims'[1] Opposition to the Motion to Dismiss." Plaintiffs offer no explanation as to why this District Court decision is "compelling additional support" on the pending motion to dismiss, nor could they, as even the most cursory review of *Lizarbe* shows that decision to be utterly irrelevant to the issues before the Court on the CACI Defendants' motion to dismiss.

*Lizarbe* involved a decision on the defendant's motion to dismiss a complaint alleging claims under the Torture Victim Protection Act, a statute not at issue here, and the Alien Tort Statute. The plaintiff in *Lizarbe*, a Peruvian national, alleges that the defendant, a former

---

[1] Plaintiffs' allegation that they are "torture victims" are just that – an allegation. Nevertheless, because Plaintiffs insist in referring to themselves in pleadings not as "Plaintiffs" but as "torture victims," accurate quotation requires repeating that label here.

Peruvian Army officer, violated these federal statutes in 1985 while repressing rebel groups in Peru during the Peruvian civil war. By contrast, this case involves tort actions by persons who were captured and detained as enemies by the United States military in the course of prosecuting the war in Iraq.

Because *Lizarbe* involves the alleged actions of a *Peruvian* official against *Peruvians* in *Peru*, the court's decision involves none of the separation of powers issues or constitutional allocation of war powers that underlies virtually every argument made in the CACI Defendants' motion to dismiss. For example, the CACI Defendants' political question argument concerns the constitutional commitment of war powers to the political branches of the United States and the longstanding principle that reparations for injuries in an external war are available only through administrative proceedings. The CACI Defendants' political question argument also concerns the lack of judicial standards to instruct a jury on the tort duties owed to foreign nationals detained as enemies and held by the United States military in a war zone. CACI Mem. in Support of Mot. to Dismiss ("CACI Mem.") at 6-12. *See also Thomasson v. Perry*, 80 F.3d 915, 925 (4th Cir. 1996); *Tiffany v. United States*, 931 F.2d 271, 277 (4th Cir. 1991). *Lizarbe*, which did not involve United States military operations or an external war, implicates none of these legal principles.

Similarly, the CACI Defendants' immunity argument is based entirely on the absolute immunity of United States officials, applied to contractors performing government functions in *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442, 1447-48 (4th Cir. 1996), as well as the international law principle that invading or occupying personnel are immune from application of the occupied nation's laws. CACI Mem. at 13-19. These issues are not implicated in a case,

such as *Lizarbe*, that involves neither operations of the United States government nor an external war.

This same analysis applies to the CACI Defendants' preemption argument. This argument is based on two principles that simply have no application to claims against a non-United States defendant for conduct not involving the United States' prosecution of war abroad. First, the CACI Defendants' preemption argument is based on the Constitution's allocation of war powers exclusively to the federal government, and its concomitant denial of any role for the states in regulating war and foreign policy. *See* U.S. Const. art. I, § 8, cls. 1, 11-15; art. I, § 10, cls. 1, 3; art. II, § 2, cls. 1, 2. This allocation of power precludes Plaintiffs from asserting state-law tort claims arising out of the United States' prosecution of war. Second, the combatant activities exception to the Federal Tort Claims Act precludes tort suits against the United States arising out of the United States military's combatant activities, and that statutory provision preempts tort suits against contractors performing combatant activities for the United States military. CACI Mem. at 26-32. *Lizarbe*, by contract, implicates none of these principles.

Finally, the CACI Defendants' arguments for dismissal of Plaintiffs' Alien Tort Statute claims are based on the fact that Plaintiffs' claims arise out of the operations of the *United States* armed forces in an external war. Because Plaintiffs' claims arise out of the United States' prosecution of an external war, the constitutional commitment of warfighting decisions to the political branches, combined with the judiciary's corresponding lack of an historically-recognized role in such matters, requires that the Court exercise the "great caution in adapting the law of nations to private rights" against recognizing the torts asserted by Plaintiffs here. CACI Mem. at 32-36; *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004). Again, these

3

arguments were not at issue in *Lizarbe*, which involved no separation of powers issues, and the *Lizarbe* decision consequently has nothing to say about them.

For all of these reasons, the District Court's decision in *Lizarbe* does nothing to undermine the CACI Defendants' entitlement to dismissal of Plaintiffs' Amended Complaint.

Respectfully submitted,

*/s/ J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
    Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

March 12, 2009

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of March, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

                      Susan L. Burke
                      William Gould
                      Attorneys for Plaintiff
                      Burke O'Neil LLC
                      4112 Station Street
                      Philadelphia, PA 19127
                      (215) 487-6596 – telephone
                      sburke@burkeoneil.com
                      wgould@burkeoneil.com


                      */s/ J. William Koegel, Jr.*

                      J. William Koegel, Jr.
                      Virginia Bar No. 38243
                      Attorney for Defendant CACI-Athena, Inc.
                      STEPTOE & JOHNSON LLP
                      1330 Connecticut Avenue, N.W.
                      Washington, D.C. 20036
                      (202) 429-3000 - telephone
                      (202) 429-3902 – facsimile
                      wkoegel@steptoe.com