IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, ) ) ) Plaintiffs, ) ) v. ) CACI INTERNATIONAL, INC., *et. al*., ) ) Defendants ) ) ) ) | C.A. No. 08-cv-827 GBL-JFA |

## *TORTURE VICTIMS' REPLY TO CACI'S NOTICE OF ADDITIONAL AUTHORITY*

CACI claims that this Court should wholly ignore the *Lizarbe v. Rondon*, Civil No. PJM 07-1809, slip op. (Feb. 26, 2009) opinion issued by a District Court bound by the Fourth Circuit precedents that bind this Court. In that action, the District Court held the plaintiffs properly stated claims for torture, war crimes and crimes against humanity under the Alien Tort Statute by pleading conspiracy, aiding and abetting, and direct liability. *Lizarbe* at 29-30. Victims here have, like the *Lizarbe* plaintiffs, alleged CACI had "knowledge of and participation in the human rights violations." *Lizarbe* at 32.

Although CACI dresses up its argument to ignore *Lizarbe* in different garb (political question, preemption, immunity), CACI really makes but one overarching argument: This Court

should refrain from applying universally-agreed upon legal principles to CACI, a private corporation, merely because the United States military detained the victims.[1]

The *Lizarbe* defendant made a similar run at avoiding accountability and the rule of law. Defendant argued the political question doctrine required dismissal because adjudication would require the Court to evaluate the United States military's operation of a training program in Peru. *Lizarbe* at 20. The Court rejected this argument, citing the fact that State Department had condemned the acts. *Id.* at 22. Here, of course, the Department of Defense and the Executive Branch, the very entities CACI claims to be seeking to protect, condemned the very conduct alleged in the Complaint. The United States has not intervened despite being well aware of the lawsuit.

The *Lizarbe* decision (and many other federal court decisions) applied the reasoning from the seminal Supreme Court *Sosa v. Alvarez-Machin*, 542 U.S. 692 (2004) decision, and held that allegations of torture state valid claims under the Alien Tort Statute because torture is clearly a violation of universally-respected norms. CACI tries to evade the force of the *Lizarbe* ruling by arguing that, because the victim's claims "arise out of operations of the United States armed forces in an external war," this Court should read the *Sosa* "great caution" language to require dismissal of the

---

[1] CACI also distorts the facts, claiming the victims were detained as enemies of the United States. In fact, as alleged in the First Amended Complaint (which controls on a Rule 12(b)(6) motion, *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir.1999)); the victims were among the many Iraqis who were mistakenly swept up and detained by the United States, and then released. In any event, even if CACI were correct (which it is not), the Supreme Court squarely held "the fact that petitioners in these cases are being held in military custody is immaterial to the question of the District Court's jurisdiction over their nonhabeas statutory claims." *Rasul v. Bush*, 542 U.S. 466, 484-485 (2004))

ATS claims. CACI misreads the Supreme Court's teachings. In *Sosa*, the Supreme Court cautioned against extending the scope of what is considered a "universal norm." But that caution has no applicability here, as the Supreme Court itself recognized torture as well within the established law: "for purposes of civil liability, the torturer has become – like the pirate and slave trader before him – *hostis humani generis*, an enemy of all mankind." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004). Further, the Supreme Court implicitly rejected CACI's argument, as the facts in *Sosa* itself involved a detention by the United States, but the Court never pointed to that fact as a reason for "caution."

CACI's effort to inject the political question doctrine into the *Sosa* analysis is simply wrong. Further, even in the absence of the *Sosa* decision, the Court of Appeals for the Fourth Circuit has voiced its view on the inapplicability of the political question doctrine to illegal conduct. The Fourth Circuit stated that its political question analysis would be wholly different if the plaintiffs were arguing, as the plaintiffs did in *Berkovitz v. United States,* 486 U.S. 531 (1988), "that the government violated any ***federal laws contained either in statutes or in formal published regulations such as those in the Code of Federal Regulations***." The Court went on to state "[t]here can be no doubt that the mandate of a federal statute is ***a far stronger foundation for the creation of an action duty . . .than [an] administrative directive***." *Tiffany,* 931 F.2d at 280 (citations omitted). *Accord Baum v. United States*, 986 F.2d 716, 720 (4th Cir. 1993)(party cannot invoke derivative immunity if a federal statute, regulation or policy prohibits the conduct); s*ee also United States v. Gaubert*, 499 U.S. 315, 322 (1991)(quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Perkins v. United States*, 55 F.3d 910, 914 (4th Cir. 1995). Because torture so clearly violates universal norms, as well as United States statutes and regulations, CACI cannot

evade judicial review by arguing that the Supreme Court's *Sosa* "cautions" should be read to require application of the political question doctrine.[2]

