## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 08-cv-0827 GBL-JFA ) |
| CACI INTERNATIONAL, INC., *et. al.*, | ) ) |
| Defendants | ) ) ) |

### VICTIMS' RESPONSE TO CACI'S MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY

Victims do not oppose CACI's motion seeking to file a supplemental memorandum regarding *Wyeth v. Levine*, __ U.S. __, 2009 WL 529172 (March 4, 2009). The victims agree that this Court should follow the Supreme Court's teachings in the *Wyeth* decision. Those teachings deal a fatal blow to CACI's arguments seeking a vast extension of the implied preemption doctrine. As the Court knows, CACI claims that state law tort suits against them are pre-empted based upon an expanded reading of the Federal Tort Claims Act, which waives sovereign immunity to tort actions brought against the United States (not against private parties) in all instances except those carved out of the waiver by the text of the Act.

In *Wyeth*, the Supreme Court ruled that judicially-created preemption doctrines must be narrowly tailored to correspond to Congressional intent as expressed in statutory law. Even in those cases where the government itself (not private party like CACI) claims an interference in its efforts by the operation of state law, such claims will be viewed skeptically if the federal

1

government fails to provide details establishing how state law had interfered with federal prerogatives.[1]

The Supreme Court in *Wyeth* recognized two fundamental aspects of every pre-emption case. First, the Court noted that "the purpose of Congress is the ultimate touchstone in every pre-emption case." Second, in a field such as common law torts "which the States have traditionally occupied," the Court starts "***with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress***." *Wyeth* at *5. The Court recognized "Congress does not cavalierly pre-empt state-law." *Wyeth* at *5, n.3 (citations omitted).[2]

In the instant case, the Federal Act at issue is the Federal Tort Claims Act (FTCA), by which Congress provided parties injured *by the government* a means of bringing claims against the sovereign that would otherwise be immune. The Act vastly expands a private party's right to seek redress under state tort law in actions brought against the sovereign itself: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. §2674. The statute does nothing to change the pre-existing rights of individuals under the common law to seek redress for their injuries from corporations like CACI. Rather, the Act aligns the right to bring suit against

---

[1] The concurrence by Justice Thomas goes further, and rejects the doctrine of pre-emption sought by CACI here based on the "purposes and objectives" of congressional action that does not explicitly pre-empt state law. *Wyeth* at *21 (J. Thomas concurring).

[2] Indeed, although the dissent in *Wyeth* claimed that the presumption against preemption should not apply in claims of "implied conflict pre-emption," the majority rejected this argument as contrary to a long line of precedent. *Wyeth* at *5, n.3.

the United States with the pre-existing and long-held right to bring suit against "private individuals."

From this expansion of individual rights, CACI sees a restriction, and claims that the combatant activities exception set forth in FTCA evidences a Congressional purpose to immunize private actors from state court liability if the claims relate to combatant activities.[3] But the FTCA contains no effort to pre-empt state law as applied to private actors. The combatant activities exception itself is silent with respect to pre-empting claims against non-governmental parties. In fact, the only relevant statement of congressional purpose appears in section 2671 of the Federal Tort Claims Act, whereby Congress ***specifically excluded*** from the scope of the FTCA "any contractor with the United States." When this Court follows the teachings of the Supreme Court in *Wyeth*, it must look at this evidence of Congressional intent – namely, an intent by Congress that the FTCA *not apply* to government contractors.

The exceptions to the FTCA, upon which CACI relies, contain no "clear and manifest" statement of a contrary Congressional intent to include contractors as within the scope of the exceptions, when such contractors are by definition excluded from the scope of the law. Under *Wyeth*, the lack of any "clear and manifest" congressional purpose in the FTCA to pre-empt the state law claims of the torture victims against CACI strongly supports rejecting CACI's claims of preemption.

Having found no Congressional purpose to preempt the victims' state law claims, CACI casts itself as the sovereign and claims that the pre-emption arises from the constitutional delegation of the war-making power. **First**, CACI is not the sovereign and plays no role in the

---

[3] Interesting, CACI shies away from making an argument on the other exception – acts occurring in foreign countries – likely because doing so makes clear the absurdity of CACI's preemption argument.

war making power.  CACI's effort to recast this litigation as an attack on governmental war making powers fundamentally mischaracterizes these claims.  The victims here seek traditional tort remedies against a corporation whose employees participated in the torture and abuse of the victims. *See Wyeth* at *10 (citing the important functions of tort suits in providing relief to injured persons and promoting greater safety standards).  The victims make no claims against the government, and make no challenge to the war making authority of the government.  The victims do not challenge their detention, the policy under which they were detained, the decision to go to war, or even the methods employed in fighting that war.[4]   Instead, the victims here challenge their illegal and tortuous mistreatment at the hands of private parties.

**Second**, CACI has no evidence to show that preemption is necessary to prevent state law interference  with its powers or that its compliance with state law obligations presented any conflict. 9  In contrast, Wyeth could cite explicit statements from the federal agency claiming such interference; however the Supreme Court, like the trial court, rejected arguments that a conflict existed. *Wyeth* at *9 ("Impossibility pre-emption is a demanding defense.").   Here, the federal actor, the Department of Defense, claims no interference, and has made no effort to intervene in this action or other similar actions to protect their "purposes and objectives."  Further, there have already been court martials against soldiers relating to the same conduct challenged here.  If such prosecutions (and subsequent imprisonments) did not interfere with DoD purposes and objectives, it is hard to imagine how allowing state law claims to proceed against private corporate parties would cause such interference.  Again, the only available evidence directly contradicts CACI's position, as the contracts under which they worked require

---

[4] CACI has not – and cannot -- produce evidence that the torture at issue here was a method employed by the United States government in fighting the war.  The Complaint allegations to the contrary control.

that CACI, not the government, supervise its employees, and that CACI, not the government, ensure compliance with federal, state and international law.

*Wyeth* represents a further limitation on the application of implied preemption, reiterating the requirement of "clear and manifest" Congressional purposes to preempt and casting a doubtful eye on claims of interference with federal purposes and objectives. As Justice Thomas notes, a dual system of sovereignty is a lynchpin of the American federalist system, and the overuse of preemption – particularly in the face of Congressional silence – threatens the balance crafted by the founders. This Court should deny CACI's motion to dismiss.

     /s/ Susan L. Burke     
Susan L. Burke (VA Bar #27769)
William T. O'Neil
Counsel for Plaintiffs
BURKE O'NEIL LLC
1000 Potomac Street NW
Suite 150
Washington DC 20007
(202) 232-5504
(202) 232-5513 (facsimile)
sburke@burkeoneil.com

Katherine Gallagher
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiffs*

March 17, 2009