**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

_____

SUHAIL NAJIM ABDULLAH          )
AL SHIMARI *et al.*,               )
                                  )
                 Plaintiffs,   )
                                  )
v.                              )  C.A. No. 08-cv-827 GBL-JFA
                                  )
CACI INTERNATIONAL, INC., *et. al.*,     )
                                  )
                 Defendants   )
                                  )
                                  )
_____)

### *THE TORTURE VICTIMS' MEMORANDUM IN SUPPORT*
### *OF THEIR MOTION TO STRIKE CACI'S NOTICE OF APPEAL*

On March 23, CACI filed a Notice of Appeal without any explanation as to why CACI

believes itself entitled to a direct appeal at this early procedural juncture. This Court has not

issued any appealable final judgment. Rather, on March 18, 2009, this Court ruled on CACI's

motion to dismiss, denying it in part and granting it in part. Given the procedural posture of the

action, CACI has no direct right of appeal under 28 U.S.C. §1291("The courts of appeals … shall

have jurisdiction of appeals from all final decisions of the district courts of the United States

[…]). CACI has not filed a motion for interlocutory appeal pursuant to 28 U.S.C. §1292(b). As

a result, CACI filed a notice without any legal entitlement to do so. This Court should strike

CACI's notice of appeal from the docket.

### ARGUMENT

It is black-letter law that litigants cannot appeal preliminary rulings, only final judgments.

*See* 28 U.S.C. §1291; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988) (A final decision

is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citations omitted). "Piece-meal" appeals are "universally disfavored." *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 294-295 (4th Cir. 2008). The jurisdictional finality requirement of 28 U.S.C. §1291 was specifically designed to promote the "interests of judicial efficiency and also serves to limit litigation costs." *Penn-Am. Ins. Co.* 521 F.3d at 295. It also ensures that piece-meal appeals do not "undermine the independence of the district judge" in conducting court proceedings, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), and "preserves the primacy of the district court as the arbiter of the proceedings before it." *MDK v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994).

By its express terms, this Court's Memorandum Order is not a final judgment on the merits of CACI's various defenses to liability. The Order is replete with references to the need for discovery (*see, e.g.,* Mem. Order at 26-27 (citing need for discovery to fully consider CACI's derivative absolute official immunity argument); Mem. Order at 29 (stating that the Court has "insufficient information at this stage of the litigation" to make conclusive findings regarding CACI's arguments); Mem. Order at 34 ("The scope of Defendants' contract is thus an open issue that requires discovery.") Mem. Order at 35 ("discovery…is necessary"); Mem. Order at 37 ("discovery is needed […]); Mem. Order at 42 (finding that "discovery is needed" to determine whether CACI's actions qualify as combatant activities, and whether a defense applies)).

This Court's Order expressly refrained from making *conclusive* findings regarding the ultimate success or failure of CACI's arguments. *See, e.g.,* Mem. Order at 22 (discussing review of CACI's contract to "likely be highly instructive" in evaluating issues before the Court). Mem. Order at 69 (finding dismissal based on derivative absolute immunity and

preemption inappropriate "at this stage" because of requirements of discovery).   This Order is simply not a "final decision."

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court strike CACI's Notice of Appeal from the docket.

Respectfully submitted,

_____/s/ Susan L. Burke_____
Susan L. Burke (Virginia Bar No. 27769)
William T. O'Neil
William F. Gould
BURKE O'NEIL LLC
1000 Potomac Street
Washington, DC 20007
Tel: (202) 445-1409
Fax: (202) 232-5514
sburke@burkeoneil.com

Katherine Gallagher (admitted *pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, Michigan 48084-4736

*Attorneys for Plaintiffs*

Date: March 27, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following

>   J. William Koegel, Jr.
>   Virginia Bar No. 38243
>   John F. O'Connor (admitted *pro hac vice*)
>   Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
>   STEPTOE & JOHNSON LLP
>   1330 Connecticut Avenue, N.W.
>   Washington, D.C. 20036
>   (202) 429-3000 - telephone
>   (202) 429-3902 – facsimile
>   wkoegel@steptoe.com
>   joconnor@steptoe.com


>                    /s/ Susan L. Burke