**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) | |
| Plaintiffs, | ) | Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) | |
| CACI INTERNATIONAL INC, et al., | ) | |
| Defendants. | ) | |

**OPPOSITION OF DEFENDANTS CACI INTERNATIONAL INC AND CACI PREMIER TECHNOLOGY, INC., TO PLAINTIFFS' MOTION TO STRIKE THE CACI DEFENDANTS' NOTICE OF APPEAL**

## I. INTRODUCTION

By asking this Court to strike the CACI Defendants' Notice of Appeal, Plaintiffs' motion takes the absurd position that *this Court* has the power to decide *appellate court* jurisdiction, *i.e.*, whether the CACI Defendants have an appeal of right to the Fourth Circuit. Plaintiffs' perfunctory memorandum of law, however, does not identify any principle by which district courts can strike notices of appeal of right, or a single instance in the history of the Republic where a district court has claimed a power to decide the scope of its reviewing court's mandatory appellate jurisdiction. Indeed, it is black-letter law that the courts of appeals are empowered to decide their own jurisdiction and that district courts have no role in that process.

Moreover, an appeal challenging a district court's denial of immunity confers jurisdiction on the court of appeals and divests the district court of jurisdiction over the action. The CACI Defendants have appealed from the Court's March 18, 2009 Memorandum Order (the

"Memorandum Order"), and the CACI Defendants' appeal is now docketed in the Fourth Circuit as No. 09-1335. As a result, the Court does not have jurisdiction over this action.

Finally, while it is surely not for this Court to decide for the Fourth Circuit whether appellate jurisdiction exists with respect to the CACI Defendants' appeal, this Court could not grant Plaintiffs' motion in any event because the CACI Defendants' interlocutory appeal is entirely proper. Plaintiffs' sole argument – that the appeal should be dismissed because the Memorandum Order "is not a final judgment on the merits" – ignores settled law holding that a denial of immunity is immediately appealable under the collateral order doctrine. For all of these reasons, the Court should deny Plaintiffs' motion.

## II. ANALYSIS

### A. This Court Lacks the Power to Decide the Scope of the Fourth Circuit's Mandatory Appellate Jurisdiction

The CACI Defendants have filed a Notice of Appeal of right from the Court's Memorandum Order, an order that, among other things, held that the CACI Defendants were not entitled to dismissal of the Amended Complaint based on their immunity from suit. In asking that the Court strike the CACI Defendants' Notice of Appeal, Plaintiffs' motion essentially asks this Court to decide whether an interlocutory appeal of rights exists to the Fourth Circuit, and to be the final arbiter as to whether the Court's Memorandum Order may be appealed. Plaintiffs, however, are wrong on the law.

In *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1988), the plaintiff appealed the district court's order adopting the magistrate judge's recommendation that summary judgment be entered in favor of the defendants. Concluding that the plaintiff's failure to object to the magistrate judge's report waived any right to appeal the entry of summary judgment, the district court issued an order dismissing the plaintiff's notice of appeal. *Id.* at 200 n.2. On appeal,

however, the Fourth Circuit held that the district court's order purporting to dismiss the plaintiff's notice of appeal was without legal effect, as the district court had no power to take such action: ***"The district court entered an order dismissing the notice of appeal. This it was without jurisdiction to do."*** *Id.* (emphasis added).

The Sixth Circuit came to the same conclusion in *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), holding that district courts lack jurisdiction to dismiss notices of appeals from their decisions:

> After the defendant officers had perfected their appeal [from a denial of qualified immunity], the plaintiffs moved the district court to certify the appeal as frivolous and to proceed with the trial. The district court issued an opinion in which it certified the appeal as frivolous. Therein, the district court directed the defendants' notice of appeal to be dismissed. In so doing, the district court exceeded its authority, and this attempted 'dismissal' in no way affects our jurisdiction in this appeal. *The denial of a motion for summary judgment on grounds of qualified immunity is an appealable order. . . . we find no authority that would permit a district court to dismiss a notice of appeal from such an order.* In fact, the district courts have a ministerial duty to forward to the proper court of appeals any notice of appeal which is filed. A proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. *This court must determine its own jurisdiction and is bound to do so in every instance. It follows that the decision to dismiss a notice of appeal rests with this court, not the district court.*

*Id.* (emphasis added). Indeed, as a leading commentator has explained:

> The district court has no power under any statute or rule to prevent or void the timely filing of a notice of appeal in any case in which an appeal as of right is assured. The district court is required to honor a notice of appeal and to transmit the file of its proceedings to the court of appeals. Any objection to the form or timeliness of the notice of appeal should normally be made by a motion to dismiss the appeal, addressed to the court of appeals, in execution of its jurisdiction that attached upon the filing of the notice.

