# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-CV-00827-GBL-JFA |
| v. | ) ) ) | |
| CACI INTERNATIONAL INC, et al., | ) ) ) | |
| Defendants. | ) ) | |

**THE CACI DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO LIFT THE COURT'S STAY OF DISCOVERY**

## I.  INTRODUCTION

An appeal challenging a district court's denial of immunity confers jurisdiction on the court of appeals and divests the district court of jurisdiction over the action. Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") have appealed from the Court's March 18, 2009 Memorandum Order (the "Memorandum Order"), and the CACI Defendants' appeal is docketed in the Fourth Circuit as No. 09-1335. As a result, the Court does not have jurisdiction to lift the stay and allow discovery.

Moreover, even if the Court were to overlook its lack of jurisdiction to lift the stay, Plaintiffs' motion must still be denied because the very purpose of an interlocutory appeal from a denial of immunity is to protect the rights of the defendant to be free from the burdens of discovery and trial. Lifting of the stay would not only undermine the Fourth Circuit's jurisdiction to decide whether the CACI Defendants' are immune from suit on the face of

Plaintiffs' Amended Complaint, but also deprive the CACI Defendants of their right to preserve their immunity defense through an interlocutory appeal. For all of these reasons, the Court should deny Plaintiffs' motion.

## II.  ANALYSIS

This Court previously entered an Order staying discovery based on the pendency of the CACI Defendants' motion to dismiss the Amended Complaint, a motion that was grounded in part on an assertion of immunity. Order of 10/24/08 [Dkt. #64 ]. Indeed, as the CACI Defendants explained in seeking this stay of discovery, a district court is "required to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues before allowing any discovery." *Lescs v. Martinsburg Police Dep't*, 138 Fed. App'x 562, 564 (4th Cir. 2005). If anything, the argument for a stay of discovery is even stronger where, as here, a defendant has appealed an adverse ruling on the issue of immunity and jurisdiction over the case has been transferred to the court of appeals.

Indeed, Plaintiffs' motion to lift the stay on discovery is 1 ½ pages in length, cites no case law or other authority, and is not even accompanied by a supporting memorandum of law. *See* Local Civil Rule 7(F). Instead, Plaintiffs' motion merely quotes snippets from the Memorandum Order in which the Court stated a need for discovery before resolving some of the issues raised in the CACI Defendants' motion to dismiss. Pl. Mot. at 1-2. Plaintiffs' motion, however, fails to address the considerable case law holding that this Court is divested of jurisdiction by virtue of the CACI Defendants' Notice of Appeal, as well as the Fourth Circuit precedent confirming that a district court's assertion of a need for factual development *does not* insulate the court's immunity rulings from interlocutory appeal.

### A. The CACI Defendants' Appeal Has Divested the Court of Jurisdiction Over This Action

The Court should deny Plaintiffs' motion because the CACI Defendants' Notice of Appeal has divested this Court of jurisdiction over this action. *See Marrese v. A. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 378-79 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("Even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Dixon v. Edwards*, 290 F.3d 699, 709 n.14 (4th Cir. 2002) (explaining that timely filing of notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal); *United States v. Christy*, 3 F.3d 765, 767 (4th Cir. 1993) (same); *United States v. Ball*, 734 F.2d 965, 965 n.1 (4th Cir. 1984) (same), *vacated on other grounds*, 470 U.S. 856, 105 S.Ct. 1668 (1985); *United States v. Perate*, 719 F.2d 706, 711 (4th Cir. 1983) (same).

Moreover, the courts of appeals recognize that when, as here, a defendant appeals from a denial of an assertion of immunity, the district court is divested of jurisdiction over the case in its entirety, with only the possible exception of collateral matters that do not require the defendant to participate in trial or pretrial litigation. As these cases recognize, only such a divestiture of jurisdiction protects the rights created by immunity. As the Fifth Circuit explained:

> As an initial matter, we agree that . . . filing of the interlocutory appeal on the immunity issue divested the district court of jurisdiction to proceed . . . A number of other circuits have addressed the precise issue on this appeal and have uniformly held

> that the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant.

