IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-00827-GBL-JFA |
| v. | ) ) ) | |
| CACI INTERNATIONAL, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant CACI Premier Technology, Inc.'s ("CACI PT") Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Partial Summary Judgment Based on the Statute of Limitations.[1] (Dkt. No. 161.) This case concerns the well-publicized Abu Ghraib prison abuse scandal. In this action, four previously detained Iraqi citizens bring claims arising under common law and the Alien Tort Statute ("ATS") against military defense contractor CACI PT for alleged abuse and torture during their detention in Abu Ghraib, Iraq.

There are two issues before the Court. The first issue is whether the Court should apply Ohio or Virginia law to Plaintiffs Taha Yaseen Arraq Rashid, Sa'ad Hamza Hantoosh Al-Zuba'e, and Salah Hasan Nusaif Jasim Al-Ejaili's ("Rashid Plaintiffs") common law claims, as these plaintiffs joined this action by amended complaint after the case was transferred from the United

---

[1] This Motion was filed jointly with CACI International, Inc., the parent company of CACI PT. The Court dismissed all claims pending against Defendant CACI International on March 8, 2013. (*See* Dkt. No. 215.) Accordingly, the Court will refer to Defendant CACI PT as "Defendant."

States District Court for the Southern District of Ohio ("Southern District of Ohio") pursuant to 28 U.S.C. § 1404(a).[2] The Court holds that Ohio law does not apply to the Rashid Plaintiffs' common law claims because these plaintiffs joined the case after it was transferred from the Southern District of Ohio. Thus, their claims are subject to Virginia law.

Having concluded that Virginia law applies, the second issue is whether to grant Defendant's Motion for Reconsideration of this Court's Order dated November 25, 2008, which denied Defendants CACI International, Inc. and CACI PT's Motion for Partial Summary Judgment Based on the Statute of Limitations ("2008 Order"). (Dkt. No. 76). In the 2008 Order, the Court held that the Rashid Plaintiffs' common law claims were not barred by the applicable statute of limitations because Virginia law recognized cross-jurisdictional equitable tolling. (*Id.*) In light of the recent Virginia Supreme Court decision in *Casey v. Merck*, 722 S.E.2d 842 (Va. 2012), the Court grants Defendant's Motion for Reconsideration. *Casey* clarified that Virginia has never recognized cross-jurisdictional equitable tolling. Therefore, the Rashid Plaintiffs' common law claims were not tolled during the pendency of their participation in a related class action pending in a different jurisdiction. Thus, their claims are barred by the applicable statute of limitations.

## I.  BACKGROUND

This case arises from claims asserted by suspected enemy combatants, Suhail Najim Abdullah Al Shimari, Taha Yaseen Arraq Rashid, Sa'ad Hamza Hantoosh Al-Zuba'e, and Salah Hasan Nusaif Jasim Al-Ejaili, who assert that they were detained, interrogated, and tortured by CACI PT, a government contractor, and United States soldiers. (2d Am. Compl. ¶¶ 1, 5-7, 11, 26, 45, 54, Dkt. No. 177.)

---

[2] The Court notes that the Rashid Plaintiffs have never questioned that the law of any state, other than Virginia, applies to this action. (*See* Pl's. Opp'n to Defs.' Partial Mot. Summ. J., Dkt. 53.)

In response to the September 11, 2001 attacks, a multinational coalition force led by troops from the United States and Great Britain invaded Iraq on March 20, 2003. *Al Shimari v. CACI Premier Tech., Inc.*, 657 F. Supp. 2d 700, 705 (E.D. Va. 2009). After the invasion, the United States military commandeered the Abu Ghraib prison and used it to detain and interrogate persons thought to have information about the anti-Coalition insurgency. *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 209 (4th Cir. 2012) (en banc). The United States contracted with CACI PT to help the military interrogate and communicate with these detainees. *Id.* In the spring of 2004, a well-publicized prison abuse scandal revealed that "detainees at the 'hard site' within Abu Ghraib prison were brutally tortured and abused." (2d Am. Compl. ¶ 1.)

