# Exhibit 1



**DEPARTMENT OF DEFENSE**
**OFFICE OF GENERAL COUNSEL**
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

**MAR 0 7 2013**

J. William Koegel Jr.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Re:    *Al-Shimari v. CACI Int'l Inc.*, No. 1:08cv827 (E.D. Va.)

Dear Mr. Koegel:

This letter provides an initial Department of Defense (DoD) response to your correspondence to the Acting DoD General Counsel dated January 16, 2012, in which you sought by way of a Rule 45 subpoena the production of DoD documents and other materials that you believe are relevant to claims and defenses in the subject private litigation. We understand that some of your original requests have been withdrawn or modified as a result of discussions with attorneys from the Department of Justice (DOJ) representing DoD's interests in this matter. As you know, the release of official DoD information in private litigation is governed by DoD's *Touhy* regulation, DoD Directive 5405.2, "Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses," July 23, 1985, codified at 32 C.F.R. Part 97.

As an initial matter, some of the requested DoD information originated with or is in the control or possession of other DoD components and, in accordance with 32 C.F.R. § 97.6(a)(2), those requests were referred to the appropriate components. Specifically, Requests 2, 3, 4(k), 5 (as it pertains to the report referenced in 4(k)), 6 (in part), 14, 17, 22, 25, 26, and 28 (in part) were referred to the Department of the Army for direct response. In addition, Request 14 was also referred to the Department of the Navy. Navy has advised that a search of Naval Criminal Investigative Service records was conducted and no records responsive to Request 14 were located.

In partial response to your request (as modified), the attached 132 pages of DoD materials are released pursuant to 32 C.F.R. § 97.6(a)(1) and (c)(2). Many of these documents are subject to the Protective Order entered by the court on March 4, 2013 and are further identified as follows:

| DoD Bates Numbers | Subject to PO? | Responsive To? |
| --- | --- | --- |
| 00001-00002 | Yes | Request 1(j) |
| 00003-00007 | Yes | Request 7 |
| 00008-00023 | No | Request 7 |
| 00024-00026 | Yes | Request 8 |
| 00027-00030 | Yes | Request 9 |
| 00031-00046 | No | Request 10 |
| 00047-00055 | Yes | Request 10 |
| 00056-00066 | Yes | Request 11 |
| 00067 | Yes | Request 12 |
| 00068-132 | No | Requests 12 and 21 |



Other potentially responsive records have been located, including records responsive to Request 1; however, many of these records are currently classified and have been referred to the Original Classification Authority for declassification review. That process is ongoing. Other records that have been located are being reviewed for privilege and other factors outlined in 32 C.F.R. § 97.6(b). DoD will keep this *Touhy* request open and as soon as these reviews have been completed, documents that can be released will be processed and released.

In connection with your Request 4, as you were advised by DOJ counsel, publicly-releasable versions of these reports, including their attachments, annexes, and enclosures, are available in the Office of the Secretary of Defense and Joint Staff's electronic FOIA reading room. *See* http://www.dod.mil/pubs/foi/operation_and_plans/Detainee/ and http://www.dod.mil/pubs/foi/operation_and_plans/Detainee/OtherDetaineeRelatedDocuments.html. Consistent with the objections interposed by DOJ in correspondence to you on February 5, 2013, incorporated by reference and enclosed herewith, I have concluded that it would be unduly burdensome and unnecessarily cumulative for DoD to conduct new privilege and declassification reviews of these voluminous reports. Accordingly, your current Request 4 is denied. As our DOJ counsel communicated to you, however, DoD would be willing to consider requests to re-review a reasonable number of redacted documents upon a particularized showing with respect to specific documents that the publicly-available document is inadequate to litigate the specific claims and defenses relevant to this litigation.

In Request 28, several of the individuals you identify were not DoD officials or employees at any time relevant to this litigation, specifically Messrs. Addington, Flanigan, Gonzales, Nakhla, Sebastian, and Yoo and Ms. Mheisen. Current contact information for these individuals, as requested in 28(a), (n), (p), (dd), (gg), (qq), and (ccc), is as available to you as it is to DoD. Accordingly, DoD will not respond to those requests. Based on correspondence from you to Mr. James M. Ives dated March 4, 2013, it appears you already have current contact information for Admiral Church and Dr. Schlesinger. Accordingly, DoD does not intend to respond to Requests 28(f) and 28(ss). Your request relating to Colonel Kleinman (28(aa)) has been referred to the Department of the Air Force. Now that a protective order has been entered we anticipate a response to this request and to Request 28(t) will be forthcoming shortly.

DoD is continuing to search for and review other responsive materials not specifically addressed above. Consistent with our policy, *see* 32 C.F.R. 97.4, DoD will continue to make DoD information that can be released reasonably available to the parties in this third party litigation on a rolling basis.

2

Please refer any questions or requests for additional information in connection with this matter to DoD through our DOJ counsel.

Sincerely yours,

Robert E. Easton
Director, Office of Litigation Counsel
Office of Deputy General Counsel
(Legal Counsel)

Enclosures (as stated)

cc:
Scott Levin, U.S. Department of Justice
James M. Ives, U.S. Army Litigation Division

3