# Exhibit 2



DEPARTMENT OF DEFENSE
OFFICE OF GENERAL COUNSEL
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

APR - 4 2013

J. William Koegel Jr.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036-1795

Re:    *Al-Shimari v. CACI Int'l Inc.*, No. 1:08cv827 (E.D. Va.)

Dear Mr. Koegel:

This letter follows up on the previous Department of Defense (DoD) responses of March 7 and March 12, 2013, to your *Touhy* request to the Acting DoD General Counsel dated January 16, 2013 and associated Rule 45 subpoena in connection with the subject private litigation.

In my letter of March 7, 2013, I informed you that "it would be unduly burdensome and unnecessarily cumulative for DoD to conduct new privilege and declassification reviews" of the 12 voluminous reports you sought in your Request 4.  Although I denied your Request 4 with respect to 11 of the reports – the so-called Mikolashek Report was referred to the Army for response – I indicated that DoD would be willing to review (or re-review) a reasonably limited number of pages from the publicly-released documents, upon a showing that the publicly-available documents are inadequate to litigate specific claims and defenses in this lawsuit, or otherwise has more than the peripheral relevance to this litigation that the vast majority of the withheld material appears to have.  I understand from our Department of Justice (DOJ) counsel that you have declined this invitation, which was extended to both parties, and continue to insist on receiving "complete and unredacted" copies of these reports, as well as certain information related to these reports contained in your Request 5.[1]

I also understand, however, that you have prioritized the sub-parts of your Request 4.  I will treat your prioritization as a request to reconsider my earlier denial.  In that regard, we have again looked closely at the material that has been collected and is potentially responsive to Request 4(a) (so-called Taguba Report), 4(d) (so-called Jones-Fay Report), 4(h) (so-called Schlesinger Report), and 4(i) (so-called Church Report), and materials that may be responsive to Request 5 related to these four reports.

Upon reconsideration, my original determination denying your requests for materials from and related to these four reports remains appropriate pursuant to 32 C.F.R. § 97.6(b).  To the extent that materials in these reports are classified, your request is denied for that reason.  *See*

---

[1] As you previously have been informed, a search for materials responsive to Request 5 beyond the most likely locations for the information sought would be unduly burdensome because a broad search would require the diversion of DoD resources across a vast array of worldwide components.

*id.* at §§ 97.6(b)(3), (5) and (6). I also note that it is not DoD's policy or practice to conduct new reviews of material that has been the subject of previous public release without a compelling reason. Of course, one of the purposes of public releases is to spare DoD the burden of potentially limitless requests in private litigation to produce the same information. Based on our reviews of the four reports for reconsideration, there are only two pages that relate directly to any of the plaintiffs here. You were provided those materials in connection with my March 7 letter (DoD 00001 – 00002). Since you have failed to articulate why the publicly-released versions of specific documents from these reports are inadequate for your litigation needs, I find nothing that compels me to direct additional reviews of these materials.

It is my understanding that DOJ counsel has explained to you that review of the additional materials you are seeking would in most instances require referral to the combatant commands, primarily U.S. Central Command (CENTCOM). As you know, CENTCOM remains responsible for managing ongoing combat operations in Afghanistan and executing other sensitive, high-priority national security missions in the Middle East. Our experience with CENTCOM's declassification review of plaintiffs' detention files, which they conducted in response to your Request 1, demonstrates to us that even the review of a limited number of pages requires CENTCOM to divert manpower and other resources for significant periods of time from their primary warfighting mission. As you noted in your recent motion to stay conspiracy-related discovery, the courts have expressed great sensitivity to precisely the kind of burdensome diversion of resources that your requests for re-review would require. And, given the nature of the materials withheld in the public releases, including classified information and information protected from public disclosure by specific statutes, *e.g.,* 10 U.S.C. §§ 130b and 130c, it is likely that little additional information eventually would be disclosed even if additional reviews were directed. I have weighed the burden of conducting an additional review of the materials you are seeking with the likely yield of minimal additional relevant information and concluded that further action on your request would be an undue and heavy burden.

