# Exhibit 5



**Office of the Attorney General**

**Washington, D. C. 20530**

September 23, 2009

MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES
MEMORANDUM FOR THE HEADS OF DEPARTMENT COMPONENTS

FROM:    THE ATTORNEY GENERAL

SUBJECT:    Policies and Procedures Governing Invocation of the State Secrets Privilege

I am issuing today new Department of Justice policies and administrative procedures that will provide greater accountability and reliability in the invocation of the state secrets privilege in litigation. The Department is adopting these policies and procedures to strengthen public confidence that the U.S. Government will invoke the privilege in court only when genuine and significant harm to national defense or foreign relations is at stake and only to the extent necessary to safeguard those interests. The policies and procedures set forth in this Memorandum are effective as of October 1, 2009, and the Department shall apply them in all cases in which a government department or agency thereafter seeks to invoke the state secrets privilege in litigation.

## 1. Standards for Determination

**A. Legal Standard.** The Department will defend an assertion of the state secrets privilege ("privilege") in litigation when a government department or agency seeking to assert the privilege makes a sufficient showing that assertion of the privilege is necessary to protect information the unauthorized disclosure of which reasonably could be expected to cause significant harm to the national defense or foreign relations ("national security") of the United States. With respect to classified information, the Department will defend invocation of the privilege to protect information properly classified pursuant to Executive Order 12958, as amended, or any successor order, at any level of classification, so long as the unauthorized disclosure of such information reasonably could be expected to cause significant harm to the national security of the United States. With respect to information that is nonpublic but not classified, the Department will also defend invocation of the privilege so long as the disclosure of such information reasonably could be expected to cause significant harm to the national security of the United States.

**B. Narrow Tailoring.** The Department's policy is that the privilege should be invoked only to the extent necessary to protect against the risk of significant harm to national security. The Department will seek to dismiss a litigant's claim or case on the basis of the state secrets privilege only when doing so is necessary to protect against the risk of significant harm to national security.

Memorandum for Heads of Executive Departments and Agencies                    Page 2
Memorandum for the Heads of Department Components
Subject:  State Secrets Privilege

**C.  Limitations.**  The Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security.

## 2.  Initial Procedures for Invocation of the Privilege

**A.  Evidentiary Support.**  A government department or agency seeking invocation of the privilege in litigation must submit to the Division in the Department with responsibility for the litigation in question[1] a detailed declaration based on personal knowledge that specifies in detail: (i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm; and (iv) any other information relevant to the decision whether the privilege should be invoked in litigation.

**B.  Recommendation from the Assistant Attorney General.**  The Assistant Attorney General for the Division responsible for the matter shall formally recommend in writing whether or not the Department should defend the assertion of the privilege in litigation.  In order to make a formal recommendation to defend the assertion of the privilege, the Assistant Attorney General must conclude, based on a personal evaluation of the evidence submitted by the department or agency seeking invocation of the privilege, that the standards set forth in Section 1(a) of this Memorandum are satisfied.  The recommendation of the Assistant Attorney General shall be made in a timely manner to ensure that the State Secrets Review Committee has adequate time to give meaningful consideration to the recommendation.

## 3.  State Secrets Review Committee

**A.  Review Committee.**  A State Secrets Review Committee consisting of senior Department of Justice officials designated by the Attorney General will evaluate the

---

[1] The question whether to invoke the privilege typically arises in civil litigation.  Requests for invocation of the privilege in those cases shall be addressed to the Civil Division.  The question whether to invoke the privilege also may arise in cases handled by the Environment and Natural Resources Division (ENRD), and requests for invocation of the privilege shall be addressed to ENRD in those instances.  It is also possible that a court may require the Government to satisfy the standards for invoking the privilege in criminal proceedings.  *See United States v. Araf*, 533 F.3d 72, 78-80 (2d Cir. 2008); *but see United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009).  In such instances, requests to submit filings to satisfy that standard shall be directed to the National Security Division.

*Memorandum for Heads of Executive Departments and Agencies*                    *Page 3*
Memorandum for the Heads of Department Components
Subject:  State Secrets Privilege

Assistant Attorney General's recommendation to determine whether invocation of the privilege in litigation is warranted.

**B. Consultation.**  The Review Committee will consult as necessary and appropriate with the department or agency seeking invocation of the privilege in litigation and with the Office of the Director of National Intelligence.  The Review Committee must engage in such consultation prior to making any recommendation against defending the invocation of the privilege in litigation.

**C. Recommendation by the Review Committee.**  The Review Committee shall make a recommendation to the Deputy Attorney General, who shall in turn make a recommendation to the Attorney General.[2]  The recommendations shall be made in a timely manner to ensure that the Attorney General has adequate time to give meaningful consideration to such recommendations.

4.  **Attorney General Approval**

**A. Attorney General Approval.**  The Department will not defend an assertion of the privilege in litigation without the personal approval of the Attorney General (or, in the absence or recusal of the Attorney General, the Deputy Attorney General or the Acting Attorney General).

**B. Notification to Agency or Department Head.**  In the event that the Attorney General does not approve invocation of the privilege in litigation with respect to some or all of the information a requesting department or agency seeks to protect, the Department will provide prompt notice to the head of the requesting department or agency.

**C. Referral to Agency or Department Inspector General.**  If the Attorney General concludes that it would be proper to defend invocation of the privilege in a case, and that invocation of the privilege would preclude adjudication of particular claims, but that the case raises credible allegations of government wrongdoing, the Department will refer those allegations to the Inspector General of the appropriate department or agency for further investigation, and will provide prompt notice of the referral to the head of the appropriate department or agency.

---

[2] In civil cases, the review committee's recommendation should be made through the Associate Attorney General to the Deputy Attorney General, who shall in turn make a recommendation to the Attorney General.

Memorandum for Heads of Executive Departments and Agencies                    Page 4
Memorandum for the Heads of Department Components
Subject:  State Secrets Privilege

## 5.  Reporting to Congress

The Department will provide periodic reports to appropriate oversight committees of Congress with respect to all cases in which the Department invokes the privilege on behalf of departments or agencies in litigation, explaining the basis for invoking the privilege.

## 6.  Classification Authority

The department or agency with classification authority over information potentially subject to an invocation of the privilege at all times retains its classification authority under Executive Order 12958, as amended, or any successor order.

## 7.  No Substantive or Procedural Rights Created

This policy statement is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity, by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.