# Exhibit 2



J. William Koegel Jr.
202 429 6408
wkoegel@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

January 16, 2012

Robert S. Taylor, Esq.
Acting General Counsel
United States Department of Defense
1600 Defense Pentagon
Washington, D.C.  20301-1600

Re:    **Production of Documents Pursuant to Subpoena**
        ***Al-Shimari v. CACI Premier Technology, Inc. (1:08-CV-00827-GBL-JFA)***

Dear Mr. Taylor:

On behalf of Defendant CACI Premier Technology, Inc. ("CACI PT") in the above-referenced action, I write to request production of documents pursuant to the enclosed subpoena. CACI PT, pursuant to a contract with the United States, provided intelligence support services to the U.S. military in Iraq.  CACI PT has been sued by four Iraqis who allege that CACI PT participated in a conspiracy with military personnel to mistreat them at Abu Ghraib prison in Iraq.  Plaintiffs seek damages for injuries allegedly inflicted during their detention.  Neither the United States nor any department is a party in this action.  The United States, however, was invited by the U.S. Court of Appeals for the Fourth Circuit to participate in an appeal of a district court decision denying CACI PT's motion to dismiss, given the obvious interests of the U.S. implicated in the action.  The United States did participate in an *amicus* capacity in that appeal. *See Al-Shimari, et al. v. CACI International Inc, et al.,* 679 F.3d 205 (4th Cir. 2012).  While CACI PT believes this lawsuit is without merit, the action is proceeding through discovery.  In an effort to defend itself, CACI PT has served the enclosed subpoena on the Department of Defense to produce documents that we believe will show that Plaintiffs' allegations are meritless. CACI PT's potential need for these documents was communicated to DoD and to DoJ years ago.

CACI PT requests documents concerning the named Plaintiffs, detainee operations and abuse, and contact information for individuals who we believe have knowledge on these subjects.  These requests will not unduly burden the Department or interfere with ongoing enforcement proceedings. Suffice it to say, the information sought by the subpoena has received extensive, continuous and priority attention from the Department of Defense over the last 8+ years.  The Department of Defense has undertaken multiple reviews and investigations of the very subject matter of the lawsuit filed against CACI PT, and of the documents sought by CACI PT's subpoena.  Accordingly, military personnel have already searched for, collected, and



Robert S. Taylor, Esq.
January 16, 2013
Page 2

analyzed likely all of the material sought by CACI PT's subpoena. To the extent responsive information is privileged or classified, appropriate redactions, or document-handling protocols, can protect the Department while at the same time allowing the CACI PT to defend itself against the allegations, including those relating to a purported Government/contractor conspiracy. Indeed, virtually all the material that CACI needs to defend itself is in the exclusive possession of the United States.

We are willing to pay all fees associated with the collection, duplication, and production of documents in response to the subpoena.

Please call me should you have any questions about our requests.

Sincerely,

J. William Koegel Jr.

cc:    Kyle R. Freeny, Esq.
       Federal Programs Branch
       United States Department of Justice

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Suhail Najim Abdullah Al Shimari, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| CACI Premier Technology, Inc. | ) |
| *Defendant* | ) |

Civil Action No.    1:08-CV-00827-GBL-JFA

(If the action is pending in another district, state where:

Eastern District of Virginia              )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   United States Department of Defense

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment 1.

| Place: Steptoe & Johnson LLP <br> 1330 Connecticut Avenue, N.W. <br> Washington, DC 20036 | Date and Time: <br><br> 02/18/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/16/2013

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Defendant CACI Premier Technology, Inc.    , who issues or requests this subpoena, are:

J. William Koegel, Jr.,
Steptoe & Johnson LLP, 1330 Connecticut Avenue, N.W., Washington, DC 20036
Telephone: (202) 429-6408  Email: wkoegel@steptoe.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:08-CV-00827-GBL-JFA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT 1

### DEFINITIONS AND INSTRUCTIONS

1.      "The CACI Defendants" or "CACI" refers to CACI International Inc. and CACI Premier Technology, Inc., and for the purposes of your response to this subpoena shall include all parent corporations, subsidiaries, predecessors in interest, and any present or former division, affiliates (including other subsidiaries of any parent company at any tier), directors, officers, employees, attorneys, agents, servants, consultants to, contractors to, or representatives thereof.

