# Exhibit 7

 **U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

---

Eric J. Soskin
Trial Attorney
ARG: ESoskin

Tel:     (202) 353-0533
Fax:     (202) 616-8460
Email:   Eric.Soskin@usdoj.gov

March 22, 2013

Sarah H. Lorr
Associate
Patterson Belknap Webb & Tyler
1133 Avenue of Americas
New York, New York 10036

<u>Via Email</u>

   Re:   Depositions of Interrogation Personnel in *Al Shimari v. CACI*

Dear Sarah:

   This letter further describes the government's proposal to authorize depositions of Abu Ghraib interrogation personnel, including the authorization of questions about specific detainees, subject to conditions to protect their names, identities, and visual representations from disclosure. This proposal would apply, at the parties' request, to any individual whose identity in connection with the interrogation of a particular detainee is protected pursuant to DoD Directive 3115.09 ("the Directive"), *i.e.* "DoD interrogators, debriefers, contract interrogators, support personnel, and foreign government interrogators."[1] We have identified five individuals who conducted interrogations of three of the plaintiffs. In addition to authorizing the depositions of these five persons, the parties may identify by name other interrogation personnel they wish to depose.

   Here are the conditions that we anticipate as part of this authorization.

-   Each individual to be deposed will be assigned a case-specific pseudonym, *e.g.* "Interrogator A," "Interrogator B."

-   To ensure that protection is properly provided by the use of pseudonyms, the parties must identify up front all individuals that they wish to depose using this method. This will allow us to assign the pseudonyms at the beginning, allow deponents to refer to

---

[1] To the extent a party seeks to depose one of these individuals without the use of a pseudonym, the United States will consider authorizing such a deposition. However, in keeping with the Directive, absent the use of a pseudonym, the United States will not authorize one of these individuals to answer questions about their interrogations of any individual detainee or to answer any other questions likely to release information protected by the Directive.

- 2 -

other interrogation personnel by those pseudonyms and ensure that no single name requested is immediately connected to a new pseudonym.[2]

- The government will disclose to the parties which, if any, named plaintiffs were interrogated by a particular individual assigned a pseudonym. To the extent that the government has determined that a named plaintiff was not interrogated or to the extent that the government is unable to identify the interrogation personnel associated with a named plaintiff, the government will disclose that information to the parties.

- Several interrogation personnel have been previously identified by name in connection with this litigation. To the extent that a party requests that one of these individuals, or another individual identified by name, be made available for deposition by pseudonym, once a pseudonym has been assigned, the government will not confirm the identity of that individual in connection with his pseudonym nor inform the parties whether that individual is one that the government would otherwise have authorized to be deposed.

- The government will disclose whether an individual whose pseudonymous deposition is requested is unavailable to be deposed but will not disclose that individual's identity.

- Each deposition will be conducted by telephone. An individual authorized to administer oaths in the place where the deponent is located shall administer an oath at the beginning of each deposition. The location of the deponent, which may not be the same as the location of counsel, will not be supplied to the parties in advance.

- A court reporter will transcribe the deponent's answers and shall be located at the place where counsel for the parties are located.

- Depositions will be recorded using audio means. These recordings shall be retained only by the government, and copies will be made available to the parties only on a subsequent showing of need.

- Deponents will be authorized to disclose whether they were a member of the Army or a contractor for CACI during the time they worked at Abu Ghraib ("AG").  However, deponents will not be authorized to disclose any additional information regarding the scope of their employment that would tend to reveal their identity. Such information may potentially include, but would not be limited to, the specific dates they were in Iraq or at AG, the scope of their employment, or their training, or education outside of their role as a military intelligence interrogator.  Deponents will not be permitted to provide any biographical information that would tend to reveal their identity.  They may provide, however, their general education level and, to the extent they are or were in the military, their rank during the time they served at AG.

---

[2] To the extent that additional interrogation personnel are identified during the course of these depositions, the government will assign additional pseudonyms and may authorize their depositions, provided, among other things, that the timing of authorization and assignment of additional pseudonyms would not tend to reveal their identity.

- 3 -

- When discussing interrogations, deponents will only be authorized to provide factual information within their own personal knowledge. As with other depositions of U.S. government personnel, they will not be authorized to testify as an expert, offer opinions, or answer hypothetical questions, nor to provide official information that is classified, privileged, or otherwise protected by law from public disclosure, with the exception of information the Court has authorized may be disclosed via the protective order issued in this case.

- Deponents will be authorized to discuss any instructions they provided to or interactions with other interrogation personnel or military police officers that relate to their interrogations of named plaintiffs.  Interrogators are not authorized to disclose identifying information of other interrogation personnel or the military police officers where such information would associate another person whose identity is protected by the Directive with the interrogation, debriefing, or other intelligence questioning of a specific detainee. To permit the parties latitude in the answers they may receive, deponents will be provided a list of the pseudonyms adopted for this litigation for reference during their deposition so that they may use these pseudonyms to discuss other individuals.

- Under this proposal, at no time will the government confirm the identity of an individual who testifies pseudonymously.

- Deponents may be represented by personal counsel.  The government will work with such counsel if necessary to take appropriate measures to safeguard information protected by the Directive.

- These procedures must be authorized by the Court pursuant to a protective order in this litigation in advance of any depositions of individuals protected by pseudonym taking place. The protective order will establish that this procedure is necessary to protect the United States and the individual deponents from harm and undue burden.

- The protective order will further require that the parties use any information obtained through the depositions of individuals protected by the Directive only in connection with the pseudonyms used to identify individuals and that the parties shall make no attempt in their filings or appearances before the Court to link any of the pseudonyms to the real name or identity of any interrogation personnel. All information obtained in connection with the assignment of pseudonyms to individuals or their pseudonymous depositions will be treated as information subject to the protective order previously entered in this litigation.

- The government reserves its right to impose further conditions on the authorization of any individual to provide deposition testimony.  The government also reserves its right to withdraw from this proposal or not to allow the depositions of anonymous interrogators to proceed at any time, and in particular where it concludes that the above conditions are either insufficient to protect information that is classified, privileged, or otherwise protected by law, including information subject to DoD

- 4 -

directive 3115.09, or where it concludes that the conditions in this proposal are otherwise unworkable.

- Except to the extent modified above, we anticipate these depositions otherwise proceeding according to the Federal Rules of Civil Procedure.

    Please let us know if you have any questions about these procedures. We will consider suggested changes to the extent that we can continue to protect classified information and other privileged matters.


                                Best Regards,


                                ___/s/ Eric J. Soskin_____
                                Eric J. Soskin
                                Trial Attorney
                                United States Department of Justice