# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. No. 08-cv.0827 GBL-JFA |
| CACI PREMIER TECHNOLOGY, INC., Defendant. | ) ) ) ) | |

DECLARATION OF DAVID E. HOFFMAN

I, DAVID E. HOFFMAN, make this declaration in support of the Government's Opposition to Plaintiffs' Motion to Compel the Production of Documents from the Department of Homeland Security in *al-Shimari v. CACI International, Inc.*, 08-cv-0827 (GBL-JFA).

1. I serve as the Chief of the Sensitive Security Information (SSI) Program of the Transportation Security Administration (TSA), a Department of Homeland Security (DHS) component. The statements made in this declaration are based upon my personal knowledge and information made available to me in the performance of my official duties, my personal review of the requests in question, and conclusions reached in accordance therewith. My position as Chief of the SSI Program places me in a position to determine the potential harm of releasing records containing SSI.

2. SSI is information obtained or developed in the conduct of security activities, including research and development, the disclosure of which the TSA Administrator has determined would, among other things, be detrimental to the security of transportation. 49 U.S.C. § 114(r) and 49 C.F.R. part 1520. The authority to determine what information is SSI has

been delegated from the Administrator to the Chief of the SSI Program pursuant to a Management Directive signed by the Administrator on April 23, 2012. The SSI Program also determines whether specific information should no longer be protected as SSI in accordance with 49 C.F.R. § 1520.5(c) and whether information previously not deemed SSI should be so designated. TSA's determinations as to what constitutes SSI are exclusively reviewable by the United States Courts of Appeals. 49 U.S.C. § 46110.

3. The SSI Program serves as the primary point of contact for the DHS Office of Security, other DHS Components, transportation security stakeholders, and TSA as a whole on issues involving SSI in accordance with 49 C.F.R. part 1520. The SSI Program provides to TSA, DHS, and upon request, other covered persons, guidance for the implementation and management of SSI, including the identification of information which constitutes SSI.

4. Pursuant to 49 C.F.R. § 1520.9(a)(2) SSI may only be disclosed to "covered persons", 49 C.F.R. § 1520.7, who have a "need to know", 49 C.F.R. § 1520.11. Plaintiffs and Plaintiffs' counsel are not covered persons with a need to know SSI. The prohibition on public release of SSI is not discretionary but is mandatory in accordance with 49 C.F.R. § 1520.15(a).

5. I understand that Plaintiffs Suhail Najim Abdullah Al Shimari, Taha Yaseen Arraq Rashid, and As'ad Hamza Hanfoosh Al-Zuba'e have submitted requests to the Department of Homeland Security ("DHS") pursuant to 6 C.F.R. § 5.45 seeking the following information:

1. Documents sufficient to show why Suhail Najim Abdullah Al Shimari (AKA Shuhail Najm Abdullah Shammari; Iraqi passport No. G2080226; DOB: Oct. 11, 1959), Taha Yaseen Arraq Rashid (AKA Taha Yaseen Arrak; Iraqi passport No. G2258066; DOB: Dec. 10, 1981), and Asa'ad Hamza Hanfoosh Al-Zuba'e (AKA Asaad Hamzah Hanfoosh Alnamri; Iraqi passport No. G2339256; DOB: July 1, 1973) collectively, "Plaintiffs") were prevented from boarding Turkish Airlines flight number TK 0803 from Baghdad, Iraq to Istanbul, Turkey on March 15, 2013).

2

2. Documents sufficient to show whether, as of March 15, 2013, Plaintiffs were on a "No Fly List" or any other government security list inclusion on which may prevent Plaintiffs from flying into and/or the United States and, if so, on which date each of the Plaintiffs was added to any such list, the name of the list, and the agency responsible for the list.

3. Documents sufficient to show whether Plaintiffs are currently on a "No Fly List" or any other government security list inclusion on which may prevent Plaintiffs from flying not the United States and, if so, on which date each of the Plaintiffs was added to any such list, the name of the list, and the agency responsible for the list.

