UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CACI PREMIER TECHNOLOGY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-cv.0827 GBL-JFA |

## DECLARATION OF VINCENT N. MICONE, III

I, Vincent N. Micone, III, state as follows:

1. I have been the Department of Homeland Security, Management Directorate Chief of Staff, since my appointment in September, 2010. As Chief of Staff for the Management Directorate, I advise the Under Secretary and senior leadership on matters related to the management and administration of the Department.

2. I am aware of the above captioned matter and that Plaintiffs have submitted a subpoena dated April 15, 2013, seeking certain information from DHS. Specifically, Request 5 seeks the following material:

> All communications between April 1, 2012 and the present between the Department of Homeland Security employees and any employees or agents or attorneys of CACI International, Inc., CACI Premier Technology, Inc., or any affiliates or subsidiaries thereof relating to Plaintiffs, including communications relating to Plaintiffs' plans or ability to travel to the United States and/or the inclusion of Plaintiffs on a "No Fly List" or any other government security list inclusion on which may prevent Plaintiffs from flying into the United States.

Subpoena to Produce Documents, Schedule A, request number 5, dated April 15, 2013.

3. The Department of Homeland Security was established on November 25, 2002 pursuant to the Homeland Security Act of 2002. Originally combining twenty two

separate agencies, the Department now consists of a total of twenty six operational and support components:  Chief Financial Officer, Citizenship and Immigration Services Ombudsman, Civil Rights and Civil Liberties, Domestic Nuclear Detection office, Executive Secretariat, Federal Emergency Management Agency, Federal Emergency Management Agency, Federal Law Enforcement Training Center, Office of the General Counsel, Office of Health Affairs, United States Immigration and Customs Enforcement, Office of Inspector General, Office of Intelligence and Analysis, Office of Legislative Affairs, Management, National Protection and Programs Directorate, Office of Operations Coordination and Planning, Office of Policy, Privacy Office, Office of Public Affairs, Science and Technology, Transportation Security Administration, United States Citizenship and Immigration Services, United States Coast Guard, United States Customs and Border Protection, and United States Secret Service.

4.  The Department workforce includes approximately 240,000 employees.  They work to protect our country from threats to the homeland, secure our land, air, and maritime borders; enforce our immigration laws; and respond to natural disasters.  The employees are stationed in every state, and around the world, engaging with state, local, and foreign partners to strengthen homeland security through cooperation, information sharing, training, and technical assistance.

5.  To respond to Plaintiffs' request (Subpoena to Produce Documents, Schedule A, request number 5, dated April 15, 2013), DHS could have to review all written communication since April 1, 2012 (over a 13 month period) between any Department of Homeland Security employees and any CACI employees or agents or attorneys of CACI International, Inc., CACI Premier Technology, Inc., (including contractors with DHS),

and any CACI affiliates or subsidiaries relating to Plaintiffs, to determine if the written communication included reference to any of the three named Plaintiffs', including their plans to travel to the United States and/or their alleged inclusion on a "No Fly List" or any other "government security list".

6. In my experience, it would take a significant period of time to have each employee search their computers for responsive documents and their email accounts for responsive e-mails. Even if the search and review was limited to the components most likely to possess the type of information that Plaintiffs' request, the time consumed would still be extraordinarily burdensome.

7. This search and review process would have an adverse effect on the Department's ability to protect our country from threats to the homeland, secure our land, air, and maritime borders; enforce our immigration laws; and respond to natural disasters. DHS is already constrained by the current federal fiscal environment and so searching for all communications, if any exist, between Department of Homeland Security employees and CACI, International, Inc., CACI Premier Technology, Inc., or any affiliates or subsidiaries thereof would exacerbate this problem by diverting many personnel away from their official business for a significant period of time for private purposes. Besides the undue burden involved in responding to this one subpoena request, DHS must and does take into account in determining whether to conduct a search for private litigants the potential for cumulative burden on the Department if similar broad requests are made by various other litigants in cases around the country. For these reasons, DHS denied Plaintiffs' subpoena request.

9. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is

true and correct.

Dated at Washington, D.C., this 8th day of May, 2013.

Vincent N. Micone, III
Chief of Staff
Management Directorate
U.S. Department of Homeland Security

4