# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

SUHAIL NAJIM ABDULLAH
AL SHIMARI, *et al*.,

               Plaintiffs,

      v.

CACI PREMIER TECHNOLOGY, INC.,

          Defendant.

Case No. 1:08-cv-0827 LMB-JFA

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO SCHEDULE A STATUS CONFERENCE

This tort case was filed by several Iraqi victims of the notorious torture at Abu Ghraib prison during the course of the American occupation of Iraq. The defendant is CACI Premier Technology, Inc. ("CACI"), the government contractor that supplied the interrogators who have been implicated by multiple military investigations in the acts of torture. The case has been pending since 2008. On September 22, 2017, the Court ruled from the bench that CACI's "motion to dismiss is denied." The Court observed Plaintiffs Suhail Al Shimari, Salah Al Ejaili, and Asa'ad Al-Zuba'e had sufficient evidence to get to the jury and told CACI that it had two options: 1) "start working with Judge Anderson in carving out some discovery issues," or 2) "sit down either with Judge Anderson or a private mediator and see what you can work out" regarding settlement. (Ex. 1 (Sept. 22 Hearing Tr.) at 20:8-15, 21:18-24.)[1]

As instructed by the Court, the time has come to move the case forward towards resolution. As suggested by Judge Brinkema, Plaintiffs recently sent CACI a written settlement

---

[1] Unless otherwise noted, the exhibits cited in this brief are those attached to the November 21, 2017 Declaration of Robert P. LoBue, filed in support of this motion.

proposal. Also, at the time the action was previously dismissed, several discovery motions were pending. The parties would benefit at this point from a status conference before Magistrate Judge Anderson to address the matters specified by Judge Brinkema: the possibility of settlement and, as necessary, resolution of any remaining discovery issues and final preparation of the case for trial. Plaintiffs conferred with CACI regarding jointly scheduling a conference, and CACI did not agree that a conference is warranted. (Ex. 2 (Nov. 3, 2017 email from John O'Connor). Plaintiffs therefore move pursuant to Federal Rule of Civil Procedure 16 for a status conference before Judge Anderson at the Court's earliest convenience.

## BACKGROUND AND PROCEDURAL HISTORY

The current Plaintiffs are three Iraqi civilians who were tortured in 2003 and 2004 while detained by the United States at Abu Ghraib. These Plaintiffs, all of whom were eventually released from detention without charge, were subjected to horrific treatment at the Abu Ghraib "hard site" predominantly by U.S. military personnel who conspired with and acted at the direction of CACI interrogators to abuse detainees. The severe mistreatment suffered by Plaintiffs at Abu Ghraib included (among other acts) repeated beatings, sexual assaults, being left in painful stress positions for extended periods of time, being threatened with unmuzzled military working dogs, and prolonged periods of forced nudity during winter conditions. *See* Dkt. 639 at 3-16. This abuse, which primarily occurred before or after formal interrogation sessions, has left the Plaintiffs with physical and mental injuries.

The claims of a fourth Plaintiff, Mr. Taha Rashid, were dismissed without prejudice earlier this year after he was detained in Iraq while traveling to arrange for his attendance at a court-ordered deposition and was unable to be deposed. (Dkt. 598-1, 607.) Mr. Rashid was recently released from detention and will seek to have his claims reinstated. (Dkt. 650.)

2

CACI, a U.S. corporation headquartered in this District, was hired by the U.S. government to provide interrogation services at Abu Ghraib, and has been implicated in the abuses at Abu Ghraib by several military investigations. *See Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516, 521 (4th Cir. 2014) ("*Al Shimari III*") (citing reports of Major General Antonio M. Taguba ("Taguba Report") and Major General George R. Fay ("Fay Report")). A number of CACI co-conspirators, including military police officers ("MPs") Charles Graner and Ivan Frederick, were convicted by U.S. courts martial for their role in abusing detainees and demoted. Mr. Graner and Mr. Frederick acted under direction from and as part of a conspiracy with the CACI interrogators.

## A.    Plaintiffs' Allegations

Plaintiffs brought suit against CACI in 2008 pursuant to the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, alleging claims of torture, cruel, inhuman, or degrading treatment ("CIDT"), and war crimes in violation of international law.[2]

As alleged in Plaintiffs' Third Amended Complaint ("TAC"), a conspiracy between CACI and U.S. military personnel began no later than October 2003, when the conspirators named in the TAC were working in the Hard Site at Abu Ghraib, and ended in approximately February 2004 when photographs and information about abusive conduct at Abu Ghraib were disclosed to military authorities. As subsequent official investigations found, a command vacuum existed at Abu Ghraib that resulted in the MPs taking directions regarding detainee treatment from the CACI employees and Military Intelligence personnel ("MIs"). (*See* TAC ¶¶ 17, 18.) CACI had an incentive to participate in such a conspiracy: to "extract more information from detainees to please their client" so that CACI could "secure more profitable

---

[2] Plaintiffs voluntarily dismissed their common law tort claims earlier this year (Dkt. 575). .

