**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, ) ) ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:08-cv-827 (LMB/JFA) |
| *v.* ) ) | |
| CACI PREMIER TECHNOLOGY, INC. ) ) | |
| Defendant. ) ) ) | |
| CACI PREMIER TECHNOLOGY, INC., ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| UNITED STATES OF AMERICA, and JOHN DOES 1-60, ) ) ) | |
| Third-Party Defendants. ) ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO FILE**
**UNDER SEAL PLAINTIFFS' OPPOSITION TO DEFENDANT CACI PREMIER**
**TECHNOLOGY, INC.'S MOTION TO EXCLUDE TAGUBA AND JONES/FAY**
**REPORTS**

Plaintiffs respectfully request that the Court enter an order sealing Plaintiffs' Opposition

to Defendant CACI Premier Technology, Inc.'s Motion to Exclude Taguba and Jones/Fay

Reports.

Certain portions of Plaintiffs' response refer to or characterize the content of documents,

information, or testimony designated as subject to the Protective Order entered in this action.

(Dkt. 211.)  In particular, the response refers to or characterizes (1) deposition testimony of

interrogators who worked at Abu Ghraib, (2) deposition testimony of MG Antonio Taguba and

10728908

(3) other documents produced in discovery by the government marked subject to the Protective

Order.  By the terms of the Protective Order, these materials must be filed under seal.  (*See* Dkt.

211 ¶ 9; *see also* Dkt. 960.)  Under *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000),

before the Court orders the sealing of documents, it must "(1) provide public notice of the

request to seal and allow interested parties a reasonable opportunity to object, (2) consider less

drastic alternatives to sealing the documents, and (3) provide specific reasons and factual

findings supporting its decision to seal the documents and for rejecting the alternatives."  These

considerations are met here.  The public has been given notice of the motion to seal by the public

filing of the consent motion, supporting memorandum, and proposed order.  Less drastic

alternatives to sealing are unavailable, as the documents and information to be filed under seal

have been designated as subject to the Protective Order by the United States, and as such may

only be filed under seal.  (*See* Dkt. 211 ¶ 9.)  Plaintiffs have filed a public version of their

opposition to CACI's motion *in limine* with information subject to the Protective Order redacted.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their

consent motion to file documents under seal.


Respectfully submitted,

   /s/ John Kenneth Zwerling
John Kenneth Zwerling (VA Bar #08201)
ZWERLING/CITRONBERG, PLLC
114 North Alfred Street
Alexandria, VA 22314
Tel. 703-684-8000 | jz@zwerling.com

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Robert P. LoBue, *Admitted pro hac vice*

10728908

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

10728908

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2018, I electronically filed the Memorandum in Support of Consent Motion to File Under Seal Plaintiffs' Opposition to Defendant CACI Premier Technology, Inc.'s Motion to Exclude Taguba and Jones/Fay Reports through the CM/ECF system, which sends notification to counsel for Defendants and the United States.

*/s/ John Kenneth Zwerling*
John Kenneth Zwerling (VA Bar #08201)

10728908