UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CACI PREMIER TECHNOLOGY, INC., <br><br> Defendant. <br><br> CACI PREMIER TECHNOLOGY, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and JOHN DOES 1–60, <br><br> Third-Party Defendants. | No. 1:08–cv–827 (LMB/JFA) |

**RESPONSE BY THE UNITED STATES TO CACI PT'S
MOTION TO DISMISS BASED ON THE STATE SECRETS PRIVILEGE**

The United States takes no position on the relief sought by CACI PT's Motion to Dismiss Based on the State Secrets Privilege ("Motion"), ECF No. 1041, namely, whether exclusion of the state secrets privileged information from the case requires dismissal of this action in its entirety. The United States wishes to reiterate, however, that where, as here, "information has been determined to be privileged under the state secrets doctrine, it is absolutely protected from disclosure." *El-Masri v. United States,* 479 F.3d 296, 305 (4th Cir. 2007). In other words, "a court's determination that a piece of evidence is a privileged state secret removes it from the

1

proceedings entirely." *Id.* Because the Court has already conclusively determined that the information that was the subject of Secretary Mattis's state secrets assertions is properly protected by the privilege, *see* Dkt. Nos. 850, 921, 1012, the only question raised by CACI PT's Motion is what consequences follow for the litigation from the removal of that information from the proceedings.

While the United States takes no position on that question, it feels obligated to ensure that the Court has an accurate picture of the evidence that remains in the case now that the state secrets assertions have been upheld. During the discovery period, the United States produced over 60,000 pages of documents, including, as part of the parties' efforts to narrow the dispute regarding CACI PT's motion to compel documents, many of the pages withheld on initial review. *See* Dkt. Nos. 992, 1010. After multiple declassification reviews conducted by the Department of Defense and the Army, only 17 of these documents were the subject of Secretary Mattis's final state secrets privilege assertion, which implicated documentary evidence. *See* Dkt. No. 1010. Additionally, while CACI PT implies in its Motion that the United States excluded large swaths of information from depositions of the pseudonymous interrogators, the testimony of those interrogators cited in CACI PT's own motions illustrate that the interrogators were, in fact, permitted to answer far more questions than they were precluded from answering, including questions relating to the interactions of CACI personnel with specific detainees, the involvement of CACI PT personnel in determining conditions of confinement, and whether U.S. military personnel in the chain of command controlled their specific actions. *See, e.g.*, Dkt. No. 1035 at 3-4; *id.* at 6-7; *id.* at 9. It also bears noting that CACI PT never challenged the United States' application of the state secrets privilege to specific deposition questions, and, with discovery completed, has waived the opportunity to bring such a challenge. Finally, CACI PT's supporting

brief, ECF No. 1042 ("Mem."), raises the issue of whether pseudonymous CACI PT and Army interrogators will be available to testify at trial. The United States hereby responds regarding that question.

CACI PT observes in its motion that "the United States has no ability to use compulsory process to require the attendance of pseudonymous CACI PT and Army interrogators unless he or she happens to live, work, or transact business within the subpoena power of the Court." Mem. at 17. In fact, no party has that ability, irrespective of whether a witness's identity is known or unknown: Under the limits imposed by Federal Rules of Civil Procedure, a subpoena may only be used to compel attendance of a person at a trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person," or "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party . . . or (ii) . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1).

The United States is the party in possession of identity information regarding the "pseudonymous CACI PT and Army interrogators." Because CACI PT's motion places at issue the question of their availability at trial, the United States hereby informs the parties and the Court that none of the interrogators deposed (or sought for deposition[1]) pursuant to a pseudonym currently resides in, is employed in, or regularly transacts business in person in the Commonwealth of Virginia or within 100 miles of the United States Courthouse in Alexandria, Virginia. As a result, regardless of whether their identities had been protected by the United

---

[1] As the United State has noted, it "has not been able to locate and make contact with Army Interrogator D, and has exhausted the available means of doing so." Dkt. No. 865 at 2. That being said, the United States does not possess any information suggesting that Army Interrogator D would be within the subpoena power of the Court.

States's assertion of the state secrets privilege—as they have—compulsory process could not be used to secure their attendance at trial.

The United States also recognizes that Plaintiffs and/or CACI PT may wish to seek voluntary testimony at trial from one or more of the pseudonymous CACI PT or Army interrogators.  Regardless of whether the United States remains a party to this case at the time of trial, the United States is willing to facilitate such voluntary testimony by acting on requests for such testimony pursuant to the applicable United States Army regulations and by conveying letters requesting such testimony to the individuals identified in this litigation by pseudonyms (or their counsel).  And along with such letters, the United States will inform each person that, in the event the person is interested in voluntarily giving testimony at a trial in this matter, the Government will work with the Court to implement appropriate measures to assure that the person's identity remains protected from disclosure during such trial.


Dated: January 22, 2019              Respectfully submitted,

                                     G. ZACHARY TERWILLIGER
                                     United States Attorney

                                     JOSEPH H. HUNT
                                     Assistant Attorney General, Civil Division

                                     JAMES G. TOUHEY, JR.
                                     Director, Torts Branch

                                     ROGER D. EINERSON
                                     Deputy Director, Torts Branch

                                     ANTHONY J. COPPOLINO
                                     Deputy Director, Federal Programs Branch

                                     ADAM G. KIRSCHNER
                                     ERIC J. SOSKIN

Senior Trial Counsel, Federal Programs Branch

ELLIOTT M. DAVIS
PAUL STERN
JOCELYN KRIEGER
DANIEL D. MAULER
Trial Attorneys, Civil Division
U.S. Department of Justice

 /s/ Lauren A. Wetzler
LAUREN A. WETZLER
Chief, Civil Division
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA  22314
Tel:     (703) 299-3752
Fax:    (703) 299-3983
Email: Lauren.Wetzler@usdoj.gov

*Counsel for the United States*