UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>CACI PREMIER TECHNOLOGY, INC.<br><br>　　　　　Defendant.<br><br>CACI PREMIER TECHNOLOGY, INC.,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, and JOHN DOES 1-60,<br><br>　　　　　Third-Party Defendants. | Case No. 1:08-cv-827 (LMB/JFA)<br><br><br><br><br><br><br><br><u>**PUBLIC REDACTED VERSION**</u> |

**PLAINTIFFS' RESPONSE TO DEFENDANT CACI PREMIER
TECHNOLOGY INC.'S SUPPLEMENT MEMORANDUM**

Plaintiffs respectfully submit this response to the supplemental memorandum filed by defendant CACI Premier Technology, Inc. ("CACI") discussing testimony from the February 12, 2019 deposition of CACI Interrogator G. The testimony from that deposition does not alter Plaintiffs' arguments in opposition to the three pending dispositive motions filed by CACI.

First, as Plaintiffs argue in their opposition to CACI's motion for summary judgment (Dkt. 1086), significant disputes of material facts preclude a summary judgment ruling in CACI's favor. Nothing in the testimony of CACI Interrogator G renders disputed facts undisputed. This new testimony does not negate or invalidate the ample record evidence cited in

2

Plaintiffs' opposition brief that supports Plaintiffs' claims and contradicts CACI's factual assertions. In any event, although CACI Interrogator G █████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████ █████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████

    Second, as Plaintiffs argued in their opposition to CACI's motion to dismiss based on the government's assertion of the state secrets privilege (Dkt. 1082), the pseudonymous nature of the deposition of CACI Interrogator G and the government's limitation of the witness's ability to disclose classified information (a) did not prevent CACI from obtaining substantive testimony for its defense, as CACI seems to believe by citing his testimony throughout its supplemental memorandum, and (b) prejudices Plaintiffs as much as, if not more than, it does CACI. During the course of the deposition, ███████████████████████████████

████████████████████████ ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████

---

2 ████████████████████████████████████████████████
████████████████████

██████████████████████████████████████

████████████

Finally, with respect to CACI's suggestion of lack of subject matter jurisdiction, the testimony of CACI Interrogator G does not move the needle at all. The fact that counsel for CACI asked questions designed to conform to its characterization of the holding of *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016), has no bearing on the legal question at the heart of CACI's motion.

    Respectfully submitted,

    */s/ John Kenneth Zwerling*
John Kenneth Zwerling (VA Bar #08201)
ZWERLING/CITRONBERG, PLLC
114 North Alfred Street
Alexandria, VA 22314
Tel. 703-684-8000 | jz@zwerling.com

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Robert P. LoBue, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

10845224

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2019, I electronically filed the foregoing document through the CM/ECF system, which sends notification to counsel for Defendants and the United States.

                                                */s/ John Kenneth Zwerling*
                                         John Kenneth Zwerling (VA Bar #08201)

10845224