**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al*., Plaintiffs, )))) | |
| *v*. )) | Case No. 1:08-cv-827 (LMB/JFA) |
| CACI PREMIER TECHNOLOGY, INC. Defendant. ))))) | |
| CACI PREMIER TECHNOLOGY, INC., Third-Party Plaintiff, ))) | |
| v. )) | |
| UNITED STATES OF AMERICA, and JOHN DOES 1-60, )))) | |
| Third-Party Defendants. ))) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO CERTIFY**
**DEFENDANT'S APPEAL AS FRIVOLOUS**

10965392

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................1

ARGUMENT ..................................................................................................................2

I.     THE COURT RETAINS JURISDICTION UPON A FINDING THAT
CACI'S APPEAL IS FRIVOLOUS ....................................................................2

II.    CACI'S INTERLOCUTORY APPEAL IS FRIVOLOUS ...............................4

       A.     CACI's Purported Interlocutory Appeal is an Improper Tactic to Suspend
Trial.....................................................................................................5

       B.     The Appeal is Frivolous Because CACI will be Estopped from Claiming
the United States Enjoys Sovereign Immunity. ......................................8

       C.     The Court of Appeals will not hear CACI's Improper Interlocutory
Appeal. .................................................................................................9

       D.     The Merits of an Appeal of the Denial of Derivative Sovereign Immunity
is Frivolous.........................................................................................15

CONCLUSION..............................................................................................................17

10965392

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abney v. United States,*
  431 U.S. 651 (1977)................................................................3, 12, 13

*Al Shimari v. CACI Intern., Inc.,*
  679 F.3d 205 (2012) (en banc)..................................................... *passim*

*Al Shimari v. CACI Premier Tech., Inc.,*
  324 F. Supp. 3d 668, 693 (E.D. Va. 2018) ...............................................6

*Al Shimari v. CACI Premier Tech., Inc.,*
  840 F.3d 147 (4th Cir. 2016) ......................................................6, 16

*Al Shimari v. CACI Premier Tech., Inc.,*
  No. 08-CV-827 (E.D. Va. March 22, 2019) at 47 ....................................8, 9, 11, 15

*Al Shimari v. CACI Premier Technology, Inc.,*
  657 F. Supp. 2d 700 (E.D. Va. 2009) .....................................................4

*Anders v. California,*
  386 U.S. 738 (1967)....................................................................4

*Apostol v. Gallion,*
  870 F.2d 1335 (7th Cir. 1989) ...............................................1, 2, 3, 6

*Behrens v. Pelletier,*
  516 U.S. 299 (1996)....................................................................3

*In re CACI Premier Technology, Inc.,*
  No. 19-1238, Dkt. 12. This Notice of Appeal....................................1, 7

*Campbell-Ewald Co. v. Gomez,*
  136 S. Ct. 663 (2016)..............................................................16, 17

*Cargill, Inc. v. WDS, Inc.,*
  No. 3:16-CV-00848-FDW-DSC, 2017 U.S. Dist. LEXIS 204653 (W.D.N.C.
  Dec. 13, 2017)..................................................................3, 4, 7, 8

*Carrington v. Duke Univ.,*
  No. 1:08-CV-119, 2011 U.S. Dist. LEXIS 156404 (M.D.N.C. June 9, 2011) .........3

*Cohen v. Beneficial Industrial Loan Corp.,*
  337 U.S. 541 (1949)...........................................................11, 14, 15

*Cunningham v Gen. Dynamics Info. Tech., Inc.,*
  888 F.3d 640 (4th Cir. 2018) ......................................................8, 16

i

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Death Row Prisoners of Pa. v. Ridge*,
948 F. Supp. 1282 (E.D. Pa. 1996) ........................................................................3

*Digital Equip. Corp. v. Desktop Direct*,
511 U.S. 863 (1994) ..............................................................................11, 12, 13

*Eckert Intern., Inc. v. Gov't of Sovereign Democratic Republic of Fiji*,
834 F. Supp. 167 (E.D. Va. 1993) ......................................................................3, 6

*Firestone Tire & Rubber Co. v. Risjord*,
449 U.S. 368 (1981) ..................................................................................11

*Flanagan v. United States*,
465 U.S. 259 (1984) ..................................................................................13

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982) (per curiam) ............................................................................2

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) (denial of qualified immunity from suit pursuant to 42
U.S.C. § 1983) ..................................................................................12

*Helstoski v. Meanor*,
442 U.S. 500 (1979) ..................................................................................12

*Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
426 U.S. 394 (1976) ..................................................................................10

