# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CACI PREMIER TECHNOLOGY, INC., <br><br> Defendant. | Case No. 1:08-cv-0827 LMB-JFA |

## PLAINTIFFS' STATUS REPORT

Plaintiffs Al Shimari, Al-Ejaili, and Al-Zuba'e respectfully submit this Status Report to advise the Court of Plaintiffs' position regarding the appropriate course of action following the Court of Appeals' August 23, 2019 decision in *Al Shimari v. CACI Premier Technology, Inc.*, No. 19-1328 (4th Cir. Aug. 23, 2019) ("*Al Shimari V*"), and subsequent mandate.

### I.   Court of Appeals Proceedings

Defendant CACI Premier Technology, Inc. ("CACI") appealed this Court's March 22, 2019 decision denying CACI's motion to dismiss on grounds of derivative sovereign immunity. In reliance on the filing of that appeal, this Court vacated a scheduled trial date of April 23, 2019. (Dkt. No. 1296.)  CACI argued, *inter alia*, that it met the requirements for derivative sovereign immunity and that this Court had erred in denying its motion to dismiss on that ground.  As part of this purportedly limited appeal, CACI nevertheless sought appellate review of a number of this Court's other interlocutory rulings, including: (i) the denial of the United States' sovereign immunity; (ii) the denial of CACI's motion to dismiss the Alien Tort Statute claims under (a) *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016) and (b)

*Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (2018); (iii) the denial of its motion to dismiss on political question grounds and state secrets; and (v) the denial of its motion to dismiss on "preemption" grounds. Plaintiffs argued that the Fourth Circuit lacked jurisdiction to hear all aspects of the appeal and, in any event, there were factual disputes inherent in CACI's claim for derivative sovereign immunity that would have to be resolved at trial. The Fourth Circuit agreed with Plaintiffs on both counts. In an unpublished, two-page opinion, the court summarily dismissed CACI's appeal for lack of jurisdiction because CACI did not appeal a final judgment or order and the denial of derivative sovereign immunity was not immediately appealable due to, *inter alia*, "continuing factual disputes regarding whether CACI violated the law or its contract."[1] *Al Shimari V*, slip op. at 4 (unpublished opinion).

CACI then filed a petition for rehearing or, alternatively, for rehearing *en banc*, which automatically stayed the issuance of the mandate. *See id.*, ECF No. 78. The Fourth Circuit summarily denied the petition for rehearing and rehearing *en banc*, with no judge requesting a poll under Federal Rule of Appellate Procedure 35 or briefing from Plaintiffs' counsel. *Id.*, ECF No. 83. CACI then moved to further stay the mandate, arguing that its anticipated *certiorari* petition presented the "substantial question" of whether a denial of derivative sovereign immunity is immediately appealable. *Id.*, ECF No. 85. Four days later, that motion was denied as well and the mandate issued on October 21, 2019. *Id.*, ECF Nos. 87-88.

On October 17, 2019, CACI electronically filed a motion to stay the Fourth Circuit's mandate before Chief Justice Roberts as Circuit Justice for the Fourth Circuit, which was docketed on October 21, 2019. *CACI Premier Tech., Inc. v. Al Shimari*, No. 19A430 (U.S. filed

---

[1] In a concurring opinion, Circuit Judge Quattlebaum agreed that Plaintiffs presented sufficient "evidence [that] representatives of CACI engaged in . . . the alleged improper conduct as to these plaintiffs" such that appellate jurisdiction over CACI's interlocutory appeal was "lacking." *Id.* at 5 (Quattlebaum, J., concurring).

Oct. 17, 2019). That motion faces an extraordinarily high burden. *See, e.g.*, *Holtzman v. Schlesinger*, 414 U.S. 1304, 1314 (1973) (Marshall, J.) (noting that the panel's decision on the applicant's motion to stay "is entitled to great weight"); *see also Conkright v. Frommert*, 556 U.S. 1401, 1401 (2009) (Ginsburg, J.) ("Denial of such in-chambers stay applications is the norm; relief is granted only in 'extraordinary cases.'" (quoting *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers))). Without further action from Chief Justice Roberts, the mandate issued and jurisdiction returned to the district court. It is therefore appropriate now to reschedule the trial and resolve pending pretrial matters.

