# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 1:08-cv-0827 LMB-JFA ) |
| CACI PREMIER TECHNOLOGY, INC., | ) ) |
| Defendant, | ) ) |

## JOINT STATUS REPORT

Plaintiffs and Defendant CACI Premier Technology, Inc. ("CACI") respectfully submit this status report regarding the above-captioned action.

## I.    JOINT STATEMENT

At the September 8, 2023 status conference in this case, the Court directed the parties to confer regarding a proposed trial date and a plan for completing the tasks that need to be completed prior to a trial of this action.  The parties jointly report as follows:

### A.    Trial Date

The parties propose that the trial of this action commence on April 15, 2024.  We have conferred with the United States and are advised that "[t]he Government takes no position" on the trial date.  Plaintiffs submit a two-week trial is more than necessary to try this case.  CACI estimates the trial will last about 3 weeks.  Once a trial date is set, Plaintiffs intend to begin the process of seeking government approval for the three Plaintiffs to travel to the United States for the trial of this action.

### B.    Pending Motions *in Limine*

There are currently seven motions *in limine* pending before the Court.  They have all been fully briefed.  The parties believe that four of them are ready to be noticed for a hearing. Those are:

- CACI's Motion *in Limine* to Exclude Inadmissible Testimony of Plaintiffs' Expert Dr. Xenakis (Dkt. #1188)

- CACI's Motion *in Limine* to Exclude Testimony by Plaintiffs' Experts Drs. Rejali and Fadel (Dkt. #1194)[1]

- CACI's Motion *in Limine* Regarding Plaintiffs' Damages Claim (Dkt. #1218)

- Plaintiffs' Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence Offered by Defendant (Dkt. #1296)

The parties will meet and confer on proposed hearing dates for these motions, with a view toward setting them for hearing in November or December 2023.  With respect to Plaintiffs' damages claim, Plaintiffs have confirmed that they are not seeking an award of attorneys' fees in this case.

There are three other motions *in limine* that have been fully briefed but require additional meeting and conferring.

- CACI's Motion *in Limine* to Exclude Inadmissible Deposition Testimony (Dkt. #1205)

- CACI's Motion *in Limine* to Exclude Inadmissible Exhibits (Dkt. #1218)

- Plaintiffs' Motion *in Limine* regarding Taguba and Jones-Fay Reports (Dkt. #1143)

Plaintiffs are evaluating whether to withdraw any of their proposed deposition designations, exhibits, and report excerpts, and will make a filing by October 20, 2023, advising as to the

---

[1] Only the aspect of the motion relating to Dr. Fadel remains an active dispute in this action.  As Plaintiffs have advised the Court, they plan to move to substitute a new proposed expert for Dr. Rejali.  The propriety of the proposed replacement expert will be addressed through separate motion practice.

results of their evaluation.  Once that occurs, the parties will confer regarding the timing of any response(s) by CACI and will set a hearing date (or dates) for these motions, presumably in December 2023 or January 2024.

### C.    Plaintiffs' Proposal to Replace Darius Rejali with Another Expert

Plaintiffs have noted that they intend to file a motion to substitute Dr. Rejali with another proposed expert witness, Dr. Jens Modvig.  Plaintiffs will file their motion by October 20, 2023, and will attach to that motion a proposed substitute report from Dr. Modvig.  CACI objects to the designation of a new expert witness and will file its opposition to Plaintiffs' motion in due course.  CACI has noted it will need to review the proposed new expert's report in order to identify all of the bases for its objections.  The parties will meet and confer on a schedule for addressing Plaintiffs' motion once CACI has had an opportunity to review it.

### D.    *Touhy* Requests to the United States

The parties will promptly submit *Touhy* requests to the United States to the extent they seek to have witnesses testify at trial concerning matters occurring while the witnesses were in government service.

## II.    SEPARATE REMARKS OF PLAINTIFFS

Plaintiffs' position is that the separate remarks are unnecessary to address a straightforward filing reporting on issues the Court asked the parties to address.  But Plaintiffs are compelled to respond to CACI's attempt in its separate remarks that are both unnecessary and unproductive.

