UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI *et al.*, </br>  </br> Plaintiffs, </br> </br> *v.* </br> </br> CACI PREMIER TECHNOLOGY, INC. </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Case No. 1:08-cv-827 (LMB/JFA) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO INTRODUCE LIMITED DESIGNATIONS FROM THE 2013 DEPOSITION OF IVAN FREDERICK**

Plaintiffs filed this motion to introduce a limited set of designations from Mr. Frederick's 2013 deposition. Plaintiffs did so because at last week's *de bene esse* deposition—more than a decade after Mr. Frederick was first deposed and more than two decades after the events at issue—Mr. Frederick had essentially no memory of an array of topics about which he testified in 2013. That was so even though Plaintiffs provided to Mr. Frederick (through his counsel) his 2013 deposition testimony and his 2004 CID statement in advance of the deposition (which he did not review) and even though Plaintiffs sought repeatedly at the deposition to refresh his recollection. Mindful, however, of CACI's concern that it could not adequately cross-examine Mr. Frederick on the prior sworn statements that he adopted at that 2013 deposition (the concern that formed the basis for this *de bene esse* deposition),[1] Plaintiffs' motion does not seek to admit

---

[1] To be clear, Plaintiffs do not agree that CACI was limited in a manner that necessitated a new deposition.

1

portions of the deposition that involved any such adopted statements. Introduction of the narrow designations sought by Plaintiffs' motion is allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, would work no prejudice to CACI, and would partially cure the unfairness to Plaintiffs of Mr. Frederick's diminished memory.

CACI's opposition, while strident, fundamentally misunderstands what Plaintiffs seek. CACI repeatedly implies that Plaintiffs' motion concerns the prior sworn statements that motivated the *de bene esse* deposition and uses that incorrect premise as a basis to argue both that CACI would be prejudiced and that Plaintiffs are relitigating the admissibility of Mr. Frederick's statements from 2004 under the residual hearsay exception. When this false premise is stripped away, any support for CACI's opposition to Plaintiffs' motion falls with it. CACI does not dispute that prior deposition testimony is admissible under the civil procedure and evidence rules in the circumstance at issue, and nowhere identifies any prejudice resulting from the designations Plaintiffs actually seek to introduce—indeed, CACI hardly mentions these specific designations at all.

Finally, CACI spends much of its brief addressing snippets of Plaintiffs' opening brief that CACI understood as beyond-the-pale attacks on its counsel's integrity. Plaintiffs did not impugn counsel's integrity, but they do take issue with the manner in which CACI sought Mr. Stefanowicz's testimony. CACI's reaction is especially confounding in light of the accusations CACI has lodged about Plaintiffs and their counsel throughout this litigation—and including in its very opposition brief.

## I. CACI Misunderstands the Relief that Plaintiffs Seek

CACI does not dispute that Mr. Frederick's *de bene esse* deposition came about because of the concerns it raised about Mr. Frederick's adoption of prior statements at his 2013

deposition and the purportedly unique restrictions the government placed at that deposition on CACI's ability to cross-examine Mr. Frederick about those prior statements.[2]  *See* ECF No. 1536-2 at 4-5.  CACI also does not dispute that, at his *de bene esse* deposition last week, Mr. Frederick was unable to recall key facts he had remembered eleven years earlier, nor dispute that his recollection could not be refreshed.  CACI's opposition brief, instead, primarily reflects CACI's apparent misunderstanding of what Plaintiffs' motion actually seeks.

As Plaintiffs stated repeatedly in their opening brief, Plaintiffs only seek to admit a limited set of designations from Mr. Frederick's 2013 deposition, none of which concern the prior statements that Mr. Frederick adopted at that deposition and about which CACI has claimed it was unable to adequately cross-examine Mr. Frederick.  *See* ECF No. 1536-2 at 2, 7, 9; ECF No. 1536-1, Ex. 1 (highlighted excerpts of 2013 deposition).  But in its opposition, CACI essentially ignores the designations that are actually at issue in this motion, and instead repeatedly suggests that Plaintiffs are attempting to "re-do" the *de bene esse* deposition by seeking admission of the very prior statements that Plaintiffs have made clear are *not* at issue.  *See, e.g.*, ECF No. 1549 at 1, 2, 6-10.

