1

```
1                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
2                        ALEXANDRIA DIVISION

3  SUHAIL NAJIM ABDULLAH AL      )  Case No. 1:08-cv-827
   SHIMARI, et al.,              )
4                                )
                                 )
         Plaintiffs,             )
5                                )
      v.                         )  Alexandria, Virginia
6                                )  April 26, 2024
   CACI PREMIER TECHNOLOGY,      )  11:09 a.m.
7  INC.,                         )
                                 )
8          Defendant.            )  Volume IX
                                 )  Pages 1 - 11
9

10                      TRANSCRIPT OF TRIAL

11          BEFORE THE HONORABLE LEONIE M. BRINKEMA

12            UNITED STATES DISTRICT COURT JUDGE

13                         AND A JURY

14

15

16

17

18

19

20

21

22

23

24

25     COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

Rhonda F. Montgomery   OCR-USDC/EDVA   (703) 299-4599

```
 1  APPEARANCES:

 2  FOR THE PLAINTIFFS:

 3      BAHER AZMY, ESQUIRE
        THE CENTER FOR CONSTITUTIONAL RIGHTS
 4      666 Broadway, 7th Floor
        New York, New York  10012
 5      (212) 614-6464

 6      MUHAMMAD FARIDI, ESQUIRE
        MICHAEL BUCHANAN, ESQUIRE
 7      BONITA ROBINSON, ESQUIRE
        ANDREW HADDAD, ESQUIRE
 8      MICHAEL FISHER, ESQUIRE
        THOMAS KICAK, ESQUIRE
 9      SCOTT KIM, ESQUIRE
        ALEXANDRA MAHLER-HAUG, ESQUIRE
10      PATTERSON BELKNAP WEBB & TYLER LLP
        1133 Avenue of the Americas
11      New York, New York  10036
        (212) 336-2000
12
    FOR THE DEFENDANT:
13
        JOHN O'CONNOR, JR., ESQUIRE
14      LINDA BAILEY, ESQUIRE
        JOSEPH MCCLURE, ESQUIRE
15      STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, N.W., 7th Floor
16      Washington, D.C.  20036-1795
        (202) 429-3000
17
        NINA J. GINSBERG, ESQUIRE
18      DIMUROGINSBERG PC
        1101 King Street, Suite 610
19      Alexandria, Virginia  22314
        (703) 684-4333
20

21

22

23

24

25
```

```
 1  APPEARANCES CONTINUED:

 2  FOR THE UNITED STATES OF AMERICA:

 3       REBECCA LEVENSON, ESQUIRE
         OFFICE OF THE UNITED STATES ATTORNEY
 4       2100 Jamieson Avenue
         Alexandria, Virginia  22314
 5       (703) 299-3700

 6       STEPHEN ELLIOTT, ESQUIRE
         JASON LYNCH, ESQUIRE
 7       UNITED STATES DEPARTMENT OF JUSTICE
         CIVIL DIVISION FEDERAL PROGRAMS BRANCH
 8       1100 L Street, N.W.
         Washington, D.C.  20044
 9       (202) 598-0905

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          (The jury is not present.)
 3              THE COURT:  All right.  We've received a
 4  question from the jury, which does suggest that perhaps
 5  they are having real trouble in understanding our
 6  instructions.  On this one, I thought it was crystal
 7  clear.
 8              If you look at our Instruction No. 19, in the
 9  middle on page 23, we clearly told the jury:  If a
10  plaintiff fails to prove any of these facts by a
11  preponderance of the evidence, the defendant is not
12  liable to that plaintiff.  Because each plaintiff's
13  case must be evaluated individually, that one plaintiff
14  may prevail against the defendant does not mean that
15  any other plaintiff automatically prevails.  Likewise,
16  should defendant be found not liable as to one
17  plaintiff, it does not mean that the defendant is
18  automatically not liable to any other plaintiff.
19              So I'm going to tell them, unless anybody
20  disagrees, the answer to their question is yes, you can
21  reach a unanimous verdict on some of the plaintiffs but
22  not on other plaintiffs.
23              Does anybody disagree with that answer?
24              MR. FARIDI:  No, Your Honor.  Will you also
25  direct them that with respect to the other plaintiffs,
```

