```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                         ALEXANDRIA DIVISION

 3    ---------------------------x
      SUHAIL NAJIM ABDULLAH AL     :   Civil Action No.:
 4    SHIMARI, et al.,             :   1:08-cv-827
                  Plaintiffs,      :
 5         versus                  :   Thursday, May 2, 2024
                                   :   Alexandria, Virginia
 6    CACI PREMIER TECHNOLOGY,     :   Volume XIII
      INC.,                        :   Pages 1-16
 7                Defendant.       :
      ---------------------------x
 8
              The above-entitled jury trial was heard before the
 9    Honorable Leonie M. Brinkema, United States District Judge.
      This proceeding commenced at 10:48 a.m.
10
                          A P P E A R A N C E S:
11
      FOR THE PLAINTIFFS:    BAHER AZMY, ESQUIRE
12                           THE CENTER FOR CONSTITUTIONAL RIGHTS
                             666 Broadway
13                           7th Floor
                             New York, New York  10012
14                           (212) 614-6464

15                           MUHAMMAD FARIDI, ESQUIRE
                             MICHAEL BUCHANAN, ESQUIRE
16                           BONITA ROBINSON, ESQUIRE
                             ANDREW HADDAD, ESQUIRE
17                           MICHAEL FISHER, ESQUIRE
                             THOMAS KICAK, ESQUIRE
18                           SCOTT KIM, ESQUIRE
                             ALEXANDRA MAHLER-HAUG, ESQUIRE
19                           PATTERSON BELKNAP WEBB & TYLER LLP
                             1133 Avenue of the Americas
20                           New York, New York  10036
                             (212) 336-2000
21

22

23

24

25
                                                                  1
```

```
 1                      A P P E A R A N C E S:

 2   FOR THE DEFENDANT:        JOHN O'CONNOR, JR., ESQUIRE
                               LINDA BAILEY, ESQUIRE
 3                             JOSEPH MCCLURE, ESQUIRE
                               STEPTOE & JOHNSON LLP
 4                             1330 Connecticut Avenue, NW
                               7th Floor
 5                             Washington, D.C.  20036
                               (202) 429-3000
 6
                               NINA GINSBERG, ESQUIRE
 7                             DIMUROGINSBERG PC
                               1101 King Street
 8                             Suite 610
                               Alexandria, Virginia  22314
 9                             (703) 684-4333

10   FOR THE UNITED            REBECCA LEVENSON, ESQUIRE
     STATES:                   OFFICE OF THE UNITED STATES ATTORNEY
11                             2100 Jamieson Avenue
                               Alexandria, Virginia  22314
12                             (703) 299-3700

13                             STEPHEN ELLIOTT, ESQUIRE
                               JASON LYNCH, ESQUIRE
14                             ELIZABETH TULIS, ESQUIRE
                               UNITED STATES DEPARTMENT OF JUSTICE
15                             CIVIL DIVISION FEDERAL PROGRAMS BRANCH
                               1100 L Street, NW
16                             Washington, D.C.  20044
                               (202) 598-0905
17
     COURT REPORTER:           STEPHANIE M. AUSTIN, RPR, CRR
18                             Official Court Reporter
                               United States District Court
19                             401 Courthouse Square
                               Alexandria, Virginia  22314
20                             (571) 298-1649
                               S.AustinReporting@gmail.com
21

22        COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

23

24

25
                                                            2
```

```
 1                    P R O C E E D I N G S
 2            THE DEPUTY CLERK:  Civil Action Number
 3   1:08-cv-827, Suhail Najim Abdullah Al Shimari, et al. versus
 4   CACI Premier Technology, Inc.
 5            Will counsel please note their appearance for the
 6   record, beginning with the plaintiff.
 7            MR. FARIDI:  Good morning, Your Honor.
 8   Muhammad Faridi on behalf of the plaintiffs.  I'm joined by
 9   my colleagues Baher Azmy, Alex Mahler-Haug and
10   Bonita Robinson.
11            THE COURT:  Good morning.
12            MR. O'CONNOR:  Good morning, Your Honor.
13   John O'Connor, Linda Bailey and Joseph McClure for CACI.
14   Ms. Ginsberg had a long-standing doctor's appointment this
15   morning.
16            THE COURT:  That's fine because we waived
17   Mr. Citronberg's appearance as well.
18            MR. O'CONNOR:  Sure.  Well, I'm a member of the
19   Court, but she'll be here once she gets back from the
20   doctor.
21            THE COURT:  That's fine.
22            All right.  We're sort of back to where we were
23   last week, to some degree.  The jury has now asked:  If
24   we're unanimous, yes or no, on certain plaintiffs, but we're
25   not unanimous on other plaintiffs, is that still a hung
```

