IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) ) |
| CACI PREMIER TECHNOLOGY, INC., | |
| Defendant. | |

1:08-cv-827 (LMB/JFA)

ORDER

Before the Court is defendant CACI Premier Technology, Inc.'s "Motion for Reconsideration of the Court's Denial of its Motion for Judgment as a Matter of Law" ("Motion"), [Dkt. No. 1659], requesting that, under Fed. R. Civ. P. 54(b), the Court reconsider its denial of CACI's motion for judgment as a matter of law because the Court's articulated reason for denying CACI's motion "is contradicted by the evidence presented at trial," [Dkt. No. 1660] at 2.

A "district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Integrated Direct Mktg., LLC v. May, 2016 WL 7334278, at *1 (E.D. Va. Aug. 12, 2016). In its Motion, CACI argues that the Court should reconsider its denial of CACI's Rule 50 motion because that decision was "guided by the misapprehension that [Daniel] Porvaznik's stated duty to intervene if he saw detainee abuse (which he never saw) was not a direction he received from the U.S. Army," [Dkt. No. 1660] at 6; however, CACI's claim is a repeat of the same argument it made in support of its motion for judgment as a matter of law. See [Dkt. No. 1653] at 12 (CACI arguing

that Daniel Porvaznik "had zero authority or control over interrogators' performance of the interrogation mission"). That CACI merely disagrees with the Court's decision and seeks to reargue its previous claim does not support a motion for reconsideration. See Zaklit v. Glob. Linguist Sols., Inc., 2014 WL 4161981, at *2 (E.D. Va. Aug. 19, 2014) ("A party's mere disagreement with the district court's ruling does not warrant a motion for reconsideration."); Evans v. Trinity, Indus., Inc., 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (explaining that "the court should not reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous claim"). Because CACI does not present a compelling claim that the Court committed a "clear error of law" or "manifest injustice," it is hereby

ORDERED that defendant CACI Premier Technology, Inc.'s Motion for Reconsideration of the Court's Denial of its Motion for Judgment as a Matter of Law [Dkt. No. 1659] be and is DENIED.

The Clerk is directed to cancel the hearing scheduled for Friday, August 9. 2024, and forward copies of this Order to counsel of record.

Entered this 11th day of July, 2024.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

2