# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| SUHAIL NAJIM<br>ABDULLAH AL SHIMARI *et al*., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:08-cv-827 (LMB/JFA) |
| *v.* | ) | |
| | ) | |
| CACI PREMIER TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFFS' OBJECTIONS TO ADDITIONAL JURY INSTRUCTIONS PROPOSED BY DEFENDANT CACI PREMIER TECHNOLOGY, INC.

Plaintiffs hereby object to the additional jury instructions proposed by Defendant CACI

Premier Technology, Inc. ("CACI") as follows.[1]

### CACI's Proposed Statement of the Case

Plaintiffs object to the statement of the case proposed by CACI insofar as it deviates from

the statement of the case delivered by the Court at the April 2024 trial, including to the extent

that the version now proposed by CACI includes premature instructions on CACI's affirmative

defense. As stated in their submission, Plaintiffs do not object to the Court's statement of the

---

[1] CACI claims in its submission that Plaintiffs have reneged on their agreement to exchange pre-trial materials on October 21, 2024, which was predicated on the default schedule under the local rules. CACI is incorrect. On October 17, 2024, the Court stated that the parties should file objections to the Court's jury charge, voir dire, and verdict form from the April 2024 trial by October 24, 2024, along with any proposals for the same. *See* Oct. 17, 2024 Hearing Tr. at 12:4-13:8. Both parties filed their respective submissions on that date.

1

case as delivered at the April 2024 trial, with two exceptions: (1) Plaintiffs proposed edits to reflect that they have withdrawn their claims based on the commission of war crimes; and (2) Plaintiffs submitted that it would be premature to instruct the jury on CACI's affirmative defense before the evidence comes in on the issue, which reflects the Court's recently stated view. *See* ECF No. 1764-1 at 3-4 (Plaintiffs' proposed edits to the Court's statement of the case).

Additionally, Plaintiffs object to CACI's proposed language on grounds that it purports to prematurely characterize, and directly quote, evidence to be adduced at trial—namely, CACI's contracts. Plaintiffs also object to CACI's proposed language insofar as it describes claims based on the commission of war crimes, which Plaintiffs have withdrawn as noted above. *Id.* For the reasons explained in Plaintiffs' October 24, 2024 submission, Plaintiffs further specifically object to CACI's version because it incorrectly (1) describes the elements of torture and cruel, inhuman, or degrading treatment brought under the Alien Tort Statute and (2) assigns the burden of proof on CACI's liability under the doctrine of *respondeat superior*. *See* ECF No. 1764-1 at 9-12.

As to the latter, and as explained in their submission, Plaintiffs object to the instruction that Plaintiffs bear the burden of proof that CACI's employees were acting within the scope of their employment when they conspired with, and aided and abetted, U.S. military personnel to commit torture and CIDT. *See* ECF No. 1764-1 at 14-16; *see also id.* 10-13. Under applicable law, there is a presumption of *respondeat superior* liability of an employer for an employees' conduct. It is CACI, as the party that concededly employed the CACI interrogators, that bears the burden to prove at trial that its employees were acting outside of the scope of their employment by CACI at the time of the alleged misconduct. *See Martin v. Cavalier Hotel Corp.*, 48 F.3d

1343, 1351 (4th Cir. 1995) ("It is the employer's burden to show that the employee 'was not acting within the scope of his authority when he committed the acts complained of, and, if the evidence leaves the question in doubt, it becomes an issue for determination by a jury.'" (quoting *Commercial Business Systems, Inc. v. BellSouth Services*, Inc., 249 Va. 39 (1995)); *Heckenlaible v. Virginia Peninsula Reg'l Jail Auth.*, 491 F. Supp. 2d 544, 549 (E.D. Va. 2007) ("Thus, once the plaintiff establishes the existence of an employer-employee relationship, the employer has the burden to prove that the employee was not acting within the scope of his or her employment when the tortious act was committed."); *Doe v. United States*, 912 F. Supp. 193, 194 (E.D. Va. 1995) (same). Plaintiffs thus submit that the Court should not include this incorrect description of law in the statement of the case to the jury.

