<u>JURY INSTRUCTION NO. 1</u>

**Introduction to the final charge—Province of the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than

that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as a juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations in plaintiffs' complaint and the defendant's denials of those allegations in its answer.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

JURY INSTRUCTION NO. 2

**Note-taking**

During this trial, I permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order.  There is always a tendency to place undue importance on matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid in your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Moreover, you are coequal judges of the facts and each juror's memory of and opinion about the evidence is worthy of consideration by all the other jurors.  That a juror may have taken extensive notes does not mean that his or her memory or opinion is worthy of more consideration than the memory or opinion of a juror who took few or no notes.

<u>JURY INSTRUCTION NO. 3</u>

**All parties are equal before the law**

All parties are equal before the law and are entitled to be treated as equals.

In this case, the plaintiffs are citizens of another country.  Citizens of another country are entitled to the same fair and conscientious consideration by you as any party.

In this case, the defendant is a corporation.  Corporations are entitled to the same fair and conscientious consideration by you as any party.

JURY INSTRUCTION NO. 4

**Judging the evidence**

A juror should consider the evidence in a trial as a reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.

<u>JURY INSTRUCTION NO. 5</u>

**Evidence received in the case—Stipulations, Judicial Notice, and Inferences permitted**

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated— and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved; however, you are not required to do so because you are the sole judge of the facts.  The stipulations are reflected in plaintiffs' exhibit 226 ("PTX 226").

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.  The facts for which I have taken judicial notice are the following:

> 1. The Coalition Provisional Authority displaced Iraqi law and governmental institutions and, pursuant to Coalition Provisional Authority Order 17, immunized coalition personnel and contractors from Iraqi laws and "Iraqi Legal Process," instead subjecting all coalition personnel to the "exclusive jurisdiction of their Parent States."

> 2. Coalition Provisional Authority Order 17 further provided that third-party claims for personal injury could not be brought in Iraqi courts but would be "submitted and dealt with by the Parent State whose Coalition personnel, property, activities, or other assets are alleged to have caused the claimed damage, in a manner consistent with the national laws of the Parent State."

> 3. The U.S. Army has claims responsibility in Iraq with respect to the personal injury/abuse and mistreatment of Iraqi detainees,

particularly at Abu Ghraib prison.  Accordingly, the Department of Defense established a formal claims process on September 15, 2004, pursuant to the Foreign Claims Act, 10 U.S.C. § 2734, through which the United States committed to investigate claims and provide a recommendation regarding an appropriate amount of compensation, if any.  If a cognizable claim is not payable under the Foreign Claims Act or other claims statutes, the Secretary of the Army will identify alternative authorities under which compensation could be provided and, in appropriate cases, take such action.

The Court took judicial notice of these three facts because the issue of claim recovery through the Foreign Claims Act was raised during the trial.  Nothing in the Foreign Claims Act, however, prevents a plaintiff from bringing a civil action in a domestic court under the Alien Tort Statute.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions asked by a lawyer for either party are not evidence. If a lawyer asks a question of a witness which contains a statement of fact you may not consider the lawyer's statement as any evidence of that fact.  Only a witness's answer to a question may be considered as evidence. Objections, statements, and arguments of counsel also are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  Instead, you are permitted to draw from the facts which you find have been proved such reasonable inferences as

you feel are justified in the light of your experience and common sense.  Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

You will have a list of all exhibits that were admitted into evidence during the trial.  The titles of the exhibits are not evidence and are only intended to help you locate the documents you are looking for.

JURY INSTRUCTION NO. 6

**Objections and rulings**

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

**Court's comments to counsel**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

**Court's questions to witnesses**

During the course of a trial, I occasionally asked questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

9

JURY INSTRUCTION NO. 7

**Direct and circumstantial evidence**

There are two types of evidence which are generally presented during a trial: direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person, such as an eyewitness, who asserts or claims to have actual knowledge of a fact.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

An example of circumstantial evidence is the following: You leave your house at noon on a cold February day.  Your front yard is bare at that time.  It starts to snow, you return at 5:00 p.m. and see a footprint in the snow that now covers your yard.  From the facts that you left your home at noon, returned at 5:00 p.m., see the footprint and know from common experience that human beings are associated with footprints, you can infer that there was a person in your yard sometime between noon and 5:00 p.m.  If you had actually seen a person, that would be direct evidence of that fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case in making your decisions.

JURY INSTRUCTION NO. 8

**Quantity of evidence**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party or by the number of exhibits introduced by one side or the other. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe and which of the exhibits have more or less value. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side, or that one or two exhibits may have more significance to your evaluation of the case as against numerous exhibits that you find have less significance.

