```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


-----------------------------x
SUHAIL NAJIM ABDULLAH AL      :      Civil Action No.:
SHIMARI, et al.,             :      1:08-cv-827
             Plaintiffs,     :
     versus                  :      Wednesday, November 27, 2024
                             :      Alexandria, Virginia
CACI PREMIER TECHNOLOGY,     :
INC.,                        :      Pages 1-9
             Defendant.      :
-----------------------------x
```

The above-entitled motions hearing was heard before the Honorable Leonie M. Brinkema, United States District Judge.  This proceeding commenced at 10:13 a.m.

A  P  P  E  A  R  A  N  C  E  S:

FOR THE PLAINTIFFS:    CHARLES MOLSTER, ESQUIRE
                       THE LAW OFFICES OF CHARLES B. MOLSTER,
                       III, PLLC
                       2141 Wisconsin Avenue, NW
                       Suite M
                       Washington, D.C.  20007
                       (703) 346-1505

FOR THE DEFENDANT:     JOHN O'CONNOR, JR., ESQUIRE
                       STEPTOE & JOHNSON LLP
                       1330 Connecticut Avenue, NW
                       7th Floor
                       Washington, D.C.  20036
                       (202) 429-3000

                       NINA GINSBERG, ESQUIRE
                       DIMUROGINSBERG PC
                       1101 King Street
                       Suite 610
                       Alexandria, Virginia  22314
                       (703) 684-4333

COURT REPORTER:        STEPHANIE M. AUSTIN, RPR, CRR
                       Official Court Reporter
                       United States District Court
                       401 Courthouse Square
                       Alexandria, Virginia  22314
                       (571) 298-1649
                       S.AustinReporting@gmail.com
        COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

