**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SUHAIL NAJIM ABDULLAH AL SHIMARI, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )      No.      1:08-cv-0827 LMB-JFA |
| CACI PREMIER TECHNOLOGY, INC., | ) ) |
| Defendant, | ) ) |

**DEFENDANT CACI PREMIER TECHNOLOGY, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE JUDGMENT**
**TO INCLUDE PREJUDGMENT AND POST-JUDGMENT INTEREST**

**I.      INTRODUCTION**

As CACI has explained in seeking judgment as a matter of law or a new trial, the jury verdict in this case is the product of multiple errors of law that allowed emotion and retribution to substitute for reasoned analysis by the jury. There is no evidence whatsoever that CACI personnel engaged in conspiratorial conduct that resulted in injury to these Plaintiffs or that CACI had sufficient control over interrogation operations at Abu Ghraib to be held vicariously liable for any abuses that occurred there. Indeed, the evidence, fairly construed and properly instructed on, precludes such a finding. The jury's damages award is also excessive and unconstitutional, having been based on instructional error and a host of improper considerations that were presented to the jury over CACI's objection. Now Plaintiffs return to this Court and seek to compound the errors at the trial by increasing the damages award to include prejudgment interest to which they are not entitled.

Specifically, Plaintiffs ask this Court to take the extraordinary step of amending the judgment in this case to add prejudgment interest: (1) when Plaintiffs did not request prejudgment interest in any of their complaints; (2) when Plaintiffs did not disclose an intention to seek prejudgment interest in their initial disclosures or interrogatory responses; (3) when Plaintiffs' years-late damages disclosure specifically stated that Plaintiffs would ask *the jury* for prejudgment interest, which Plaintiffs neglected to do, despite case law holding that prejudgment interest is a question for the factfinder, not the Court; and (4) despite the Fourth Circuit's recent decision in *Gilliam v. Allen*, 62 F.4th 829 (4th Cir. 2023), which unambiguously precludes the relief Plaintiffs seek here.

Plaintiffs' supporting memorandum is replete with curiosities, but two stand above all others. *First*, Plaintiffs somehow managed to load up the first eleven pages of their memorandum with filler before addressing the elephant in the room – that the Fourth Circuit's decision in *Gilliam* drives a stake through the heart of their motion. *Second*, in their vain effort to distinguish *Gilliam*, Plaintiffs' first argument is their tried-and-true saw that the normal rules of law simply don't apply when a plaintiff alleges *jus cogens* violations. Regrettably, Plaintiffs have gotten much mileage out of this argument, as they have been excused from many of the features normally associated with fair trials in this country, from the need to appear live before the factfinder to the normal rules associated with extraterritoriality, state secrets, the power to create judge-made causes of action, and sovereign immunity.

That said, there is no respectable basis for declining to apply *Gilliam* here. *Gilliam* explains why it is inappropriate in a tort case to use Rule 59(e) to ask a judge to add "prejudgment interest" to the jury's tort judgment. Prejudgment interest is for the factfinder, not the judge, to decide. Unlike a breach of contract claim where compensatory damages may be fixed, there is no way to

determine whether the jury considered the lapse of time from injury to trial in deciding what amount of damages would make Plaintiffs whole.   Moreover, *Gilliam* recognizes that it is "impossible" for a district judge to calculate prejudgment interest for a tort claim involving continuing injuries, as there is no fixed date of harm from which to calculate prejudgment interest. Accordingly, *Gilliam* holds that modifying the judgment to add a prejudgment interest kicker to the jury's damages award in a tort case involving continuing injuries involves speculation and very likely represents a double recovery, such that it is reversible error to add prejudgment interest in such a case.  That Plaintiffs' claims involve alleged violations of *jus cogens* norms does not permit disregard of the rule the Fourth Circuit established in *Gilliam*.

