UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
---------------------------x
SUHAIL NAJIM ABDULLAH AL    :    Civil Action No.:
SHIMARI, et al.,            :    1:08-cv-827
          Plaintiffs,       :
    versus                  :    Friday, January 10, 2025
                            :    Alexandria, Virginia
CACI PREMIER TECHNOLOGY,    :
INC.,                       :    Pages 1-15
          Defendant.        :
---------------------------x
```

The above-entitled motions hearing was heard before the Honorable Leonie M. Brinkema, United States District Judge. This proceeding commenced at 10:09 a.m.

A P P E A R A N C E S:

FOR THE PLAINTIFFS:    CHARLES MOLSTER, ESQUIRE
                       THE LAW OFFICES OF CHARLES B. MOLSTER, III, PLLC
                       2141 Wisconsin Avenue, NW
                       Suite M
                       Washington, D.C.  20007
                       (703) 346-1505

                       MUHAMMAD FARIDI, ESQUIRE
                       PATTERSON BELKNAP WEBB & TYLER LLP
                       1133 Avenue of the Americas
                       New York, New York  10036
                       (212) 336-2000

                       BAHER AZMY, ESQUIRE
                       THE CENTER FOR CONSTITUTIONAL RIGHTS
                       666 Broadway
                       7th Floor
                       New York, New York  10012
                       (212) 614-6464

1

                          A P P E A R A N C E S:

FOR THE DEFENDANT:        JOHN O'CONNOR, JR., ESQUIRE
                          LINDA BAILEY, ESQUIRE
                          STEPTOE & JOHNSON LLP
                          1330 Connecticut Avenue, NW
                          7th Floor
                          Washington, D.C.  20036
                          (202) 429-3000

                          NINA GINSBERG, ESQUIRE
                          DIMUROGINSBERG PC
                          1101 King Street
                          Suite 610
                          Alexandria, Virginia  22314
                          (703) 684-4333

COURT REPORTER:           STEPHANIE M. AUSTIN, RPR, CRR
                          Official Court Reporter
                          United States District Court
                          401 Courthouse Square
                          Alexandria, Virginia  22314
                          (571) 298-1649
                          S.AustinReporting@gmail.com
          COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

P R O C E E D I N G S:

THE DEPUTY CLERK:  Civil Action Number 1:08-cv-827, Al Shimari, et al. versus CACI Premier Technology, Inc.

Will counsel please note their appearance for the record, first for the plaintiffs.

MR. MOLSTER:  Good morning, Your Honor. Charles Molster on behalf of the plaintiffs.  With me, a couple of familiar faces, Muhammad Faridi and Baher Azmy.

THE COURT:  Good morning.

MR. FARIDI:  Good morning.

MR. O'CONNOR:  Good morning, Your Honor.  John O'Connor for CACI, joined by my co-counsel, Linda Bailey and Nina Ginsberg.

THE COURT: All right.  Well, we have two motions before the Court today.  First is the plaintiffs' motion to amend judgment to add pretrial interest.  I've looked at the papers on this, I've read the *Gilliam v. Allen* decision.  I am going to deny that motion.  I think that the defendant's argument is quite correct.

Number 1, with four different complaints in this case, the original and several amended complaints, there was never an explicit request for pre-judgment interest.

Number 2, and the most compelling issue here is that in the *Gilliam* case, the Fourth Circuit correctly

3

analyzed the problem when a specific request for pre-judgment interest is not made in a tort case.  And that is, one cannot tell from a jury verdict the basis upon which they calculated the compensatory damages.  And, in this case, as plaintiffs properly point out, this case took, you know, what, 14 years, 15, 16 years to be finally adjudicated.  And the plaintiff does make the argument that a lot of the delay was due to what are characterized as inappropriate appeals by the defendant.  But it's a defendant's right to appeal, and so I'm not going to hold that against them.