As CACI does here, the defendant in *Lizarbe* also asserted immunity and lack of manageable standards because the action "implicated military judgment of the executive." *Id.* at 20. The District Court rejected this argument, finding that the judiciary is well-equipped to adjudicate such claims for wrongdoing. The Supreme Court recently reaffirmed the vital role of the judiciary in hearing claims arising from military detention. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2246 and 2277 (2008). As noted above, *Tiffany v. United States*, 931 F.2d 271 (4th Cir. 1991), also makes clear that the judiciary can hear claims when the conduct at issue violates federal statute or regulation.

Further, the military itself contemplates that those harmed by for-profit corporations engaged by the military would use the judicial system for accountability. The Department of Defense regulations contemplate "holding contractors accountable for the negligent or willful actions of their employees, officers, and subcontractors." *Defense Federal Acquisition Regulation Supplement; Contractor Personnel Authorized To Accompany U.S. Armed Forces, 73 Fed. Reg. 16764, 16768 (Mar. 31, 2008)*. The Department of Defense expressly cautioned against shifting the risks away from corporate wrongdoers onto innocent third parties: "Contractors will still be able to defend themselves when injuries to third parties are caused by

---

[2] Nor can the conduct at issue be considered "official" United States military action. Torture is against the law. *See* 10 U.S.C. § 801 (2006) ("the Constitution, laws, and treaties of the United States and the applicable guidance and regulations of the United States Government prohibit the torture or cruel, inhuman, or degrading treatment of foreign prisoners held in custody by the United States"); 18 U.S.C. §§ 2441 (2006), 2340A (2001); 22 U.S.C. § 2152(1999); 28 U.S.C. § 1350 (1992) (effective June 25, 1948); 42 U.S.C. § 2000dd (2006); 10 U.S.C. § 950v (2006); 32 C.F.R. § 116; 28 C.F.R. § 0.72. The *Lizarbe* District Court considered and rejected a similar argument, albeit in the "act of state" context: "acts … [that] violate universally agreed upon legal principles […] committed in violation of the norms of customary international law, are not deemed official acts for the purposes of the act of state doctrine." *Lizarbe* at 25.

the actions or decisions of the Government.  *However, to the extent that contractors are currently seeking to avoid accountability to third parties for their own actions by raising defenses based on the sovereignty of the United States, this rule should not send a signal that would invite courts to shift the risk of loss to innocent third parties*."  Id.   See also Army Regulation No. 27-22 at 2-22, which clearly contemplates claims being made against military contractors.

## CONCLUSION

The District Court of Maryland's decision in *Lizarbe* analyzes and rules on many of the same issues pending before this Court.   CACI is not beyond the reach of the rule of law merely because the misconduct occurred in prisons operated by the United State and with the willing participation of certain criminally-minded military personnel.  This Court should deny CACI's effort to evade accountability, and rule that this matter must proceed to discovery.

Respectfully submitted,

_____/s/ Susan L. Burke_____
Susan L. Burke (Virginia Bar No. 27769)
William T. O'Neil
Attorneys for Plaintiffs
BURKE O'NEIL LLC
1000 Potomac Street
Washington, DC 20007
Tel: (202) 445-1409
Fax: (202) 232-5514
sburke@burkeoneil.com

Date: March 17, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

                                              ____/s/ Susan L. Burke_____
                                              Susan L. Burke (Virginia Bar No. 27769)
                                              Counsel for Plaintiffs
                                              BURKE O'NEIL LLC
                                              1000 Potomac Street
                                              Washington, DC 20007
                                              Tel: (202) 445-1409
                                              Fax: (202) 232-5514
                                              sburke@burkeoneil.com