16A Charles A. Wright, et al., *Federal Practice & Procedure* § 3949.1, at 48-49 (4th ed. 2008) (footnote omitted).

As these authorities make clear, any attempt by Plaintiffs to assert that the CACI Defendants have no appeal as of right from the Memorandum Order must be addressed not to this Court, but to the U.S. Court of Appeals for the Fourth Circuit. That principle, in and of itself, is sufficient to require denial of Plaintiffs' motion.

**B. The CACI Defendants' Appeal Has Divested the Court of Jurisdiction Over Plaintiffs' Lawsuit**

A related reason why this Court is the wrong venue for Plaintiffs to assert that the CACI Defendants lack an appeal as of right is that the CACI Defendants' Notice of Appeal has divested this Court of jurisdiction over this action. *See Marrese v. A. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 378-79 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("Even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Dixon v. Edwards*, 290 F.3d 699, 709 n.14 (4th Cir. 2002) (explaining that timely filing of notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal); *United States v. Christy*, 3 F.3d 765, 767 (4th Cir.1993) (same); *United States v. Ball*, 734 F.2d 965, 965 n.1 (4th Cir.1984) (same), *vacated on other grounds*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *United States v. Perate*, 719 F.2d 706, 711 (4th Cir. 1983) (same).

When, as here, a defendant appeals from a denial of an assertion of immunity, the district court is divested of jurisdiction over the case in its entirety, with only the possible exception of

collateral matters that do not require the defendant to participate in trial or pretrial litigation. As myriad cases recognize, only such a divestiture of jurisdiction protects the rights created by immunity. As the Fifth Circuit explained:

> As an initial matter, we agree that . . . filing of the interlocutory appeal on the immunity issue divested the district court of jurisdiction to proceed . . . A number of other circuits have addressed the precise issue on this appeal and have uniformly held that the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant.

*Williams v. Brooks*, 996 F.2d 728, 729-30 (5th Cir. 1993).[1]

The Tenth Circuit reached the same conclusion in holding that an immunity appeal divested the district court of jurisdiction over anything that would require the defendant to defend the litigation:

> The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. Unlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing proceedings in the district court. When the interlocutory appeal is from the denial of a motion to dismiss an indictment based on double jeopardy or from the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted

[1] *See also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) ("Did, then, the district court retain the power after the appeal was filed to rule in favor of the officers on qualified immunity? We think not. . . . We see no reason to depart from this rule, even where the relief granted favored the appealing party." (internal citation omitted)); *Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir 1993) (appeal from denial of motion to dismiss on grounds of sovereign immunity divests district court of jurisdiction over entire case); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("In this circuit, where, as here, the interlocutory [appeal from a denial of qualified immunity] is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial."); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one. . . . It follows that a proper [interlocutory] appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.").

> right not to have to proceed to trial. The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. . . . Therefore, in such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have defend the prosecution or action at trial.

*Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990)

Indeed, this Court regularly adheres to the divestiture of jurisdiction occasioned by the filing of a notice of appeal. In *Eckert International, Inc. v. Government of Sovereign Democratic Republic of Fiji* , 834 F. Supp. 167, 174 (E.D. Va. 1993), Judge Ellis denied the defendant’s motion to dismiss the plaintiff’s complaint on sovereign immunity grounds. Judge Ellis, however, noted that “Fiji has appealed the Court’s sovereign immunity ruling, relying on settled authority allowing interlocutory appeals of immunity denials.” *Id.* at 173. With respect to Fiji’s motion to stay the case pending resolution of the interlocutory appeal, Judge Ellis noted that “[a]nalysis of these motions properly begins with the recognition that Fiji’s § 1291 interlocutory appeal divests this Court of jurisdiction over the remaining matters.” *Id.* at 1274. Moreover, the Court explained that “[b]ecause ‘[t]he trial is inextricably tied to the question of immunity . . . [i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.’” *Id.* at 174 n.12 (second and third alterations in original) (quoting *Apostol,* 870 F.2d at 1338). Based on the notice of appeal’s divestiture of district court jurisdiction, Judge Ellis correctly concluded that Fiji’s motion to stay the case was moot because the district court had already been divested of jurisdiction upon filing of the notice of appeal. *Id.* at 175.