*Williams v. Brooks*, 996 F.2d 728, 729-30 (5th Cir. 1993).[1]

The Tenth Circuit reached the same conclusion in holding that an immunity appeal divested the district court of jurisdiction over anything that would require the defendant to defend the litigation:

> The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. Unlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing proceedings in the district court. When the interlocutory appeal is from the denial of a motion to dismiss an indictment based on double jeopardy or from the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial. The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. . . . Therefore, in such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have defend the prosecution or action at trial.

*Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990).

---

[1] *See also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) ("Did, then, the district court retain the power after the appeal was filed to rule in favor of the officers on qualified immunity? We think not. . . . We see no reason to depart from this rule, even where the relief granted favored the appealing party." (internal citation omitted)); *Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir 1993) (appeal from denial of motion to dismiss on grounds of sovereign immunity divests district court of jurisdiction over entire case); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("In this circuit, where, as here, the interlocutory [appeal from a denial of qualified immunity] is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial."); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one. . . . It follows that a proper [interlocutory] appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial.").

Indeed, this Court regularly adheres to the divestiture of jurisdiction occasioned by the filing of a notice of appeal. In *Eckert International, Inc. v. Government of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993), Judge Ellis denied the defendant's motion to dismiss the plaintiff's complaint on sovereign immunity grounds. Judge Ellis, however, noted that "Fiji has appealed the Court's sovereign immunity ruling, relying on settled authority allowing interlocutory appeals of immunity denials." *Id.* at 173. With respect to Fiji's motion to stay the case pending resolution of the interlocutory appeal, Judge Ellis explained that "[a]nalysis of these motions properly begins with the recognition that Fiji's § 1291 interlocutory appeal divests this Court of jurisdiction over the remaining matters." *Id.* at 1274. Moreover, the Court observed that "[b]ecause '[t]he trial is inextricably tied to the question of immunity . . . [i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.'" *Id.* at 174 n.12 (second and third alterations in original) (quoting *Apostol*, 870 F.2d at 1338). Based on the notice of appeal's divestiture of district court jurisdiction, Judge Ellis correctly concluded that Fiji's motion to stay the case was moot because the district court had already been divested of jurisdiction upon filing of the notice of appeal. *Id.* at 175.

More recently, this Court has declined to permit a case to proceed while an interlocutory appeal was pending from the Court's denial of a motion to compel arbitration. *Systems Research & Application Corp. v. Sidhu*, No. 1:08cv947(GBL) (E.D. Va.). In *Systems Research*, Judge Lee denied the plaintiff's motion to compel arbitration of the defendant's counterclaim and to stay the case pending arbitration. *See* Or. of 1/27/09 (attached as O'Connor Decl., Ex. 1). The plaintiff noticed an interlocutory appeal of that order and moved to stay the defendant's counterclaim pending resolution of the appeal, arguing (among other things) that the district court had been divested of jurisdiction by virtue of the notice of appeal. *See* O'Connor Decl.,

Ex. 2 at 6-8. On February 12, 2009, Judge Lee granted the motion to stay the counterclaim "for the reasons stated in Plaintiff's Motion and supporting Memorandum." O'Connor Decl., Ex. 3.[2]

Thus, it is well recognized that the CACI Defendants' Notice of Appeal divests this Court of jurisdiction over this action. As a result, the Court lacks the power (based on an absence of jurisdiction) to lift the stay of discovery.