All four Plaintiffs were released from Abu Ghraib between February 1, 2004, and March 27, 2008, without ever being charged with any crime. (*Id.* ¶¶ 25, 44, 53, 63.) On June 30, 2008, Plaintiff Al Shimari filed this action in the Southern District of Ohio against Defendants CACI International, a Delaware corporation with its headquarters in Arlington, Virginia, and CACI PT, its wholly-owned subsidiary located in Arlington, Virginia. (*See id.* ¶¶ 8-9.) In his Complaint, Al Shimari alleged that CACI PT employees, including Steven Stefanowicz, Daniel Johnson, and Timothy Dugan, conspired with each other, CACI International, Inc., and military personnel to torture and inflict harm on Plaintiffs and other detainees. (2d Am. Compl. ¶¶ 64-65, 80.) Al Shimari brings common law tort and civil conspiracy claims and claims arising under the ATS.[3] (*Id.* ¶¶ 130-221.)

---

[3] On March 8, 2013, the Court dismissed all conspiracy claims against CACI PT. Specifically, Plaintiffs' conspiracy claims encompassed within Counts II, V, VIII, XI, XIV, and XVII concerning CACI PT and its employees were dismissed with prejudice. Plaintiffs' conspiracy claims encompassed within Counts II, V, VIII, XI, XIV, and XVII related to CACI PT and the United States military were dismissed without prejudice. (*See* Dkt. No. 215.)

## II. PROCEDURAL HISTORY

In May and June 2008, Plaintiffs' counsel filed four individual, single-plaintiff cases in California, Washington, Maryland, and Ohio.[4] (O'Connor Decl. ¶ 7, Dkt. No. 47; Def.'s Reply at 7.) Notably, Plaintiff Al Shimari, who filed his action in the Southern District of Ohio, was the only plaintiff to have been a party to any of the four individual suits filed. (*Id.*) In June 2008, the CACI Defendants filed motions seeking to transfer each of the four cases to the United States District Court for the Eastern District of Virginia ("Eastern District of Virginia") under § 1404(a). (*Id.* ¶¶ 9-12.) The Ohio action was transferred first and assigned to this Court. The Washington and California cases were also transferred to the Eastern District of Virginia but assigned to different judges. (*Id.* ¶¶ 13-14.) Thereafter, the parties sought to have the cases consolidated before one judge. (*Id.*) Eventually, the California and Washington actions were voluntarily dismissed, leaving Al Shimari as the sole Plaintiff against the CACI Defendants. (*Id.*) On September 15, 2008, Plaintiffs' counsel filed an amended complaint adding the Rashid Plaintiffs to the pending Al Shimari action. (*See* Dkt. No. 28.) This was the first time that the Rashid Plaintiffs presented claims against the CACI Defendants, as neither plaintiff was a party to the previously transferred action. (Def.'s Reply at 8.)

On October 10, 2008, Defendant filed a Motion for Partial Summary Judgment Based on the Statute of Limitations. (Dkt. No. 44.) In that motion, Defendant sought to bar the Rashid Plaintiffs from asserting their common law claims due to Virginia's two-year statute of limitations period for common law torts. Notably, Plaintiff Al Shimari, who filed his case in the

---

[4] Specifically, the cases filed were (1) this action, which originated in the Southern District of Ohio, (2) *Al-Janabi v. Stefanowicz*, No. 08-cv-2913 (C.D. Cal.); (3) *Al-Ogaidi v. Johnson*, No. 08-cv-1006 (W.D. Wash.); and (4) *Al-Qurashi v. Nakhla*, No. 08-cv-1696 (D. Md.). (O'Connor Decl. ¶¶ 6-8.) The *Al-Qurashi* action was eventually voluntarily dismissed. (*Id.* ¶ 10.)