Accordingly, except as noted below in connection with discussion of specific reports, your Requests 4 and 5 for release of additional information from and related to these four reports are again denied because of the burden required to respond, as well as the classified material sought therein.

Specifically, your Requests 4 and 5 as related to the Taguba Report are denied; however, subject to the provisions of the protective order entered by the court on March 4, 2013, the enclosed 23 pages related to the Taguba Report are produced pursuant to 32 C.F.R. § 97.6(a)(1) and (c)(2):

| DoD Bates Numbers | Subject to PO? | Responsive To? |
|---|---|---|
| DoD 00512 – 00534 | Yes | Request 5, relating to Request 4(a). |

In addition, several additional pages from the Taguba Report annexes are being prepared for production and will be produced shortly. We are also in the process of determining whether names that were redacted in the previously-declassified and publicly-released eight-page

2

Executive Summary of the Taguba Report and the 53-page Taguba Report can be released subject to the protective order and will inform you when that determination is made.

With respect to the Jones-Fay Report, although we haven't heard that you have had difficulty accessing the publicly-released materials, we have been informed that the link in the Office of the Secretary of Defense and Joint Staff's electronic FOIA reading room that contained the report materials currently is not functioning. We have informed the site's host of this problem. A copy of the declassified and publicly-released report may be found at this alternate government site: http://www.au.af.mil/au/awc/awcgate/army/abu_ghraib_fay.pdf. Those portions of the annexes and appendices to the Jones-Fay Report that were publicly released may be found at this privately hosted site: http://www.aclu.org/torturefoia/released/030905/. We apologize if this technical problem has caused you any difficulty.

Specifically, your Requests 4 and 5 as related to the Jones-Fay Report are denied; however, subject to the provisions of the protective order entered by the court on March 4, 2013, the enclosed 11 pages related to the Jones-Fay Report are produced pursuant to 32 C.F.R. § 97.6(a)(1) and (c)(2):

| DoD Bates Numbers | Subject to PO? | Responsive To? |
| --- | --- | --- |
| DoD 00535 – 00545 | Yes/No (in part) | Request 5, relating to Request 4(d). |

In addition, several additional pages from the Jones-Fay Report annexes are being prepared for production and will be produced shortly.

As I'm sure you're aware, the Schlesinger Report was released without redaction to the public in August 2004 and can be found at a number of websites, including this government site: http://www.au.af.mil/au/awc/awcgate/dod/d20040824finalreport.pdf. Request 4 for the Schlesinger Report, that we produce this report again, is therefore denied because such production would be duplicative and the use of agency resources to produce already-available material would impose an undue burden. At this time, no materials responsive to Request 5 relating to the Schlesinger report have been located. I will advise you if such materials are located and can be released.

Finally, for DoD to conduct new declassification and privilege reviews of the Church Report would be unduly burdensome, particularly on the combatant commands. Such reviews would result in a loss of productivity and detract from their primary, warfighting mission. Moreover, the most relevant section of the Church Report, "The Role of Contractors in Department of Defense Interrogation Operations (U)," was publicly released without redaction, see http://www.dod.mil/pubs/foi/operation_and_plans/Detainee/church_report_3.pdf at pp. 307-315 (Bates "DoD June 3671 – 3679). Request 4 for this portion of the Church Report would therefore be duplicative and a wasteful use of agency resources.

Notwithstanding these denials, I remain willing to consider an appropriately narrowed request to consider for re-review a limited number of pages from the Church Report, as well as from the Jones-Fay and Taguba Reports. Also, I believe DOJ counsel has communicated to you

3

our willingness to authenticate via the process described in 32 C.F.R. § 516.25 those copies of the publicly-released portions of these reports or related materials that the parties request.

Please continue to refer any questions or requests for additional information to DoD through our DOJ counsel.

Sincerely yours,

for Robert E. Easton
Director, Office of Litigation Counsel
Office of Deputy General Counsel
(Legal Counsel)

Enclosures (as stated)

cc:
Scott Levin, U.S. Department of Justice
Eric Soskin, U.S. Department of Justice
James M. Ives, U.S. Army Litigation Division

4