2.      "You" and "Your" refer to the Department of Defense and each and every parent or affiliated organization (including but limited to the Coalition Provisional Authority), subsidiary organization (including but not limited to the Department of the Army), agency, or unit; directors, officers, employees, attorneys, agents, servants, consultants to, contractors to, or representatives thereof.

3.      "Coalition Forces" means the forces of the countries identified in the March 27, 2003 White House Press Release who supported the 2003 invasion of Iraq and subsequent military presence in Iraq since 2003.

4.      "Named Plaintiffs" shall mean any and all persons identified as plaintiffs in the *Al Shimari* Amended Complaint, including:

> Suhail Najim Abdullah Al Shimari (detainee # 153913)
> Taha Yaseen Arraq Rashid (detainee # 150803)
> Asa'ad Hamza Hanfoosh Al-Zuba'e (detainee # 152529)
> Salah Hasan Nsaif Jasim Al-Ejaili (detainee # 152735 or 21251)

5.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

6.      The use of any verb tense shall be considered to include within its meaning all other tenses of the verb so used to make the request inclusive rather than exclusive.

7.      The term "detainee" means any person taken into custody by Coalition Forces, the United States, or any agency thereof, in Iraq, or turned over by any other person or entity to a United States agency, official, or employee for detention in Iraq.

8.      The term "ghost detainee" means any person taken into custody by Coalition Forces, the United States, or any agency thereof, in Iraq, and who was not registered or recorded in accordance with DoD practices and procedures, or whose identity or status as a detainee was otherwise concealed, or whose identity or status as a detainee was not listed in reports made to the International Committee of the Red Cross, or any other international organization  that purported to identify those persons detained  in Iraq.

1

9.     The term "interrogation" means any process of interviewing or questioning of a detainee for the purpose of obtaining information.

10.     The terms "any," "all," and "each" shall be interchangeable as necessary to call for the broadest possible response.

11.     The conjunctions "and" and "or" shall be individually interpreted in every instance to mean "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

12.     A document that "refers" or "relates" to a specified subject matter shall include any document that constitutes, embodies, reflects, identifies, refers to, comments on, responds to, describes, analyzes, or contains information concerning, or is in any way pertinent to that subject matter.

13.     Each specification with respect to production of documents should be construed independently and not by reference to any other request herein for purposes of limitation.

14.     Unless otherwise indicated, the time period covered by these requests is January 1, 2003 to the present.

15.     If any document requested was formerly in your possession, custody, or control and has been lost or destroyed, or has ceased to be within your control, submit in lieu of each such document a written statement which (a) describes in detail the nature of the document and its contents, (b) identifies the person who prepared or authorized the document, and if applicable, the person(s) to whom the document was sent, and (c) specifies the date on which the document was lost or destroyed, and if destroyed, the contents and the identity of the person requesting and performing the destruction.

16.     Each document requested herein shall be deemed to call for the production of the original document or documents.  If the original is not available, then a copy shall be produced. In addition, any copy of a document shall be produced if it differs in any respect from the original.

17.     To the extent that you consider any of the following document requests objectionable, respond to each part thereof as is not objectionable in your view, and separately identify that part of the request that you find objectionable and state the grounds for each such objection.

18.     Any privilege objection which you raise should be confined to that portion of the document request for which you make such a claim and shall not excuse you from otherwise responding to the request to the fullest extent possible consistent with preserving your claim of privilege.

19.     If you object to any document request on grounds of privilege, identify each document with respect to which privilege is claimed, and provide the reason for withholding; a statement of facts constituting the basis for any claim of privilege or other ground of non-production; and a brief description of the document, including:

2

(a)     the date of the document;

(b)     the name of its author, authors, or individual preparing and identification by employment and title of each such person;

(c)     the name of each person who was sent or has had access to, or custody of the document, together with an identification of each such person;

(d)     the numbered request to which the document relates; and

(e)     in the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation.

20.     Documents are to be produced for inspection and copying as they are kept in the usual course of business, or organized and labeled to correspond with the categories in this request, but all documents shall be produced in accordance with a single approach.

21.     In seeking information to respond to this request, you are required to examine all possible forms of storing verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records.  In searching for non-paper sources of information, you are required to search computer or other electronic or optical forms of information storage formats.