4. Any documents, records, or communications concerning, relating to, relied upon in connection with, or showing any of the reasons for the inclusion of Plaintiffs on any "No Fly List" or any other government security list inclusion on which may prevent Plaintiffs from flying into the United States.

5. All communications between April 1, 2012 and the present between the Department of Homeland Security employees and any employees or agents of attorneys of CACI International, Inc., CACI Premier Technology, Inc., or any affiliates or subsidiaries thereof relating to Plaintiffs, including communications relating to Plaintiff's plans or ability to travel to the United States and /or the inclusion of Plaintiffs on a "No Fly List" or any other government security list inclusion on which may prevent Plaintiffs from flying into the United States.

I further understand that DHS denied these requests because, among other things, the information sought contains SSI.

6. The SSI Program, under my supervision, has reviewed Plaintiffs' requests and I have also personally reviewed the requests. I have determined the requests seek the disclosure of SSI because the release of certain information sought would be detrimental to the security of transportation.

7. 49 C.F.R. § 1520.5(b)(9)(ii) expressly prohibits the disclosure of "[i]nformation and sources of information used by a passenger or property screening program or system, including an automated screening system." The DHS Watchlist Service ("WLS") receives and maintains data from the Terrorist Screening Database (TSDB) that is continuously updated with exports of information and other changes by the Terrorist Screening Center (TSC). The No Fly and

3

Selectee lists are sub-sets of the larger TSDB. TSA uses No Fly and Selectee list status when vetting passengers attempting to board commercial aircraft. The No Fly and Selectee lists remain effective tools in the government's efforts to secure transportation because, among other reasons, their contents are not disclosed. If the Government revealed the status of individuals as being either on or off the No Fly and Selectee lists, terrorists and others who seek to circumvent the purpose of those screening systems would be able to do so, since they would be armed with the knowledge of who would be subject to additional screening and who would not. Such circumvention of security screening systems would be detrimental to the security of transportation.

8. In addition to the prohibition on disclosure of "[i]nformation and sources of information used by a passenger or property screening program or system, including an automated screening system" pursuant to 49 C.F.R. Part 1520.5(b)(9)(ii), 49 C.F.R. Part 1520.5(b)(9)(i) expressly prohibits the disclosure of "[a]ny procedures, including selection criteria and any comments, instructions, and implementing guidance pertaining thereto, for screening of persons, accessible property, checked baggage, U.S. mail, stores, and cargo that is conducted by the Federal government or any other authorized person." TSC's criteria for determining whether individuals should be placed on the No Fly and Selectee lists constitute SSI. Application of these criteria to individuals may identify a risk to the transportation system, resulting in additional security screening or the denial of boarding an aircraft. These criteria remain effective tools in the government's efforts to secure transportation because, among other reasons, the criteria are not disclosed. If the Government revealed the criteria, terrorists and others who seek to circumvent the purpose of the application of these criteria would be able to do so, since they would be armed with the knowledge of what criteria may result in additional

4

screening. Such circumvention of the security screening system would be detrimental to the security of transportation.

9. Specifically, I have determined that the following information constitutes SSI pursuant to 49 C.F.R. Parts 1520.5(b)(9)(i) and (b)(9)(ii):

- information as to whether plaintiffs' alleged denial of boarding on March 15, 2013 was or was not the result of their placement on the No Fly list or any other government security list that would prevent them from boarding the aircraft;

- information that any plaintiff was and is or was not and is not on the No Fly list or any other government security list that would prevent them from boarding an aircraft; and,

- the criteria for placement of individuals on the No Fly List or any other government security list that would prevent them from boarding an aircraft.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on:    _May 8, 2013._

_David E. Hoffman_
DAVID E. HOFFMAN
Chief, Sensitive Security Information Program
Security Services and Assessments Division
Office of Law Enforcement/Federal Air Marshal Service
Transportation Security Administration
Department of Homeland Security