3

contracts" from its "single most important customer," the United States government. (TAC ¶156; *see also id.* ¶¶ 10, 157, 183, 186.)

Then-Staff Sergeant Frederick, who was sentenced by court martial to eight years imprisonment for his participation in torture at Abu Ghraib, testified in this case that civilian interrogators employed by CACI filled the command vacuum by assuming de facto positions of authority. (*Id.* ¶ 18.) CACI interrogators instructed Frederick and other MPs to "soften up" detainees at the Hard Site for interrogation using the specific techniques described by Plaintiffs. (*Id.* ¶¶ 18, 78, 118.) Frederick testified in a deposition in this case that CACI personnel ordered him to set the conditions for abusing detainees, and ordered some of the more severe forms of abuse (*id.* ¶¶ 18, 115, 116), which often occurred during the night shift, (*id.* ¶ 78). CACI employees knew, and military personnel understood, that "setting conditions" for interrogations equated to serious physical and mental harm in an attempt to make detainees more responsive to questioning. (*Id.* ¶ 114.)

CACI personnel also sometimes bypassed Frederick and directly instructed lower-ranking MPs—including then-Corporal Graner—to rough up, humiliate, abuse, and torture detainees. (*Id.* ¶¶ 18, 111.) Graner, who was sentenced by court martial to ten years imprisonment for his participation in torture in Abu Ghraib, testified that he tortured detainees on the instructions of CACI interrogators. (*Id.* ¶ 100.)

Plaintiffs identified Graner and Frederick as individuals who beat and/or abused them and other detainees at the Hard Site. (*Id.* ¶¶ 131-135.) In their depositions, the Plaintiffs also testified that civilian interrogators participated in and directed MPs to conduct the abuse they suffered. (*See* Dkt. 639-2, Ex. A (Al-Ejaili Tr.) at 51:22-52:10, 54:13-17, 56:11-21; Ex. G (Al-Zuba'e Tr.)

4

at 33:18-21; 35:10-37:5, 40:4-41:9, 46:4-5, 67:19-71:5, 76:4-19, 90:22-93:4; Ex. J (Al Shimari

Tr.) at 45:17-46:13, 50:3-17, 56:13-19, 63:2-64:15, 120:1-19, 120:20-121:1.)

**B.      Procedural History**

The long procedural history of this litigation has been detailed in prior filings and

opinions. (*See, e.g.*, Dkt. 568 at 11-17.) Plaintiffs will focus here on the history relevant to the

current motion.

After Plaintiffs brought suit in 2008 and the District Court denied CACI's 2009 motion to

dismiss, the case spent several years before the Fourth Circuit due to CACI's premature appeal

of that ruling. In May 2012, the Fourth Circuit, sitting *en banc*, held that it lacked jurisdiction

over CACI's appeal. *Al Shimari v. CACI Int'l, Inc.,* 679 F.3d 205, 212 (4th Cir. 2012) (en banc)

("*Al Shimari II*"), *vacating Al Shimari I*, 658 F.3d 413. Following remand, the parties engaged in

fact and expert discovery in late 2012 and early 2013. In the course of discovery, among other

documents and information, the parties obtained from the Government the Plaintiffs' detainee

files and a significant volume of additional documents, and took 13 fact witness depositions. In

addition to the discovery taken in this case, the parties agreed that the extensive discovery record

from a factually related case, *Saleh v. Titan Corp.*, No. 05-cv-1165 (D.D.C.)—including

numerous depositions—would be treated as if it had been produced in this action.

As part of this phase of discovery, CACI noticed the Plaintiffs for depositions and

medical examinations.[3] One of the Plaintiffs, Mr. Al-Ejaili, was able to travel to the United

States for his deposition and for medical examination.[4] Three other plaintiffs (Mr. Al Shimari,

---

[3] All four plaintiffs provided confidential expert medical reports to CACI on February 1, 2013, following medical examinations of Plaintiffs in Erbil, Iraq by Dr. Stephen N. Xenakis, a board certified physician and retired U.S. Army brigadier general. See Dkt. 639, Exs. D, K, and M (confidential reports on Plaintiffs).

[4] Although Mr. Al-Ejaili met with CACI's medical expert in March 2013, CACI did not submit an expert medical report.

5

Mr. Al-Zuba'e, and then-Plaintiff Mr. Rashid) were issued visas by the U.S. Embassy in

Baghdad to travel to the United States in February 2013, and purchased tickets and secured

boarding passes for a flight to the United States in March 2013 to appear for their depositions.

(*See* Dkt. 410 at ¶¶ 24, 29, 31-32.) Without any explanation, and under unusual circumstances,

these Plaintiffs were prevented from boarding their flight at the airport in Baghdad. Because

these Plaintiffs were unable to enter the United States, and because CACI would not agree to

depose them via video link (dkt. 367; dkt. 409 at 4, 9), they were not deposed in 2013 before the

end of discovery. Discovery closed on April 26, 2013.