*Levin v. Alms & Assocs.*,
634 F.3d 260 (4th Cir. 2011) ............................................................................2

*Mangold v. Analytic Systems, Inc.*,
77 F.3d 1442 (4th Cir. 1996) ........................................................................13, 14

*Mgmt. Sci. Am., Inc. v. McMuya*,
No. 91-1188, No. 91-1236, 1992 U.S. App. LEXIS 3845 (4th Cir. Mar. 4,
1992) (unpublished) ..................................................................................2

*Midland Asphalt Corp. v. United States*,
489 U.S. 794 (1989) ........................................................................ *passim*

*Mohawk Indus. v. Carpenter*,
130 S. Ct. 599 (2009) ........................................................................10, 12, 13

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ..................................................................................9

ii

### TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

*Nixon v. Fitzgerald*,
  457 U.S. 731 (1982) ...............................................................................................12

*Osborn v. Haley*,
  549 U.S. 225 (2007) ...............................................................................................12

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
  506 U.S. 139 (1993) ...............................................................................................12

*Richardson-Merrell, Inc. v. Koller*,
  472 U.S. 424 (1984) ..........................................................................................7, 10

*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995) ..................................................................................................10

*Thompson v. Farmer*,
  945 F. Supp. 109 (W.D.N.C. 1996) ........................................................................3

*United States v. Montgomery*,
  262 F.3d 233 (4th Cir. 2001) ...................................................................................2

*Van Cauwenberghie v. Biard*,
  486 U.S. 517 (1998) ...............................................................................................13

*Will v. Hallock*,
  546 U.S. 345 (2006) .........................................................................................11, 13

*Yearsley v. W.A. Ross Constr. Co.*,
  309 U.S. 18 (1940) ..................................................................................................17

*Yousuf v. Samantar*,
  699 F.3d 763 (4th Cir. 2012) ...................................................................................8

*Yousuf v. Samantar*,
  No. 04-CV-1360, Dkt. 164 (May 18, 2011) (Brinkema, J.) .................................1, 3

*Zedner v. United States*,
  547 U.S. 489 (2006) .................................................................................................9

**Statutes**

28 U.S.C. § 1291 .........................................................................................................2

28 U.S.C. § 1292 .....................................................................................................7, 10

FTCA ...................................................................................................................13, 14

iii

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

Judiciary Act of 1789 ............................................................................................................10

Westfall Act ...........................................................................................................................12

**Other Authorities**

Sixth Amendment ...................................................................................................................13

Eleventh Amendment..............................................................................................................12

*Wright & Miller*, 15A Fed. Prac. & Proc. Juris. § 3901 (2d ed.) ....................................................1

10965392

This Court should certify Defendant CACI Premier Technology, Inc.'s ("CACI") interlocutory appeal as frivolous because it lacks the right to an interlocutory appeal and the appeal is facially meritless.

## INTRODUCTION

CACI's effort to recreate the meritless and dilatory interlocutory appeal process of 2009-2012 – this time, after years of discovery and one month before trial – feels like déjà vu all over again.  The motivation for CACI's latest gambit is transparent, as CACI explained in a March 26, 2019 letter to the Clerk of the Fourth Circuit in connection with an ultimately unsuccessful suggestion to hold CACI's equally frivolous mandamus petition in abeyance: "CACI PT's notice of appeal .  .  . divests the district court of jurisdiction," *In re CACI Premier Technology, Inc.*, No. 19-1238, Dkt. 12. This Notice of Appeal is little more than tactical attempt to dislodge the imminently scheduled trial date.  The District Court, however, is "not helpless in the face of manipulation." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).  A litigant cannot just lob an interlocutory notice of appeal into the appellate court and delay the game it is not winning in the district court.  "If the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals and so does not stop the district court in its tracks." *Id.*

The Court should certify that CACI's appeal is "frivolous" and "get on with the trial" that is otherwise on schedule for less than one month from now. *Id.  See also Wright & Miller*, 15A Fed. Prac. & Proc. Juris. § 3901 (2d ed.) ("trial-court proceedings are not stayed if the trial judge certifies that the appeal is frivolous," which has particular relevance for the "special setting of collateral order appeals from denials of immunity"); *Yousuf v. Samantar*, No. 04-CV-1360, Dkt. 164 (May 18, 2011) (Brinkema, J.) (certifying appeal as frivolous and denying motion to stay

impending pre-trial conference).  CACI's proposed interlocutory appeal is too insubstantial to displace the near-ironclad final judgment rule, 28 U.S.C. § 1291, and divest the district court of jurisdiction over the upcoming trial.