## II. Plaintiffs' Proposal for Proceedings on Remand

Before CACI took its improper appeal, the parties were three weeks from trial. Accordingly, Plaintiffs submit that the parties should appear before the Court to schedule a new trial date. Subject to certain scheduling and logistical constraints, Plaintiffs' case is ready for trial except for the resolution of several pending motions. The following motions await a reply brief from CACI:

- CACI's Motion *in Limine* to Exclude Inadmissible Testimony of Plaintiffs' Expert Dr. Xenakis (Dkt. No. 1188);
- CACI's Motion *in Limine* to Exclude Testimony by Plaintiffs' Experts Drs. Rejali and Fadel (Dkt. No. 1194);
- CACI's Motion *in Limine* Regarding Plaintiffs' Damages Claim (Dkt. No. 1198);
- CACI's Motion *in Limine* to Exclude Inadmissible Deposition Testimony (Dkt. No. 1205); and
- CACI's Motion *in Limine* to Exclude Inadmissible Exhibits (Dkt. No. 1218).

Plaintiffs ask the Court to set a deadline for any reply briefs for these pending motions so that the motions can be promptly resolved.

Plaintiffs' motion *in limine* to exclude irrelevant and prejudicial evidence (Dkt. No. 1225) is fully briefed and awaiting decision and Plaintiffs' motion *in limine* regarding the Taguba and Jones-Fay Reports (Dkt. No. 1078) was held in abeyance on February 27, 2019. (Dkt. No.

1143.)  Also, Plaintiffs' motion for a written jury questionnaire (Dkt. No. 1211) is fully briefed and awaiting decision, and Plaintiffs respectfully request that it be addressed with sufficient time in advance of trial to implement the written questionnaire if the Court agrees to employ one.

At the conference to schedule a new trial date, Plaintiffs request that two other issues also be resolved: first, a date for the parties to identify all live witnesses to testify at trial and, second, whether testimony excerpted from the pseudonymous depositions will be allowed and, if so, the logistics of such testimony.  Both parties have also filed objections to each other's trial exhibits and deposition excerpts beyond the matters addressed in the *in limine* motions.  (*See* Dkt. Nos. 981, 982, 1006, 1008.)

Finally, Plaintiffs provide the Court with a brief update on their availability for trial.  Mr. Al-Ejaili, who resides in Sweden, is ready and able to appear at trial by video link.  Messrs. Al Shimari and Al-Zuba'e continue to live in an unpredictable and dangerous environment within Iraq, where reports of corruption, violence, and deaths continuously make the news.[2]  Plaintiffs' counsel continue to work to make Messrs. Al Shimari and Al-Zuba'e available for trial by video link and will endeavor to provide the Court with another update at the next conference.

                    Respectfully submitted,

                      */s/ John Kenneth Zwerling*
                    John Kenneth Zwerling (VA Bar #08201)
                    ZWERLING/CITRONBERG, PLLC
                    114 North Alfred Street
                    Alexandria, Virginia 22314
                    Tel. 703-684-8000
                    jz@zwerling.com

---

[2] *See, e.g.*, The Guardian, *Iraq Protests: UN Demands End to Violence as Death Tolls Nears 100*, Oct. 5, 2019, *available at* https://www.theguardian.com/world/2019/oct/06/iraq-protests-un-demands-end-to-violence-as-death-tolls-nears-100; David D. Kirkpatrick & Eric Schmitt, NY TIMES, *ISIS Reaps Gains of U.S. Pullout from Syria*, Oct. 21, 2019, *available at* https://www.nytimes.com/2019/10/21/world/middleeast/isis-syria-us.html?searchResultPosition=7.

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Robert P. LoBue, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10046

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2019, I electronically filed the Status Report of Plaintiffs through the CM/ECF system, which sends notification to counsel for Defendant.


                                                       */s/ John Kenneth Zwerling*
                                           John Kenneth Zwerling (VA Bar #08201)