## A.     Trial

Plaintiffs believe a two-week trial, with equal time allotted to each party, is sufficient for both parties to try their case.  This will cause both parties to proceed with their cases in an efficient and focused manner, promoting juror satisfaction and preserving court resources while still giving both parties ample opportunity to present their cases.  A timed trial is also expressly within the Court's ability. See Fed. R. Civ. P. 16(c)(2)(O) (providing a court may establish "a reasonable limit on the time allowed to present evidence").

CACI falsely accuses Plaintiffs of delaying final adjudication of this proceeding.  In doing so, CACI cites Plaintiffs' proposal  to evaluate its exhibits and designations over the next month.  What CACI fails to point out is that CACI did not object to this proposal during a meet and confer with Plaintiffs' counsel and only raises this issue now in an attempt to turn the tables when it is clear that CACI, not Plaintiffs, seeks to continue to delay the road to trial.  CACI's representation below to the contrary rings hollow in light of CACI's actions over the past 15 plus years and its most recent request for relief from the Fourth Circuit to stop a "trial of this action [that] would be farcical." *See* USCA4 Appeal: 23-1932, Doc: 2-1 at 5.

## B.     Damages

Despite the issue being fully briefed, CACI uses this joint submission as an opportunity to again object to Plaintiffs' disclosure of their damages calculations.  As stated in Plaintiffs' opposition to CACI's motion in limine on the issue, the requirements of Rule 26(a)(1)(A)(iii) do not apply to damages claims that are subjective and not readily amenable to calculation, such as damages for pain and suffering and punitive damages. See ECF No. 1256 (citing collection of cases).  In any event, Plaintiffs submitted their calculation of damages in a filing on October 1, 2021 and there has been no prejudice to CACI as a result of this disclosure.  See ECF No. 1358.

CACI's threat to delay trial with further motion practice and discovery on this issue is meritless. The basis of Plaintiffs' damages claim has been clear to CACI from the moment each Plaintiff became involved in this case, even if a precise number was not provided at that time (as it was not required), and CACI had ample opportunity to take discovery on the issue. See ECF No. 28 at ¶ 205 (Amended Complaint seeking compensatory damages for "physical, mental, and economic injuries," and punitive damages as punishment for CACI "engaging in human rights abuses" and to "deter similar behavior" in the future).

### C.    *Touhy* Requests/*De Bene Esse* Depositions

As stated in their status report (see ECF No. 1414), Plaintiffs intend on working with the Government to evaluate whether government witnesses[2] are available to testify live at trial. Plaintiff objects to any re-opening of discovery for de bene esse depositions.  CACI was aware during discovery that some witnesses, including government witnesses, may be unavailable to testify live at trial and had the ability to take the depositions it saw fit and to ask the questions it deemed necessary.  It cannot now take a second bite at the apple to re-depose witnesses, or depose new witnesses, under the guise of surprise that certain witnesses are unavailable to testify live.  Should witnesses be unavailable to testify live, the parties should use their deposition designations—as the rules of evidence envision.

As to the pseudonymous deponents, the Government informed both parties that it possesses audio recordings of the witnesses' depositions.  As stated in its status report, the Government is open to playing excerpts at trial with minor alterations of pitch (see ECF No.

---

[2] Plaintiffs intend on submitting *Touhy* requests to the Government for Major General Antonio Taguba, Ivan Frederick, Sabrina Harman, William Cathcart, and Hydrue Joyner, and if the requests are successful, Plaintiffs will have these witnesses testify live to the extent they are called for testimony.

1411) and has confirmed as much to both parties.  Because these recordings have been located and the Government is open to having them played, Plaintiffs submit they should be used at trial to save the parties', the Court's, the Government's, and the witnesses' time and resources.  As indicated below, CACI is already gearing up for further motion practice on the issue.  Plaintiffs agree with the Court's remarks at the February 27, 2019 hearing that altering their voices is likely an "overreaction" (2/27/19 Hr'g Tr. at 45-46), but will work with the Government to find a solution that does not impair the jury's ability to hear and comprehend the audios.