---

[2] CACI relies heavily on statements that the Court made regarding the purpose of the *de bene esse* depositions of Mr. Stefanowicz, Colonel Pappas, and Major General Fay.  *See* ECF No. 1549 at 2 & n.1.  Tellingly, CACI is unable to point to any such statements about Mr. Frederick's deposition.  In any event, CACI's reliance on the statements it has excerpted is misplaced.  None of those depositions were motivated by concerns similar to those at issue with Mr. Frederick's deposition—the claimed limitations on CACI's ability in 2013 to cross-examine regarding specific prior sworn statements adopted at the 2013 deposition.  *See* March 1, 2024 Hearing Tr. at 4:17-15:6 (CACI arguing that *de bene esse* deposition was necessary because, at 2013 deposition, it had not been able to "elicit anything different or in addition to what the witness has said in a prior statement"); *id.* at 16:15-19; 17:20-22 (Court agreeing that new deposition should be pursued because Mr. Frederick "should … be available for cross-examination" and his testimony thus "properly developed").  As discussed *infra*, the extent to which Mr. Frederick's *de bene esse* deposition was intended to replicate trial testimony does not affect the admissibility of the designations at issue, particularly where CACI had the opportunity to cross-examine Mr. Frederick related to the designations and Plaintiffs are not using the designations from the 2013 deposition to impeach the 2024 *de bene esse* testimony.

3

It is unfathomable how CACI could misread Plaintiffs' motion in this way, but through its misunderstanding, CACI has both tried to conjure prejudice where none exists, and has argued, wrongly, that Plaintiffs are "evad[ing]" a ruling of the Court. *See id*. at 6, 10-11. As to the former, and as explained in further detail below, CACI was able to (and did) cross-examine Mr. Frederick on the excerpts from the 2013 deposition that Plaintiffs seek to admit. As to the latter, Plaintiffs simply have not sought, and do not here seek, to revisit the Court's denial of their request for admission of Mr. Frederick's 2004 CID Statement (PTX 140), whether under the residual exception or any other applicable rule. Thus, Plaintiffs' motion should not be viewed in the manner in which CACI has wrongly characterized it. Again, the motion is limited to the admission of a limited number of excerpts from the 2013 deposition that relate to topics over which Mr. Frederick had no recollection at his 2024 deposition (and about which his recollection could not be refreshed) and have nothing to do with the issues that animated the Court's ordering of a second deposition.

**II.     CACI Fails to Engage with the Applicable Rules of Civil Procedure and Evidence**

Pursuant to Fed. R. Civ. P. 32(a)(4)(B), Mr. Frederick's 2013 deposition designations are admissible because Mr. Frederick is "more than 100 miles from the place of hearing or trial" and because his absence plainly was not procured by Plaintiffs. They are separately admissible pursuant to Fed. R. Evid. 804(a)(5)(A) and (b)(1), because Mr. Frederick will be "absent from the trial" and Plaintiffs cannot procure his attendance. *See* ECF No. 1536-2 at 8. Indeed, under the two rules, trial courts have wide discretion in admitting—and have admitted—testimony from discovery depositions even when the witness was later deposed in the *de bene esse* setting. *See, e.g.*, *Youssef v. Lynch*, 2016 U.S. Dist. LEXIS 200829, at *3, 10 (D.D.C. Apr. 29, 2016) (refusing to preclude use of excerpts of discovery deposition at trial despite subsequent *de bene*

*esse* deposition and explaining that "Federal Rule of Civil Procedure 32 … permits the use of both discovery and *de bene esse* depositions at trial if the Court finds that the 'witness is more than 100 miles from the place of hearing or trial.'"); *see also Wolf v. James Miller Marine Servs., Inc.*, 2010 WL 2606469, at *1 (E.D.N.Y. June 21, 2010) (denying motion to preclude use of discovery depositions at trial where witness was scheduled to be deposed in *de bene esse* deposition, because "there is nothing in the Federal Rules of Civil Procedure which compels the exclusion of so-called 'discovery' depositions at trial").

CACI cannot dispute the foregoing propositions. In fact, CACI fails to address Fed. R. Civ. P. 32(a)(4)(B), which, as noted, provides an independent basis for the admission of the 2013 deposition, thereby conceding that the testimony is admissible under the civil procedure rules. CACI disputes the applicability of Fed. R. Evid. 804(a)(5)(A) & (b)(1) on the ground that Mr. Frederick is not unavailable for trial—a threshold requirement for the admission of prior testimony under the hearsay rule. But the rule is clear: a witness is unavailable when "the declarant's *attendance*" at trial—not his testimony—cannot be procured, and there is no dispute that Mr. Frederick resides outside of the subpoena power of the Court and will not attend trial.[3] *Compare* Fed. R. Evid. 804(a)(5)(A) & (b)(1) (requiring only lack of "*attendance*" for admission of prior testimony (emphasis added)) *with* Fed. R. Evid. 804(a)(5)(B) & (b)(2), (3), and (4) (requiring lack of "attendance *or testimony*" for admission of dying declarations, statements against interests, and statements of personal or family history (emphasis added)).