```
 1  they should continue deliberating to try to reach a
 2  unanimous verdict?
 3          THE COURT:  Yes.  I am going to tell them
 4  first:  To reach any decision, it has to be unanimous.
 5          MR. FARIDI:  All right.
 6          THE COURT:  I will tell them that.
 7          Mr. O'Connor.
 8          MR. O'CONNOR:  I think that's exactly right,
 9  Your Honor.
10          THE COURT:  All right.  Let's bring the jury
11  in.
12          THE COURT SECURITY OFFICER:  Yes, Judge.
13      (The jury enters at 11:13 a.m.)
14          THE COURT:  Good morning, ladies and
15  gentlemen.  Again, I want to commend you for having
16  been here on time and working hard on this case.  And
17  the question that you sent us is, "Can we reach a
18  unanimous verdict on some of the plaintiffs but not
19  other plaintiffs?"
20          And the answer is yes.
21          And I want to remind you:  If you look at
22  page 23 of the jury instructions, sort of the upper
23  middle paragraph says, "If a plaintiff fails to prove
24  any of these facts by a preponderance of the evidence,
25  defendant is not liable to that plaintiff.  Because
```

1  each plaintiff's case must be evaluated individually,
2  that one plaintiff may prevail against the defendant
3  does not mean that any other plaintiff automatically
4  prevails.  Likewise, should defendant be found not
5  liable as to one plaintiff does not mean that the
6  defendant is automatically not liable to any other
7  plaintiff."
8           In other words, you're to consider each
9  individual plaintiff's case against CACI.  In order for
10 you to reach a decision as to each plaintiff's case,
11 all eight of you have to agree with that decision.  So
12 if all eight of you agree on a decision as to one
13 plaintiff, that's fine.  But you then must continue to
14 deliberate as to the other plaintiffs because each
15 plaintiff's case needs its own evaluation.  You can
16 only reach a decision if all eight of you agree with
17 the decision.
18          All right.  Counsel, any objection to the
19 instructions?
20          MR. O'CONNOR:  No, Your Honor.
21          MR. FARIDI:  None.
22          THE COURT:  All right.  Then, folks, thank
23 you for the question.
24          We'll let you go back to your deliberations.
25     (Recess from 11:15 a.m. until 12:25 p.m.)

1          (The jury is not present.)

2              THE COURT:  All right.  As you know, we've
3    received a question from the jury in which they've
4    said, "All eight of us have extensively discussed,
5    reviewed, and pondered all of the information available
6    to us.  We still are not unanimous on anything," which
7    is underlined with several lines.  "We are in a
8    deadlock/impasse that seems to be impossible to get
9    over.  Where do we go from here?  Hung jury?  Mistrial?
10   Deadlock?"  And that's the question.

11             So I'm going to bring them in and give them
12   what we call the Fourth Circuit of *Sawyer* charge.
13   Basically, I'm going to remind them of their duty to
14   deliberate.  I am going to bring them back in Monday,
15   and I'm going to let them order lunch.  I am going to
16   remind them that they have to listen to each other,
17   think about it.  A gentle *Sawyer* charge and see where
18   we go from there.

19             All right.  Any objection to that?

20             MR. FARIDI:  None from us, Your Honor.

21             MR. O'CONNOR:  We think this jury has been
22   pretty diligent and is at this point at an impasse
23   but --

24             THE COURT:  We give them at least one or two
25   charges before I let them go.

1            MR. O'CONNOR:  Very well, Your Honor.
2            THE COURT:  All right.  We'll bring them back
3  in.
4            THE COURT SECURITY OFFICER:  Yes, Judge.
5       (The jury enters at 12:28 p.m.)
6            THE COURT:  All right.  Ladies and gentlemen,
7  we've received your note, which indicates that all
8  eight of you have worked hard on this case, and we know
9  that.  And I know at this point you are still not able
10 to reach a unanimous decision.  So what I'm going to do
11 is send you home at this point and have you come back
12 Monday after a good weekend and some fresh air and just
13 get some rest.
14           I want to just remind you.  You shouldn't
15 feel terribly frustrated.  I have had juries before who
16 have had difficulty reaching decisions unanimously
17 initially.  But if you think about it, we had five full
18 days of trial last week.  Monday there was still trial
19 in the morning.  You only got this case for
20 deliberation Monday afternoon, and you had about two
21 hours with the case.  And then Tuesday we were not in
22 session.  And so you've basically had this case for
23 deliberations for two full days, Wednesday and
24 Thursday, and a short time today.  And when you think
25 about a case that's taken five or six days to put on,

1  you know, a jury taking two or three days to decide the
2  case is not unusual.  In fact, this is a complicated
3  case with a lot of evidence.
4          So I want to just remind you that in terms of
5  your job as jurors, your job is to consult with one
6  another and to reach a decision, if you can possibly do
7  so, without violence to your own individual judgment.
8  But what each juror should do is listen carefully to
9  all the arguments being made by the other jurors that
10 might be different from what your own position is.  And
11 if you become convinced that your position is
12 erroneous, then feel free to change it.
13         So we want you to listen to each other very
14 carefully, and I know you've been working very
15 diligently together.  If you have questions about the
16 jury instructions, you should not be shy about asking
17 those questions, again, putting them in writing so that
18 we can try to clarify any confusions or
19 misunderstandings that you might have about the law.
20         But we don't like to declare mistrials
21 because of a hung jury.  Because what will happen is we
22 bring eight more civilians back to retry the case, and
23 there's no reason to expect that a different group of
24 eight people would look at the case any differently.
25 So we've invested a lot of time and money, all of us,

1  in this case, and we want to see if you can possibly
2  reach a unanimous decision.
3         Again, so I'm not going to keep you here
4  forever, but I think coming back Monday is not
5  unreasonable given the fact that the case was a long
6  case to try and you really have not had it that long.
7         So as I checked with you yesterday, all of
8  you are available Monday; is that correct?
9      (Gesturing affirmatively.)
10        THE COURT:  Okay.  So we'll see you back here
11 at 9:30 Monday morning.  I think we probably out of an
12 abundance of caution should probably order lunch.  So
13 we will give you time in the jury room to order lunch.
14        Again, please remember.  The best thing you
15 can do frankly, I think, is just take a break from the
16 case, get a good weekend rest, and come back Monday
17 fresh.
18        Is there anything further, counsel, you want
19 me to advise the jury about?
20        MR. FARIDI:  None from us, Your Honor.
21        MR. O'CONNOR:  No, Your Honor.
22        THE COURT:  All right.  That's fine.
23        Then, ladies and gentlemen, we are going to
24 let you go, and we'll see you back here Monday.  Have a
25 good, safe weekend.

Rhonda F. Montgomery   OCR-USDC/EDVA   (703) 299-4599

1          And, counsel, you are free to go until 9:30
2    Monday morning.
3          We'll recess court until Monday.
4          ----------------------------------
              Time:   12:33 p.m.
5
...

21
         I certify that the foregoing is a true and
22
     accurate transcription of my stenographic notes.
23

24
                              _____/s/_____
25                            Rhonda F. Montgomery, CCR, RPR


Rhonda F. Montgomery    OCR-USDC/EDVA    (703) 299-4599