3

1   jury, deadlock, mistrial?

2              I think the answer is to remind them that there
3   are basically three separate lawsuits, and the fact that
4   they may have a unanimous decision as to one lawsuit means
5   that that suit is not deadlocked, and we can take that
6   verdict right now if we want to.

7              But as to the other cases, they would not be -- it
8   would be a mistrial or a deadlock, and then we would have to
9   see whether or not it's worth having them continue to
10  deliberate.

11             So do you want me to ask them when I respond to
12  them do they -- are they -- are they ready to give us a
13  unanimous verdict as to any part of this case?

14             MR. FARIDI:  I think that makes sense, Your Honor.
15  We should take the unanimous verdict on whichever plaintiffs
16  they have reached a unanimous verdict on, and for the other
17  case, the other plaintiff, if Your Honor wants to give
18  another --

19             THE COURT:  *Sawyer* charge?

20             MR. FARIDI:  I was going to say *Allen*, but *Sawyer*
21  charge, and allow them to deliberate through the end of the
22  day today and then see where we land, that would be
23  appropriate.

24             I think we should also consider -- and this is --
25  I think CACI would have to be on board for this as to the

4

1  remaining plaintiff or plaintiffs, where they haven't
2  reached unanimity, whether CACI would be open to taking a
3  verdict that's short of unanimity by majority vote and deem
4  that to be the appropriate verdict.  I think the civil
5  procedure rules allow for that, but I think, you know, we
6  need consent of both parties.
7          THE COURT:  Right.  Yeah.
8          Well, why don't we first -- let me hear from
9  Mr. O'Connor.  Yeah.
10         MR. O'CONNOR:  Your Honor, I agree with your --
11 with Your Honor's observation that if they've -- if they've
12 reached unanimity on one or more plaintiffs, then that's
13 a --
14         THE COURT:  That's a verdict.
15         MR. O'CONNOR:  That's not a mistrial for them
16 because they can't reach on others.
17         We do not think it would be appropriate for them
18 to render a verdict on one or two and then continue
19 deliberating on the others.  If they're unanimous and
20 they're going to keep deliberating, then they should set
21 those unanimous ones to the side and continue deliberating.
22         At this point, I mean, we might hear from them,
23 but it seems we're reaching the coercive point on -- if they
24 can't be unanimous by now.
25         As to Mr. Faridi's question on unanimity, we do

5

1   not consent to a non-unanimous verdict.
2           THE COURT:  Well, in all the years I've been on
3   the bench when this type of issue has come up, I've never
4   yet, in either a civil or criminal case -- you can do it, I
5   believe, in a criminal case as well -- that agreement.  So I
6   understand that.  That's no surprise.
7           All right.  What I will do, we'll have the jury
8   come in, and what I will tell them is:  If you have reached
9   a unanimous decision one way or the other -- so it could be
10  in -- it could be in the defendant's favor as well -- as to
11  that particular plaintiff, you know, your deliberations
12  essentially are finished, the foreperson can sign that
13  verdict form, but hold on to it.
14          As to the other plaintiff or plaintiffs, those
15  cases, there's still not unanimity, and, in that case, those
16  would be mistrials.  And since they've ordered lunch for
17  today, I'd certainly suggest that they continue deliberating
18  to see whether they can reach a unanimous decision on those
19  others.
20          Is everybody comfortable with telling them that?
21          MR. FARIDI:  Yeah.  Would Your Honor ask for them
22  to return the verdict form as to the plaintiff or plaintiffs
23  where they have reached their verdict now?
24          THE COURT:  Well, as I read Mr. O'Connor, he's
25  objecting to that.  But, you know, it could be helpful.  I