### CACI's Proposed Additional Preliminary Instructions

Plaintiffs did not, and do not, object to the preliminary jury instructions as given by the Court at the April 2024 trial. *See* ECF Nos. 1764; 1622 (Apr. 15, 2024 (morning)) Tr. at 128:20-139:25. Nor did CACI object to the Court's preliminary instructions at that time. *Id*. Plaintiffs submit that the Court should repeat the preliminary instructions that it gave at the April 2024 trial, and Plaintiffs accordingly object to the version of the preliminary instructions submitted by CACI to the extent that they include CACI's edits. *See* ECF No. 1768-2 at 2 (CACI's submission stating it includes edits to the Court's preliminary instructions, without any redline).

In addition to CACI's proposed statement of the case (to which Plaintiffs object, as set forth above), CACI has submitted four additional preliminary jury instructions. *See* ECF No. 1768-1 at 4-13 (CACI's proposed additional instructions). Plaintiffs object to all four of the additional preliminary instructions proposed by CACI as follows.

3

***CACI's proposed additional preliminary instruction, "Plaintiffs Bear the Burden of Proof."***

Plaintiffs object to CACI's proposed addition to the preliminary instructions given by the Court at the April 2024 trial on the burden of proof as cumulative. *See* ECF No. 1622, Apr. 15, 2024 Trial Tr. 131:12-19; 134:5-13; 135:20-136:8 (Court's Preliminary Instructions on Plaintiffs' burden of proof). It is not necessary for the Court to deliver yet another instruction on this issue. Accordingly, Plaintiffs submit that the Court should not deliver this duplicative additional instruction proposed by CACI.

***CACI's proposed additional preliminary instruction, "State Secrets."***

Should the Court decide it is necessary, Plaintiffs submit that the Court should deliver an instruction on the Government's invocation of its state secrets privilege that is balanced and neutral, just as the Court instructed the jury at the April 2024 trial. *See* ECF No. 1622, Apr. 15, 2024 Trial Tr. at 133:14-134:4; *see also* ECF No. 1617-4 at 13 (Court's Closing Jury Instruction No. 10). As with the Court's instruction last time, any such instruction should explain that neither party is to blame for the Government's decision regarding the invocation of the state secrets privilege, and that both parties were affected by the Government's decision. *Id*.

Plaintiffs object to CACI's proposed instruction on state secrets for several reasons. ***First***, CACI's proposal is neither balanced nor neutral. Indeed, CACI's proposed instruction wrongly suggests that CACI was the only party constrained by the Government's invocation of state secrets (which it was not), and effectively invites the jury to speculate that the withheld information would have been helpful to CACI and harmful to Plaintiffs, which is misleading. ECF No. 1768-1 at 8-9. ***Second***, CACI's proposal is argumentative, and amounts to a referendum on the propriety of the Government's invocation of its state secrets privilege, which

is a question of law that the Court considered and resolved long ago during pretrial discovery. *See* ECF Nos. 850 (denying CACI's motion to compel), 921 (denying CACI's motion to compel), 1012 (denying CACI's motion to compel), 1143 (denying CACI's motion to dismiss). The Court's pretrial legal rulings on this issue have no place in the jury presentation at trial. *See* ECF No. 1693-1. **Third**, CACI's proposed instruction quotes and incorporates litigation materials in this case that are not in evidence and which consist of hearsay, which Plaintiffs submit is not appropriately included in jury instructions, and is also unduly prejudicial to Plaintiffs. ECF No. 1768-1 at 8.

***CACI's proposed additional preliminary instruction, "Party bound by his own testimony."***

Plaintiffs object to this proposed preliminary instruction from CACI. CACI proposed this instruction at the April 2024 trial (ECF No. 1567 at 19), but the Court rejected it. *See* ECF No. 1617-4. Furthermore, the Court did include an instruction on a prior inconsistent statement by a party in its closing instructions. ECF No. 1617-4 at 17 (Instruction No. 14). Plaintiffs respectfully submit that the Court should take the same approach in this trial, and it should reject the proposed additional preliminary instruction by CACI.