To sum up this instruction: always consider the quality of the evidence rather than the quantity of the evidence.

JURY INSTRUCTION NO. 9

**Credibility of witnesses—Generally**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Also consider any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

JURY INSTRUCTION NO. 10

**Pseudonymous witnesses and invocation of the state secrets privilege**

The ability of both the plaintiffs and the defendant to produce all the exhibits and witness testimony they would have wanted to produce has been limited by the United States invoking the state secrets privilege to ensure that military or other secrets are not revealed.  As a result, certain exhibits have been redacted and certain witnesses were unable to testify in this case as to matters to which the government invoked the state secrets privilege.

As I instructed you at the outset of this trial, for interrogation personnel whose identities were withheld by the government, do not base any of your credibility determinations on the format in which their testimony was admitted into evidence.  The parties in this case bear no responsibility for that decision and the lack of identity and background information should not adversely influence your judgment of these witnesses' credibility.

JURY INSTRUCTION NO. 11

**Depositions**

In this case, we have heard the testimony of some witnesses by deposition.  When a person is unavailable to testify at trial, the deposition of that person may be used at trial.

A deposition is simply a pretrial procedure in which the attorneys for both sides may question a witness or an adverse party under oath before a court stenographer.  Each side is entitled to take depositions and each side is entitled to ask questions at each deposition.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.  These instructions apply to witnesses who testified pseudonymously, by audio, and whose testimony was read into the record.

In those cases where depositions were read to you, do not place any significance on the behavior or tone of voice of any person reading the questions and answers.  Otherwise, you should treat the deposition testimony the same as any other testimony presented in court.

JURY INSTRUCTION NO. 12

**Use of requests for admission**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

JURY INSTRUCTION NO. 13

**Impeachment—Inconsistent statement or conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

JURY INSTRUCTION NO. 14

**Prior inconsistent statement by a party**

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, you may consider that previous statement as evidence that what the party previously said was true.

JURY INSTRUCTION NO. 15

**Opinion evidence—The expert witness**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

JURY INSTRUCTION NO. 16

**Jury's recollection controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

JURY INSTRUCTION NO. 17

**Multiple plaintiffs**

There are three plaintiffs in this trial.  Each plaintiff has separate individual rights.  You should decide the case as to each plaintiff and the defendant separately.

Unless otherwise stated, the instructions apply to all parties.

JURY INSTRUCTION NO. 18

**Alien Tort Statute**

In this lawsuit, plaintiffs claim that they were the victims of torture and cruel, inhuman, or degrading treatment while housed in the hard site at Abu Ghraib.  They sue under the Alien Tort Statute, a U.S. law which gives people the right to sue and their cases to be decided in an American court for certain violations of international law.

International law prohibits torture and cruel, inhuman, or degrading treatment.  There are no exceptions to these prohibitions.  Neither war nor national security nor any other exceptional circumstance can justify torture, and cruel, inhuman, or degrading treatment.  All persons have the right to be free from these violations.

A person who is injured by any of these international law violations may sue in a United States court under the Alien Tort Statute.  This is true even if the international law violations occur in another country such as Iraq.

JURY INSTRUCTION NO. 19

**Overview of the case**

Each plaintiff, Suhail Najim Abdullah Al Shimari, Salah Hasan Nusaif Jasim Al-Ejaili, and Asa'ad Hamza Hanfoosh Al-Zuba'e, alleges that, in violation of the Alien Tort Statute, he was the victim of torture and cruel, inhuman, or degrading treatment while he was detained at the Abu Ghraib hard site.  Plaintiffs do not allege that any CACI personnel, including Steve Stefanowicz, Daniel Johnson, and Timothy Dugan, directly mistreated them.  Instead, they claim that these CACI interrogators conspired with Army military personnel to torture or inflict cruel, inhuman, or degrading treatment on detainees in the hard site, which resulted in the plaintiffs being tortured or subjected to cruel, inhuman, or degrading treatment.  Each plaintiff seeks monetary damages from CACI Premier Technology, Inc. to compensate for the injuries sustained from being subjected to torture or cruel, inhuman, or degrading treatment and to punish CACI for the conduct of its employees.

For any plaintiff to prevail on his claim that his right to be free from torture or cruel, inhuman, or degrading treatment under the Alien Tort Statute has been violated by the defendant, that plaintiff must prove two facts by a preponderance of the evidence.  If a plaintiff fails to prove both facts by a preponderance of the evidence, he is not entitled to any judgment.  The two facts that must be proved are that:

1. The plaintiff was either tortured, or subjected to cruel, inhuman, or degrading treatment.  The plaintiff does not have to prove that he was both tortured and subjected to cruel, inhuman, or degrading treatment.  Proof by a preponderance of the evidence as to either type of wrongful treatment satisfies this element; and

22

2.  CACI's employees were responsible for the plaintiff being tortured or subjected to cruel, inhuman, or degrading treatment by conspiring with Army military personnel to have hard site detainees tortured or to inflict cruel, inhuman, or degrading treatment on them.