                                                              1
```

P R O C E E D I N G S:

THE DEPUTY CLERK:  Civil Action Number 1:08-cv-827, Al Shimari, et al. versus CACI Premier Technology.

Will counsel please note their appearance for the record, first for the plaintiff.

MR. MOLSTER:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. MOLSTER:  Oh, I'm sorry.  Charles Molster on behalf of the plaintiffs.  Sorry, Your Honor.

THE COURT:  You're so well known.  You still have to put your name on the record, Mr. Molster.

MR. MOLSTER:  Yes, Your Honor.

THE COURT:  Mr. O'Connor, you're here for CACI.

MR. O'CONNOR:  Good morning, Your Honor.  John O'Connor and Nina Ginsberg here for CACI.

THE COURT:  All right.  So what's before the Court is defendant's motion to stay the clerk's judgment.  And, of course, that has been opposed by the plaintiff.

MR. MOLSTER:  May I?

THE COURT:  All right.

MR. MOLSTER:  We made an indication in our papers that we're not unreasonable people.  We don't want -- they don't need to go out and unnecessarily spend money on a supersedeas bond if we can come to -- if we can get -- what

2

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

we really need to do is protect our clients, right, as good as if they had a supersedeas bond.  But, you know, obviously they've got a $10 billion market cap.  Whether or not -- it wasn't good enough for Judge Jackson in that division, but we're willing to agree if we can get an appropriate Court order that says that they will promptly pay us once they've exhausted all of their appeals.  They can try the Fourth Circuit, maybe they'll win make making due en banc, they can do a sur/petition.  But at the end of the day, if we prevail, we should be paid promptly without a lot of rigmarole.  And that's all we're looking for.

So if we can get an appropriate Court order that says exactly that, we'll be paid promptly.  It shouldn't be 15 days.  They have the money.  It should be seven days.  That's more than reasonable, we think.  And, you know, it should be clear that the corporate cap -- the parent and the, you know, defendant are both guaranteeing that they will make this payment as if it was -- so we're essentially in the same position as if there was a surety bond, then we're fine cooperating with that.  And I'm happy to work with counsel for CACI to submit a consent order if that's agreeable to Your Honor.

THE COURT:  All right.  Mr. O'Connor.

MR. O'CONNOR:  Your Honor, it seems that we're -- everything that Mr. Molster said plaintiffs want I think

3

we've offered.  And not only -- not offered, but actually given.  We have a representation, a guarantee from the parent that -- and the only difference is, the parent said it would guarantee payment within 15 days of the resolution of any and all appeals.

I've done a lot of settlement agreements in my days, and I'm sure Mr. Molster has, and I've done a lot of them for clients who are paying, and I'm sure Mr. Molster has, too.  And every client will tell you, can you pull together money in seven days, it might take a little bit of just moving money around to make it happen.  So, you know, I thought -- it seemed to me that 15 days was very prompt.  Prompter than anybody could execute on a judgment.

THE COURT:  I suspect that it's not the 15 days that's the issue; it's that the plaintiffs want an actual order of the Court that guarantees that, you know, if at the end of the long appellate road, which is clearly ahead, if the judgment holds up, then within 15 days, whether it's, you know, CACI Premier Technology, Inc. or whether it's the parent or the child, somebody is going to pay that judgment.

MR. O'CONNOR:  We assume -- you know, if our motion were granted, we assume there was going to be an order --

THE COURT:  All right.

MR. O'CONNOR:  -- saying that CACI International,

4

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

Inc. is guaranteed payment within 15 days on that basis, we're going to stay is it.

THE COURT:  Here's what I'm going to do, all right, I'm going to ask the two of you to get together and draft the order for me so it captures all the nuances and language that both sides want.  I do think 15 days is not unreasonable.  So you can put the 15 days in the order.  All right.

I'm not sure that I'm going to be here too long today, and we're closed on Friday.  So frankly if you don't get it to me until Monday or Tuesday of next week -- I mean, nothing's going to happen in that time frame -- that's fine.  But I want you all to be submitting it as a joint proposed order; all right?

MR. O'CONNOR:  And, Your Honor, does the Court want us to file -- I'm assuming we're going to have no difficulty getting to language.

Does Your Honor want us to file it or email it to chambers or both?

THE COURT:  File it as a proposed order; all right?

MR. O'CONNOR:  Will do, Your Honor.

THE COURT:  All right.  Very good.  Anything further?  I know that there are some issues coming up about post and -- pre and post judgment.

5

MR. MOLSTER:  Plenty on your plate, Your Honor, but not for right now.

THE COURT:  All right.  That's fine.  But let's do it all at one time.  I don't want to have a bunch -- every Friday in December having a motion.

MR. MOLSTER:  Right now I have December 13th and December 20.  I've got a hearing in South Carolina in Beaufort on December 13, so I would like to do it all on December 20.

THE COURT:  The 20th is going to be the 19th.  We're doing our docket that week --

MR. MOLSTER:  Thursday the 19th?

THE COURT:  -- on Thursday the 19th.

MR. O'CONNOR:  Your Honor, I'm actually out of the country from the 17th through the 28th.

THE COURT:  Okay.

MR. O'CONNOR:  That's why we actually -- when we filed our Rule 50 motion, we shortened -- functionally shortened our reply time to get it on the 13th.  I was -- they filed last night and set it for the 20th.

I was going to be reaching out to plaintiffs' national counsel to -- with a proposition that we file our opposition to their motion early to get them all on the 13th.  Because I -- I don't think it will take a whole lot for us to put together our opposition to that motion, so I

6

think we can do it rather quickly.

THE COURT:  All right.  Mr. Molster, I would be willing to waive your appearance.  I would assume that some of the other attorneys will be doing the yeoman's work and arguing the motions.

MR. MOLSTER:  I'm feeling kind of lonely over here today.

THE COURT:  So as far as you know, your co-counsel are available on the 13th?

MR. MOLSTER:  As far as I know.  I'll check with them.  And I appreciate Your Honor waiving my appearance.

THE COURT:  And, Mr. O'Connor, if you don't mind, where are you going?  Someplace nice, I hope.

MR. O'CONNOR:  Your Honor, my youngest daughter, the one that was actually here one day for one of the hearings, she's studying abroad in Oxford this year.  So my older daughter and my wife and I are going there for the holidays.

THE COURT:  That sounds wonderful.  You all have deserved a good break from this case.

All right.  So we will -- I'm going to do an order that moves the -- whatever is noticed for the 20th is going to get moved to the 13th.  All right.  So I can do all of the Al Shimari post-trial motions on one day.

MR. O'CONNOR:  And we will file our opposition by

7

next Thursday.

THE COURT:  All right.

MR. O'CONNOR:  So that will give them the full six days for their reply.

THE COURT:  All right.  Anything else that we need to address?

MR. MOLSTER:  Not from plaintiffs.

THE COURT:  A bill of costs has been filed by the plaintiff.  I assume you've seen that, Mr. O'Connor?

MR. O'CONNOR:  We did see that it was filed, Your Honor.  We have 14 days to look at it, but we're going to look at it, and if there's any issues we need to raise, we will raise them.

THE COURT:  All right.  And I will resolve that so that, again, in terms of the bond -- you know, the bond issue, I mean, you're not going to have to pay anything until the appeals have been completed.  Okay.

MR. O'CONNOR:  Yes, Your Honor.

THE COURT:  So whether you want to put some language in there about the bill of costs as well, you might want to do that.

MR. O'CONNOR:  Understood, Your Honor.

THE COURT:  All right.  Anything further on this case?

MR. O'CONNOR:  No, Your Honor.

8

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

THE COURT:  Then we'll recess court until next Monday, and I wish you all a happy holiday.

MR. MOLSTER:  Thank you, Your Honor.

MR. O'CONNOR:  You, too, Your Honor.

(Proceedings adjourned at 10:21 a.m.)

-----------------------------------

I certify that the foregoing is a true and accurate transcription of my stenographic notes.

_Stephanie Austin_
_____

Stephanie M. Austin, RPR, CRR

9

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894