As CACI has explained in its own motion for judgment and/or a new trial, both the compensatory and punitive damages awarded by the jury in this case are legally unsustainable, particularly given the paucity of evidence offered by Plaintiffs on damages.  Plaintiffs' frivolous motion to *increase* the judgment does not render the damages awards lawful or create a "middle ground" between the parties.  That Plaintiffs are not entitled to increase the damages award does not change that they are not entitled to the damages award that the jury gifted them.

## II.    BACKGROUND

Plaintiffs have filed four Complaints in this action.   Dkt. #2 (Complaint); Dkt. #28 (Amended Complaint); Dkt. #177 (Second Amended Complaint); Dkt. #254 (Third Amended Complaint.  While the size, scope, and nature of allegations varied among these Complaint, they all had the exact same Prayer for Damages, a prayer that did not make any reference to a request for an award of prejudgment interest.  Specifically, Plaintiffs requested:

> (a) compensatory damages for physical, mental, and economic injuries;

> (b) punitive damages in an amount sufficient to punish Defendants for engaging in human rights abuses and deter similar behavior; and

> (c) any attorneys' fees and costs permitted by law.

Dkt. #2 at 29 ¶ 171; Dkt. #28 at 24 ¶ 205; Dkt. #177 at 28 ¶ 222; Dkt. #254 at 53 ¶ 314.[1]

On November 16, 2012, Plaintiffs served their initial disclosures in this case. With respect to their claimed damages, Plaintiffs stated as follows:

> Plaintiffs have not yet finalized their computation of damages, but will provide this information to Defendant as soon as experts [sic] reports are delivered and damages are computed.

Ex. 1 at 16.

CACI served interrogatories on each Plaintiff seeking "the amount of damages You are seeking in this action and the manner in which You have calculated Your damages claim." Other than fixing a typographical error, Plaintiffs' interrogatory responses mirrored their initial disclosures:

> Plaintiffs have not yet finalized their computation of damages, but will provide this information to Defendant as soon as expert reports are delivered and damages are computed.

Exs. 2-4 at Response to Interrogatory No. 16. Despite Plaintiffs' representations, their expert reports did not state an amount that Plaintiffs were seeking in damages, nor the manner in which Plaintiffs calculated their undisclosed claim for damages.

After discovery closed, CACI moved to limit Plaintiffs to nominal damages because they had repeatedly refused to comply with their disclosure obligations.[2] The Court granted Plaintiffs

---

[1] Plaintiffs also had a boilerplate request for damages to which they are legally entitled, which, as noted below, is not sufficient to allege an entitlement to prejudgment interest.

[2] Plaintiffs' memorandum represents that CACI did not quarrel with Plaintiffs' inclusion in its untimely damage disclosure a statement of intent to seek prejudgment interest from the jury, as if that suggested CACI's acknowledgement that prejudgment interest was appropriate in this type of case. Dkt. #1836-1 at 11. As the Court is aware, CACI moved to strike *all* of Plaintiffs' damages disclosure, including prejudgment interest, and to allow nominal damages only. Thus,

a reprieve from all of their disclosure failures, directing Plaintiffs to make a post-discovery damages disclosure and placing modest limitations on Plaintiffs' punitive damages claim. Plaintiffs' post-discovery damages disclosure referenced, for the first time, prejudgment interest, but consistent with case law holding that the propriety of prejudgment interest is for the factfinder to decide, Plaintiffs stated that they would seek such an award *from the jury*:

> In addition, to account for the time value of money and the fact that CACI has caused most of the 13-year delay in this case through improper motion practice and appeals—including the most recent interlocutory appeal that was denied by the Fourth Circuit and Supreme Court—Plaintiffs would also ask ***the jury*** to award prejudgment interest.

Dkt. #1358 at 4 (emphasis added).  When quoting from their damages disclosure in support of their motion for prejudgment interest, Plaintiffs' sentence-fragment quotations notably cropped out that they had stated they would seek prejudgment interest from *the jury*.