But, in this case, as the Fourth Circuit discussed in the *Gilliam* decision, you can't tell whether the jury, in calculating the $3 million damage award for each of these plaintiffs, considered the length of time over which they had been suffering.  And so without a more -- without a specific instruction to the jury -- nobody requested one, that the jury consider in their compensatory damage award pre-judgment interest -- I agree that the Fourth Circuit analysis in *Gilliam* would apply, and so I'm going to deny that request.

Now, it's automatic.  I've never heard of a federal judgment that doesn't start to accrue interest at the federal funds rate, so that portion of the judgment is almost automatic, and we will add that to the judgment.  So

4

that's my ruling on that motion.

But then we have CACI's motion for judgment as a matter of law or for a new trial. And, again, this case has been around so long, and every one of these issues with one exception, in my view -- maybe two or three exceptions, has already been thoroughly discussed in previous written or oral rulings of the Court, and to some degree decisions of Fourth Circuit.

But in the defendant's motion, they raise the following issues: First, that the plaintiffs' claims are preempted, and that one we will discuss briefly. Two, the borrowed servant defense requires entry of judgment or a new trial based on the Court's instructional error. We'll talk about that briefly.

Plaintiffs failed to present sufficient evidence of conspiracy. The jury's compensatory and punitive damages awards are unsupported, excessive and unconstitutional. The Court erred in finding Al Shimari unavailable. Plaintiffs' claims are impermissibly extraterritorial. And that issue has been addressed so many times. I mean, the record is set on that. There is nothing new that I can say or that are in the briefs. In my view, the evidence in the trial record is solid, and I've found that there is definitely -- this case is different from all the other cases that have addressed the extraterritorial problem in that there were extensive,

5

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

extensive contacts with the United States, with CACI back here in Virginia that would entitle this case to go forward.

The Court lacks the power to create the causes of action asserted by the plaintiffs. That's an issue under the ATS. The Court's decisions upholding the United States' assertion of the state secret privilege required dismissal of the action. CACI is entitled to derivative sovereign immunity. The political question doctrine deprives the Court of subject matter jurisdiction over plaintiffs' claims. Again, I think the Fourth Circuit more than once has addressed that issue and found that the Court has jurisdiction.

Because subject matter jurisdiction can be decided at any time, the Fourth Circuit's looked at that issue, and I don't think, unless you -- and you haven't pointed out to any significant changes in the law, I would doubt that the Fourth Circuit is going to change its position on that, but I certainly am not going to.

And then the Court erroneously deprived CACI of a fair opportunity to challenge plaintiffs' credibility. And that was by making a finding that one of the plaintiffs, Mr. Al Shimari, was unable to physically come to court. But his testimony was captured by live video testimony. We had a lot of testimony that was not live in the courtroom and had to be done by video.

6

So, anyway, I mean, I've looked at all of the arguments, and, frankly, very few raise, you know, new issues that have not been thoroughly discussed.

So, first of all, I'm relying on my previous decisions on the majority of the legal issues.

In terms of the few new issues that came up, there is a new Fourth Circuit case -- looking at the preemption issue -- and I've looked at that issue carefully because it was a Fourth Circuit decision that came down while the case was in trial.  But, again, the Fourth Circuit case had to do with whether or not the -- under the FTCA, state law torts are preempted by federal law by the FTCA.  And as we know, it's not state law torts that were involved in this case.  This case involved violations of, you know, international law, specifically jus cogens the law of nations, which is a completely different set of principles.

And the one thing that I think is really important, and I'm satisfied that the Fourth Circuit decision does not change the issue on preemption, is that there is a definite national federal interest in having recognition, and it's reflected in the ATS itself, I believe, but an understanding that the United States is bound to behave by principles of international law because it favors or protects Americans as well.  And so I'm going to go ahead and find that the -- there are sufficient

7

significant differences between the facts in this case and the facts addressed in the Fourth Circuit decision that I don't find that the preemption discussion in that case bars this case from going forward.  So I'm going to deny that claim.