More recently, this Court has declined to permit a case to proceed while an interlocutory appeal was pending from the Court’s denial of a motion to compel arbitration. *Systems Research & Application Corp. v. Sidhu*, No. 1:08cv947(GBL) (E.D. Va.). In *Systems Research,* Judge Lee

denied the plaintiff's motion to compel arbitration of the defendant's counterclaim and to stay the case pending arbitration. *See* Or. of 1/27/09 (attached as O'Connor Decl., Ex. 1). The plaintiff noticed an interlocutory appeal of that order and moved to stay the defendant's counterclaim pending resolution of the appeal, arguing (among other things) that the district court had been divested of jurisdiction by virtue of the notice of appeal. *See* O'Connor Decl., Ex. 2 at 6-8. On February 12, 2009, Judge Lee granted the motion to stay the counterclaim "for the reasons stated in Plaintiff's Motion and supporting Memorandum." O'Connor Decl., Ex. 3.[2]

Thus, it is well recognized that the CACI Defendants' Notice of Appeal divests this Court of jurisdiction over this action. As a result, the Court would lack the power (based on an absence of jurisdiction) to strike the CACI Defendants' Notice of Appeal *even if* the law were not so clear that any such application must be made to the Fourth Circuit.

### C. The Court's Order Denying the CACI Defendants' Motion to Dismiss Constitutes an Immediately Appealable Order

Finally, even if the Court were willing to ignore the fact that it has no jurisdiction to dismiss the CACI Defendants' appeal, Plaintiffs' motion must still be denied because the CACI Defendant's appeal is entirely proper. Plaintiffs' argue that the Court should dismiss the appeal because the Court's Memorandum Order "is not a final judgment on the merits of CACI's various defenses to liability." Pl. Mem. at 2. Plaintiffs' argument finds no support in the case law. Collateral orders denying immunity are immediately appealable. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731 (1982) (President's claim of absolute immunity from damages liability predicated on official acts is immediately appealable); *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to

[2] The Court subsequently stayed the entire case.

answer for his conduct in a civil damages action."); *Helstoski v. Meanor*, 442 U.S. 500 (1979) (claim of immunity under the Speech or Debate Clause is immediately appealable); *Abney v. United States*, 431 U.S. 651 (1977) (claim of immunity under Double Jeopardy Clause is immediately appealable); *Eckert*, 834 F. Supp. at 173 (relying on the "settled authority allowing interlocutory appeals of immunity denials").[3]

Plaintiffs argue that the CACI Defendants have no right to appeal because the Court's Memorandum Order "is replete with references to the need for discovery," with Plaintiffs contending that the Court "expressly refrained from making conclusive findings regarding the ultimate success or failure of CACI's arguments." Pl. Mem. at 2. Apart from this Court's inherent lack of jurisdiction over a notice of appeal, and the divestiture of this Court's jurisdiction resulting from the filing of the Notice of Appeal, Plaintiff's argument suffers from a number of defects. The CACI Defendants made two immunity arguments in their motion to dismiss. *First*, the CACI Defendants argued that they were entitled to derivative absolute official immunity pursuant to *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442, 1447-48 (4th Cir. 1996), and similar cases. *See* CACI Mem. in Support of Mot. to Dismiss at 13-17. *Second*, the CACI Defendants asserted that they are immune because the relevant choice of law principles require that the CACI Defendants' liability be assessed under Iraq law, with the CACI Defendants being immune under that controlling substantive law. *Id.* at 18-23.