> **B. Even if There Were No Formal Divestiture of Jurisdiction, Allowing Discovery Would Effectively Undermine the Fourth Circuit's Jurisdiction Over the CACI Defendants' Appeal**

The CACI Defendants made two immunity arguments in their motion to dismiss. *First*, the CACI Defendants argued that they were entitled to derivative absolute official immunity pursuant to *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442, 1447-48 (4th Cir. 1996), and similar cases. *See* CACI Mem. in Support of Mot. to Dismiss at 13-17. *Second*, the CACI Defendants asserted that they are immune because the relevant choice of law principles require that the CACI Defendants' liability be assessed under Iraq law, with the CACI Defendants being immune under that controlling substantive law. *Id.* at 18-23.

With respect to their derivative absolute official immunity defense, the CACI Defendants respectfully contend that the Court failed to properly apply the legal framework required by *Mangold*, and instead adopted a flawed approach to immunity whereby the Court would determine whether the CACI Defendants were entitled to immunity only after requiring the discovery and pretrial litigation against which immunity is designed to protect. Mem. Or. at 35-40. With respect to the CACI Defendants' argument that they are immune from application of Iraq law, the Memorandum Order simply ignores that argument in its immunity analysis, and elsewhere in the opinion simply states that "[i]f and when it should become relevant, the Court

---

[2] The Court subsequently stayed the entire case.

will present the parties with the opportunity to address the choice of law issue at a later date." Mem. Or. at 54 n.7. Whether the district court's derivative absolute immunity analysis is correct, and whether the district court properly may determine not to address the CACI Defendants' assertion of immunity under the governing substantive law, are pure questions of law that are the proper subjects for an interlocutory appeal.

One reason why an interlocutory appeal on immunity issues divests the district court of jurisdiction is because allowing the case to proceed in the district court would undermine the Fourth Circuit's power to grant the CACI Defendants the relief they seek, a right to be free from trial and pretrial litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability [which] is effectively lost if a case is erroneously permitted to go to trial"); *Cloaninger v. McDevitt*, 555 F.3d 324, 330 (4th Cir. 2009) ("Because the doctrine seeks to protect . . . from the burdens of trial and preparing for trial, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991))); *Winfield v. Bass*, 106 F.3d 525, 540 (4th Cir. 1997) (*en banc*) (Wilkinson, J., concurring) ("*Mitchell* authorized interlocutory appeals precisely because "[a] district court's decision [to deny immunity] is effectively unreviewable on appeal from a final judgment." (quoting *Mitchell*, 472 U.S. at 527))).

Thus, in order to preserve effective review of a district court's denial of immunity, it is important that the district court not take actions that destroy the efficacy of appellate review. *See Williams*, 996 F.2d at 730 ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself. . . . Thus, the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction applies

with particular force in the immunity context." (citation omitted)); *Apostol*, 870 F.2d at 1338 ("The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." (citation omitted)); *Stewart*, 915 F.2d at 575-76 ("The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place."). Therefore, even if there were no actual divestiture of jurisdiction – which there surely is – the principles that have been invoked in divesting the district courts of jurisdiction equally would support a stay of district court proceedings even if there were no formal divestiture of jurisdiction.

  **C. References in the Memorandum Order to an Asserted Need for Discovery Does Not Support Allowing Discovery While the Memorandum Order is on Appeal**

The only argument even partially developed in Plaintiffs' motion is that the Court's Memorandum Order stated an inability to find immunity without discovery. While not fully developed, Plaintiffs' argument presumably is that the Court's Memorandum Order referenced an asserted need for discovery, so discovery ought to start. *See* Pl. Mot. at 2 (stating that the Memorandum Order "is replete with references to the need for discovery," and that the Court "expressly refrained from making conclusive findings regarding the ultimate success or failure of CACI's arguments"). Without saying so in their motion, Plaintiffs presumably are asserting that the Court's references to discovery preclude an interlocutory appeal and, therefore, avoid the divestiture of jurisdiction that accompanies an immunity appeal.