4

Southern District of Ohio, was not subject to Defendant's Motion.[5] (Def.'s Reply at 7.) At that time, the Rashid Plaintiffs argued they were not barred by Virginia's statute of limitations period because their claims were equitably tolled while they remained putative members of the *Saleh* class action in California.[6]

On November 25, 2008, the Court issued its 2008 Order denying Defendants' Motion for Partial Summary Judgment with respect to the Rashid Plaintiffs' common law tort claims. (*See* Dkt. No. 76.) In the 2008 Order, the Court held that the Rashid Plaintiffs' common law claims were subject to equitable tolling under Virginia law, as Plaintiffs were putative members in a class action filed in another jurisdiction before the Virginia two-year limitations period elapsed. In doing so, the Court held that *Welding, Inc. v. Bland County Service Authority*, 541 S.E.2d 909 (Va. 2001), permitted equitable tolling for common law tort claims of putative members of class actions under Virginia law. *Id.*

Subsequently, on March 18, 2009, the Court granted Defendants' Motion to Dismiss the Amended Complaint to the extent Plaintiffs' claims relied on ATS jurisdiction, and denied the motion on all other grounds. (*See* Dkt. No. 94.) On appeal, the Court of Appeals for the Fourth Circuit reversed and remanded the case to this Court. *See Al Shimari v. CACI Int'l, Inc.*, 658 F.3d 413 (4th Cir. 2011), *rev'd en banc, Al Shimari*, 679 F.3d at 209. The Fourth Circuit granted a rehearing *en banc* and vacated its prior judgment. *See Al Shimari*, 679 F.3d at 224. On

---

[5] Defendant reasserts its previous position that Plaintiff Al Shimari was neither subject to its previous motion nor the present Motion for Reconsideration. (Def.'s Reply at 8.)

[6] The *Saleh* class action refers to *Saleh v. Titan Corp.*, Civil Action No. 05-1165, which was originally filed in the Southern District of California, transferred to this Court, and ultimately transferred back to the District Court for the District of Columbia. *See Saleh v. Titan Corp.*, 580 F.3d 1 (D.C. Cir. 2009).

rehearing, the Fourth Circuit dismissed the appeal, finding it lacked jurisdiction over the matter. *Id.*[7]

Following remand, Defendant filed the present Motion for Reconsideration of the Court's 2008 Order. In the Motion, Defendant argues that, in light of *Casey*, the Court should vacate its previous ruling and find that the Rashid Plaintiffs' claims are untimely. The Rashid Plaintiffs continue to argue that their common law claims were tolled during the pendency of the *Saleh* class action. Alternatively, the Rashid Plaintiffs advance a new theory that Ohio, rather than Virginia, law applies to their common law claims, as it was the law of the case prior to the transfer of this action from the Southern District of Ohio. If Ohio law does apply, the Rashid Plaintiffs argue, their common law claims are timely because Ohio recognizes cross-jurisdictional equitable tolling for putative members of class actions filed before the statutory period elapses. Following oral argument and supplemental briefing on the choice of law issue, Defendant's Motion for Reconsideration is ripe for disposition.

### III.   STANDARD OF REVIEW

Under Rule 54 of the Federal Rules of Civil Procedure, "[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration of interlocutory orders are not subject to the same strict standards applicable to motions for reconsideration of final judgments. *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). "This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such

---

[7] Following remand, the Court granted Plaintiffs' motion to reinstate their ATS claims. (*See* Dkt. No. 159.) Therefore, Plaintiffs' claims arising under the ATS remain pending.

is warranted." *Id.* at 514-15 (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Courts generally do not depart from a previous ruling unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *See Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)).

## IV.   DISCUSSION

The Court grants Defendant's Motion, and thus dismisses the Rashid Plaintiffs' common law claims from this action for two reasons. First, the Court finds that Virginia law governs the Rashid Plaintiffs' common law claims because they failed to avail themselves of Ohio law by first filing their claims in Ohio and requesting transfer of their case to this district under § 1404(a). Second, applying Virginia law, the Court concludes that the Virginia Supreme Court's decision in *Casey* controls the issue of cross-jurisdictional equitable tolling and thus compels departure from the Court's 2008 Order. Therefore, the Court grants Defendant's Motion and vacates its 2008 Order because, under *Casey*, the Rashid Plaintiffs' common law claims were not tolled during the preceding class action and are thus barred by the statute of limitations. The Court addresses each issue in detail.

### A.   *Choice of Law*

The Court concludes that Virginia's choice of law rules govern the Rashid Plaintiffs' claims because they failed to avail themselves of the transferor court before raising their claims in this jurisdiction.