22.     "Document" is defined in the broadest terms permitted by the Federal Rules of Civil Procedure, and means, without limitation, any writings, drawings, graphs, charts, photographs, audio or phono records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, including all drafts and non-identical copies of documents in the possession, custody, or control of Plaintiffs or their agents, employees, attorneys, investigators, or consultants.

23.     The term "identity" with respect to any person means that person's full name, any alias(es), current address, phone number(s), and email address, and current work assignment and location.

24.     The term "thing" is defined in the broadest terms permitted by the Federal Rules of Civil Procedure and means, without limitation, any prototype, model, specimen, commercially manufactured item or other tangible thing.

25.     "Communication" means any written or oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, including, but not limited to, communications and statements that are face-to-face and those that are transmitted by writing or by media such as intercoms, telephones, including cellular phones, computers, television and/or radio. "Communication" includes all transfer of information by and between any natural persons or business, corporate, governmental, or other organizational entities, or by and between representatives, employees, agents, brokers, and/or servants of any natural person or business, corporate, governmental, or other organizational entity.

3

26.    "Person" means any natural person, any business entity (including but not limited to any partnership, firm, sole proprietorship, joint venture, association (including unincorporated associations), cooperative, trust, or corporation), or any governmental entity or department, agency, bureau, or political subdivision thereof.

27.    "Privilege" as used in this document request is defined as incorporating the attorney-client privilege, any other statutory or non-statutory privileges.

## REQUESTS

1.    All documents relating to the arrest, detention, imprisonment or interrogation of any Named Plaintiff, including but not limited to:

> (a)    Documents sufficient to demonstrate the reason or reasons that each Named Plaintiff was arrested, detained, or imprisoned by Coalition Forces or the U.S. Government.

> (b)    Copies of any reports on which the arrest of any Named Plaintiff was based or upon which the interrogation of any Named Plaintiff was based or conducted.

> (c)    Documents sufficient to demonstrate the location of each Named Plaintiff throughout the period of their arrest, detention, or imprisonment.

> (d)    Documents sufficient to show the identity of any persons participating in any interrogation of a Named Plaintiff.

> (e)    All documents relating to any interrogation of any Named Plaintiff, including but not limited to detainee interrogation logs, interrogation plans, and reports of interrogation.

> (f)    Documents sufficient to show the identity of all individuals with knowledge of the interrogation or any abuse of each Named Plaintiff.

> (g)    All documents or things relating to oral or written approvals sought or granted for any particular methods of interrogation or techniques of any Named Plaintiff.

> (h)    All photographs of any Named Plaintiff, including but not limited to any photographs used for identification of Named Plaintiffs.

> (i)    All documents relating to any allegation of abuse, misconduct or mistreatment of any Named Plaintiff.

> (j)    Any sworn or unsworn statement provided by any Named Plaintiff to any member of the U.S. military or the CIA, including but not limited to any investigator.

4

(k)     All medical records of any Named Plaintiff, including but not limited to any records of any treatment, including psychiatric treatment, for any injuries, physical, mental, or emotional.

(l)     All documents or things reflecting any denial of medical treatment to any Named Plaintiff.

(m)     All documents relating to any investigation of any kind by the U.S. of any of the Named Plaintiffs.

(n)     All Serious Incident Reports (SIRs) that relate in any way to any of the Named Plaintiffs.

(o)     All documents reflecting "Lessons Learned," sensing sessions, Memoranda for Record (MFRs), or after-action reports (AARs) that relate in any way to the arrest, detention, or interrogation of any Named Plaintiff.

2.     All documents relating to any claims submitted to the U.S. military by any Named Plaintiff seeking redress for injuries allegedly sustained or arising out of activities or events that occurred in Iraq during 2003 through 2005, including but not limited to claims submitted pursuant to the Foreign Claims Act, the Military Claims Act, the pledge by the Secretary of Defense to recompense claims for alleged mistreatment in Iraq, and/or the provisions of Army Regulation 27-20.

3.     Reports of investigation of any such claims as referenced in the preceding request; documents reflecting any proposed settlement or offers of settlement for such claims; documents reflecting any final settlement of such claims, including any releases; and documents reflecting any awards offered, made, or distributed to such claimants.