On June 25, 2013, following the Supreme Court's decision in *Kiobel v. Royal Dutch*

*Petroleum Co.*, 133 S. Ct. 1659 (2013), the District Court, per Judge Lee who was then

presiding, dismissed the case, finding that it lacked ATS jurisdiction. (Dkt. 460.) At the time of

this dismissal, CACI had two fully briefed discovery motions pending before the District Court:

1) a motion to compel the United States to disclose the identity of the Plaintiffs' interrogators

(dkt. 275), and 2) a motion to compel the United States to produce unredacted copies of certain

governmental reports that the United States withheld (dkt. 279).[5] The District Court denied

CACI's discovery motions as moot in light of the dismissal of the case. Plaintiffs also had a

pending request to the U.S. government to produce additional pages from interrogation log books

that were produced in incomplete form during discovery, which they may renew. But for these few

loose ends, discovery in this case is complete.

---

[5] Both parties also had motions related to the inability of three of the then-Plaintiffs (Mr. Al Shimari, Mr.
Al-Zuba'e, and Mr. Rashid) to enter the United States and be deposed. CACI sought sanctions against the
Plaintiffs for not attending their depositions in 2013, and Plaintiffs sought additional discovery from
CACI and the United States relating to CACI's possible involvement in preventing Plaintiffs from
entering the United States. (*See, e.g.*, Dkt. 367, 380, 392.) These motions may now be moot, although
they could have renewed relevance depending on former Plaintiff Mr. Rashid's circumstances.  *See* Dkt.
651.

On appeal, the Fourth Circuit reversed the District Court and reinstated the Plaintiffs' ATS claims. *See Al Shimari III*, 758 F.3d at 537. It also remanded the case with instructions to the District Court to address the political question doctrine ("PQD") defense raised by CACI. *Id.* at 531-37. Upon remand, the District Court dismissed the case on PQD grounds (Dkt. 547) and Plaintiffs appealed. The Fourth Circuit once again reversed the District Court, and in doing so made clear that unlawful conduct, including violations of international law, is justiciable and not protected by the PQD defense. *Al Shimari v. CACI Premier Tech., Inc.*, 840 F.3d 147, 151 (4th Cir. 2016) ("*Al Shimari IV*").

On remand, this Court[6] determined that, consistent with the Fourth Circuit's instructions, the PQD issue needed to be resolved first. (Ex. 3 (Dec. 16, 2016 Hearing Tr.) at 4:1-17.) To further develop the record for the PQD analysis, the Court ordered that the depositions of the as yet un-deposed Plaintiffs be taken via video link. (Dkt. 571.) The video depositions of Mr. Al-Zuba'e and Mr. Al Shimari were conducted in February 2017. The Court then directed CACI to file a motion raising any Rule 12 arguments it intended to make, including its PQD defense. (Dkt. 616, 620.) CACI moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) for lack of jurisdiction on PQD grounds and for failure to state a claim. (Dkt. 626, 627.)

The Court ruled from the bench on September 22, 2017 that CACI's "motion to dismiss is denied." (Ex. 1 at 22:17.) The Court made clear that "we're not dismissing this complaint. It's going to go forward," and that CACI should proceed with discovery and/or engage in settlement discussions. (Ex. 1 at 21:18-24.) Further, the Court stated that, even though a written opinion would not be issued immediately, "[t]his is not to keep you from starting to finish up the discovery that's needed, and that would be done with Judge Anderson." (*Id*. at 22:17-22.)

---

[6] Immediately after the 2016 Fourth Circuit decision remanding the case, Judge Lee recused himself *sua sponte* and the case was reassigned to Judge Brinkema.

7

In response, Plaintiffs have contacted CACI regarding jointly requesting a conference before Judge Anderson. CACI responded that it does not believe such a conference is warranted. (Ex. 2.) Plaintiffs have also sent CACI their settlement proposal.

## ARGUMENT

The Court unquestionably is authorized to direct the parties to appear for a pretrial conference. Fed. R. Civ. P. 16. The matters to be covered include "facilitating settlement," *id.* (a)(5); *see also id.* (c)(2)(I). Additionally, the District Court has referred discovery matters to the Magistrate Judge. Accordingly, Plaintiffs seek to follow the Court's instructions by scheduling a status conference before Judge Anderson. Plaintiffs respectfully suggest that the agenda for the conference should be: (1) to determine whether the case can be settled at this time with the assistance of Judge Anderson, and if not, (2) to inventory remaining discovery and any other pretrial issues and establish a schedule for resolving them, and (3) to provide a schedule that will ready the case for trial. . .

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to schedule a status conference before Judge Anderson should be granted.

Dated:  November 21, 2017                Respectfully submitted,

        */s/ John Kenneth Zwerling*
John Kenneth Zwerling (VA Bar #08201)
The Law Offices of John Kenneth Zwerling, P.C.
114 North Alfred Street
Alexandria, Virginia 22314
Tel. 703-684-8000
jz@zwerling.com

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

8

Robert P. LoBue, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2017, I electronically filed Plaintiffs' Memorandum in Support of Their Motion to Schedule a Status Conference through the CM/ECF system, which sends notification to counsel for Defendant.


_____*/s/ John Kenneth Zwerling*_____
John Kenneth Zwerling (VA Bar #08201)