Plaintiffs filed their case in 2008, and, after eleven years of intense litigation that included three trips to the Fourth Circuit Court of Appeals and one *en banc* decision, are now within one month of having their long-awaited day in court.  The judicial system should not be weakened by CACI's relentless parade of inconsistent, repetitive, and often deceptive presentations to the courts.  It is time for a jury to evaluate CACI's defenses on the merits.

## ARGUMENT

## I.   THE COURT RETAINS JURISDICTION UPON A FINDING THAT CACI'S APPEAL IS FRIVOLOUS

Generally, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  But, when a district court is faced with a "sham" or "baseless" appeal, the district court may "certify to the court of appeals that the appeal is frivolous and get on with trial."  *Apostol*, 870 F.2d at 1339; *see Mgmt. Sci. Am., Inc. v. McMuya*, No. 91-1188, No. 91-1236, 1992 U.S. App. LEXIS 3845, at *4-5 (4th Cir. Mar. 4, 1992) (unpublished) (endorsing *Apostol*).[1]  *See also*

---

[1]      The Fourth Circuit has endorsed a similar approach to interlocutory appeals of denials of arbitrability and double jeopardy.  *See Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011) ("We therefore hold that an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited."); *United States v. Montgomery*, 262 F.3d 233, 240 (4th Cir. 2001) (observing a "'dual jurisdiction' rule, which allows a district court to proceed with trial while a defendant pursues an *Abney* double jeopardy appeal, where the district court has concluded that the appeal is frivolous").

*Yousuf v. Samantar*, No. 04-CV-1360, Dkt. 164 (May 18, 2011) (Brinkema, J.) (certifying appeal as frivolous and denying motion to stay impending pre-trial conference); *Carrington v. Duke Univ.*, No. 1:08-CV-119, 2011 U.S. Dist. LEXIS 156404, at *9 (M.D.N.C. June 9, 2011); *Thompson v. Farmer*, 945 F. Supp. 109, 112 (W.D.N.C. 1996).

As the Supreme Court observed when it cited *Apostol* approvingly, although "successive pretrial assertions of immunity seem to be a rare occurrence," "if and when abuse does occur," "it is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims." *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996). Certifying an appeal as frivolous allows courts to "retain jurisdiction pending summary disposition of the appeal, and thereby minimize[] disruption of the ongoing proceedings." *Id.* at 311.

Courts that have considered the issue have defined "frivolous" actions as those in which "realistic chances of ultimate success are slight" or in which the legal points are not "arguable on their merits." *See, e.g.*, *Death Row Prisoners of Pa. v. Ridge*, 948 F. Supp. 1282, 1286 (E.D. Pa. 1996) (internal quotation marks omitted) (collecting cases); *see also Cargill, Inc. v. WDS, Inc.*, No. 3:16-CV-00848-FDW-DSC, 2017 U.S. Dist. LEXIS 204653, at *6-7 (W.D.N.C. Dec. 13, 2017) (certifying as frivolous defendant's appeal based on arbitrability).[2] Critically, the court in

---

[2] In *United States v. Head*, the Fourth Circuit indicated that a frivolous interlocutory appeal is both meritless and substantively inappropriate (i.e. improperly characterized). 697 F.2d 1200, 1204-05 (4th Cir. 1982) (rejecting claim improperly styled as "double jeopardy"). A court in this District later interpreted *Head* as requiring a two-prong test for frivolousness. *Eckert Intern., Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993). Plaintiffs respectfully suggest that a better reading of *Head* is that an appeal can be frivolous when it is meritless *or* when it is substantively inappropriate. *See Head*, 697 F.2d at 1204-05. A contrary reading would place the Fourth Circuit alone among Courts of Appeal and at odds with the standard of frivolousness adopted in other contexts by the Supreme Court. *See, e.g.*, *Anders v. California*, 386 U.S. 738, 744 (1967). In the alternative, Plaintiffs assert that both prongs are met here.

3

*Cargill* also observed that the defendant was "strategically using the arbitration provision to delay resolution of th[e] case" before concluding that the "appeal [was] a frivolous attempt to avoid a final disposition of the merits of th[e] case." *Id.* at *6-7.

It is also worth recalling that the decision CACI seeks to appeal is on a motion that it only filed on February 28, 2019 – after its motion for summary judgment was denied, along with its many motions to dismiss. Back in July 2017, CACI indicated that it would "revisit immunity" – CACI's claim of "derivative absolute official immunity" was denied in March 2009 , *Al Shimari v. CACI Premier Technology, Inc.*, 657 F. Supp. 2d 700, 720 (E.D. Va. 2009) – "at the summary judgment stage of the case." Memorandum in Support of Defendant CACI Premier Technology Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint, July 19, 2017, at 45 (Dkt. 627). CACI did not do so. CACI's decision to save an immunity defense – with its potential for providing a vehicle for interlocutory appeal – until the eleventh hour must be viewed with suspicion.