Plaintiffs reserve their right to oppose any request from CACI to re-depose these witnesses.

### D.       Medical Examinations of Al Shimari and Al Zuba'e

As this Court is aware, Plaintiffs Al Shimari and Al Zuba'e had every intention to appear for depositions and to be examined by CACI's medical experts in the United States in 2013. After these two Plaintiffs were not able to travel to the United States for their depositions and medical examinations, Plaintiffs and their counsel worked to present alternatives.  While the Court ordered that these Plaintiffs' depositions proceed by video link, CACI has refused to proceed with medical examinations anywhere other than the greater Washington, D.C. area. Plaintiffs' position on when and where Plaintiffs Al Shimari and Al Zuba'e would submit to medical examinations has remained the same since 2018.  Among other mechanisms, Plaintiffs can be examined by CACI's (male) medical expert "either in Iraq, in a location where they are currently capable of traveling; alternatively it may be sensible to await the result of Plaintiffs' application for special parole so that they can be examined shortly before trial in the United States, if that is permitted."  ECF No. 933 at 8.  Plaintiffs' counsel repeated during its meet-and-confer with CACI's counsel this same position.

Plaintiffs see no reason to relitigate this issue, recalling that CACI's previous motion to compel medical examinations in the Washington area months before the 2019 trial date was denied (ECF No. 940), and instead, reiterate their invitation for CACI's counsel to work with Plaintiffs' counsel to have Al Shimari and Al Zuba'e examined in Iraq, an available third country Plaintiffs are able to travel to (which are many), or, if CACI seeks to wait until a determination is made of Plaintiffs' ability to enter the United States for trial, in the United States if there is sufficient time ahead of trial.

## III.      SEPARATE REMARKS OF CACI

CACI's August 25, 2023 Status Report stated CACI's position on a number of the issues to be addressed before trial.  The remarks below supplement, but do not replace, the positions stated by CACI in its August 25, 2023 Status Report.

### A.      Trial Proceedings

#### 1.      Trial Date

From CACI's perspective, April 15, 2023, is an acceptable trial date, subject to many factors outside of CACI's control that could affect the feasibility of that date.  This is an extraordinarily complex case to bring to trial.  The three Plaintiffs previously have been barred from entering the United States, so their appearance at trial is at a minimum uncertain.  The Court has indicated a willingness to allow Plaintiffs to testify remotely if they are not able to enter the United States for trial.  This is completely unfair to CACI because it deprives the jury of a meaningful opportunity to assess Plaintiffs' demeanor, as the Plaintiffs' own testimony is their only evidence regarding their alleged mistreatment during interrogations because every other participant in those depositions refutes Plaintiffs' version of events.

But putting aside the fairness of remote testimony, the feasibility of remote testimony by Plaintiffs is uncertain and out of CACI's hands.  Internet availability in Iraq, where two of the three Plaintiffs apparently reside, is unreliable.  Just yesterday, Plaintiffs asked counsel for the United States what role, if any, the Government would like to play in the process if Swedish law requires Al-Eljaili to testify from the U.S. Embassy or Consulate in Sweden.  Needless to say, CACI has no control over the availability of the U.S. Embassy in Sweden.

The logistics regarding many of the other witnesses are similarly outside of CACI's control.  Most witnesses were U.S. soldiers during the relevant time frame, and CACI will need to seek their participation at trial through a *Touhy* request to the Department of Defense. Counsel for the United States has stated an intention to address *Touhy* requests promptly, but CACI has no control over the timing of this process.  CACI will do what it can by serving its *Touhy* request promptly, in no event later than the week of September 18, 2023.