---

[3] CACI suggests, wrongly, that Plaintiffs previously sought to admit the designations at issue under Fed. R. Evid. 807 and are "evad[ing]" the Court's ruling on that request. As described above, and as the Court is of course aware, Plaintiffs only moved for admission of Mr. Frederick's 2004 CID statement (PTX 140) under Rule 807. The instant motion has nothing to do with that request.

CACI points to two cases in which appellate courts, reviewing for abuse of discretion, affirmed a district court's decision to exclude testimony from discovery depositions. *See* ECF No. 1549 at 10 (citing *Manley v. AmBase Corp.*, 337 F.3d 237 (2d Cir. 2003) and *Gracia v. Lee,* 976 F.2d 1344 (10th Cir. 1992)). But these cases actually support Plaintiffs' arguments. In both cases, the district courts refused to admit testimony from the discovery deposition because the party seeking admission of the earlier testimony did not "question[] [the witness] about the matters contained therein" at the subsequent *de bene esse* depositions. *Manley*, 337 F.3d at 247; *see Gracia*, 976 F.2d at 1345 (similar). And in both cases, the courts' concern about the failure to so question the witness was that the witness would not have an opportunity to address his own prior inconsistent statements. *Manley*, 337 F.3d at 248 (noting that witness should have opportunity to "explain or deny" the inconsistent statement at the *de bene esse* deposition); *Gracia*, 976 F.2d at 1345 (explaining district court's conclusion that introduction of the discovery deposition would be unfairly prejudicial because the "proffered excerpts" would constitute an "attack … in absentia" on the witness). In such circumstances, courts have discretion to preclude the earlier testimony.

But neither of those circumstances, nor the concerns about unfair impeachment that those circumstances raise, are present here. Plaintiffs sought to cover the same ground as was covered at Mr. Frederick's 2013 deposition, but Mr. Frederick could not recall much of that subject matter and his recollection could not be refreshed. *See, e.g.*, ECF No. 1536-2 at 6-7. And the designations Plaintiffs seek to introduce in the instant motion are, of course, not for the purpose of impeaching Mr. Frederick at trial, as was the case in *Manley* and *Gracia*. In this scenario, it is entirely appropriate (indeed, sensible) to admit portions of Mr. Frederick's 2013 deposition—

portions, it bears repeating, on which CACI had the opportunity to cross-examine Mr. Frederick back in 2013—when Mr. Frederick *did* remember the subject matter in question.

CACI states that Plaintiffs should have handled Mr. Frederick's failure of recollection and the inability to refresh that recollection by having Mr. Frederick repeatedly read, pursuant to Fed. R. Evid. 803(5), his prior statements into the record during the *de bene esse* deposition. Perhaps that would have been sensible as to Mr. Frederick's 2004 CID statement, which is not independently admissible under Fed. R. Evid. 32(a)(4)(B) or Fed. R. Evid. 804(a)(5)(A) & (b)(1), and the admission of which Plaintiffs *do not seek* on this motion. But to the extent CACI suggests, as CACI seems to, that Plaintiffs should have had Mr. Frederick read into the record as a prior recorded recollection the testimony he gave at his 2013 deposition and which was subject to cross-examination, that suggestion makes no sense. Where Mr. Frederick's prior deposition testimony is concededly admissible under the above-described civil procedure and evidentiary rules, there is no basis for grafting onto those rules the requirements of Fed. R. Evid. 803(5) for recorded recollections. Indeed, it would have taken a significant amount of time for counsel to lay the foundation for admissibility of each of the relevant 2013 deposition designations as a recorded recollection and for Mr. Frederick to read those excerpts into the record—an unnecessary exercise and a waste of time when the 2013 deposition designations are separately admissible and far more efficiently introduced under the applicable civil procedure and evidence rules. In the same vein, the Court repeatedly has expressed a strong disinclination against reading deposition transcripts into the record if more direct, vivid testimony is available. Where excerpts of Mr. Frederick's 2013 deposition testimony are admissible under Fed. R. Civ. P. 32(a)(4)(B) and Fed. R. Evid. 804(a)(5)(A) & (b)(1), it is plainly more preferable to play for the jury the video showing Mr. Frederick's *actual testimony* from the time he remembered the events

and offered the evidence in question, and to observe Mr. Frederick's appearance, tone, and demeanor at the time the testimony was given,[4] than it would be to have Mr. Frederick read the same questions and answers aloud from a cold transcript.