1   mean, for example, if they have found in favor of a
2   plaintiff, then, you know -- they have found in favor of a
3   plaintiff, they're having problems with the others, but at
4   that point it may make sense to let them go and you all
5   could decide, if they've done that, how to divvy up the
6   damages if you wanted to do that because you're representing
7   three people, and I don't know if there is such an
8   agreement.
9           On the other hand, if they have found in favor of
10  CACI as to that one person, again, I think it would make
11  sense to think about whether there's any chance of them ever
12  reaching a verdict as to the other two.
13          I can understand how there could be some definite
14  differences among each plaintiff's case.  For example, I
15  believe only Mr. Al-Ejaili had any contact whatsoever with
16  any CACI person from the evidence in this record, that one
17  brief encounter with Big Steve.  I think that's the only one
18  we've got with any direct questioning.
19          MR. FARIDI:  No.  There's the two others, Your
20  Honor.  It was stipulated that they were, at one point or
21  another, interrogated by a CACI interrogator, and that's
22  Mr. Al-Zuba'e and Mr. Al Shimari.
23          THE COURT:  All right.  So, again, you're closer
24  to the evidence than I am.
25          So, you know, again, I have no idea how they're

7

```
 1   parsing this.  It may be the length of time because
 2   Mr. Al-Ejaili was in custody at the hard site the shortest
 3   period of time.  We just don't know what they're doing, or
 4   they may have found, you know, definitively in favor of CACI
 5   and then that indicates -- so I would not take a partial
 6   verdict unless both sides want a partial verdict at this
 7   time.
 8           So, Mr. O'Connor, did I read you correctly, you do
 9   not want a partial verdict at this time?
10           MR. O'CONNOR:  You read us correctly, Your Honor.
11           THE COURT:  All right.  Let's let it be then.
12   I'll just inform them of what I said.  But I don't think
13   we're going to let this jury go beyond 6:00 today.  I think
14   at this point any verdict would almost be perceived --
15   although if they're not asking to be released, you know --
16   we'll wait and see.  All right.  I know they've ordered
17   lunch, so they're planning to be here, you know, through the
18   lunch break, and we'll see how they're doing.  All right.
19           MR. FARIDI:  May I inquire, Your Honor, as to why
20   it is you're not interested in taking a partial verdict?
21   I'm not sure if there's anything under the rules that
22   prohibit that.
23           THE COURT:  It's up to my discretion, because
24   sometimes -- I have, in criminal cases when this has come up
25   in a multi-count criminal indictment, defense counsel could
```

8

```
 1  say, you know, they could still change their mind as they
 2  think about the other issues.  And so until it's returned in
 3  court, it's not a done deal.  And so since CACI is not
 4  agreeing, I'm just going to let it be.  All right.
 5          MR. FARIDI:  Okay.
 6          THE COURT:  Let's bring them in.
 7          THE CSO:  Yes, Judge.
 8              (Jury present at 10:59 a.m.)
 9          THE COURT:  Good morning, ladies and gentlemen.
10          Again, I know you've been hard at work, and we
11  have the following question from you all, and that is:  If
12  we're unanimous, yes or no, on certain plaintiffs, but we're
13  not unanimous on other plaintiffs, is that still a hung
14  jury, deadlock or mistrial?
15          You should think about this case really as three
16  separate cases, and that's why we gave you three separate
17  verdict forms, one as to each plaintiff.
18          So if you are unanimous as to one particular
19  plaintiff's case, then as to that particular plaintiff's
20  case, there is no problem; you're not deadlocked.  All
21  right.  And so what you should do then is fill out the
22  verdict form, the foreperson should sign it.  All right.
23  But we're not going to bring it into court yet.
24          But as to the one or two other plaintiffs over
25  which you have not yet reached an agreement, if you are not
```