**CACI's Proposed Additional Instructions at the Close of Evidence**

CACI has also submitted four additional proposed jury instructions to be given at the close of evidence in the case. *See* ECF No. 1768-1 at 14-18. Plaintiffs object to the additional instructions proposed by CACI as follows.

***CACI's proposed additional instruction, "Borrowed Servant."***

Plaintiffs object to the inclusion of an instruction on the borrowed servant doctrine.[2] However, if the Court decides to give an instruction on borrowed servant, then Plaintiffs respectfully request that the Court also instruct the jury on dual servant at the same time.[3] Giving an instruction on dual servant would also be consistent with the Court's recent statements on the subject.  Indeed, at the October 17, 2024 hearing, with respect to a dual servant instruction, the Court expressly stated "I'm going to invite both sides to submit on that as well." Oct. 17, 2024 Hearing Tr. 12:16-19.  Nevertheless, CACI's proposed instruction on borrowed servant ***does not even address*** the concept of dual servant, and Plaintiffs thus object to it.

Under the dual servant doctrine, where an employee is simultaneously performing services for *both* the "general employer" (CACI) and "special employer" (Army), who both share control of the employee, the general employer (CACI) remains liable for the employee's acts.[4]  In the circumstances of this case, and reflecting relevant agency principles, this concept of

---

[2] Plaintiffs also incorporate by reference the arguments made in their recent Motion *in Limine* and reiterate their objection to giving any instruction on the borrowed servant doctrine.  ECF Nos. 1718; 1718-1.

[3] At the October 17, 2024 hearing, with respect to a dual servant instruction, the Court stated "I'm going to invite both sides to submit on that as well."  Oct. 17, 2024 Hearing Tr. 12:16-19.

[4] *N.L.R.B. v. Town & Country Elec., Inc.*, 516 U.S. 85, 94–95 (1995) (describing "[t]he Restatement's hornbook rule" as providing that a "person *may* be the servant of two masters ... *at one time as to one act*, if the service to one does not involve *abandonment* of the service to the other"); *Kelley v. S. Pac. Co.*, 419 U.S. 318, 324 (1974) (explaining that an employee "could be deemed to be acting for two masters simultaneously"); *Sharpe v. Bradley Lumber Co*., 446 F.2d 152, 155 (4th Cir. 1971) (finding general employer was liable for an employee working also for a special employer, because "an agent can be in the service of two principals simultaneously, provided ***both have a right to exercise some measure of control***, and ***there is a common or joint participation in the work and benefit to each*** from its rendition" (emphasis added)); *Vance Trucking Co. v. Canal Ins. Co*., 249 F. Supp. 33, 38 (D.S.C. 1966) (reflecting the dual servant doctrine, ruling that the general employer of a truck driver remained liable where "[the driver]

6

dual servant is necessarily connected with the borrowed servant doctrine.  Given the prior jury's repeatedly expressed confusion regarding the application of the borrowed servant doctrine to the facts presented at the April 2024 trial, such an instruction on dual servant will be critical, and will also be consistent with the specific evidentiary realities presented in this unique, if not unprecedented, context of a military contractor invoking the borrowed servant doctrine.

Despite CACI's repeated insistence otherwise, Fourth Circuit precedent mandates an instruction on the dual servant doctrine in the circumstances of this case.  Indeed, Plaintiffs' position is supported by the Fourth Circuit's opinion in *Estate of Alvarez v. Rockefeller Foundation*, a case involving claims brought under the Alien Tort Statute.  In *Estate of Alvarez*, the Fourth Circuit stated "[A] person may be the servant of two masters ... ***at one time as to one act***, if the service to one does not involve abandonment of the service to the other."  *Est. of Alvarez*, 96 F.4th 686, 693 (4th Cir. 2024) (quoting *N.L.R.B. v. Town & Country Elec., Inc.*, 516 U.S. 85, 94–95 (1995) and Restatement (Second) of Agency § 226 on the dual servant doctrine) (emphasis added)).  ***After*** considering whether the employee, Dr. Soper, was a borrowed servant, the Fourth Circuit went on to consider the issue of whether Dr. Soper was a dual servant of both the Rockefeller Foundation and the PASB:

> Finally, there is insufficient evidence to support Appellants' argument that ***Dr. Soper was a dual agent of TRF [the original***

---

had not abandoned the service of [the special employer] or his [general] employer Forrester in making the trip" and "[o]n the contrary, he continued ***to act for their mutual benefit*** and ***was subject to their joint control***." (emphasis added)), *aff'd*, 395 F.2d 391, 393 (4th Cir. 1968); *Pridemore v. Hryniewich*, 2022 WL 4542250, at *6 (E.D. Va. Sept. 28, 2022) (explaining that "[defendant's] possible status as a borrowed employee of Willard Marine, by itself, may ***not release the City from all liability***" because "[e]ven if a party is deemed to be a borrowed servant of one employer, this does ***not automatically indicate that he is no longer the servant of the initial employer***" (emphasis added)).

> *employer] and the PASB [the borrowing employer]* because,
> though TRF did not exercise control over him, it maintained the
> ability to do so.  As previously stated, there is no indication that TRF
> had the ability to exercise control over Dr. Soper while at the PASB.
> Though TRF paid his salary, Dr. Soper appeared at all times to be
> doing the work of the PASB.  Finally, the PASB's constitution, the
> general terms of which were adopted by the PASB in January 1947,
> prohibited Dr. Soper from taking outside direction.

*Id.* at 694-695.  Ultimately, on the particular facts presented, the Fourth Circuit concluded that

Dr. Soper's original employer had no control and that Dr. Soper was contractually prohibited

from taking direction from that employer.

Tellingly, CACI does not acknowledge, let alone attempt to address, this part of the

Fourth Circuit's opinion in *Estate of Alvarez*.  That is likely because, as Plaintiffs submit, when

the Fourth Circuit's opinion is assessed in its entirety—and understood in the context of the

distinguishable contracting relationship at issue there—*Estate of Alvarez* clearly supports

Plaintiffs' position that any instruction on borrowed servant must also include an instruction on

dual servant, to properly reflect agency law and Fourth Circuit precedent.  *See* ECF No. 1764-1

at 21-26; *see also* ECF No. 1718-1 at 14-22; Res. (Second) of Agency § 226 (explaining that an

employee can be a dual servant of two masters at the same time as to one act and allowing for

liability on the part of the general employer where the general and special employers share

control over the employee); Res. (Third) of Agency § 7.03 cmt. d(2) (explaining that some courts

"allocate liability to both general and special employer on the basis that both exercised control

over the employee and both benefited to some degree from the employee's work").

Ultimately, CACI has supplied no persuasive answer to Plaintiffs' argument that it is

appropriate, and in fact critical, for the Court to explain to the jury that where an employee is

performing services for both the "general" (CACI) and "special" (Army) employers, the general

8

employer (CACI) remains liable, if the employee was acting simultaneously for the benefit of both employers when that employee conspired, and aided and abetted torture and CIDT.  Where CACI contractually agreed to supervise (and accordingly to fulfill a duty to prevent detainee mistreatment), and where it financially benefitted from the performance of the work—that is, the provision of interrogation services that CACI contracted to do—CACI's liability under the dual servant doctrine becomes all the more obvious.  Given the prior jury's repeatedly expressed confusion about how to apply the borrowed servant doctrine, an instruction on dual servant is extremely important given the circumstances of this case.

Plaintiffs respectfully request that the Court give the instruction that Plaintiffs proposed in their October 24, 2024 submission, which would address ***both*** the borrowed servant doctrine and the dual servant doctrine. ECF No. 1764-1 at 21-26.