If a plaintiff has proven these two facts, then he must also prove, again by the preponderance of the evidence, his compensatory damages and, to be awarded any punitive damages, he must prove entitlement to them by clear and convincing evidence.

Because each plaintiff's case must be evaluated individually, that one plaintiff may prevail against the defendant does not mean that any other plaintiff automatically prevails. Likewise, should defendant be found not liable as to one plaintiff does not mean that the defendant is automatically not liable to any other plaintiff.

Even if a plaintiff proves these two facts by a preponderance of the evidence, CACI maintains that it is not liable for any misconduct of its interrogators under the borrowed servant doctrine.  Defendant has the burden of proving this defense by a preponderance of the evidence.  I will explain this doctrine in the next instruction.

INSTRUCTION NO. 20

**Borrowed Servant Doctrine**

A person can be in the general employ of one company while at the same time being the employee of another company.  In other words, an employee who commits a wrongful act may have more than one employer at the time the wrongful act is committed.  In determining the liability of a company for acts performed by one of its employees who is also working for another company, you must consider who controlled the work of the employee when the alleged misconduct occurred.

In this case, CACI employees were performing work on a government contract with the United States military at Abu Ghraib.  Therefore, the issue you must determine is under whose direction and control were the employees when they engaged in the alleged misconduct.  In other words, when an employee has been lent by one employer to perform the services of another employer you have to consider who was controlling the employee's work at the time of the alleged misconduct.  In making this decision, you should consider all the facts in evidence.

CACI has the burden to prove the borrowed servant defense by a preponderance of the evidence.  If it fails to do so, then it can be held liable for the conduct of its interrogators.

24

JURY INSTRUCTION NO. 21

**Preponderance of the evidence**

To prove a claim by "a preponderance of the evidence" means to prove that something is more likely true than not true.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  This standard does not require proof to an absolute certainty.

If you find the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party who has the burden of proof.  This is because the party bearing this burden must prove more than simple equality of evidence; he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, then that element will have been proved by a preponderance of evidence.

You may have heard of the term "proof beyond a reasonable doubt."  This standard applies in criminal cases and is a stricter standard, requiring more proof than a preponderance of evidence.  The reasonable doubt standard does not apply to civil cases such as this.  You should, therefore, put that standard out of your minds.

JURY INSTRUCTION NO. 22

**Torture**

Plaintiffs each contend that they were subjected to torture in violation of customary international law.  This claim must be proved separately as to each individual plaintiff.  To establish this claim, each plaintiff must prove by a preponderance of the evidence:

1. That military personnel subjected him to severe pain or suffering, whether physical or mental;

2. That military personnel inflicted this pain or suffering on him intentionally for the purpose of obtaining information or a confession or for punishment, intimidation, or coercion; and

3. That military personnel inflicted this pain or suffering on him by, or with the consent of, a public official or other person acting in an official capacity and while the plaintiff was in the official's custody or under the official's control.  In other words, that military personnel were acting under color of law.

Acting "under color of law" means that a person is acting or purporting to act in the performance of his official duties; it means that the action is clothed with the authority of the government.  A person can act under "color of law" even when his actions overstep, or constitute an abuse of, his legal authority.

Torture may include mental pain and suffering.  To constitute torture, the mental pain or suffering must be prolonged mental harm and caused by, or resulting from, the intentional infliction or threatened infliction of severe physical pain or suffering, or the threat of imminent death.

26

In evaluating the severity of the pain and suffering a plaintiff endured, you should consider the duration, frequency, and intensity of the methods he endured; the permanence or lasting effects of the methods used; and individual factors such as age, gender, and religion.  The severity of physical or mental pain or suffering by an individual is not evaluated by the effects of any acts or methods taken in isolation; rather, torture should be measured by considering the cumulative effects of the acts and methods on an individual.

JURY INSTRUCTION NO. 23

**Cruel, Inhuman, or Degrading Treatment—Defined**

Each plaintiff contends that he suffered cruel, inhuman, or degrading treatment in violation of international law.

For a plaintiff to prevail on this claim, he must prove by a preponderance of the evidence:

1.  That Army military personnel intentionally inflicted acts of cruel, inhuman, or degrading treatment on him; and

2.  The person who intentionally inflicted severe or serious pain or suffering, whether physical or mental, on that plaintiff did so while he was within the custody or control of that person.