At the October 2024 trial, Plaintiffs stressed to the jury the length of time Plaintiffs have been waiting for their day in court.  As Plaintiffs' counsel stated in his opening statement:

> So Salah, Asa'ad and Suhail are courageous individuals ***who have been waiting a long time*** to share what they endured in an American court of law.

10/30/24 Trial Tr. at 176:20-22 (emphasis added).  Plaintiffs made the same point through the direct examination of Al-Ejaili:

> Q    ***It's been 20 years, Salah***.  How does the experience at Abu Ghraib affect you?
>
> A    As for the pain and the sadness regarding what happened, any time that I see any picture of Abu Ghraib, it flashbacks my memory. Perhaps people can see me as a strong person who works as a media -- as a news producer and a journalist, but one picture destroys everything.

---

Plaintiffs' suggestion that CACI acknowledged the propriety of prejudgment interest in this case badly distorts the record.

10/30/24 Trial Tr. at 219:17-23 (emphasis added); *id.* at 256:13-15 ("The other thing is the mention

of the Abu Ghraib jail, the mention of that causes me fear and anxiety ***even though many years***

***have passed.***" (emphasis added)).[3]   All three Plaintiffs also testified to physical and/or

psychological injuries that continued to this day.   10/30/24 Trial Tr. at 219:2-23 (Al-Ejaili);

10/31/24 AM Trial Tr. at 34:19-35:25 (Al-Zuba'e); 11/4/24 Trial Tr. at 24:13-26:16 (Al Shimari).

The Court's jury instructions on compensatory damages made clear that the jury's damages

award, if any, should provide the Plaintiffs with complete monetary relief for all injuries:

> If you find in favor of a plaintiff and against the defendant, then you
> must determine an amount that is fair compensation for the damages
> suffered by that plaintiff. ***Compensatory damages seek to make the***
> ***party whole***, that is to compensate a plaintiff for the damage suffered
> because of a defendant's wrongful conduct.   The damages, if any,

---

[3] Plaintiffs' memorandum presents a misleading account of appellate proceedings in this case, as if to suggest that the Court should add a prejudgment interest kicker to the jury's damages verdict as punishment for CACI's decision to mount a defense in this case.   CACI notes that proceedings in this Court were stayed for five periods of time as a result of appellate proceedings, and three of them were at Plaintiffs' behest: (1) CACI's appeal of the Court's denial of CACI's motion to dismiss, *see Al Shimari v. CACI Int'l Inc*, 658 F.3d 413 (4th Cir. 2011); (2) *Plaintiffs'* petition for *en banc* review of the Fourth Circuit panel's 2011 ruling in CACI's favor, *Al Shimari v. CACI Int'l Inc*, 679 F.3d 205 (4th Cir. 2012) (*en banc*); (3) *Plaintiffs'* appeal of entry of judgment in CACI's favor on extraterritoriality, *Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516 (4th Cir. 2014); (4) *Plaintiffs'* appeal of entry of judgment in CACI's favor on justiciability, *Al Shimari v. CACI Premier Tech., Inc.*, 840 F.3d 147 (4th Cir. 2016); and (5) CACI's appeal of the Court's denial of derivative sovereign immunity, *Al Shimari v. CACI Premier Tech., Inc.*, 775 F. App'x 758 (4th Cir. 2019).   As for CACI's first appeal, the Fourth Circuit panel agreed that there was appellate jurisdiction, and the *en banc* decision finding no appellate jurisdiction generated forty-five pages of dissenting opinions.   As for CACI's 2019 appeal, this Court specifically held that CACI's appeal was not frivolous, Dkt. #1296, and the Supreme Court considered the jurisdictional question sufficiently weighty that it asked for the Solicitor General's views on *certiorari* (in which the Solicitor General recommended that the Court accept the case for review).   Thus, to lay the length of these proceedings solely at CACI's feet is to blame CACI for a Fourth Circuit panel finding appellate jurisdiction and ruling for CACI on the merits, for this Court (under Judge Lee) twice entering final judgment for CACI, and for the Supreme Court deliberating on CACI's 2019 *certiorari* petition for nearly two years.   In addition, this Court left the case dormant for two years while it deliberated on CACI's post-*Nestle* motion to dismiss based on extraterritoriality.   *See* Dkt. #1331 (CACI's motion, filed July 24, 2021); Dkt. #1389 (Court's ruling, entered July 31, 2024).