I want to hear very briefly from the plaintiff in terms of the argument about the -- Mr. Al Shimari and the argument that, you know, there was some basis to believe that he could have been here.

Is there any update as to his situation, for example?

MR. FARIDI:  Good morning, Your Honor.  Muhammad Faridi on behalf of plaintiffs.

THE COURT:  Yeah.

MR. FARIDI:  There is an update.  He has been released.  He was in custody and detained by Iraqi authorities.  My understanding is that he's -- he was released I think about a week or so after the trial.

The main argument that they make -- that CACI makes is that Your Honor accepted, without any quality control, representations made by counsel as to his unavailability.  And Your Honor will recall that we actually put in a declaration from one of the lawyers who has filed a notice of appearance in this case who was in Iraq at that time and who swore under the penalty of perjury that Mr. Al

8

Shimari, based on his investigation, had been detained by the Iraqi authorities. And this ample case law -- I think in our papers, Your Honor, we point you to a case from the Second Circuit where this precise issue came up and the Court accepted representation of counsel. And if you look at Rule 104 of the Rules of Evidence, with respect to these types of threshold issues, Your Honor can accept hearsay statements. You don't need to make unavailability determinations based on proof that is otherwise admissible.

So that is our view, and I think Your Honor made the correct finding as to his unavailability.

THE COURT: Well, also, didn't we have a situation -- this issue arose right on the eve of trial.

MR. FARIDI: We were expecting, Your Honor, Mr. Al Shimari, who was the third plaintiff who was going to testify, to appear via video camera to testify in court. And when we were in route to court is when we found out that he hadn't shown up at the facility that we had rented where the plaintiffs were testifying from.

THE COURT: That's right. So we used his video from the previous trial.

MR. FARIDI: Yes. And we used -- it wasn't video recorded, but his testimony was read in. And that's even better than deposition testimony, Your Honor, because with respect to deposition testimony, the argument under the

9

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

hearsay rules is that they've had a similar motive to cross-examine the witness at their deposition, but here it was actually testimony from his prior trial in this matter. And the motive wasn't similar; it was the same exact motive. And certainly they had the opportunity, because they cross-examined him at the prior trial.

THE COURT:  And we had the advantage as well because we didn't have to wait for the interpreter as we did with the other -- one of the other plaintiffs.  Or I guess the other two both used interpreters.  So this testimony came in sort of straight, that is the testimony in English and the answer in English.  If anything, his testimony came in in a clearer fashion than the other two plaintiffs.

MR. FARIDI:  Absolutely, Your Honor.

THE COURT:  Okay.  All right.

Mr. O'Connor, the last thing is, again, I know that you've raised these issues before.  In terms of the jury instruction during the trial itself, you know, we cited to the Fourth Circuit case.  I still think the instruction was a correct statement of Fourth Circuit law in the *Alvarez* case, so I'm going to deny the motion.

As I said, I've addressed so many of these issues before, and I don't see any reason to go beyond what I've done in the past.  The case is ready for the Fourth Circuit. What I am going to do is this, if the Fourth Circuit affirms

10

this case, I am then going to contact the *Abbass* case and get that started, because that's another one that's looming on the horizon.  And, as I recall, you had requested sometime earlier this last year that the Court bring this case back on the docket because of the concern about the loss of evidence.

What the Supreme Court may or may not do with the case is an open question, but I think in order to protect your interests as you previously expressed them -- unless you don't want me on to do that -- my plan would be -- so I don't know how long the Fourth Circuit will take, it could be a year given the record in this case, but I think we need to await their decision.

MR. O'CONNOR:  And I think we agree with that, Your Honor.  And that's -- right now *Abbass* is in the Fourth Circuit.  There's a tentative -- it's been tentatively scheduled for argument sometime between March 17 and March 21.  The date hasn't been set.  It might not be argued, but that's -- they tentatively set the date and they decide if they're going to have it.