With respect to the CACI Defendants' derivative absolute official immunity defense, the CACI Defendants respectfully contend that the Court failed to properly apply the legal framework required by *Mangold*, and instead adopted a flawed approach to immunity whereby

[3] With respect to the scope of an interlocutory appeal based on the denial of an immunity defense, the reviewing court may exercise pendant jurisdiction over related rulings contained in the appealable order. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 50-51 (1995).

the Court would determine whether the CACI Defendants were entitled to immunity only after requiring the discovery and pretrial litigation against which immunity is designed to protect. Mem. Or. at 35-40. With respect to the CACI Defendants' argument that they are immune from application of Iraq law, the Memorandum Order simply ignores that argument in its immunity analysis, and elsewhere in the opinion simply states that "[i]f and when it should become relevant, the Court will present the parties with the opportunity to address the choice of law issue at a later date." Mem. Or. at 54 n.7. Whether the district court's derivative absolute immunity analysis is correct, and whether the district court properly may determine not to address the CACI Defendants' assertion of immunity under the governing substantive law, are pure questions of law that are the proper subjects for an interlocutory appeal.

In *McVey v. Stacy*, 157 F.3d 271, 275 (4th Cir. 1998), the Fourth Circuit rejected the notion that a district court's references to needed discovery in denying an immunity-based motion to dismiss somehow insulates the court's ruling from interlocutory appellate review. As the court explained, an immunity defense asserted at the motion to dismiss stage does not raise fact issues, because all facts in the complaint are taken as true. *Id.*; *see also Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When the Plaintiffs' allegations are taken as true, all that remains are pure legal questions concerning how the law applies to the facts alleged. *See Suarez Corp. v. McGraw*, 125 F.3d 222, 226 (4th Cir. 1997) ("In this posture [of an appeal from an order denying a motion to dismiss based on qualified immunity], we accept as true the facts alleged in the complaint, viewing them in a light most favorable to the non-moving party."); *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) ("We review a denial of a motion to dismiss based on qualified immunity *de novo*.").

Therefore, a defendant is entitled to an interlocutory appeal notwithstanding a district court's ruling effectively deferring consideration of immunity until after discovery. As the court explained in *McVey*:

> As a threshold matter, we must determine whether the district court's order, which essentially defers consideration of the immunity defense until the facts were better developed, is an appealable order. . . . Focusing more particularly on the immunity defense, the district court noted, "when there are factual issues intermingled with the legal question, the court may find it necessary to wait for those factual issues to be explored in discovery or in some cases may even require trial by a jury or by the district court." But when a district court declines to give a qualified immunity defense at the dismissal stage of litigation a hard look, it risks unwittingly the forfeiture of some protections afforded by that defense. Qualified immunity includes "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question. . . .
>
> . . . .
>
> We recognize that the district court's order essentially deferring a ruling on qualified immunity would appear, at first blush, to amount to a routine procedural order that is generally not appealable. . . .
>
> But in rejecting the immunity defense "at this early stage," the district court necessarily subjected the commissioners to the burden of further trial procedures and discovery, perhaps unnecessarily. Its order implicitly ruled against the commissioners on the legal questions of (1) whether the plaintiff has adequately stated a claim for violation of a First Amendment right, and if so, (2) whether the asserted constitutional right was clearly established at the time the defendants acted. These questions do not raise factual questions concerning the defendants' involvement, which would not be appealable under *Johnson* [*v. Jones*, 515 U.S. 304 (1995)]. On the contrary, they are answered with the facts of the complaint assumed to be true as a matter of law. They are therefore the very questions that *Mitchell* [*v. Forsythe*, 472 U.S. 511 (1985)] held were appealable.

*McVey*, 157 F.3d at 275-76 (citations omitted) (first alteration in original).

*McVey* is hardly an outlier, as it is widely accepted that a denial of immunity at the motion to dismiss stage is an immediately appealable order, and appellate jurisdiction to review such an order cannot be defeated by claimed issues of disputed fact because a Rule 12(b)(6) motion necessarily accepts the plaintiff's allegations as true. As the Fifth Circuit explained:

> [T]he instant case involves the complaint-level denial of a motion to dismiss under Rule 12(b)(6). In the Rule 12(b)(6) context, there can never be a genuine-issue-of-fact-based denial of qualified immunity, as we must assume that the plaintiff's factual allegations are true. Thus, denials of motions to dismiss on the basis of qualified immunity are always 'purely legal' denials. . . [and] we have interlocutory jurisdiction . . . .

*Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996); *see also X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 67 (2d Cir. 1999) ("A district court's perceived need for discovery does not impede immediate appellate review of [a Rule 12(b)(6) decision denying qualified immunity]."').[4] Thus, while the CACI Defendants could not bring an interlocutory appeal that asks the Fourth Circuit to reject the facts alleged in the Amended Complaint, as such an appeal would pose a question of disputed fact,[5] a challenge to a Rule 12(b)(6) motion raises no such issues of fact because any facts alleged must be taken as true. Therefore, the Court's

[4] *See also Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) (stating that "an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a 'final' judgment subject to immediate appeal" (citation omitted)); *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (court had jurisdiction over a collateral appeal from a Rule 12(b)(6) denial of qualified immunity); *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 251 (5th Cir. 2005) ("Our jurisdiction [over] interlocutory appeals [from a denial of immunity may be] taken from both denials of motions to dismiss and denials of motions for summary judgment."); *Patel v. Searles*, 305 F.3d 130, 133 (2d Cir. 2002) (court had jurisdiction over a collateral appeal from a Rule 12(c) denial of official immunity); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (on an appeal from a denial of Rule 12(b)(6) motion based on absolute and qualified immunity, the court "accept[s] all well pleaded facts in the complaint as true.").

[5] *See Pendleton v. St. Louis Cty.*, 178 F.3d 1007, 1010 (8th Cir. 1999).

reference to the prospect of discovery cannot insulate the Memorandum Order from an appellate challenge to the legal analysis in that decision.[6]

Therefore, even though this Court does not have jurisdiction to decide the issue for the Fourth Circuit, it is beyond cavil that the Fourth Circuit has jurisdiction over the CACI Defendants' appeal from the Court's Rule 12(b)(6) denial of immunity.

## IV. CONCLUSION

For the foregoing reasons, the CACI Defendants respectfully request that the Court deny Plaintiffs' motion.

---

[6] That is not to say that the Court deferred ruling on all of the CACI Defendants' immunity arguments. For example, the Court rejected as a matter of law the CACI Defendants' argument that they are entitled to derivative absolute official immunity under *Mangold* regardless of whether their employees' work in Iraq qualifies as a discretionary function. *See* CACI Reply in Support of Mot. to Dismiss at 9-11. In response to that argument, the Court held: "*Mangold*, then, did not ignore the discretionary function requirement outlined in *Barr* and *Westfall*, but instead found that similar policy interests were served by the extension of immunity to the precise and limited *Mangold* facts. The Court therefore rejects Defendants' argument that discretion is irrelevant a*nd finds the limited Mangold extension inapplicable to the present case*." Mem. Or. at 31 (emphasis added). Similarly, the Court rejected as a matter of law the CACI Defendants' argument that they are entitled to derivative absolute official immunity because their employees were engaged in combatant activities for which the United States is itself immune. *See* CACI Reply in Support of Mot. to Dismiss at 9-10. In response to that argument, the Court held: "Defendants argue in the alternative that the FTCA's combatant activities exception, 28 U.S.C. § 2860(j), creates an alternative basis for granting derivative absolute immunity. The Court is unpersuaded because Defendants offer no precedent supporting this assertion." Mem. Or. at 31 n.5. These rulings are clearly the Court's decision as a matter of law to deny the CACI Defendants immunity under *Mangold*.

Respectfully submitted,


*/s/ J. William Koegel, Jr.*
J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – Telephone
(202) 429-3902 – Facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

April 1, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Susan L. Burke
William Gould
Attorneys for Plaintiff
Burke O'Neil LLC
1000 Potomac Street, N.W.
Suite 150
Washington, D.C. 20007
sburke@burkeoneil.com
wgould@burkeoneil.com

*/s/ J. William Koegel, Jr.*

J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – Telephone
(202) 429-3902 – Facsimile
wkoegel@steptoe.com
joconnor@steptoe.com