Plaintiffs' argument, however, is foreclosed by considerable precedent. In *McVey v. Stacy*, 157 F.3d 271, 275 (4th Cir. 1998), the Fourth Circuit rejected the notion that a district court's references to needed discovery in denying an immunity-based motion to dismiss somehow insulates the court's ruling from interlocutory appellate review. As the court

explained, an immunity defense asserted at the motion to dismiss stage does not raise fact issues, because all facts in the complaint are taken as true. *Id.*; *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Suarez Corp. v. McGraw*, 125 F.3d 222, 226 (4th Cir. 1997) ("In this posture [of an appeal from an order denying a motion to dismiss based on qualified immunity], we accept as true the facts alleged in the complaint, viewing them in a light most favorable to the non-moving party."); *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) ("We review a denial of a motion to dismiss based on qualified immunity *de novo*."). Therefore, a defendant is entitled to an interlocutory appeal notwithstanding a district court's ruling effectively deferring consideration of immunity until after discovery. As the court explained in *McVey*:

> As a threshold matter, we must determine whether the district court's order, which essentially defers consideration of the immunity defense until the facts were better developed, is an appealable order. . . . Focusing more particularly on the immunity defense, the district court noted, "when there are factual issues intermingled with the legal question, the court may find it necessary to wait for those factual issues to be explored in discovery or in some cases may even require trial by a jury or by the district court." But when a district court declines to give a qualified immunity defense at the dismissal stage of litigation a hard look, it risks unwittingly the forfeiture of some protections afforded by that defense. Qualified immunity includes "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question. . . .
>
> . . . .
>
> We recognize that the district court's order essentially deferring a ruling on qualified immunity would appear, at first blush, to amount to a routine procedural order that is generally not appealable. . . .
>
> But in rejecting the immunity defense "at this early stage," the district court necessarily subjected the commissioners to the burden of further trial procedures and discovery, perhaps unnecessarily. Its order implicitly ruled against the commissioners

> on the legal questions of (1) whether the plaintiff has adequately stated a claim for violation of a First Amendment right, and if so, (2) whether the asserted constitutional right was clearly established at the time the defendants acted. These questions do not raise factual questions concerning the defendants' involvement, which would not be appealable under *Johnson* [*v. Jones*, 515 U.S. 304 (1995)]. On the contrary, they are answered with the facts of the complaint assumed to be true as a matter of law. They are therefore the very questions that *Mitchell* [*v. Forsythe*, 472 U.S. 511 (1985)] held were appealable.

*McVey*, 157 F.3d at 275-76 (citations omitted) (first alteration in original).

*McVey* is hardly an outlier, as it is widely accepted that a denial of immunity at the motion to dismiss stage is an immediately appealable order, and appellate jurisdiction to review such an order cannot be defeated by claimed issues of disputed fact because a Rule 12(b)(6) motion necessarily accepts the plaintiff's allegations as true. *See X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 67 (2d Cir. 1999) ("A district court's perceived need for discovery does not impede immediate appellate review of [a Rule 12(b)(6) decision denying qualified immunity]."); *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996) ("[T]he instant case involves the complaint-level denial of a motion to dismiss under Rule 12(b)(6). In the Rule 12(b)(6) context, there can never be a genuine-issue-of-fact-based denial of qualified immunity, as we must assume that the plaintiff's factual allegations are true. Thus, denials of motions to dismiss on the basis of qualified immunity are always 'purely legal' denials. . . [and] under *Mitchell* and *Johnson*, we have interlocutory jurisdiction . . .").[3]

---

[3] *See also Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) (stating that "an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a 'final' judgment subject to immediate appeal" (citation omitted)); *Suarez Corp. Industries v. McGraw*, 125 F.3d 222, 226 (4th Cir. 1997) (court had jurisdiction over a collateral appeal from a Rule 12(b)(6) denial of Eleventh Amendment immunity) [not sure we want to cite this case – the Fourth Circuit also held that Eleventh Amendment immunity goes to jurisdiction so it's always in play]; *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (court had jurisdiction over a collateral appeal from a Rule 12(b)(6) denial of qualified immunity); *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 251 (5th Cir. 2005) ("Our jurisdiction [over] interlocutory appeals

As the Fourth Circuit explained in *McVey*, an order denying a motion to dismiss based on immunity is immediately appealable. *McVey* forecloses an argument that the Memorandum Order's conclusion that discovery is necessary on some of the CACI Defendants' immunity arguments[4] issue somehow insulates that order from immediate appellate review.[5] The CACI Defendants' notice of appeal thus divests the Court of jurisdiction, and precludes an order lifting the current stay on discovery.