District courts sitting in diversity must apply federal procedural law and the substantive law of the state in which the court sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Transfer

under 28 U.S.C. § 1404(a) implicates an exception to this general rule. Title 28 of the United States Code permits a district court to transfer a civil action to another district court for the convenience of parties, if the case could have been originally brought in the transferee court. 28 U.S.C. § 1404(a) (2012). Where a defendant has transferred a case under § 1404(a), "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Indeed, transfer under § 1404(a) is a "change of courtrooms," not a change of law. *Id.* at 639. Thus, under *Erie* and *Van Dusen*, the transferee court must apply the substantive law of the state in which the transferor court sits.

The focal concern underlying § 1404(a) transfers is the fairness to a plaintiff after the defendant transfers the case for its convenience. *Van Dusen*, 376 U.S. at 630-31. Consequently, such an involuntary transfer suggests plaintiffs must be afforded the benefit of the laws of the jurisdiction of which they availed themselves. *Id.* This reasoning underlies the application of a transferor court's laws to cases transferred to other venues such that plaintiffs are afforded the benefit of the laws of the jurisdiction in which they chose to file their lawsuit. *Id.* However, where plaintiffs, rather than defendants, seek transfer, the prejudicial concerns necessarily differ. *See Ferens v. John Deere Co.*, 494 U.S. 516 (1990). Indeed, forum shopping looms as the principal concern where plaintiffs seek transfer. The Supreme Court addressed the forum shopping issue in *Ferens*. In *Ferens*, the issue was whether the statute of limitations period of the transferor court governed a tort suit following a § 1404(a) transfer initiated by the plaintiffs. *Id.* at 521. Since their claims were barred by Pennsylvania's two-year limitations period, the Ferenses chose to file suit in Mississippi to take advantage of Mississippi's generous limitations period. *Id.* at 519. After initiating a § 1404(a) transfer back to Pennsylvania for their

convenience, the Ferenses sought to have Mississippi law govern their claims. *Id.* In holding that Mississippi law applied even after the transfer to Pennsylvania, the Supreme Court explained that judicial economy necessitates that the law of the transferor court govern transferred cases, regardless of the party seeking transfer. *Id.* at 530. Recognizing the inherent risk of forum shopping, the Court nonetheless held that the simplistic rule that transfers initiated by either party should be treated the same "effects the appropriate balance between fairness and simplicity." *Id.* at 532.

Notably, and particularly relevant here, the *Ferens* Court also noted that, in order for the law of the transferor court to apply post-transfer, a plaintiff must first file in the transferor court. *Id.* at 531. Specifically, the Court stated that, "Plaintiffs in the position of the Ferenses must go to the distant forum because they have no guarantee, until the court there examines the facts, that they may obtain a transfer." *Id.* In other words, the law of the transferor court can only be applied when the plaintiffs have availed themselves of the transferor court's jurisdiction and subsequently transferred their case pursuant to § 1404(a).

The Court concludes that Virginia substantive law governs the Rashid Plaintiffs' claims because they did not avail themselves of Ohio law by first filing their lawsuit in Ohio and then requesting a § 1404(a) transfer to this Court. The Court finds that, based on the unique procedural posture of the Rashid Plaintiffs' claims, these plaintiffs are barred from benefitting from the application of the transferor court's law. *Ferens* unequivocally requires a plaintiff to first file an action in the transferor court before a plaintiff can obtain a transfer and benefit from the application of the transferor court's law. *Ferens*, 494 U.S. at 531-32. It follows that the Rashid Plaintiffs, seeking to benefit from the application of Ohio law, must have filed suit in Ohio and then filed a motion to transfer venue because they "have no guarantee, until the court

9

there examines the facts, that they may obtain a transfer." *Id.* at 531. Instead, the Rashid Plaintiffs were never parties to the Ohio action and joined this case for the first time after Plaintiff Al Shimari transferred the case to this Court. (*See* O'Connor Decl. ¶ 18, Dkt. No. 28.) As a result, the Southern District of Ohio never had the opportunity to inquire as to (1) whether jurisdiction existed as to the Rashid Plaintiffs' claims, and (2) assuming that it did, whether the Rashid Plaintiffs were entitled to transfer under § 1404(a). Therefore, the Rashid Plaintiffs cannot, without first having filed suit in Ohio, now have Ohio law govern their claims. Accordingly, the Court concludes that, pursuant to *Ferens*, Virginia law governs the Rashid Plaintiffs' common law claims.