4.     A complete and unredacted copy of reports relating to detainee operations or detainee abuse, including any appendices, exhibits, or other attachments, including but not limited to:

(a)     Taguba Report (MG Antonio M. Taguba Article 15-6 Investigation of the 800th Military Police Brigade);

5

(b)     Miller Report (9 September 2003 Assessment of DoD Counter-Terrorism Interrogation and Detention Operations in Iraq, MG Geoffrey D. Miller);

(c)     Ryder Report (5 November 2003 Report on Detention and Corrections Operations in Iraq, MG Donald J. Ryder);

(d)     Jones/Fay Report (Article 15-6 Investigation of the Abu Ghraib Prison and 205th Military Intelligence Brigade by Lieutenant General Jones and the Article 15-6 Investigation of the Abu Ghraib Detention Facility and 205th Military Intelligence Brigade by Major General Fay);

(e)     Herrington Report (report of COL (Ret.) Stuart A. Herrington directed by General Barbara Fast);

(f)     Formica Report (Article 15-6 conducted by BG Richard P. Formica pursuant to memorandum dated 15 May 2004);

(g)     Schmidt-Furlow Report (July 14, 2005 report prepared by Lt. Gen. Randall Schmidt, commander of the 12th Air Force and Brig. Gen. John Furlow, deputy commander for Support, United States Army South);

(h)     Schlesinger Report (Final Report of the Independent Panel to Review DoD Detention Operations, August 2004);

(i)     Church Report (report of Vice Admiral Albert T. Church, III, Director of the Navy Staff, relating to Review of Department of Defense Detention Operations and Detainee Interrogation Techniques);

(j)     Assessment of Detainee Medical Operations for OEF, GTMO, and OIF, Office of the Surgeon General Army, 13 April 2005;.

(k)     DAIG Report – Report of LTG Paul T. Mikolashek, Department of the Army Inspector General Inspection Report on Detainee Operations dated 21 July 2004;

(l)     Any reports of the Working Group to Assess the Legal, Policy, and Operational Issues Relating to Interrogation of Detainees Held by the U.S. Armed Forces in the War on Terrorism.

5.     Any notes, interview memoranda, witness statements, or any other record of interviews (including any audio, video, photographic or other recording) relating to the reports identified in the preceding request.

6.     Any recommendations for disposition, or any other records of disciplinary actions relating to the reports identified in the preceding requests, including but not limited to reports of

proceedings by investigating officers or boards (DA Form 1574 or otherwise), charge sheets (DA Form 458 or otherwise), or records of administrative or other disciplinary proceedings considered or instituted.

7.      Documents sufficient to show the organization, structure, and staffing of the Joint Interrogation and Debriefing Center ("JIDC") and the Interrogation Control Element ("ICE") during 2003-2005.

8.      Documents sufficient to show the organization, structure and staffing of the Military Intelligence command and the Military Police command in Iraq during 2003-2005.

9.      All Interrogation Rules of Engagement (IROEs) in effect in Iraq during 2003-2005, including drafts and proposed revisions to Interrogation Rules of Engagement.

10.     All Rules of Interaction (ROI) in effect in Iraq during 2003-2005, including drafts and proposed revisions to Rules of Interaction.

11.     All interrogation and counter-resistance policy memoranda relating to detainee interrogations in Iraq during 2003-2005.

12.     All documents relating to operational control of interrogations at Abu Ghraib Detention facility during 2003-2005.

13.     Personnel files and photographs of all U.S. military interrogators and military police personnel present at Abu Ghraib Detention facility at any point from 2003-2005.

14.     All documents relating to any investigation of any person employed by or affiliated with CACI with respect to any activity in Iraq during 2003-2005.

15.     All documents discussing, referencing, or relating to the presence of "ghost detainees" at Abu Ghraib prison, including but not limited to any memorandum of understanding involving the Central Intelligence Agency, during 2003-2005.

16.     Copies of any briefings or other training presentation on the Rules of Engagement (IROE), Geneva Conventions, the Law of War, or culture classes used in connection with operations in Iraq, either presented in Iraq or elsewhere as part of in-processing, and including but not limited to any briefings or training  presented by any Mobile Training Teams during 2003-2005.

17.     Complete and unredacted copies of Army Field Manuals or Army Regulations relating to Interrogation and applicable in Iraq during 2003-2005, including but not limited to FM 34-52, and any proposed or actual revisions thereto, including but not limited to Field Manual (FM) 2-22.3.