## II.     CACI'S INTERLOCUTORY APPEAL IS FRIVOLOUS

That CACI's appeal is frivolous is evident for a number of reasons. First, this latest gambit, which CACI asserts will automatically divest this Court of jurisdiction, represents an inappropriate attempt to "avoid a final disposition of the merits" of this case. Second, and relatedly, CACI's attempt to vindicate its right to derivative sovereign immunity on appeal will require it to argue that the United States enjoys a predicate sovereign immunity; but it was CACI in the first place, who suggested that the United States may not in fact enjoy sovereign immunity for *jus cogens* violations. CACI cannot be allowed to talk out of both sides of its mouth. The doctrine of judicial estoppel precludes such strategic litigation maneuvering and will similarly doom CACI's appeal.

10965392

Third, just as the 12-3 *Al Shimari en banc* opinion rendered CACI's substantively similar attempt to establish interlocutory review a failure (albeit, one that succeeded in delaying the case for three years) so will this latest one – even more so because it comes after years of discovery (including discovery CACI pressed against the putatively immune U.S. government) and one month before trial.  *Al Shimari v. CACI Intern., Inc.*, 679 F.3d 205 (2012) (en banc) ("*Al Shimari II*").  The Fourth Circuit and the Supreme Court have stressed over and over again that the collateral order doctrine which CACI will no doubt invoke again, is a "narrow" and selective exception to the otherwise determined Congressional rule that appeals must be taken after final judgment, to be interpreted with "utmost strictness," *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798-99 (1989), so as to avoid piecemeal appeals and unnecessary delay.  Finally, as this Court already observed, the Supreme Court foreclosed the possibility of derivative sovereign immunity for a contractor's violations of federal law or governmental instructions.  This Court has already found sufficient evidence to support a finding that CACI violated the law and ran afoul of the government's demands in the operative contract so as to foreclose dismissal on the grounds of derivative sovereign immunity.

A.     **CACI's Purported Interlocutory Appeal is an Improper Tactic to Suspend Trial.**

This Court is well aware of the exhaustive procedural history of this case, which includes a nearly identical, improvidently filed appeal from an interlocutory district court order that the Fourth Circuit rejected *en banc*, by a 12-3 vote.  Indeed, this latest gambit together with CACI's inexhaustible other filings, reflects that it is pursuing its claim to immunity in a "manipulative fashion," *Apostol*, 870 F.3d at 1339.  District courts need not be "at the mercy of defendants who file frivolous interlocutory appeals for tactical reasons."  *Eckert Intern., Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993).

10965392

Just this month, CACI filed a frivolous mandamus petition to the Fourth Circuit in a transparent effort to dislodge the trial date.  In that petition, CACI make the wholly unsupported claim that this Court defied the Fourth Circuit's mandate from *Al Shimari v. CACI Premier Tech., Inc.*, 840 F.3d 147, 157 (4th Cir. 2016) ("*Al Shimari IV*") because this Court's disposition of the political question defense was not based on record "evidence" – a claim it made to the Court of Appeals without actually referencing this Court's 2018 decision, which expressly found that "plaintiffs' allegations – *and the evidence they have produced in support of those allegations* – describe sufficiently serious misconduct to constitute torture, CIDT, and war crimes, all of which violated settled international law at the time – and still do.  Accordingly, plaintiffs have appropriately stated a claim under the ATS and the political question doctrine is inapplicable." *Al Shimari v. CACI Premier Tech., Inc.*, 324 F. Supp. 3d 668, 693 (E.D. Va. 2018) (emphasis added).[3]

The Fourth Circuit was not fooled by CACI's falsified entreaties for appellate intervention and denied the mandamus petition on March 27, 2019.  Soon after filing the mandamus, CACI effectively substituted what view as a more promising vehicle for appellate review – a direct notice of appeal that completely bypasses the statutory interlocutory appeal procedures Congress provided in 28 U.S.C. § 1292(b).  Alongside that notice of appeal, CACI

---

[3]     CACI had demanded that this Court consider CACI's evidence of military control, even though this Court rightly understood the Fourth Circuit's direction that "any acts of the CACI employees that were unlawful when committed, *irrespective [of] whether they occurred under actual control of the military*, are subject to judicial review."  *Al Shimari IV*, 840 F.3d at 159 (emphasis added).