Eight participants in Plaintiffs' interrogations have been deposed, including two former CACI interrogators.  They all reject the proposition that Plaintiffs were mistreated during their interrogations.  The Court's state secrets ruling has deprived CACI access to the identities of these eight witnesses, who were all assigned pseudonyms and deposed telephonically.  In a case involving a clear credibility battle, the demeanor of these witnesses, like the demeanor of Plaintiffs if they testify remotely, cannot be meaningfully assessed if CACI is required to present tape recorded excerpts of their testimony at trial (particularly if the Court permits the Government to alter their voices).  The Court, as discussed below, has indicated a desire to have some of the pseudonymous interrogators testify behind a screen, either during the trial or through a *de bene esse* deposition, to try to salvage some ability for the jury to receive their testimony and assess their credibility.  CACI favors this approach, but it also presents a number of

8

logistical hurdles over which CACI has no control given the United States' exclusive access to the identities of these witnesses.

Some of the motions *in limine* involve issues that have to be decided in advance of trial but are also extremely time-intensive to resolve. In particular, Plaintiffs are seeking to introduce into evidence *sixty-four* excerpts from the Taguba and Fay reports, which is essentially all of Plaintiffs' non-expert evidence other than Plaintiffs' own testimony. This Court, however, has stated that Plaintiffs are not going to be permitted to provide a "history lesson" through report excerpts: "If you're introducing – or using these reports for a history lesson, you can just as easily put a live witness on the stand who can talk about what Abu Ghraib was, so I don't think that that's an appropriate use of the report." 12/10/18 Tr. at 3-4. With respect to Plaintiffs' proposed report excerpts, the Court stated that Plaintiffs identified "way too many," and that "to the extent that there are statements in there that are hypotheses or not really sufficiently reliable, they're not going to come in, all right?" 2/27/19 Tr. at 39. Plaintiffs have stated that they plan to reevaluate the excerpts they have proposed, but we were told by Plaintiffs' counsel on September 13, 2023 not to expect significant reductions in excerpts proposed. Nevertheless, Plaintiffs have stated that they need more than a month to decide which, if any, excerpts to withdraw, just as they need more than a month to decide whether they will withdraw any exbibits and deposition designations in light of CACI's motion *in limine*. The Court also will need to address Plaintiffs' deposition designations well in advance of trial because the Court's ruling will affect the parties', or in most cases the United States', editing of deposition videotapes, recordings, or transcripts to reflect the Court's rulings.

CACI has no control over how fast Plaintiffs will decide whether to narrow their proposed report designations, exhibits, and deposition designations, nor does CACI have

meaningful control over how fast these issues are heard and decided by the Court.  CACI also has no control over how fast the United States decides whether Plaintiffs will be permitted into the country for trial, or over the logistics of any remote testimony from overseas that the Court might permit.  CACI also has no control over the timing of the United States' responses to *Touhy* requests for trial witnesses.  CACI has agreed to an April 15, 2024 trial date on the understanding that all of these issues will be resolved in time for a trial to begin on that date.  CACI does not intend to be a source of delay in completing these tasks, but most are completely outside of CACI's control.

Finally, a word about Plaintiffs' accusation that CACI is trying to delay the trial of this action.  That insinuation is unwarranted.  CACI is firmly of the view that the Court lacks jurisdiction to proceed with a trial of this action.  But CACI is not seeking to delay anything.  Plaintiffs, not CACI, intend to take more than a month to decide whether they will make what they have described as minor adjustments to their proposed report excerpts, deposition designations, and trial exhibits.  CACI intends to serve its *Touhy* request for trial witnesses no later than next week to maximize the time for the United States to respond, for the parties to litigate any disputes concerning the substance of the United States' response, and to implement any rulings from the Court with respect thereto.  As CACI has noted, there are substantial, and extraordinary, logistical issues associated with trying this case, none of which are of CACI's making.  Pointing them out is being realistic, not a delay tactic.