### III. CACI Suffers No Prejudice from Admission of the Limited Designations at Issue, in Contrast to the Prejudice Plaintiffs Would Suffer If the Motion Were Denied

CACI maintains that it would be "severely" prejudiced if the Court were to grant Plaintiffs' motion. *See* ECF No. 1549 at 2, 6. But, as noted above, CACI's prejudice argument rests on the faulty premise that the designations Plaintiffs seek to admit are the same prior statements adopted at Mr. Frederick's 2013 deposition about which CACI claims it was unable to adequately cross-examine Mr. Frederick. *See, e.g.*, ECF No. 1549 at 1-2 (stating that "[r]eversing the Court's prior decision not to admit Mr. Frederick's prior hearsay statements would be severely prejudicial to CACI now," though Plaintiffs *are not* seeking to admit such statements); *id.* at 6 (same); *id.* at 9 (same). Again, Plaintiffs are only seeking to admit designations from the 2013 deposition that did *not* involve those prior adopted statements. CACI had the opportunity to cross-examine Mr. Frederick about those designations back in 2013—a fact that CACI, having received and presumably reviewed those designations, has not disputed in its opposition. CACI offers no other basis for any finding of prejudice, and there is none.

By contrast, Plaintiffs will be prejudiced if the instant motion is not granted. Plaintiffs would be forced to forego important, highly credible, and admissible testimony—testimony that Plaintiffs have intended to rely on for years—from a concededly significant witness about key matters in the case at a time when the witness actually remembered those matters. Worse, CACI

---

[4] The Court, of course, saw Mr. Frederick at the *de bene esse* deposition, but to Plaintiffs' knowledge the Court has not seen video from the 2013 deposition. It is hard to overstate the differences in appearance, tone, and demeanor between the two depositions.

8

has made clear that it wants to present to the jury a distorted picture of the evidence based on incomplete information. Specifically, CACI has conveyed to Plaintiffs that it believes Mr. Frederick's testimony regarding the many inculpatory circumstances and events that he did not recall at the 2024 deposition have evidentiary value—in other words, CACI will seek to use Mr. Frederick's statements from the 2024 deposition that he did not recall certain things as evidence that those things did not happen.[5] That presentation would be highly misleading without designations from the 2013 deposition when Mr. Frederick did in fact recall perpetuating abuse—at the behest of CACI personnel—upon the detainees at Abu Ghraib. In light of this prejudice, and the absence of any countervailing unfair prejudice to CACI that would accompany introduction of the designations, fairness plainly favors Plaintiffs.

## IV. Plaintiffs Made No Improper Accusations About CACI's Counsel

CACI spends a substantial portion of its opposition addressing what it wrongly perceives as "attacks on the integrity and candor of CACI's counsel." ECF No. 1549 at 12; *see id.* at 12-17. CACI does so while, apparently unironically, accusing Plaintiffs' counsel of having an

---

[5] The same effort is reflected in CACI's footnote regarding impeachment of Mr. Stefanowicz, the CACI employee who directed much of the abuse perpetuated by Mr. Frederick. *See* ECF No. 1549 at 12 n.6. CACI has confirmed that it seeks to introduce testimony from Mr. Stefanowicz that he did not direct the abuse, but, at the same time, CACI is desperate to keep from the jury critical evidence reflecting that Mr. Stefanowicz's deposition testimony is not credible. Mr. Stefanowicz's instructions as to the abuse are reflected in the statements that Mr. Frederick made in his 2004 CID interviews. Contrary to CACI's assertion, those statements can be used to impeach Mr. Stefanowicz's testimony under Federal Rule of Evidence 613(b) because they are "extrinsic evidence of [Mr. Stefanowicz's] prior inconsistent statements," Fed. R. Evid. 613(b), and because Mr. Stefanowicz was "given an opportunity to explain or deny the statement[s]" at his deposition and CACI, too, was "given an opportunity to examine [Mr. Stefanowicz] about it." *Id.* CACI also misreads *United States v. Barile*, 286 F.3d 749, 755 (4th Cir. 2002). *Barile* holds that a third-party document (here, Mr. Frederick's CID statement) attributing statements to a witness (here, Mr. Stefanowicz) should be "admitted… as impeachment evidence," provided that the statement is "reasonably attributable to" the witness. 286 F.3d at 757–758. The statements at issue are more than reasonably attributable to Mr. Stefanowicz, and Mr. Stefanowicz's self-serving denial thereto does not mean the statements cannot be used to impeach him. Indeed, the rule allowing for impeachment, Federal Rule of Evidence 613(b), expressly acknowledges that witnesses may "deny the [prior inconsistent] statement" that is attributed to them.