9

```
 1  able to reach a unanimous agreement, then that would be a
 2  hung jury on that particular plaintiff's case, and we would
 3  declare a mistrial as to that plaintiff's case.  All right.
 4          So I think that's consistent with what we
 5  discussed.
 6          MR. O'CONNOR:  It is, Your Honor.  Thank you.
 7          THE COURT:  All right.  So I'm going to,
 8  therefore, send you back to continue your deliberations.
 9  All right.  Very good.
10          And we'll go ahead and stay in court because we
11  have a plea to take in an unrelated matter.
12                  (Jury not present at 11:01 a.m.)
13                      (A recess was taken.)
14          THE COURT:  Well, there's really no surprise to
15  this note.  It's a very carefully written note indicating
16  that the jury has reached an impasse.  I see no reason to
17  ask them to continue.
18          What's the parties' position?
19          MR. O'CONNOR:  We agree, Your Honor.
20          MR. AZMY:  Well, two points, Your Honor.  I would
21  think we would be -- you may be right that there's no coming
22  back, but we would ask -- maybe another charge and ask them
23  to stay the afternoon.
24          You know, I think we feel compelled to underscore
25  that we think the source of the problem is what we've
```

1   perceived, which is a failure to instruct on a possible
2   liability that would come from dual agency and a reversed --
3   an error on the burden of proof on scope of employment,
4   which is presumptively an employee acts within the scope of
5   employment and their burden.
6          So our request would be to clarify those two
7   points and ask them to continue this afternoon.
8          THE COURT:  Well, they also have -- they also
9   mentioned that they have problems with the evidence, and
10  yesterday the question was they were not clear about the
11  field manual, and also even the Fay report.
12         You know, I mean, I gave the plaintiffs I think
13  significant evidentiary -- I ruled on some of the
14  evidentiary issues significantly in your favor in letting
15  the Taguba and Fay reports in.  That's among the strongest
16  evidence in this case linking CACI people to any misconduct.
17  It's in this case; whether it would be in another case, I
18  don't know.
19         But this jury has worked diligently.  They've been
20  here on time, they have worked long days, they've sent
21  through a lot of questions.
22         I don't agree with you on the scope of employment
23  at all.  I think that is always the burden on the party
24  that's claiming that an employee has, you know, engaged in
25  misconduct for which the employer is liable.

```
 1              But also, the borrowed servant doctrine.  We've
 2   been through this a couple of times, if the Court was wrong,
 3   it was wrong, but that's, in my view, the law of the case at
 4   this point.
 5              So I'm going to go ahead and have the jury brought
 6   in.  I'm going to release them and declare a mistrial.
 7              THE CSO:  Yes, Judge.
 8                   (Jury present at 2:38 p.m.)
 9              THE COURT:  All right.  Ladies and gentlemen,
10   we've received your very carefully written and very
11   expressive opinion -- statement, and I'm going to read it
12   into the record.
13              Thank you for your patience and consideration of
14   our questions and requests.  Despite our question from this
15   morning, we are still not unanimous on any of the
16   plaintiffs.  We are also not unanimous about our
17   interpretations of the borrowed servant doctrine, scope of
18   employment, and various pieces of evidence from both the
19   plaintiff and defendant.  We believe that the borrowed
20   servant doctrine and scope of employment are fundamental
21   pieces of this case, along with the field manual and
22   statement of work.  It is our interpretations and judgments
23   of these documents and evidence that bring us to the
24   deadlock impasse that is impossible to get through.
25              We have reached this conclusion after examining
```