### CACI's proposed additional instruction, "Regulatory and Policy Evidence."

Plaintiffs object to this instruction as unnecessary in light of the multiple instructions on evidence previously given by the Court at the April 2024 trial.  *See* ECF No. 1617-4 at 6-8, 10, 11 (the Court's Jury Instructions No. 5, 7, and 8).  Plaintiffs further object to this proposed additional instruction by CACI (which is unaccompanied by any supporting authority) because it assumes that the Court will admit into evidence documents that are irrelevant, misleading, and confusing.  *See* ECF No. 1777-1 (Plaintiffs' motion *in limine* to strike and/or exclude the irrelevant regulations/documents newly disclosed by CACI).  Thus, Plaintiffs respectfully submit that the Court should reject this additional instruction proposed by CACI.

### CACI's proposed additional instruction, "Scope of Employment."

CACI proposes that the Court repeat its Supplementary Instruction No. 2.  As set forth in

their October 24, 2024 submission, Plaintiffs do not object to the supplementary instruction from the Court (which was given at the April 2024 trial after a question from the jury), except as follows.

Plaintiffs request that the Court give a more detailed instruction about scope of employment in its post-evidence instructions to the jury, in order to ensure that the jury's understanding of the applicable law is complete, and to avoid any jury confusion.  Accordingly, Plaintiffs propose adding an explanation about how the jury may assess whether an employee's conduct falls within the scope of her or his employment.  Plaintiffs also propose additional language that reflects legal precedent that makes clear which party bears the burden of proof on the issue.  *See* ECF No. 1764-1 at 14-16 (Plaintiffs' proposed changes to the Court's Supplementary Instruction No. 2).

### *CACI's proposed additional instruction, "Government Reports – Credibility of Hearsay Declarants."*

At the April 2024 trial, the Court gave instructions on judging the evidence, witness credibility and other evidentiary issues.  *See, e.g.*, ECF No. 1617-4 (Closing Instruction Nos. 4, 9, 10).  Plaintiffs submit that CACI's proposed additional instruction about hearsay is repetitive and cumulative.

Further, Plaintiffs object to CACI's proposed instruction as argumentative and prejudicial.  Indeed, CACI's proposed instruction amounts to a repackaging of CACI's arguments for the exclusion of the Taguba and Fay Reports, which have been rejected multiple times by the Court—and rejected most recently on October 17, 2024, when the Court denied CACI's latest motion *in limine* to exclude these highly relevant and reliable official government reports.  ECF No. 1756 (Order).

10

CACI's proposed instruction also incorrectly assumes that statements in the Taguba and Fay Reports are actually hearsay.  *See* ECF No. 1768-1 at 18; *see also, e.g.*, Fed. R. Evid. 804(b); 801(d).  As Plaintiffs explained recently in opposition to CACI's motion *in limine*, under Federal Rule of Evidence 803(8)(A)(iii), the Taguba and Fay Reports, as factual findings from investigations authorized and conducted by the Executive Branch, are admissible.  *See* ECF No. 1708 at 12-18.  To the extent that CACI would seek to test the veracity of the content of the reports, CACI has ample opportunity to do so through its presentation of evidence, such as through cross-examination of Major Generals Taguba and Fay.  But CACI should not be permitted to inject its suppositions and assertions as to its view of the evidence into the jury instructions.  Plaintiffs thus submit that this new instruction proposed by CACI should be rejected.

Respectfully submitted,

*/s/ Charles B. Molster, III*

Charles B. Molster, III, Va. Bar No. 23613
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
(703) 346-1505
cmolster@molsterlaw.com

Muhammad U. Faridi, *Admitted pro hac vice*
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

Baher Azmy, *Admitted pro hac vice*
Katherine Gallagher, *Admitted pro hac vice*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor New
York, NY 10012

Shereef Hadi Akeel, *Admitted pro hac vice*
AKEEL & VALENTINE, P.C.

11

888 West Big Beaver Road
Troy, MI 48084-4736

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 29, 2024, I electronically filed the foregoing, which sends notification to counsel for Defendant.


 *<u>/s/ Charles B. Molster, III</u>*
Charles B. Molster, III