Cruel, inhuman, or degrading treatment causes feelings of fear, anguish, or inferiority capable of humiliating or debasing the victim and possibly breaking his physical or moral resistance.  Treatment is "cruel" if it causes serious mental or physical suffering or injury or constitutes a serious attack on human dignity.  Treatment is "inhuman" if it deliberately causes severe suffering, mental or physical, which, in the particular situation, is unjustified.  Treatment is "degrading" if its effect is such as to arouse feelings of fear, anguish, or inferiority capable of humiliating or debasing any one of the plaintiffs.

You must consider the totality of the circumstances in determining whether any individual plaintiff was subjected to cruel, inhuman, or degrading treatment which caused severe psychological or physical harm.  Whether treatment is cruel, inhuman, or degrading depends upon an assessment of all the particularities of the evidence before you, including the specific conditions

28

at issue, duration of the measures imposed, the objectives pursued by the perpetrators, and the physical or mental effects on the person(s) involved.

Acts of torture constitute cruel, inhuman, or degrading treatment. The difference between torture and cruel, inhuman, or degrading treatment is the intensity or degree of the physical or mental suffering inflicted; the two violations are understood to be on a continuum of misconduct. Even if you find that a plaintiff did not suffer from harm severe enough to constitute torture, you may still find that the plaintiff endured cruel, inhuman, or degrading treatment.

JURY INSTRUCTION NO. 24

**Conspiracy—Defined**

A conspiracy is an agreement between two or more persons to commit a wrongful act.

To hold defendant liable under a theory of conspiracy to commit torture or cruel, inhuman, or degrading treatment as to any plaintiff, that plaintiff must prove by a preponderance of the evidence:

1.  There was an agreement between two or more persons to inflict torture or cruel, inhuman, or degrading treatment on detainees in the Abu Ghraib hard site;

2.  Defendant knowingly and intentionally joined the conspiracy;

3.  Either the defendant or a co-conspirator committed an overt act in furtherance of the conspiracy; and

4.  The torture and/or cruel, inhuman, or degrading treatment to which plaintiffs were subject resulted from acts in furtherance of the conspiracy.

Knowledge and participation in a conspiracy may be shown by circumstantial evidence. Once a conspiracy is formed, each member of the conspiracy is liable for the actions of the other co-conspirators performed during the course and in furtherance of the conspiracy.

To prevail on his conspiracy theory, a plaintiff does not have to show that the conspirators met with all the alleged co-conspirators, or that there was a formal or written agreement or that all conspirators agreed on every detail of the conspiracy.  An agreement to commit torture or cruel, inhuman, or degrading treatment may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators.

<u>JURY INSTRUCTION NO. 25</u>

**Mere presence insufficient**

The mere presence at the scene of wrongful conduct by itself does not make one a conspirator.  Even knowing that wrongful conduct is occurring does not make one a conspirator. Rather, there must be evidence that a defendant knowingly and intentionally did something that enabled the wrongful conduct to occur.

JURY INSTRUCTION NO. 26

**Effect of instruction as to damages**

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

JURY INSTRUCTION NO. 27

**Compensatory damages**

If you find in favor of a plaintiff and against the defendant, then you must determine an amount that is fair compensation for the damages suffered by that plaintiff.  Compensatory damages seek to make the party whole—that is, to compensate a plaintiff for the damage suffered because of the defendant's wrongful conduct.  The damages, if any, that you award, should be full and fair compensation, no more and no less.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Compensatory damages are the measures of the loss or injury sustained by the injured plaintiff, and may embrace shame, mortification, humiliation, indignity to the feelings and the like.  You should consider the following elements in determining the amount of compensatory damages, to the extent you find them proved by a preponderance of the evidence:

- emotional pain and suffering;

- mental anguish;

- physical disfigurement; and/or

- physical pain

In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be

awarded for these elements of damages.  Any award you make must be fair in light of the evidence presented at trial.

JURY INSTRUCTION NO. 28

**Punitive damages**

If you should find that the defendant is liable for a plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if a plaintiff proves by clear and convincing evidence that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter the defendant or others from committing similar acts in the future.

Whether to award punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.

JURY INSTRUCTION NO. 29

**Clear and convincing evidence—Defined**

Each plaintiff's punitive damages must be proven by "clear and convincing evidence." This is a higher standard of proof than preponderance of the evidence.  Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain.

You probably have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than the "clear and convincing evidence standard." The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case.

JURY INSTRUCTION NO. 30

**Verdict—Election of foreperson—Duty to deliberate—Unanimity—Form of verdict— Communication with the court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

The Court Security Officers, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the plaintiff has sustained his burden of proof until after you have reached unanimous verdicts.