that you award should be ***full and fair compensation***; no more and
no less.

11/7/24 Trial Tr. at 132:5-12 (emphasis added).

## III.    ANALYSIS

### A.    Rule 59(e) Relief Is Not Available to Add Damages Plaintiffs Did Not Seek in Their Complaint or Expressly Ask the Jury to Award

"In general, reconsideration of a judgment after its entry is an extraordinary remedy which
should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.
1998) (internal quotations omitted).  Under Rule 59(e), "there are three grounds for amending an
earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for
new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest
injustice."  *Id.*  "Rule 59(e) motions may not be used, however, to raise arguments which could
have been raised prior to the issuance of the judgment, nor may they be used to argue a case under
a novel legal theory that the party had the ability to address in the first instance." *Id.* (citing *Russell
v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).  Under Fourth Circuit
law, the propriety of an award of prejudgment interest is a matter for the finder of fact.  *Gilliam*,
62 F.4th at 849.

Here, Plaintiffs did not request prejudgment interest in any of the four complaints they
filed.  Dkt. #2 at 29 ¶ 171; Dkt. #28 at 24 ¶ 205; Dkt. #177 at 28 ¶ 222; Dkt. #254 at 53 ¶ 314.  Nor
did they state an intention to seek prejudgment interest in their initial disclosures or in their
interrogatory responses.  Ex. 1; Exs. 2-4 at Response to Interrogatory No. 16.  Plaintiffs first
mentioned prejudgment interest in the damages disclosure the Court allowed Plaintiffs to file years
too late as an act of grace, and even then Plaintiffs acknowledged that prejudgment interest was a
matter to be requested *of the jury*.  Dkt. #1358 at 4 ("Plaintiffs would also ask the jury to award

prejudgment interest."). Then, at trial, Plaintiffs and their counsel referenced the time that had

elapsed since their alleged torture and CIDT, but did not expressly ask the jury to add to its verdict

an award of prejudgment interest or present a methodology for calculating such an award.

Even if this case was susceptible to prejudgment interest, and as explained below it is not,

Rule 59(e) is not a do-over rule that allows a party to make an argument it neglected to make to

the jury. *See Pac. Ins. Co.*, 148 F.3d at 403.[4] That principle, standing alone, is sufficient to require

denial of Plaintiffs' motion.

### B.    *Gilliam* Controls

Even if Plaintiffs had not forfeited any request for prejudgment interest by not demanding

such relief in their complaints, or discovery responses, or in an express argument to the jury, the

Fourth Circuit's decision in *Gilliam v. Allen*, 62 F.4th 829, 848-50 (4th Cir. 2023), is directly on

point and precludes modifying the judgment to add on some calculation of prejudgment interest.

*Gilliam* involved a jury award of personal injury damages in a § 1983 case. Like the present

case, the plaintiffs did not include a demand for prejudgment interest in their complaint. *Gilliam*,

62 F.4th at 848-49.[5] Also like this case, the plaintiffs did not present evidence at trial to calculate

prejudgment interest or explicitly ask the jury to add an amount to any compensatory damages

award to represent prejudgment interest. *Id.* at 849. This lack of evidence, the court noted, was

---

[4] In the context of default judgments, courts have held that vague demands in a Complaint for other relief to which a plaintiff may be entitled, or to compensatory damages in general, do not provide adequate notice of a demand for prejudgment interest. *See, e.g.*, *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007); *ExxonMobil Oil Corp. v. Black Stone Petro., Inc.*, 221 F. Supp. 3d 755, 768-69 (E.D. Va. 2016) (Ellis, J.).