One of the things we've been weighing is we agree that at this point with this case going to the Fourth Circuit, it doesn't make a ton of sense to get *Abbass* involved with a ton of overseas fact discovery when we've -- we have feelings about how this case will probably be

11

resolved in the Fourth Circuit.

If that suggests -- and I just want to make sure I understand what the Court's indicating is.  If this case comes back here -- if *Abbass* comes back here, the Court is going to leave it, which I think both parties want until the Fourth Circuit --

THE COURT:  I think as a courtesy to the Fourth Circuit, you ought to just tell them you're withdrawing the appeal, but that's up to you all.  They won't appreciate it.

MR. O'CONNOR:  That's why I was trying to make sure I understood what Your Honor had in mind, because that will inform our decision on whether to dismiss it.  And if the Court's going to leave it on ice here until Al Shimari goes through the Fourth Circuit --

THE COURT:  Well, you're the ones who resuscitated it, as I recall.

MR. O'CONNOR:  We did.  In a different time and in a different context, that's right.

THE COURT:  Right.  So I went ahead and I denied your motion, and you've appealed that, which is your right, but now it seems to me we ought to let the Fourth Circuit look at this case.

MR. O'CONNOR:  We agree.

THE COURT:  And if -- as I said, if the Fourth Circuit -- and the if is get a panel decision, and assuming

12

one side would ask for a rehearing.  But once the Fourth Circuit process is over, if we have been affirmed, then I'm going to go ahead and set the *Abbass* case to get started.

If the case has been reversed, I'm not going to bring *Abbass* back.  I mean, we have to see what happens, you know, down the road.  But I think that's the fairest way of splitting that difference.  I am concerned about the length of time.  And, again, you may not get a decision from the Fourth Circuit -- on this record I would think it would take at least a year.

MR. O'CONNOR:  It could be, Your Honor.

That's helpful, and we will take Your Honor's comments today, and we will confer and figure out what we should do with *Abbass* with respect to its current posture in the Fourth Circuit.

THE COURT:  All right.  So I've denied all of the defendant's motions.  I'm going to enter the judgment.  I'm going to add, if it's not clear on the judgment order, that post-judgment interest at the federal funds rate will be added.  That's standard anyway.  No pre-judgment interest, and I think that's it.

MR. O'CONNOR:  Well, there's one thing left, Your Honor, which is the bill of costs.

Does the Court have an idea of when it might rule? The issue for us is -- the Court won't be surprised that

13

Stephanie Austin, RPR, CRR USDC/EDVA (607) 743-1894

we're going to appeal --

THE COURT:  Everything.

MR. O'CONNOR:  -- the judgment, but if the bill of costs isn't issued yet, we have to appeal twice.  If the bill of costs is going to come out relatively soon, then we might wait.

THE COURT:  Have you filed an objection?

MR. O'CONNOR:  We did.

THE COURT:  All right.  Then that has not yet been brought up to chambers.  We will get that resolved.  So I will hold off.  You can -- what you can do is you can amend your notice of appeal.  All right.  Because other things are a little bit more pressing than that.

MR. O'CONNOR:  Understood.

THE COURT:  But we will get to it as quickly as we can.

How big a difference is there between your positions?

MR. O'CONNOR:  Significant.  Significant.

THE COURT:  Okay.  All right.  Thank you for the heads-up.

MR. O'CONNOR:  Thank you, Your Honor.

THE COURT:  Is there anything further from the plaintiffs' counsel?

MR. FARIDI:  Nothing from us, Your Honor.

14

THE COURT:  All right.  Very good.  You're all free to go.

MR. MOLSTER:  Thank you, Your Honor.

(Proceedings adjourned at 10:24 a.m.)

-----------------------------------

I certify that the foregoing is a true and accurate transcription of my stenographic notes.

_Stephanie Austin_

Stephanie M. Austin, RPR, CRR