---

[from a denial of immunity may be] taken from both denials of motions to dismiss and denials of motions for summary judgment."); *Patel v. Searles*, 305 F.3d 130, 133 (2d Cir. 2002) (court had jurisdiction over a collateral appeal from a Rule 12(c) denial of official immunity); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (on an appeal from a denial of Rule 12(b)(6) motion based on absolute and qualified immunity, the court "accept[s] all well pleaded facts in the complaint as true.").

[4] The Court did not assert a need for discovery on all immunity arguments raised by the CACI Defendants, rejecting some of them as a matter of law without any stated need for factual development. For example, the Court rejected as a matter of law the CACI Defendants' argument that they are entitled to derivative absolute official immunity under *Mangold* regardless of whether their employees' work in Iraq qualifies as a discretionary function. *See* CACI Reply in Support of Mot. to Dismiss at 9-11. In response to that argument, the Court held: "*Mangold*, then, did not ignore the discretionary function requirement outlined in *Barr* and *Westfall*, but instead found that similar policy interests were served by the extension of immunity to the precise and limited *Mangold* facts. The Court therefore rejects Defendants' argument that discretion is irrelevant a*nd finds the limited Mangold extension inapplicable to the present case*." Mem. Or. at 31 (emphasis added). Similarly, the Court rejected as a matter of law the CACI Defendants' argument that they are entitled to derivative absolute official immunity because their employees were engaged in combatant activities for which the United States is itself immune. *See* CACI Reply in Support of Mot. to Dismiss at 9-10. In response to that argument, the Court held: "Defendants argue in the alternative that the FTCA's combatant activities exception, 28 U.S.C. § 2860(j), creates an alternative basis for granting derivative absolute immunity. The Court is unpersuaded because Defendants offer no precedent supporting this assertion." Mem. Or. at 31 n.5. These rulings are clearly the Court's decision as a matter of law to deny the CACI Defendants immunity under *Mangold*.

[5] In any event, any decision on whether the CACI Defendants have a right to immediate appeal is properly decided by the Fourth Circuit, for the reasons explained in the CACI Defendants' opposition to Plaintiffs' motion to strike the CACI Defendants' notice of appeal.

## IV. CONCLUSION

For the foregoing reasons, the CACI Defendants respectfully request that the Court deny Plaintiffs' Motion to Lift the Court's Stay of Discovery.

Respectfully submitted,

*/s/ J. William Koegel, Jr.*
J. William Koegel, Jr.
Virginia Bar No. 38243
John F. O'Connor (admitted *pro hac vice*)
Attorneys for Defendants CACI Premier
Technology, Inc. and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – Telephone
(202) 429-3902 – Facsimile
wkoegel@steptoe.com
joconnor@steptoe.com

April 1, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Susan L. Burke
>William Gould
>Attorneys for Plaintiff
>Burke O'Neil LLC
>1000 Potomac Street, N.W.
>Suite 150
>Washington, D.C. 20007
>sburke@burkeoneil.com
>wgould@burkeoneil.com


>*/s/ J. William Koegel, Jr.*
>J. William Koegel, Jr.
>Virginia Bar No. 38243
>John F. O'Connor (admitted *pro hac vice*)
>Attorneys for Defendants CACI Premier Technology, Inc. and CACI International Inc
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>(202) 429-3000 – Telephone
>(202) 429-3902 – Facsimile
>wkoegel@steptoe.com
>joconnor@steptoe.com