The Court also finds support in *Van Dusen* and the *Ferens* Court's eventual expansion thereupon. In *Van Dusen*, the Court held that permitting the application of the law of the transferor court "allow[s] plaintiffs to retain whatever advantages may flow from the state laws of the forum they have initially selected." *Van Dusen*, 376 U.S. at 633. Accordingly, *Ferens* held that transfer pursuant to § 1404(a) "should not deprive parties of state-law advantages that exist absent diversity jurisdiction." *Ferens*, 494 U.S. at 523. Reading these rules together, the Court finds evident that the Rashid Plaintiffs are not subject to the law of Ohio, the transferor court. The Rashid Plaintiffs have suffered no loss of advantages flowing from the forum they initially selected because their claims were initially raised in Virginia.

Plaintiffs cite two cases which they suggest stand for the opposite conclusion, yet the Court finds neither instructive nor persuasive. Plaintiffs first cite *Pappion v. Dow Chemical Co.*, 627 F. Supp. 1576, 1581 (W.D. La. 1986), where the district court applied the law of the transferor court in determining whether the plaintiffs added by amended complaint after a § 1404(a) transfer were time-barred. The Court finds this case distinguishable for two reasons.

First, *Pappion* preceded *Ferens*, which, as indicated, explicitly requires that plaintiffs seeking application of the transferor court's law "must go to the distant forum." Therefore, *Pappion*'s holding is inapplicable to the present case. Second, the issue in *Pappion* is entirely different than the issue in this case. *Pappion* addressed whether Federal Rule of Civil Procedure 15(c) allowed for the relation back of new claims, added by a post-transfer amended complaint, to the original complaint so as to deem the new claims timely. In its analysis, the *Pappion* Court did not squarely address the choice of law issues presented here.

The Court also finds the Rashid Plaintiffs' reliance on *Riddle v. Shell Oil Co.*, 764 F. Supp. 418 (W.D. Va. 1990), equally misplaced. In *Riddle*, the district court addressed whether a plaintiff would have to go to the distant forum to assert claims against a new defendant added by an amended complaint filed post-transfer. *Id.* at 423. The *Riddle* Court held that, because the plaintiff had already gone to the distant forum and availed herself to the distant court's laws, she was not required to go back to assert claims against the new defendant, as the transferor court's law already governed her transferred action. Thus, the Court in *Riddle* affirmed exactly what *Ferens* requires—namely, that plaintiffs must first file their action in the transferor court before they are able to take advantage of the transferor court's laws. As previously stated, the Rashid Plaintiffs never filed suit in Ohio. Therefore, they are not similarly positioned as the plaintiff was in *Riddle*. Hence, the Rashid Plaintiffs' reliance on *Riddle* is curiously misplaced and actually cuts against their argument.

For these reasons, the Court concludes that the Rashid Plaintiffs are not entitled to the application of Ohio law to their common law claims. Because the Rashid Plaintiffs first asserted their claims in this Court, which sits in diversity, their common law claims are governed by

Virginia law. Thus, Virginia's choice of law rules apply to the Rashid Plaintiffs' common law claims.[8]

## B. *Equitable Tolling*

Having concluded that Virginia law applies to the Rashid Plaintiffs' claims, the Court also concludes that their claims are barred by the applicable statute of limitations because Virginia does not recognize cross-jurisdictional equitable tolling for putative, unnamed class members.

As a federal court sitting in Virginia, this court applies the substantive law of Virginia and federal procedural law. *Erie*, 304 U.S. at 64. Virginia's choice of law rules require application of its own statute of limitations to claims involving torts occurring outside the Commonwealth. *Jones v. R.S. Jones & Assocs.*, 431 S.E.2d 33, 34 (Va. 1993). Therefore, because the Rashid Plaintiffs' tort claims arise from alleged injuries occurring in Iraq, the Rashid Plaintiffs' common law claims are subject to Virginia's two-year statutory period.