18.     Photographs and personnel records of any Titan, L-3 Titan, L-3 Services, or CIA personnel who participated in any interrogation at Abu Ghraib Detention facility at any point from 2003-2005.

19.     Photographs of any CACI interrogation personnel in Iraq during 2003-2005.

20.     All documents that refer or relate to any purported "quotas" imposed by the United States for intelligence gathering in Iraq during 2003-2005.

21.     All documents or things relating to the establishment of or working guidelines for "Human Exploitation Teams" or interrogation "Tiger Teams"  in Iraq during 2003-2005.

22.     All forensic reports or other records, including but not limited to photo logs or other records of the Criminal Investigative Division Computer Crime Investigative Unit, that relate in any way to any photographs or video produced in response to this subpoena.

23.     All documents  relating to any reports by or to the International Committee of the Red Cross (ICRC) or Amnesty International relating to alleged torture, abuse, or other mistreatment of detainees at Abu Ghraib prison during 2003-2005.

8

24.     All communications with the ICRC or Amnesty International that relate in any way to the arrest, detention, or imprisonment of detainees at Abu Ghraib prison from 2003-2005.

25.     All records of trial, including all prosecution, defense, and appellate exhibits relating thereto, from the courts-martial of the following United States Army personnel: Lieutenant Colonel Steven Jordan, Sergeant Santos Cardona, Sergeant Michael Smith, Staff Sergeant Ivan Frederick, Specialist Charles Graner, Jr., Private First Class Lynndie England, Specialist Megan Ambuhl, Sergeant Javal Davis, Specialist Jeremy Sivits, Specialist Armin Cruz, and Specialist Sabrina Harman.

26.     All documents relating to nonjudicial punishment proceedings or other administrative or disciplinary proceedings in which the person subject to such proceedings or punishment was Colonel Thomas Pappas or Brigadier General Janis Karpinski, including any transcripts relating to such proceedings.

27.     All documents relating to any interviews, depositions, interrogations or other question and answer sessions, relating in any way to the treatment of detainees in Iraq, between any official, employee, or agent of the United States and any of the following persons: (1) any persons identified in the preceding two requests; (2) Major General Barbara Fast; (3) Captain Carolyn Wood; (4) Colonel Steven Boltz; and/or (5) Major Brent Price.

28.     Documents sufficient to show the current address, telephone numbers, and email address for each of the following:

> (a)     Addington, David (Chief of Staff to Vice President Cheney, allegedly involved in establishing interrogation policy)
>
> (b)     Ambuhl, Megan (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)
>
> (c)     Boltz, Colonel Steven, U.S. Army (military intelligence officer working for MG Fast in Iraq)

9

(d)     Brady, Colonel William, U.S. Army (contracting officer's representative for CACI contract)

(e)     Cardona, Santos, U.S. Army (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(f)     Church, III, Vice Admiral Albert T., U.S. Navy (conducted investigation of detainee operations in Iraq)

(g)     Cruz, Armin, U.S. Army (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(h)     Daniels, Major Eugene, U.S. Army (contracting officer's representative for CACI contract)

(i)     Davis, Javal (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(j)     Emerson, Sergeant Major Marc, U.S. Army (alleged as co-conspirator by Plaintiffs)

(k)     England, Lynndie (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(l)     Fast, Major General Barbara, U.S. Army (in charge of military intelligence in Iraq)

(m)     Fay, Major General George, U.S. Army (conducted investigation of detainee operations in Iraq)

(n)     Flanigan, Timothy (Deputy White House Counsel, allegedly involving in establishing interrogation policy)

(o)     Frederick, II, Ivan L. (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(p)     Gonzales, Alberto (allegedly involved in setting interrogation policy)

(q)     Graham, Jon D., U.S. Army (alleged as co-conspirator by Plaintiffs)

(r)     Graner, Charles (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(s)     Harman, Sabrina (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(t)     Haynes, II, William J. (Defense Department General Counsel, allegedly involved in setting interrogation policy)

10

(u)    Herrington, Colonel Stuart, U.S. Army (authored report on detainee interrogations)

(v)    Jones, Lieutenant General Anthony, U.S. Army (conducted investigation of detainee operations in Iraq)

(w)    Jordan, Lieutenant Colonel Steve, U.S. Army (supervised detainee operations at Abu Ghraib prison)