The petition also took issue with this Court's state secrets determination and ATS jurisdictional determinations.  It also made the incorrect claim that "the district court barred CACI from taking any discovery from the United States."  *In re CACI Premier Technology, Inc.*, No. 19-1238, Dkt. 2-1 at 21.

wrote to the Clerk of the Court advising the Clerk of CACI's notice of appeal and that it conclusively would "divest[] the district court of jurisdiction," *In re CACI Premier Technology, Inc.*, No. 19-1238, Dkt. 12.[4]  And, it does so for no other reason than that the trial date is here.  It appears that CACI would rather be in the Fourth Circuit than before this Court or a jury – but that does not give it license to skip over the rigid requirements of the final judgment rule or unilaterally proclaim the divestiture of this court's jurisdiction.  *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985) ("Congress has expressed a preference that some erroneous trial court rulings go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'").  As the *en banc* Court stressed, "interlocutory review would unacceptably subject meritorious lawsuits to 'the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment'."  *Al Shimari II*, 679 F.3d at 213-14 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

As in *Cargill*, CACI is "strategically using" its claim to "to delay resolution of th[e] case" and as such, the "appeal is a frivolous attempt to avoid a final disposition of the merits of th[e] case." 2017 U.S. Dist. LEXIS 204653, at *6-7.  It seeks to impose "harassment and cost" on an otherwise meritorious lawsuit.  CACI can file an appeal, should a final judgment turn against it, in a few short weeks or months.

---

[4]     CACI did the same thing in 2009 – up to a point.  It filed a direct notice of appeal, and only *after* the Fourth Circuit granted rehearing *en banc* on the question of the appellate court's jurisdiction – i.e. two years later – did CACI take the brazen step to file a 1292(b) petition with the district court to retrofit its grounds for appeal.  Apparently, whether the district court is divested of jurisdiction while CACI appeals depends on what suits CACI in the moment.

**B.     The Appeal is Frivolous Because CACI will be Estopped from Claiming the United States Enjoys Sovereign Immunity.**

To seek an exception to the final judgment rule under the collateral order doctrine (as CACI sought to do before), CACI will have to argue that it is entitled to derivative sovereign immunity. Any such immunity has as a predicate that the actual sovereign itself is entitled to immunity. *See Cunningham v Gen. Dynamics Info. Tech., Inc.,* 888 F.3d 640, 646 (4th Cir. 2018). In this case, however, CACI took the affirmative step of putting the existence of that immunity in play by suing the sovereign as a third-party defendant. Through resolution of the motion to dismiss by United States, as Third-Party Defendant, this Court found no such immunity exists for the types of claims at issue in this case – *jus cogens* norms of international law. *Al Shimari v. CACI Premier Tech., Inc.*, No. 08-CV-827 (E.D. Va. March 22, 2019) at 47 (Dkt. 1183) Accordingly, at the threshold, CACI must argue that this Court erred in holding that "sovereign immunity does not protect the United States from claims for violations of *jus cogens* norms" in order to advance its claim for derivative sovereign immunity. *Id* at 51.

Such an argument is inconsistent with the position that CACI took in opposing the United States' motion to dismiss CACI's Third-Party Plaintiff claims. In support of its argument that the motion to dismiss must be denied – and the U.S. government's claim of sovereign immunity rejected, CACI affirmatively suggested that the United States may not enjoy such sovereign immunity for *jus cogens* violations. Drawing on the Fourth Circuit's decision in *Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012), in which the court rejected a conduct-based immunity claim for a foreign official for torture and other *jus cogens* violations, CACI concluded that, "the United States' claim of immunity can have merit only if it is a status-based immunity." Third-Party Plaintiff CACI Premier Tech., Inc.'s Opposition to the United States' Motion to Dismiss, *Al Shimari v. CACI Premier Technology, Inc.*, No. 08-CV-827 (E.D. Va. March 28, 2019) at 15

8

(Dkt. 713). To proceed with an appeal based on derivative sovereign immunity, CACI would have to reverse course and argue that sovereign immunity extends to *jus cogens* violations.

With its focus now on delaying the looming trial rather than dragging the United States along with it, CACI will likely change its position. And, it will likely be judicially estopped from doing so. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (internal citation and quotation omitted); *Zedner v. United States*, 547 U.S. 489, 504 (2006) (generally, judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (internal citation and quotation omitted). Any other result would undermine the integrity of the judicial process. *Maine*, 532 U.S. at 749-50 (because judicial estoppel "protect[s] the integrity of the judicial process" and "prevents parties from 'playing fast and loose with the courts'" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," a court may invoke the doctrine at its discretion) (citations omitted).