## 2. Plaintiffs' Proposal for a Time Limit on the Parties' Presentations

Plaintiffs have taken the position that the Court should use a running clock to limit the time each party has to present its case at trial.  Plaintiffs' position is that "[t]here is no reason for CACI to present a prolonged defense that takes longer than the case Plaintiffs' present."  M.

Fisher email of 9/13/23. CACI objects to a time limit for presentation of its case. Moreover, it is not accurate that CACI's defense should take no longer than Plaintiffs' case in chief. The way this case has developed, CACI's defense almost surely will take longer than Plaintiffs' case in chief. Plaintiffs have very few percipient witnesses to offer as trial witnesses other than themselves, as none corroborate their allegations. CACI has more witnesses to call on the relevant issues.

Consider, for example, evidence regarding events taking place during Plaintiff Al Zuba'e's three interrogations. Plaintiffs will present one witness regarding those events, Al Zuba'e himself. To rebut Al Zuba'e's testimony, CACI will need to call *eight* witnesses – the six interrogators and two interpreters who participated in Al Zuba'e's interrogations and have been located by the United States and deposed. For Al Shimari's single interrogation, CACI will need to call three witnesses, the two interrogators and interpreter who participated in that interrogation.

The Court is well able to manage its courtroom, and CACI presumes that the Court would not hesitate to take steps to avoid inefficient and/or unduly cumulative presentation of evidence. CACI should not be limited to a truncated defense, however, just because Plaintiffs do not have much evidence of their actual treatment other than their own testimony. In CACI's view, the state secrets and other rulings in this case mean that CACI can never receive a truly fair trial in this action. But there is no good reason to exacerbate the unfairness by artificially limiting the time allowed for CACI to present its defense. The fact that Plaintiff's evidence is thin, and CACI's is robust, is no reason to artificially limit CACI's defense to match the thinness of Plaintiffs' factual case.

### 3.      Length of Trial

Plaintiffs state their view that this case can be tried in two weeks.  CACI believes a trial of this action will require three weeks.  CACI believes that the main difference is that Plaintiffs' estimate is based on the premise that the Court will limit CACI's substantive defense to mirror the time needed by Plaintiffs to present their case in chief.  As noted above, that would be entirely unfair to CACI, which has more witnesses on all of the relevant factual issues in this case.  In the first hearing after Judge Lee's recusal, the Court stated the following:

> The issues in this case are very important, and both sides plus, frankly, you know, the American people and the people of Iraq have a right to get the full record developed here, and so I feel that we are going to need to get the testimony of the three remaining plaintiffs.

12/16/16 Tr. at 11.

There is no question that the issues being tried are important, and that is true for both parties – not just Plaintiffs.  CACI has had the most despicable accusations imaginable lobbed at it and has substantial evidence disproving those claims.  CACI also deserves a fair day in court.  Limiting substantive evidence to try to cram the trial of this action into a two-week window would not only be grossly unfair to CACI, but would result in an incomplete factual record.

### B.      Motions *in Limine*

CACI filed its Motion *in Limine* Regarding Plaintiffs' Damages Claim (Dkt. #1218) because Plaintiffs failed to provide a damages calculation in their initial disclosures as required by Federal Rule of Civil Procedure 26(a) and failed to provide damages calculations when they were requested in discovery.  In 2021, the Court directed Plaintiffs to make a disclosure of its damages calculations, which Plaintiffs did.  As noted in its motion *in limine* reply, CACI objects to Plaintiffs' post-discovery disclosure of its damages calculations, as they are untimely and the

late disclosure is unjustified.  If the Court denies CACI's motion to preclude Plaintiffs from any recovery of damages, CACI may file a motion addressing the substance of Plaintiffs' post-discovery damages disclosure.  Some of the calculation methodologies stated in Plaintiffs' post-discovery disclosure are clearly inappropriate and would have been the subject of a motion *in limine* if they had been timely disclosed.  CACI also anticipates seeking leave to reopen discovery of Plaintiffs on their damages claim if their post-discovery calculation of damages is permitted by the Court.