9

"appetite for innuendo and false allegations" and a "cavalier willingness to make unfounded attacks," *id.* at 13 n.7, 17, and notwithstanding a decade of filings in which CACI's counsel has erroneously characterized Plaintiffs as "terrorists" who "tried to kill American soldiers." *See, e.g.*, ECF No. 368 at 1, 2, 4; ECF No. 582 at 3. The statements with which CACI takes issue were appropriate, and the pages of hyperbolic ink CACI has spilled addressing them is a distraction from the merits of Plaintiffs' motion. Nonetheless, Plaintiffs are compelled to respond.

CACI misunderstands the import of the footnote in Plaintiffs' brief regarding Mr. Stefanowicz's *de bene esse* deposition. In that footnote, Plaintiffs took issue with CACI's implication to the Court that it was only in January 2024 that it suddenly became possible for CACI to depose Mr. Stefanowicz. Plaintiffs challenged that assertion because Mr. Stefanowicz apparently has been available to CACI for that purpose for the *entirety* of this litigation. At the very least, CACI should have informed Plaintiffs and the Court that it was seeking Mr. Stefanowicz's *de bene esse* deposition when it moved for leave to take the *de bene esse* depositions of Colonel Pappas, Major General Fay, and the pseudonymous interrogators. That motion was admittedly filed a month *after* CACI reached out to Mr. Stefanowicz through counsel about such a deposition and over a week after CACI met with Mr. Stefanowicz for hours on the same topic. *See* ECF No. 1549 at 13-14, O'Connor Decl., Ex. 6; ECF No. 1462.

That Mr. Stefanowicz had not agreed to voluntarily sit for the deposition at that time is irrelevant: the entire purpose of the *de bene esse* depositions is to compel testimony, *regardless* of the witness' willingness to testify. *See* ECF No. 1463 at 2 (CACI stating, in brief supporting motion for leave to take *de bene esse* depositions, that Colonel Pappas and Major General Fay "cannot be compelled to physically appear at trial, *but can be compelled to attend de bene esse*

10

*depositions*" (emphasis added)).  To demonstrate the point: CACI certainly had not obtained confirmation that the other witnesses whose *de bene esse* depositions it was seeking to take (e.g., Major General Fay, Col. Pappas, the pseudonymous interrogators) were willing to sit for the depositions.  *See id.*; *see also* January 5, 2024 Hearing Tr. at 14-15 (explaining that Major General Fay had not yet even been contacted about CACI's request to take *de bene esse* deposition).

Plaintiffs also made no improper accusation in their discussion of CACI's representations regarding the limits on CACI's purported inability to adequately cross-examine Mr. Frederick at his 2013 deposition.  The portions of that deposition that CACI previously cited simply do not support the proposition that it suffered limitations that were unique to that deposition and thus necessitated a new deposition.  *See* ECF No. 1536-2 at 5 n.3.  That is presumably why CACI has scrambled to offer other examples in its opposition.  *See* ECF No. 1549 at 16 n.10.  These new citations do not move the ball, either—indeed, several involve matters irrelevant to the case or not in dispute, like the existence of "ghost detainees hidden from the Red Cross" (which Plaintiffs represented *at the 2013 deposition* was no longer part of their case, *see* ECF No. 1539-1, Ex. 1 at 211:22-212:13) or whether the detainee known as AQ was one of Plaintiffs.  *See* ECF No. 1549 at 16 n.10.  Plaintiffs also closely reviewed Mr. Frederick's 2013 deposition prior to filing their motion to identify the sorts of unique limitations CACI suggested had been imposed at the 2013 deposition and saw little that Plaintiffs believed reasonably supported the proposition.

Finally, to the extent CACI is requesting that the Court withdraw its waiver of the requirement that local counsel appear at court hearings, *see* ECF No. 1549 at 17, there is no basis

11

for such a request, which appears designed to further complicate the upcoming proceedings in this case and bears no relationship to the incorrect accusations CACI has made in its brief.

## CONCLUSION

For the reasons stated above and in Plaintiffs' opening brief, Plaintiffs' motion *in limine* should be granted.

Respectfully submitted,

*/s/ Cary Citronberg*

Cary Citronberg
ZWERLING/CITRONBERG, PLLC
114 North Alfred Street
Alexandria, VA 22314
Tel. 703-684-8000
cary@zwerling.com

Muhammad U. Faridi, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.
888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2024, I electronically filed this Reply in Further Support of Plaintiffs' Motion to Introduce Limited Designations From the 2013 Deposition of Ivan Frederick, which sends notification to counsel for Defendants.

                                                   */s/ Cary Citronberg*
                                                   Cary Citronberg