12

1  and judging all exhibits and talking through a plethora of
2  perspectives, viewpoints and ideas.  Unless there is new
3  evidence that will be introduced to us, we will not be able
4  to reach a unanimous verdict about this case.
5          So we know you absolutely thought very diligently
6  about the case, and it's a very difficult one.  I completely
7  understand and agree with your situation.  But the evidence
8  is closed.  I mean, the trial is over, so there isn't
9  additional evidence that we can give you at this point.  And
10 so I am going to accept your decision to enter a decision
11 of -- basically non-unanimous decisions from the jury, and
12 that means we will declare a mistrial.
13         So what I would like you to do, first of all, is
14 understand that nobody's upset with you.  You all did a
15 really good job as jurors.  This is what we expect of
16 jurors, to look carefully at the evidence, to think about
17 it.
18         As we said earlier, each of you makes up your own
19 mind and then listens to the others and is willing to change
20 your mind if you're convinced by the evidence and the
21 discussions with your other jurors to change your mind, and
22 for whatever reasons, you've been unable to do that.
23 Sometimes jurors just can't agree.  There's nothing wrong
24 with that.
25         We all appreciate the time and attention that you

13

```
 1   played to this case, but your service is now finished.  And
 2   I'll have you go back to the jury room, and I'd like you to
 3   stay for a few minutes because I'll come back and talk to
 4   you directly myself.  All right.
 5           We'll stay in session for just a second because I
 6   need to address some things with counsel.  Thank you.
 7           THE CSO:  Rise for the jury.
 8               (Jury not present at 2:41 p.m.)
 9           THE COURT:  All right.  So I'll declare a mistrial
10   based upon the decision or the non-decision of the jury.
11           All right.  I'll direct that any post-trial
12   motions be filed within 14 days, that is whether or not the
13   Court should consider setting a new trial.  I have some
14   thoughts about that already.
15           I want -- if you are -- if both sides -- if either
16   side is pushing for a new trial, I want you in particular to
17   address the aiding and abetting theory, because I think --
18   actually, the more I think about that theory, the more I
19   think about the evidence that's been presented, and if you
20   look at the jury instruction and the Fourth Circuit case
21   law, I don't think that count can be sustainable.  And so if
22   there were to be a new trial, unless in your post-trial
23   writings you convince me to the contrary, it would not go
24   forward on aiding and abetting.  But, at this point, I'm
25   going to leave that open to see how well you brief the
```

```
 1  issue.  So 14 days for your briefs.
 2          Again, I strongly recommend that you all might sit
 3  and talk among yourselves and come to some agreement.  I'm
 4  not convinced this case should go to a retrial, but we'll
 5  wait and see what you all come up with in your pleadings.
 6  All right.
 7          Is there anything else we need to address?
 8          MR. O'CONNOR:  Your Honor, responses on the normal
 9  schedule for a dispositive motion?
10          THE COURT:  Yes.
11          MR. O'CONNOR:  Thank you.
12          THE COURT:  All right.  And we'll probably have
13  oral argument, unless you've reached some sort of an
14  agreement.
15          The other thing is, I want to remind everybody
16  that under our local rules, counsel are not permitted to
17  query jurors after their service.  So if individual
18  jurors -- sometimes an individual juror reaches out, I can't
19  prevent them from doing that, but you all can't do that.
20  All right.
21          Then again, counsel, both sides did, you know, a
22  really vigorous job.  You represented your clients well.
23  You know, you have a missing party in this case, and that is
24  the United States government.  The failure of the military
25  was really appalling in this case, and what happened in this
```

15

```
 1   case was also appalling.
 2           I think, Mr. O'Connor, you know, when you describe
 3   what happened there, and counsel for the plaintiff as well,
 4   it should never have happened, it should never happen again.
 5   If nothing else, I would hope that government contractors
 6   recognize that, you know, if you're on the scene of a
 7   government client and you see conduct going on that's
 8   horrendous or your people see it and they're not reporting
 9   it to you, that needs to be watched as well.  And so, you
10   know, it's a terrible case, but we've had one chance to air
11   the issue.  It's the only one that's ever gone to trial,
12   apparently, and whether it goes to trial again, I don't
13   know, but I'll wait to see what you all submit.
14           All right.  We'll recess court then for the day.
15                 (Proceedings adjourned at 2:44 p.m.)
16           ------------------------------------
17   I certify that the foregoing is a true and accurate
18   transcription of my stenographic notes.
19
20                        _____
                                *Stephanie Austin*
21                        Stephanie M. Austin, RPR, CRR
22
23
24
25
```

16