[5] The defendant in *Gilliam* argued that the plaintiffs had forfeited a claim for prejudgment interest by not seeking such damages in their Complaint or presenting evidence at trial from which such interest could be calculated. *Gilliam*, 62 F.4th at 848. The Fourth Circuit did not reach these arguments, having found the award of prejudgment interest erroneous on other grounds.

"consistent with the fact that the complaint sounded in tort, claiming the deprivation of constitutional rights, not the loss of use of money where prejudgment interest would most naturally be appropriate as an element of compensation." *Id.* at 848.  And again like the present case, the trial court instructed the jury that the purpose of compensatory damages "is to make the [party] whole." *Id.* at 845; *see also* 11/7/24 Trial Tr. at 132:5-12.  And while this Court instructed the jury that its compensatory damages award must represent "full and fair compensation" for Plaintiffs' injuries, the trial court in *Gilliam* instructed the jury that its compensatory damages award must compensate the plaintiffs for "all" of their injuries.  *Gilliam*, 62 F.4th at 845; 11/7/24 Trial Tr. at 132:5-12.

On appeal, the Fourth Circuit reversed the district court's order granting the plaintiffs' motion to amend the judgment to add prejudgment interest to the jury-awarded damages. *Gilliam*, 62 F.4th at 838.  The court recognized the "standard that Rule 59(e) is available only where there is a showing of an intervening change in controlling law, new evidence not previously available, or clear error of law that must be corrected to prevent manifest injustice." *Id.* at 848 (internal citation and quotations omitted).  Applying this standard, the court held that the district court erred by adding prejudgment interest to the jury's damages award for two interrelated reasons that are both fully applicable here.

*First*, the Court held that in a tort case not involving fixed damages, it is impossible to know that the jury's awarded damages did not consider the amount of time the plaintiffs waited for their judgment.  As the court explained, "[p]rejudgment interest classically applies when there is a 'delayed payment of a contractual obligation.'" *Id.* (quoting *Royal Indem. Co. v. United States*, 313 U.S. 289, 296 (1941)).  Prejudgment interest "is awarded when the plaintiff has been deprived of the use of *a determinate sum of money*." *Id.* (emphasis added).  Here, Plaintiffs' damages were

not a determinate sum of money, as there was no evidence of pecuniary losses presented to the jury for recompense.   In such a situation, and where the jury has been instructed to provide complete compensation to the plaintiffs, the Fourth Circuit held that "it is a fair assumption that the jurors understood themselves to be determining damages *at the then-present time*, thus implicitly or explicitly taking into account the fact that the plaintiffs had not had the benefit of their damages award for some years since their injuries were sustained." *Id.*  Thus, the court held, "we must assume that the jury awarded fully compensating damages." *Id.* at 849.

The *Gilliam* court did allow that a district court *might* be permitted to add prejudgment interest to a jury verdict where the court could "conclude that the jury award did not fully compensate the plaintiffs," such as "when damages consist of the failure to satisfy a contractual obligation to pay money." *Id.*  However, absent a fixed amount of damages, where it can readily be determined from the amount of the verdict that the jury neglected to award prejudgment interest, the court reaffirmed the general rule that "[t]he notion that prejudgment interest is discretionary with the fact finder . . . does not authorize a court, once a jury has determined damages, to add to those damages a sum for prejudgment interest." *Id.*  Thus, the first relevant holding of *Gilliam* is that where a tort plaintiff's damages are non-pecuniary and not determinate, it is error for a district court to add prejudgment interest to a jury verdict because it is impossible to know that the jury's verdict does not take into account the plaintiffs' delay in receiving payment.