Having concluded that the Rashid Plaintiffs' common law claims are governed by Virginia's two-year statutory period, the Court next addresses the issue of whether the same claims are barred as untimely. Defendants urge the Court to reconsider its 2008 decision in which the Court found that, under Virginia law, the Rashid Plaintiffs' common law claims were timely filed even though they were raised well after the two-year limitations period elapsed. The 2008 Order Court concluded by finding that the Rashid Plaintiffs' claims were equitably tolled

---

[8] Defendant alternatively asserts that application of Ohio law to the Rashid Plaintiffs' claims would violate due process because the Rashid Plaintiffs never appeared in Ohio, assert claims having no connection to Ohio, and thus any application of Ohio law "would be arbitrary and unfair, and thus violative of due process." (Def.'s Mem. Supp. Br. on Choice of Law at 7-13, Dkt. No. 187.) However, because the Court grants Defendant's Motion on other grounds, the Court finds it prudent to refrain from deciding this constitutional question. *See Strawser v. Atkins*, 290 F.3d 720, 730 (4th Cir. 2002) (citing *INS v. St. Cyr*, 533 U.S. 289, 299-301, 301 n.13 (2001) and *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)).

during the pendency of a class action in which they were putative class members. Relying on *Welding, Inc. v. Bland County Service Authority*, 541 S.E.2d 909 (Va. 2001), the Court held that the Virginia Supreme Court expressly recognized cross-jurisdictional tolling. The Court reasoned that it was not bound by the Fourth Circuit's decision in *Wade v. Danek Medical, Inc.*, 182 F.3d 281 (4th Cir. 1999), which predicted, in dicta, that Virginia would not recognize cross-jurisdictional equitable tolling.

In *Casey*, the Virginia Supreme Court resolved the question of whether Virginia recognizes cross-jurisdictional equitable tolling. As an initial matter, it is well-settled that the Virginia Supreme Court is binding authority on this Court when sitting in diversity and applying Virginia law. *Progressive Enters., Inc. v. New England Mut. Life Ins. Co.*, 538 F.2d 1057, 1060 (4th Cir. 1976). In *Casey*, on a certified question from the Second Circuit, the Court addressed whether the plaintiffs who asserted tort claims were barred by Virginia's statute of limitations where they had previously asserted their claims as putative members of a class action. *Casey*, 722 S.E.2d at 416. Affirmatively answering this question, the Court held that "a putative class action cannot toll the running of the statutory period for unnamed putative class members who are not recognized under Virginia law as plaintiffs or represented plaintiffs in the original action." *Id.* at 846. On remand, following the *Casey* decision, the Second Circuit affirmed the grant of summary judgment against the *Casey* plaintiffs, recognizing Virginia's express rejection of cross-jurisdictional equitable tolling as to unnamed, putative plaintiffs. *Casey v. Merck & Co., Inc.*, 678 F.3d 134, 138 (2d Cir. 2012). This Court has applied *Casey*'s bar of equitable tolling of statutes of limitation as to unnamed putative class plaintiffs of pendent class actions in other jurisdictions. *See Sanchez v. Lasership, Inc.*, No. 1:12-cv-246, 2012 WL 3730636, at *15 (E.D. Va. Aug. 27, 2012).

13

In light of *Casey*, the Court is compelled to reconsider its previous ruling on cross-jurisdictional equitable tolling and conclude that the Rashid Plaintiffs' common law claims are barred by Virginia's statute of limitations. It is undisputed that Plaintiff Al Shimari was the only named plaintiff in the *Saleh* action. Thus, each of the Rashid Plaintiffs was a putative, unnamed member to the *Saleh* class action. As *Casey* makes clear, the statute of limitations applicable to the Rashid Plaintiffs' claims was not tolled during the pendency of the *Saleh* class action to any unnamed putative member. *Casey*, 722 S.E.2d at 846. Under *Casey*'s reasoning, because the Rashid Plaintiffs lacked standing to assert their rights in the *Saleh* action as unnamed plaintiffs, the *Saleh* action could not "toll the running of the statutory period for unnamed putative class members who are recognized under Virginia law as plaintiffs or represented plaintiffs in the original action. *Id.* (citing *Harmon v. Sadjadi*, 639 S.E.2d 294, 302 (Va. 2007)). Therefore, the Rashid Plaintiffs, in presenting tort claims for the first time well after Virginia's statute of limitations has run, are barred from pursuing their claims in this litigation.