(x)    Karpinski, Colonel Janis, U.S. Army (supervised MP operations in Iraq)

(y)    Kern, General Paul, U.S. Army (conducted investigation of detainee operations in Iraq)

(z)    Ketzer, John, U.S. Army (alleged as co-conspirator by Plaintiffs)

(aa)   Kleinman, Colonel Steven, U.S. Air Force (military interrogator who testified before Congress regarding interrogation operations)

(bb)   Krol, Roman (soldier convicted of detainee abuse at Abu Ghraib prison, alleged as co-conspirator by Plaintiffs)

(cc)   Lipinski, Sergeant Brian G., U.S. Army (alleged as co-conspirator by Plaintiffs)

(dd)   Mheisen, Etaf (L-3 employee alleged as co-conspirator by Plaintiffs)

(ee)   Miller, Major General Geoffrey, U.S. Army (participated in establishing detainee policy in Iraq)

(ff)   Miller, Major General Thomas, U.S. Army (Director of Operations for CJTF-7)

(gg)   Nakhla, Adel (L-3 employee alleged as co-conspirator by Plaintiffs)

(hh)   Pappas, Colonel Thomas, U.S. Army (brigade commander at Abu Ghraib prison)

(ii)   Phillabaum, Colonel Jerry, U.S. Army (commanded MP detachment at Abu Ghraib prison)

(jj)   Price, Major Brent, U.S. Army (military intelligence officer at Abu Ghraib prison)

(kk)   Price, Major David M., U.S. Army (Operations Officer at JIDC at Abu Ghraib prison)

(ll)   Raeder, Lieutenant Lewis C., U.S. Army (alleged as co-conspirator by Plaintiffs)

11

(mm)   Reese, Captain Donald, U.S. Army (alleged as co-conspirator by Plaintiffs)

(nn)   Rivera, Israel, U.S. Army (alleged as co-conspirator by Plaintiffs)

(oo)   Ryder, Provost Marshall General Donald J., U.S. Army (conducted investigation of detainee operations in Iraq)

(pp)   Sanchez, Lieutenant General Ricardo, U.S. Army (overall control of intelligence-collection efforts in Iraq)

(qq)   Sebastian, Betty, U.S. Department of Interior (contracting officer at Department of Interior)

(rr)   Schlegel, Hannah, U.S. Army (alleged as co-conspirator by Plaintiffs)

(ss)   Schlesinger, James (conducted investigation of detainee operations in Iraq)

(tt)   Sivits, Jeremey (alleged as co-conspirator by Plaintiffs)

(uu)   Smith, Michael (alleged as co-conspirator by Plaintiffs)

(vv)   Snider, Sergeant Shannon K., U.S. Army (alleged as co-conspirator by Plaintiffs)

(ww)   Spencer, Luciana, U.S. Army (alleged as co-conspirator by Plaintiffs)

(xx)   Taguba, Major General Antonio, U.S. Army (conducted investigation of detainee operations in Iraq)

(yy)   Thompson, Major Michael D., U.S. Army (Deputy Operations Officer at JIDC at Abu Ghraib prison)

(zz)   Warren, Colonel Marc, U.S. Army (Staff JAG for Multinational Forces in Iraq, allegedly offered guidance on interrogation issues)

(aaa)   Wojdakowski, Major General Walter, U.S. Army (conducted investigation of detainee operations in Iraq)

(bbb)   Wood, Captain Carolyn, U.S. Army (alleged as co-conspirator by Plaintiffs)

(ccc)   Yoo, John (allegedly involved in developing detainee interrogation policy)

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2013, I caused a copy of the foregoing to be served, by email and first class U.S. mail, postage prepaid, on the following counsel of record:

George Brent Mickum IV
Law Firm of George Brent Mickum IV
5800 Wiltshire Drive
Bethesda, Maryland 20816
gbmickum@gmail.com

Susan L. Burke
Burke PLLC
1000 Potomac Street, N.W.
Washington, D.C. 20007
(215) 487-6596 – telephone
sburke@burkeoneil.com

Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
bazmy@ccrjustice.org


J. William Koegel, Jr.
Virginia Bar No. 38243
Attorney for Defendant CACI Premier Technology,
    Inc., and CACI International Inc
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 - telephone
(202) 429-3902 – facsimile
wkoegel@steptoe.com