## C.     The Court of Appeals will not hear CACI's Improper Interlocutory Appeal.[5]

"It has been Congress' determination since the Judiciary Act of 1789 that as a general rule 'appellate review should be postponed . . . until after final judgment has been rendered by the trial court.'" *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976) (quoting *Will v. United States*, 389 U.S. 90, 96 (1967)); *see also Mohawk Indus. v. Carpenter*, 130 S. Ct.

---

[5]     Plaintiffs respectfully incorporate and endorse the arguments they made in the *Al Shimari II* en banc proceedings.

599, 605 (2009). The statute reflects "Congress' judgment that the *district judge* has primary responsibility to police the prejudgment tactics of litigants, and that the district judge can better exercise that responsibility if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985).

Congress has primary control of the courts' appellate jurisdiction and permitted a limited number of interlocutory appeals under 28 U.S.C. § 1292, but CACI has not sought appellate review of the district court's decision under 28 U.S.C. § 1292(b),[6] a process by which "Congress thus chose to confer on 'District Courts' first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). This is likely because CACI recognizes that it would be futile precisely because this Court fully understands that the denial of derivative sovereign immunity does not involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This is particularly so where there are credible allegations that CACI violated federal law and is thus foreclosed by direct Supreme Court precedent, *Al Shimari v. CACI Premier Tech., Inc.*, No. 08-CV-827, at 52 (E.D. Va. March 22, 2019) (Dkt. 1183); *see also infra* Section B(4). But CACI's desire to avoid the District Court's judgment – which Congress recognizes remains superior during the course of litigation – does not entitle it to an automatic appeal. *See Firestone Tire*, 449 U.S. at 368 (the final judgment rule "emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of the trial.").

---

[6]     Notably, a 28 U.S.C. § 1292(b) certification of interlocutory appeal does not automatically stay district court proceedings ("That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

CACI will no doubt attempt to reprise the argument it (and the defendant in the consolidated appeal, L-3 Services) made before the Fourth Circuit in the first interlocutory appeal, that its claim to immunity is immediately appealable under the "small class" of rulings that fall under collateral order doctrine as set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).  Interlocutory appeals under *Cohen* are permissible only upon a finding that the order: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock,* 546 U.S. 345, 349 (2006).

The "federal courts of appeals have consistently been charged with keeping a tight rein on the types of orders suitable for appeal consistent with *Cohen*."  *Al Shimari II*, 679 F.3d at 213. This is because the Supreme Court has consistently described the collateral order doctrine as "narrow and selective," of "modest scope," *Will*, 546 U.S. at 350, and to be interpreted with "utmost strictness," *Midland Asphalt*, 489 U.S. at 799, all in order to underscore the point that, "the narrow exception should stay that way and never be allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered. *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994) (internal citations and quotations omitted). As *Al Shimari II* explained, the "'modest scope' is apparent from the short list of orders approved by the Supreme Court for immediate review."  679 F.3d at 213 n. 7.[7]

---

[7]     *Id.* ("*See Osborn v. Haley,* 549 U.S. 225, 238–39 (2007) (denial of substitution of United States under Westfall Act); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144–45 (1993) (denial to state of claimed Eleventh Amendment immunity); *Harlow v. Fitzgerald,* 457 U.S. 800, 817–18 (1982) (denial of qualified immunity from suit pursuant to 42 U.S.C. § 1983); *Nixon v. Fitzgerald,* 457 U.S. 731, 742 (1982) (denial to president of absolute immunity); *Helstoski v. Meanor,* 442 U.S. 500, 508 (1979) (denial of Speech and Debate Clause immunity); *Abney v. United States,* 431 U.S. 651, 660 (1977) (denial of double jeopardy bar).")

Notably, that list includes grounds to protect *the sovereign or its officials* from being subjected to improper and distracting discovery in cases where it can assert a valid immunity claim; in this case, discovery – including extensive discovery CACI took from the United States – has long since closed.

For purposes of this motion, Plaintiffs focus on the third factor – whether the Court's ruling on derivative sovereign immunity will be "effectively unreviewable on appeal from final judgment."  The answer is a resounding 'no,' as a matter of law and as a matter of fact.  CACI will no doubt again argue derivative sovereign immunity implicates a "right not to be tried," but the Supreme Court has admonished courts to "view claims of a right not to be tried with skepticism, if not a jaundiced eye." *Digital Equip.*, 511 U.S. at 873.  That a ruling "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final District Court judgment . . . has never sufficed."  *Mohawk*, 130 S. Ct. at 605.