### C.  *Touhy* Requests/*De Bene Esse* Depositions

CACI anticipates filing a motion seeking leave to take *de bene esse* depositions of trial witnesses who are not within the subpoena power of the Court.  The scope of these requests will be informed to some degree by the United States' response to CACI's *Touhy* request for trial witnesses.  CACI intends to serve a *Touhy* request for trial witnesses on the United States next week, which should leave ample time before trial for the United States to respond, for the parties to litigate any disputes arising out of the United States' response, to address a motion for *de bene esse* depositions, and to take those depositions.

In addition, depending on the United States' response to CACI's *Touhy* request, there might be a need for motions practice and/or a status conference to address the manner by which pseudonymous deponents will provide trial testimony.  The Court previously offered the following view on the subject:

> THE COURT: So what I am thinking, because I can tell you that, that trials are -- first of all, they're deadly boring when you have to have a -- although my law clerks are very good at reading these things, but it's deadly boring, and you can -- it goes in in a time concentration that no other type of testimony goes in.  What I am thinking is to order that there be re-depositions of those three or four key people, not all of them.  It can be done with a screen so that the jury isn't going to see the person but they can at least hear

> it, it will go in live, and you and Mr. LoBue or whoever is going to
> do it for the other side can ask questions. You've already got the
> script. Basically, it would be the questions you've already asked
> them. Perhaps you can work with the government on getting ahead
> of time a few more of these background questions of a more
> general nature, a bit more of that, and then that can be played for
> the jury rather than having to read those transcripts in.

2/28/2019 Tr. at 44:6-23. CACI endorses this approach. Our understanding is that Plaintiffs oppose this approach. Whether there is a dispute that requires the Court's intervention likely will depend on how the United States responds to CACI's *Touhy* request.

### D.    Medical Examinations of Al Shimari and Al Zuba'e

Plaintiffs Al Shimari and Al Zuba'e have never submitted to medical and psychological examinations requested by CACI and which were the subject of litigation before Magistrate Judge Anderson. Plaintiffs have stated their position above, and indicate that their position has not changed since 2018. What they fail to mention is that their position is that Al Shimari and Al Zuba'e should be permitted to litigate a case in this Court and simultaneously insist that they will only submit to medical examinations in Iraq, Iran, Syria, or Beirut, Lebanon if they are not allowed into the United States to attend trial. R. LoBue Ltr. of Oct. 31, 2018. Plaintiffs' position is inconsistent with the rulings of Magistrate Judge Anderson, to which Plaintiffs did not object. CACI is preparing a motion addressed to this issue that it will notice for a hearing in November 2023.

Respectfully submitted,

_/s/   John F. O'Connor_
John F. O'Connor
Virginia Bar No. 93004
Linda C. Bailey (admitted _pro hac vice_)
Molly Bruder Fox (admitted _pro hac vice_)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com
lbailey@steptoe.com
mbfox@steptoe.com

William D. Dolan, III
Virginia Bar No. 12455
LAW OFFICES OF WILLIAM D.
DOLAN, III, PC
8270 Greensboro Drive, Suite 700
Tysons Corner, VA 22102
(703) 584-8377 – telephone
wdolan@dolanlaw.net

_Counsel for Defendant_

_/s/   Cary Citronberg_
Cary Citronberg
ZWERLING/CITRONBERG, PLLC
114 Alfred Street
Alexandria, VA 22314
Tel. 703-684-8000
cary@zwerling.com

Muhammad U. Faridi (adm. _pro hac vice_)
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Baher Azmy (admitted _pro hac vice_)
Katherine Gallagher (admitted _pro hac vice_)
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel (admitted _pro hac vice_)
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

_Counsel for Plaintiff_

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

Cary Citronberg
ZWERLING/CITRONBERG, PLLC
114 North Alfred Street
Alexandria, VA 22314
cary@zwerling.com

/s/  John F. O'Connor
John F. O'Connor
Virginia Bar No. 93004
Attorney for Defendant CACI Premier Technology,
    Inc.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com