*Second*, it is, in the Fourth Circuit's words, "impossible" in a tort case involving continuing injuries to calculate prejudgment interest even if it could be shown that the jury awarded no amount for the plaintiffs' delay in receiving payment.  The plaintiffs in *Gilliam* testified that they suffered permanent injuries that continued long after their improper arrests.  *Id.*  The court held that, in such a case, it is impossible to calculate prejudgment interest, even if such an award would have been

permissible, "[b]ecause the district court could not know how much the damages were at any given point in time or what portion of damages represented compensation for future suffering." *Id.* Thus, adding a prejudgment award running from the date of incarceration or release for damages spanning years later, "could only be the product of speculation and not compensation for the loss of use of money." *Id.* at 849-50.

*Gilliam* is fully applicable here. Contrary to Plaintiffs' intimation (Dkt. #1836-1 at 6), *Gilliam* reaffirms that Rule 59(e) is not a freewheeling license for district courts to revise jury verdicts on a whim. Rather, a judgment may be modified under Rule 59(e) only "where there is a showing of an intervening change in controlling law, new evidence not previously available, or clear error of law that must be corrected to prevent manifest injustice." *Gilliam*, 62 F.4th at 848. Moreover, *Gilliam* affirms the general rule is that prejudgment interest is a matter for the finder of fact, and is not to be added to a jury's damages award absent extraordinary circumstances. *Id.* at 849. And the two specific grounds on which the Fourth Circuit found error in *Gilliam* would apply to any modification of the judgment to add prejudgment interest here. Like the plaintiffs in *Gilliam*, Plaintiffs here sought tort damages that did not include any pecuniary losses. Plaintiffs and their counsel also noted to the jury that the torture and CIDT they alleged had occurred more than twenty years ago and that their pain and emotional injuries continued to the present day. 10/30/24 Trial Tr. at 219:17-23 (Plaintiffs' opening statement); *id.* at 256:13-15 (Al-Ejaili's testimony). And the Court instructed the jury to award compensatory damages that would "make the party whole" and represent "full and fair compensation; no more and no less." 11/7/24 Trial Tr. at 132:5-12. *Gilliam* holds that in such a situation the Court cannot permissibly increase the jury's damages award to account for prejudgment interest because it must assume the jury followed its instruction to fully compensate the Plaintiffs. *Gilliam*, 62 F.4th at 848-49.

Plaintiffs' request to modify the judgment also runs afoul of *Gilliam*'s second holding –
that the Court cannot properly add prejudgment interest to a tort judgment involving continuing
injuries, even if the Court had clear evidence that the jury disregarded the time value of money,
because prejudgment interest is impossible to calculate in such a situation.  Plaintiffs testified that
they suffered physical and/or psychological injuries that have continued to this day.  10/30/24 Trial
Tr. at 219:2-23 (Al-Ejaili); 10/31/24 AM Trial Tr. at 34:19-35:25 (Al-Zuba'e); 11/4/24 Trial Tr.
at 24:13-26:16 (Al Shimari).  Thus, the jury's damages award compensates Plaintiffs for pain,
suffering, and psychological damage allegedly incurred while in U.S. custody, as well as pain,
suffering, and psychological injury continuing into 2005, and 2006, and 2007, and all the way up
to trial and into the future.  In such a circumstance, *Gilliam* holds that it is "impossible" for a
district court to determine how much of the compensatory damages award compensates for injury
while in custody as opposed to one, two, or ten years later.  62 F.4th at 849.  With no fixed date
from which prejudgment interest can run, calculating any "correction" of the judgment to add
supposedly-unincluded prejudgment interest would be specious and speculative.  *Id.*