The Rashid Plaintiffs alternatively argue that, should the Court read *Casey* as rejecting cross-jurisdiction equitable tolling, the Court should not apply *Casey* to their claims because *Casey* is a new rule, and thus, should not be retroactively applied. The Court rejects that argument because the Virginia Supreme Court did not announce a new rule in *Casey*. Rather, the Court clarified that Virginia does not recognize cross-jurisdictional equitable tolling for putative members of previously filed class actions. A decision is applied prospectively only if (1) it established a new principle of law by overruling clear past precedent, (2) retroactive application would impede its operation, and (3) retroactive application creates substantial inequity. *City of Richmond v. Blaylock*, 440 S.E.2d 598, 599 (Va. 1994). Contrary to the Rashid Plaintiffs' position, however, *Casey* fails to satisfy the first requirement—the overturning of "clear past

precedent." In fact, *Casey* explicitly states that, at the time of the decision, there was "no authority in Virginia jurisprudence for the equitable tolling of a statute of limitations based upon the pendency of a putative class action in another jurisdiction." *Id.* at 416. Moreover, and with respect to *Casey*'s rejection of statutory tolling, the Court merely construed the Virginia statute governing equitable tolling, and in doing so did not overrule its decision in *Welding*. With the exception of this Court's 2008 Order, which is currently under reconsideration, the Rashid Plaintiffs cannot cite to any clear, binding precedent that established that Virginia had ever recognized cross-jurisdictional equitable tolling. Notably, the only precedent on this issue is the Fourth Circuit's decision in *Wade*, which cuts against their argument because that decision predicted that Virginia would not recognize equitable tolling for putative class members. Lastly, the Rashid Plaintiffs' argument is also inconsistent with various courts' retroactive application of *Casey* since it was decided. Specifically, this Court retroactively applied *Casey* to an asserted tolling period that preceded the case. *Sanchez v. Lasership*, No. 1:12-cv-246, 2012 WL 3730636, at *15 (E.D. Va. Aug. 27, 2012). Additionally, in *Flick v. Wyeth*, No. 3:12-cv-0007, 2012 WL 4458181, at *6 (W.D. Va. June 6, 2012), the Court applied *Casey* retroactively, barring a plaintiff's claims that were filed before the *Casey* decision.

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Partial Summary Judgment Based on the Statute of Limitations. (Dkt. No. 161.) The Court holds that Ohio law does not apply to the Rashid Plaintiffs' common law claims because these plaintiffs failed to avail themselves of Ohio

law, as they joined this action after the case was transferred from the Southern District of Ohio to this Court. Thus, the Rashid Plaintiffs' common law claims are subject to Virginia law.[9]

Furthermore, in light of the Virginia Supreme Court's recent declaration on the issue, the Court finds that the Rashid Plaintiffs' common law claims are barred by Virginia's statute of limitations because the claims were not tolled during the pendency of a related class action in a different jurisdiction. Accordingly, it is hereby

**ORDERED** that the Court's Order dated November 25, 2008 (Dkt. No. 76) is **VACATED**. It is further

**ORDERED** that the Defendant's Motion for Reconsideration (Dkt. No. 161) is **GRANTED**. The Rashid Plaintiffs' common law claims encompassed within Counts X, XII, XIII, XV, XVI, XVIII, XIX, and XX of the Second Amended Complaint are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

ENTERED this 19th day of March, 2013.

Alexandria, Virginia
3 / 19 / 2013

/s/
Gerald Bruce Lee
United States District Judge

---

[9] Although the Court concludes that Virginia law applies to the Rashid Plaintiffs' common law claims, this decision should not be construed as a ruling on the law governing Plaintiff Al Shimari's pending common law claims because his claims are not subject to Defendant's present Motion. Furthermore, an open question remains as to the application of state law to claims against military contractors for torts occurring overseas. *See Al Shimari*, 679 F.3d at 229-230 (Wilkinson, J., dissenting). Therefore, the Court makes no judgment on what law governs Al Shimari remaining claims.