Indeed, CACI cannot meet this threshold because the Supreme Court has interpreted the right "not to be tried" relevant to the Cohen exception as one that "rests upon an *explicit statutory or constitutional guarantee* that trial will not occur."  *Midland Asphalt*, 489 U.S. at 801 (emphasis added).  The Court requires an "explicit constitutional guarantee" because "[w]hen a policy is embodied in a constitutional or statutory provision entitling a party to immunity from suit (a rare form of protection) there is little room for the judiciary to gainsay its importance." *Digital Equip.*, 511 U.S. at 878-79.

CACI enjoys no statutory or constitutional grounded right to avoid trial.  Nor is there any public value that would be "irretrievably lost" were CACI to wait a few months for a final judgment.  *Compare Abney v. United States*, 431 U.S. 651, 661 (1977) (denial of claim of double jeopardy immediately appealable because "deeply ingrained" public values preclude suffering

the uncertainty of a second, possibly unnecessary trial).  As a private company who profited

handsomely from its interrogation services to the United States, there is no public benefit from

CACI avoiding standing trial to determine its legal and financial responsibility for its role in one

of the worst atrocities in modern United States history.  While "there is value . . . triumphing

before trial, rather than after it," *Van Cauwenberghie v. Biard*, 486 U.S. 517, 524 (1998) that

preference is not enough to dislodge the final judgment rule.  The Supreme Court has denied

collateral order review for interests far weightier and irretrievable than CACI's.[8]

In *Al Shimari II*, the Court's determination that the Appellants' claims to immediate

appeal of orders denying them derivative sovereign immunity or *Mangold* immunity was

inadequate turned predominantly on the fact that the district court's decisions were "tentative"

and not final – the district court could not evaluate the scope of immunity without discovery into

the nature of the contacts.  679 F.3d at 220.  Accordingly, the appeal did not meet the first *Cohen*

factor.  Nevertheless, the Fourth Circuit signaled deep skepticism both with respect to intimately

related bases for a claimed immunity and regarding the doctrine of derivative sovereign

immunity itself.  With respect to the former, the Court rejected the notion that "*Boyle*

preemption" under the FTCA was an appealable collateral order.  *Id.* at 217-219.  CACI has

already likened its entitlement to derivative sovereign immunity to a "combatant activities"

preemption, Dkt. 1150 at 4-5 (citing *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir.

2014)).  *Al Shimari II* also rejected application of *Cohen* exceptions to interlocutory appeals of a

---

[8]    *See Mohawk*, 130 S. Ct. at 606-07 (order requiring disclosure of attorney-client materials
not immediately appealable, even if benefits of privilege would be irretrievably lost while
awaiting final judgment); *Will*, 546 U.S. at 353-54 (no review of order denying immunity under
FTCA judgment bar despite analogy to qualified immunity); *Midland Asphalt*, 489 U.S. at 801-
02 (no immediate appeal of motion to dismiss grand jury indictment even though dismissal
would avert burdens of criminal trial altogether); *Flanagan v. United States*, 465 U.S. 259, 260
(1984) (order disqualifying criminal counsel not immediately appealable despite arguably
irreversible Sixth Amendment interests at stake).

13

political question order, 679 F.3d at 214-15 (an argument CACI tried to separately effectuate through its mandamus petition of March 4, 2019) and the so-called "Law of War Immunity," *id.* at 215-216.

Regarding the specific claim of derivative sovereign immunity, the court explained that *Mangold*-type immunity (from *Mangold v. Analytic Systems, Inc.*, 77 F.3d 1442 (4th Cir. 1996)) – which CACI had referred to as "derivative absolute official immunity" – may be immediately appealable, but intentionally distinguished *Mangold* immunity from a claim of derivative sovereign immunity,[9] and expressed skepticism – in line with its broader understanding of the extremely limited nature of collateral order appeals – that such a claim could satisfy the *Cohen* factors. *Al Shimari II*, 679 F.3d at 212, n. 3 (citing cases in the Fifth, Ninth and Seventh Circuit rejecting immediate appealability of derivative sovereign immunity claims and noting disagreement of Second Circuit).