Plaintiffs' attempts to avoid *Gilliam*'s clear holdings are unavailing.  Plaintiffs' first
argument is that "[a]s an initial matter, *Gilliam* did not involve a claim for *jus cogens* violations
under the ATS."  Dkt. #1836-1 at 11.  Plaintiffs offer no reason why the assertion of *jus cogens*
violations would upend binding precedent concerning prejudgment intertest on a damages award.
No matter what Plaintiffs might believe, the Rule of Law continues to apply, and the assertion of
claims under the ATS does not bring with it free rein to ignore reviewing court precedents or the
features ordinarily associated with due process for trials in this country.  Plaintiffs further argue
that we can know that the jury did not add any amount for prejudgment interest because Plaintiffs'
counsel stated *in a filing that was never shown to the jury* that Plaintiffs intended to ask for $3

million in compensatory damages plus prejudgment interest. Dkt. #1836-1 at 11. What was going through *Plaintiffs' counsel's head*, but never articulated to the jury, cannot constitute proof of what *the jury was thinking* when it awarded damages. Determining what the jury collectively considered is guesswork, and the decision not to credit guesswork cannot constitute a manifest injustice. *Gilliam*, 62 F.4th at 848-50. Moreover, Plaintiffs' argument ignores the second holding in *Gilliam* – that even if it could be shown definitively that the jury did not consider the time value of money, prejudgment interest cannot be added by the district court to a tort judgment involving continuing injuries when there is no evidence as to how much of the continuing injury occurred in each time period. *Id.* at 849-50.

The lesson of *Gilliam* is that if Plaintiffs wanted the jury to specify some amount of damages representing the time value of money, it was incumbent on them to plead that element of damages, present evidence from which it could be calculated, and argue to the jury that full compensation should include the time value of money. Absent that, it is pure speculation as to whether the jury provided some amount of compensatory damages to reflect the passage of time. It also is impossible to calculate prejudgment interest because Plaintiffs did not elect to present evidence as to how much of their continuing injuries occurred at identifiable points in time nor did they offer expert testimony, as they represented they would, offering a science-based methodology for making such calculations. Therefore, it would be error for the Court to inject itself as a second factfinder to top-off Plaintiffs' compensatory damages award with a speculative and impossible-to-calculate award of prejudgment interest.

### C.   Post-judgment Interest Is Compulsory and There Is No Need to Modify the Judgment to Include Such an Award

Post-judgment interest is compulsory and automatically applied to any judgment issued by a federal district court. 28 U.S.C. § 1961(a); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017,

1030-31 (4th Cir. 1993) ("In contrast to the district court's discretion in the awarding of pre-judgment interest, federal law mandates the awarding of post-judgment interest.").  Accordingly, there is no need to modify a district court judgment to state that the judgment is subject to post-judgment interest that is already compulsory by statute.

## IV.    CONCLUSION

The Court should deny Plaintiffs' motion and order a new trial on damages pursuant to Rule 59, or alternatively issue a remittitur that would reduce the damages awards to amounts supported by the facts and consistent with due process (*see* Dkt. #1829 at 19-26).

Respectfully submitted,

/s/  John F. O'Connor
John F. O'Connor
Virginia Bar No. 93004
Linda C. Bailey (admitted *pro hac vice*)
Joseph McClure (admitted *pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com
lbailey@steptoe.com
jmcclure@steptoe.com

Nina J. Ginsberg
Virginia Bar No. 19472
DiMuroGinsberg, PC
1001 N. Fairfax Street, Suite 510
Alexandria, VA  22314-2956
703-684-4333 – telephone
703-548-3181 – facsimile
nginsberg@dimuro.com

*Counsel for Defendant CACI Premier Technology, Inc.*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Cary Citronberg, Esq.
Zwerling/Citronberg, PLLC
114 North Alfred Street
Alexandria, VA 22314
cary@zwerling.com

Charles B. Molster, III, Esq.
Law Offices of Charles B. Molster, III PLLC
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
cmolster@molsterlaw.com

/s/   John F. O'Connor
John F. O'Connor
Virginia Bar No. 93004
Attorney for Defendant CACI Premier Technology, Inc.
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com