Moreover, as a practical matter, it is now implausible to argue that CACI's imagined "right not to be tried" is, at this point, destroyed. *Compare Midland Asphalt*, 489 U.S. at 799 (explaining that third *Cohen* prong is satisfied only where the relevant ruling involves "an asserted right the legal and practical value of which would be destroyed" by proceeding). CACI's contention is even weaker than it was ten years ago when *Al Shimari II* was decided. In that time, the parties have engaged in discovery, CACI sued the United States government which, for over one year, participated in all aspects of discovery that CACI demanded of it, including producing interrogators for depositions and thousands of pages of documents to CACI. Having pressed the United States government – the presumptively predicate possessor of

---

[9]     *Mangold* immunity is not applicable here. *See Al Shimari II*, 679 F.3d at 211 (approving District Court's analysis that *Mangold* immunity was "based on a combination of derivative absolute official immunity and witness immunity, doctrines that differ from derivative sovereign immunity.").

sovereign immunity, and the party that is the intended beneficiary of the collateral order doctrine – with aggressive discovery in this case, CACI cannot fairly argue that the practical value of a "right not to be tried" would be lost in denying it immunity.  It likewise defies reason to imagine that, just one month before trial, after all the proceedings that have gone under the bridge, the Fourth Circuit would hold this case to preserve an asserted a "right not to be tried."

>        **D.      The Merits of an Appeal of the Denial of Derivative Sovereign Immunity is Frivolous.**

Even on the merits, CACI's appeal of the derivative sovereign immunity question is frivolous.  This Court correctly held "[w]hen a contractor breaches the terms of its contract with the government or violates the law, sovereign immunity will not protect it."  *Al Shimari v. CACI Premier Tech., Inc.*, No. 08-CV-827, at 52 (E.D. Va. March 22, 2019) (Dkt. 1183).  That holding was based on a straightforward application of Supreme Court and Fourth Circuit precedent – holding that a contractor may not avail itself of sovereign immunity for conduct that violates the law and the terms of its contract with the government.

Specifically, the Supreme Court has stressed that contractor immunity, "unlike the sovereign's, is not absolute."  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016).  Indeed, there is "no authority for the notion that private persons performing Government work acquire the Government's embracive immunity."  *Id.*  Accordingly, derivative sovereign immunity does not "shield[] the contractor from suit" if the "contractor violates both federal law and the government's explicit instructions."  *Id.*; *accord Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 647 (4th Cir. 2018) (same).  And this Court has already determined that CACI's acts of conspiracy and aiding and abetting the torture; CIDT; and war crimes Plaintiffs endured – supported by hundreds of pages of evidence submitted in support of Plaintiffs' opposition to CACI's motion for summary judgment – violates federal law.  To sustain its

interlocutory appeal, CACI, in essence, would have to argue that *Campbell-Ewald* and *Cunningham* are incorrect or that CACI's acts did not violate federal law.  Both arguments are frivolous.  Indeed, in oral argument before the Fourth Circuit in its last appeal relating to the political question, CACI expressly admitted that at least some of the alleged misconduct by its employees was illegal.  *Al Shimari IV*, 840 F.3d at 160.

CACI may also argue that its conduct was in accordance with the general terms of its contract with the government.  That argument is a nonstarter two reasons.  First, it would be yet another attempt by CACI to relitigate the legality as a matter of law of its conduct – an issue that issue has already been argued and decided in the summary judgment motion.  Second, the argument ignores the unambiguous language of CACI's contract with the government; it granted CACI substantial discretion to carry out the contract's parameters, but it limited the grant of discretion to lawful conduct: CACI was required to comply with the Geneva Conventions and other U.S. law.  This Court has already held that Defense Department regulations, the U.S. Code, and international law all prohibit the torture and mistreatment of detainees that occurred here.  Simply put, CACI exceeded its authority.  Pursuant to *Campbell-Ewald Co.* and also *Yearsley*, when an agent of the government "exceeded [its] authority," it is not entitled to sovereign immunity.  *Yearsley v. W.A. Ross Constr. Co*., 309 U.S. 18, 21 (1940); *see also Campbell-Ewald Co.*, 136 S. Ct. at 673 n.7 (stressing that immunity was available in *Yearsley* because the "contractors performance was in compliance with *all* federal directions" (emphasis added)).  It is frivolous to advance an interlocutory appeal that is based in a fact dispute, ignores the unambiguous language of CACI's contract with the government, and overlooks clear Supreme Court precedent.

## CONCLUSION

For all of the foregoing reasons, the Court should certify Defendant's appeal as frivolous.

Respectfully submitted,

*/s/ John Kenneth Zwerling*
John Kenneth Zwerling (VA Bar #08201)
ZWERLING/CITRONBERG, PLLC
114 North Alfred Street
Alexandria, VA 22314
Tel. 703-684-8000 | jz@zwerling.com

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Robert P. LoBue, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

17

10965392

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2019, I electronically filed Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Certify Defendant's Appeal as Frivolous through the CM/ECF system, which sends notification to counsel for Defendants and the United States.


_____*/s/ John Kenneth Zwerling*_____
John Kenneth Zwerling (VA Bar #08201)

18

10965392